**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| JARROD JOHNSON individually, and on Behalf of a Class of persons similarly Situated,<br><br>          *Plaintiff*,<br><br>   v.<br><br>3M COMPANY; ALADDIN MANUFACTURING CORPORATION; APRICOT INTERNATIONAL, INC.; ARROWSTAR, LLC; DALTONIAN FLOORING, INC.; DEPENDABLE RUG MILLS, INC.; DORSETT INDUSTRIES, INC.; DYSTAR, L.P.; ECMH, LLC d/b/a/ CLAYTON MILLER HOSPITALITY CARPETS; E.I. DUPONT DE NEMOURS AND COMPANY; EMERALD CARPETS, INC.; ENGINEERED FLOORS, LLC; FORTUNE CONTRACT, INC.; HARCROS CHEMICALS, INC.; INDIAN SUMMER CARPET MILLS, INC.; INDUSTRIAL CHEMICALS, INC.; LEXMARK CARPET MILLS, INC.; LYLE INDUSTRIES, INC.; MFG CHEMICAL, INC.; MILLIKEN & COMPANY; MOHAWK CARPET, LLC; MOHAWK INDUSTRIES, INC.; NPC SOUTH, INC.; ORIENTAL WEAVERS USA, INC.; S & S MILLS, INC.; SHAW INDUSTRIES, INC.; SHAW INDUSTRIES GROUP, INC.; TANDUS CENTIVA, INC.; TANDUS CENTIVA US, LLC; TARKETT, INC.; TARKETT USA, INC.; THE CHEMOURS COMPANY; THE DIXIE GROUP, INC.; THE SAVANNAH MILLS GROUP, LLC; VICTOR CARPET MILLS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **NOTICE OF REMOVAL**<br><br>Civil Action No. <u>4:20-cv-8-AT</u><br><br>JURY TRIAL DEMANDED |

1

INC.; Q.E.P. CO., INC.; and FICTITIOUS )
DEFENDANTS A-J, those persons, )
corporations, partnerships or entities who )
acted either as principal or agent, for or in )
concert with the other named Defendants )
and/or whose acts caused or contributed to )
the damages sustained by the Plaintiff, )
whose identities are unknown to the Plaintiff, )
but which will be substituted by amendment )
when ascertained, )
                     )
              *Defendants*. )

Defendant 3M Company ("3M"), by undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Superior Court of Floyd County, the State of Georgia, to the United States District Court for the Northern District of Georgia, Rome Division. Removal is pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.     Plaintiff Jarrod Johnson commenced this action by filing a Complaint (the "Complaint") on or about November 26, 2019, in the Superior Court of Floyd County, the State of Georgia. The case was docketed with Civil Action No. 19CV02448JFL003. Plaintiff served copies of the Complaint and summons on 3M on December 13, 2019. A true and correct copy of the Complaint and summons are

attached collectively as Exhibit A. No other process, pleadings, or orders have been served upon 3M.

2.      Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint on 3M. Accordingly, removal is timely.

3.      The time for 3M to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

4.      Pursuant to 28 U.S.C. § 1446(d), 3M is serving a copy of this Notice upon counsel for Plaintiffs and upon all adverse parties to this case, and a copy is being filed with the Clerk of the Superior Court of Floyd County, the State of Georgia.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(a)(3) and 1441(a), because the United States District Court for the Northern District of Georgia, Rome Division is the federal judicial district and division embracing the Superior Court of Floyd County, the State of Georgia, where this action was originally filed.

6.      By filing a Notice of Removal in this matter, 3M does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

7.     Moreover, 3M reserves the right to amend or supplement this Notice of Removal.

8.     If any question arises as to the propriety of the removal of this action, 3M requests the opportunity to present a brief and requests oral argument in support of removal.

9.     As shown below, this case is removable to federal court pursuant to CAFA.

### THIS CASE IS REMOVABLE UNDER CAFA

10.     Removal of this action is proper pursuant to CAFA, which "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). To determine whether the amount in controversy requirement under CAFA is satisfied, "the claims of the individual class members shall be aggregated." *Id.* (quoting § 1332(d)(6)).

11.     The consent of all defendants to CAFA removal is not required. *See* 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants").

**A. The Numerosity Requirement Is Satisfied.**

12.     The named Plaintiffs invoke O.C.G.A. § 9-11-23, and seek to represent other persons on a class action basis as alleged in the Complaint. *See* Complaint ¶¶ 84-99. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13.     Plaintiff seeks to represent a putative class of "[a]ll water subscribers (ratepayers) with the Rome Water and Sewer Division and/or the Floyd County Water Department." Complaint ¶ 87. The Complaint alleges that "Plaintiff and the Proposed Class Members are water subscribers and ratepayers with the Rome Water and Sewer Division and/or the Floyd County Water Department who have been in the past, and will be in the future, harmed, injured, and damaged through contamination of their drinking water and payment of surcharges to recoup the costs of removing the contamination." *Id*. ¶ 86. The Complaint further alleges that, "upon information and belief, the number of Proposed Class Members probably *exceeds 25,000* people." *Id*. ¶ 90 (emphasis added). Accordingly, this action satisfies the requirement for removal that "the number of members of all proposed plaintiff classes in the aggregate" is equal to or greater than 100. 28 U.S.C. § 1332(d)(5)(B).

**B.  The Minimal Diversity Requirement Is Satisfied.**

14.     This Court possesses "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

15.     Moreover, under CAFA, this action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b).

16.     Plaintiff Jarrod Johnson is alleged to be a resident of Rome, Georgia, and a customer of the Rome Water and Sewer Division. Complaint ¶ 11. Upon information and belief, Plaintiff Jarrod Johnson is a citizen of Georgia.

17.     Defendant 3M is alleged to be a "foreign corporation." *Id*. ¶ 12. 3M is a Delaware corporation with its principal place of business in Minnesota. Thus, 3M is a citizen of Delaware and Minnesota.

18.     Accordingly, the minimal diversity requirement is satisfied.

**C. The Amount In Controversy Requirement Is Satisfied.**

19.      Under CAFA, the amount in controversy must exceed five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). In

a putative class action, the amount in controversy is determined by aggregating the claims of all members of the putative class. *See* 28 U.S.C. § 1332(d)(6). The Supreme Court has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019); 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Moreover, in "actions seeking declaratory and injunctive relief, it is well established that the amount in controversy" may be "measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also Anderson*, 943 F.3d at 925. The Court may also consider claims for punitive damages and attorneys' fees as part of the jurisdictional amount. *See, e.g.*, *McDaniel v Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014); *Bankhead v. Castle Parking Solutions, LLC*, 2017 WL 10562976, at *3 (N.D. Ga. 2017).

20.    The amount in controversy in this action exceeds five million dollars ($5,000,000) in the aggregate. The Complaint alleges that "Plaintiff and the Proposed Class Members are owners and occupants of property serviced by the Rome Water and Sewer Division and/or the Floyd County Water Department who have been, and continue to be, provided with and subjected to contaminated water

as a result of the release of toxic chemicals [namely, "PFCs"] by the Named and Fictitious Defendants." See, *e.g.*, Complaint ¶¶ 1, 3. The Complaint further alleges that "[i]n 2016, Rome's then-current water treatment filtration system was not capable of removing or reducing levels of PFCs" to comply with new EPA Health Advisories, and "took emergency precautions and implemented an emergency temporary filtration process." *Id*. ¶ 80. Allegedly, the City of Rome's "water supply needs a new and permanent filtration system" as well "to provide a safe, long-term supply of water." *Id*. ¶ 81. The Complaint alleges that "[t]hese emergency efforts have cost, and will continue to cost, Rome *millions of dollars* to implement, and the City was forced to implement a surcharge upon all customer rate payers to recoup its costs." *Id*. ¶ 82 (emphasis added). According to the Complaint, "[s]uch increased costs will be passed on to all customer rate payers to recoup them through additional and increased surcharges," and "[t]he City estimates that water subscribers/ratepayers will likely see a minimum of 2.5% rate increase each year for the foreseeable future." *Id*. Plaintiff alleges that "Plaintiff and the Proposed Class Members have been "damaged through contamination of their drinking water and the payment of surcharges to recoup the costs of removing the contamination" (*id*. ¶ 86), and seeks damages to compensate for "losses for the surcharges incurred as ratepayers for the costs of partially filtering Long-Chain PFCs from their drinking water and other damages to be proved at trial." *Id*. ¶ 103.

8

21.     That the amount in controversy exceeds the CAFA jurisdictional minimum is further shown by the complaint filed in a separate action by the City of Rome, Georgia, against the same Defendants named here (including 3M), through which the City of Rome seeks to recover (among other things) "expenses incurred as part of its temporary emergency treatment and future expenses associated with the purchase and construction of a permanent filtration system." *See* Complaint, *The City of Rome, Georgia v. 3M Company*, No. 19CV02405JFL003 (Ga. Super. Ct., Floyd Cty. Nov. 19, 2019) (attached hereto as Exhibit B). There, the City of Rome alleges that "[t]he cost associated with installation of a permanent filtration system is ***tens of millions of dollars***." *Id*. ¶ 87 (emphasis added). The Complaint in this case alleges that the costs to be incurred by the City of Rome for, among other things, installation of a "new, permanent filtration system"—which, again, the City itself alleges to be tens of millions of dollars—"will be passed on to all customer rate payers to recoup them through additional and increased surcharges" that Plaintiff seeks to recover in this action. Complaint ¶ 82.

22.     Furthermore, Plaintiff's broad request for "past, present, and future compensatory damages" in this action encompasses "interest and reasonable attorneys' fees and litigation expenses, and punitive damages in an amount sufficient … to punish and penalize [Defendants], and to deter them from repeating their wrongful conduct, and all costs." Complaint ¶ 105 (emphasis added); *see also id.*

¶ 115; *id*. at p. 31. Moreover, the Complaint pleads that "[i]n addition to their claims for damages, Plaintiff and Proposed Class Members are entitled to an injunction to abate the nuisance created and maintained by Defendants." *Id*. ¶ 119. The Complaint demands "judgment[s] and decree[s]" "enjoining [Defendants] from maintaining the nuisance"; "requiring them to remove their PFC chemicals and toxins described herein from the Rome Water and Sewer Division's and the Floyd County Water Department's water system"; "requiring them to cease releasing any kind of PFC chemicals and toxins" into such waterways; and "requiring them to prevent any kind of PFC chemicals and toxins" from "being released." *Id*. at pp. 30-31.

23.     Given the breadth of the alleged damages and relief sought, it is apparent that the aggregate amount in controversy is greater than five million dollars ($5,000,000), exclusive of interest and costs.

24.     Accordingly, although 3M denies that Plaintiff or any putative class members are entitled to recover any amount, and denies that Plaintiff or putative class members are entitled to any of the relief sought, the amount in controversy requirement for removal under CAFA is satisfied.

25.     Because the numerosity, minimal diversity, and amount in controversy requirements of CAFA are satisfied, this case is subject to removal to federal court.

WHEREFORE, Notice is given that this action is removed from the Superior Court of Floyd County, the State of Georgia, to the United States District Court for the Northern District of Georgia, Rome Division.

Dated:  January 10, 2020

> */s/ Benjamin P. Harmon*
> Jackson R. Sharman, III, GA Bar
> No.  637930
> Benjamin P. Harmon, GA Bar No. 979043
> Lightfoot, Franklin and White LLC
> The Clark Building
> 400 20th Street North
> Birmingham, AL 35203
> Telephone: (205) 581-0700
> Email: jsharman@lightfootlaw.com
> Email: bharmon@lightfootlaw.com
>
> *Counsel for Defendant 3M Company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 10, 2019, I caused a true and correct copy of the

foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL** to be served to

the following addresses by First Class Mail:

Ryals D. Stone
William S. Stone
THE STONE LAW GROUP –
TRIAL LAWYERS LLC
5229 Roswell Road NE
Atlanta, GA 30342
404-239-0305
ryals@stonelaw.com
billstone@stonelaw.com

Doug Scribner
David Carpenter
Geoff Rathgeber
Phil Sandick
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7000
Doug.scribner@alston.com
David.carpenter@alson.com
Geoff.rathgeber@alston.com
Phil.sandick@alson.com

*Attorneys for Aladdin Manufacturing
Corporation, Mohawk Carpet, LLC
and Mohawk Industries, Inc.*

Hirlye R. "Ryan" Lutz, III*
F. Jerome Tapley*
Brett C. Thompson*
CORY WATSON
2131 Magnolia Avenue South
Birmingham, AL 35205
205-328-2200
rlutz@corywatson.com
jtapley@corywatson.com
bthompson@cortwatson.com

*Attorneys for Plaintiff*
*Application for *pro hac vice* to be
filed

Warren N. Coppedge, Jr.
Stephen Michmerhuizen
COPPEDGE, MICHMERHUIZEN,
RAYBURN
508 S. Thornton Avenue
Dalton, GA 30720
706-226-0040
steve@coppedgefirm.com

*Attorneys for Arrowstar, LLC*

Apricot International, Inc.
c/o Guy Binnette
P.O. Box 1544
Dalton, GA 30721-1544

Steven F. Casey
JONES WALKER, LLP
1819 Fifth Avenue North, Suite 100
Birmingham, AL 35203
scasey@joneswalker.com

*Attorney for Dependable Rug Mills, Inc.*

James C. Gray, III
Carrie M. Motes
LLOYD, GRAY, WHITEHEAD &
MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
jgray@lgwmlaw.com
cmotes@lgwmlaw.com

*Attorneys for Daltonion Flooring, Inc.*

Q.E.P Co., Inc.
1001 Broken Sound Parkway, Suite A
Boca Raton, FL 33487

M. Jerome Elmore
BONDURANT MIXSON & ELMORE
LLP
One Atlantic Center
1201 W. Peachtree Street, NW, Suite
3900
Atlanta, GA 30309
elmore@bmelaw.com

*Attorney for Dorsett Industries, Inc.*

Alexander B. Feinberg
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
205-254-1000
afeinberg@maynardcooper.com

*Attorney for Dystar, L.P.*

David J. Marmins
Morgan E.M. Morrison
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
David.marmins@agg.com
Moran.morrison@agg.com

*Attorneys for ECMH, LLC d/b/a*
*Clayton Miller Hospitality Carpets and*
*Emerald Carpets, Inc.*

John M. Johnson
Clinton T. Speegle
Lana A. Olson
LIGHTFOOT, FRANKLIN & WHITE,
LLC
400 20th Street North
Birmingham, AL 35203
jjohnson@lightfootlaw.com
cspeegle@lightfootlaw.com
lolson@lightfootlaw.com

*Attorneys for E.I. Dupont de Nemours*
*and Company*

Randall Wilson
Michael Dumitru
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
423-756-6600
Randy.wilson@millermartin.com
Michael.dumitru@millermartin.com

*Attorneys for Engineered Floors, LLC*

Gregory A. Brockwell
BROCKWELL SMITH, LLC
420 20th Street No., Suite 2000
Birmingham, AL 35203
greg@brockwellsmith.com

*Attorney for Fortune Contract, Inc. and*
*NPC South, Inc.*

Richard A. Horder
Jennifer A. Simon
KAZMAREK MOWREY CLOUD
LASETER LLP
1230 Peachtree Street, Suite 900
Atlanta, GA 30309
404-812-0126
jsimon@kmcllaw.com

*Attorneys for Harcros Chemicals, Inc.*

Jonathan Bledsoe
THE MINOR FIRM
745 College Drive, Suite B
P.O. Box 2586
Dalton, GA 30722-2586

*Attorney for Indian Summer Carpet*
*Mills, Inc., Lyle Industries, Inc. and*
*The Savannah Mills Group, LLC*

E. Britton Monroe
Bryan A. Grayson
Devon K. Rankin
Karen M. Ross
Hannah S. Stokes
LLOYD, GRAY, WHITEHEAD &
MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
bmonroe@lgwmlaw.com
bgrayson@lgwmlaw.com
drankin@lgwmlaw.com
kross@lgwmlaw.com
hstokes@lgwmlaw.com

*Attorneys for Industrial Chemicals,
Inc.*

Richard E. Broughton
BALL, BALL, MATTHEWS &
NOVAK, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, AL 36104
rbroughton@ball-ball.com

*Attorney for MFG Chemical, Inc.*

David C. Higney
GRANT, KONVALINKA &
HARRISON, P.C.
633 Chestnut Street, Suite 900
Chattanooga, TN 37450-0900
dhigney@gkhpc.com

*Attorney for Oriental Weavers USA,
Inc.*

Michael J. Sullivan
Vonnetta L. Benjamin
WOMBLE BOND DICKINSON (US),
LLP
271 17th Street N.W., Suite 2400
Atlanta, GA 30363-1017
404-872-7000
Michael.sullivan@wbd-us.com
Vonnetta.benjamin@wbd-us.com

*Attorneys for Lexmark Carpet Mills,
Inc., Tandus Centiva, Inc., Tandus
Centiva US, LLC, Tarkett, Inc. and
Tarekett USA, Inc.*

James B. Carroll
Michael Weiss
M. Russell Wofford, Jr.
CARROLL & WEISS LLP
1819 Peachtree Road, Suite 104
Atlanta, GA 30309
404-228-5337
jcarroll@carrollweiss.com
mweiss@carrollweiss.com
rwofford@carrollweiss.com

*Attorneys for Milliken & Company*

Robert G. McCurry
THE MCCURRY LAW FIRM, LLC
122 W. King Street
Dalton, GA 30720
mccurry@mccurrylaw.com

*Attorney for S&S Mills, Inc.*

William V. Custer
Jennifer B. Dempsey
Leah A. Schultz
BRYAN CAVE LEIGHTON
PAISNER LLP
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, GA 30309
404-572-6600
Bill.custer@bclplaw.com
Jennifer.dempsey@bclplaw.com
Leah.schultz@bclplaw.com

The Chemours Company
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

Scott Parrish
Ellis Lord
Neil L. Wilcove
Meredith C. Lee
Jenna Fullerton
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
423-756-6600
Scott.parrish@millermartin.com
Ellis.lord@millermartin.com
Neil.wilcove@millermartin.com
Meredith.lee@millermartin.com
Jenna.fullerton@millermartin.com

*Attorneys for The Dixie Group, Inc.*

Charles A. Hardin
Hillary V. Keller
HARDIN & HUGHES, LLP
2121 Fourteenth Street
Tuscaloosa, AL 35401
chardin@hardinhughes.com
hkeller@hardinhughes.com

*Attorneys for Victor Carpet Mills, Inc*

Edward Hine, Jr.
LAW OFFICES OF EDWARD HINE,
JR., P.C.
111 Bridgepoint Plaza
Suite 121
Rome, GA 30162-5128
706-291-2531
ed@edwardhinelaw.com

*Attorneys for Shaw Industries, Inc. and Shaw Industries Group, Inc.*

*/s/ Benjamin P. Harmon*
**Benjamin P. Harmon**
GA Bar No. 979043