# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, Individually And on Behalf of a Class of Persons Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No.<br>4:20-CV-00008 AT |

## CONSENT MOTION TO DISMISS WITHOUT PREJUDICE DEFENDANT INDUSTRIAL CHEMCIALS, INC.

Plaintiff Jarrod Johnson, individually, and on Behalf of a Class of Persons similarly Situated and Defendant Industrial Chemicals Inc. ("Industrial") (collectively, the "Parties") file this Consent Motion to Dismiss Industrial from this litigation without prejudice. Industrial has never participated in any of the alleged conduct of which the plaintiffs complain and is thus due to be dismissed. Industrial shows as follows:

1. The plaintiffs allege injury as a result of the defendants' "release of toxic chemicals, including but not limited to perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonate ("PFOS"), related chemicals that degrade to PFOA and/or

PFOS (including, but not limited to, C3-C15 perfluorinated compounds such as PFBA, PFBS, PFNA, PFHxS, PFHpA), precursors to PFOA and PFOS, and related chemicals (collectively "PFCs") from Defendants' manufacturing processes and facilities." (Complaint, ¶ 1, Doc. 6-1). Alternatively, or in addition, the plaintiffs also contend that the defendants "use PFCs as part of manufacturing processes or otherwise supply PFCs to Defendants' manufacturing facilities" and that such PFCs made their way into industrial wastewater discharges and "contaminate[d] the Conasauga River, the Oostanaula River, the Coosa River and other tributaries and watersheds in Floyd County, Georgia." (Complaint, ¶ 4, Doc. 6-1).

2. Industrial specializes in the sale of chemicals for use in wastewater treatment, potable water treatment, and metalworking and lubrication. (Affidavit of Chip Welch, President and Chief Executive Officer of Industrial Chemicals, Inc. ("Welch Aff."), ¶ 5, originally filed in *City of Rome v. 3M Company, et al.*, In the Superior Court of Floyd County, State of Georgia, Civil Action No. 19CV02405JFL003, and attached as Exhibit A). Industrial does not exercise control over the manufacture of the finished products of those entities it supplies chemicals to, and has never done so. (Welch Aff., ¶ 6).

3. Industrial does not manufacture rugs, carpet, chemicals, or any other product, and has never done so. (Welch Aff., ¶ 4). Industrial has also never used PFCs, including PFOA, PFOS, or their precursors to impart water, stain and grease

resistance to carpet or other textile products, nor has it ever discharged wastewater from a manufacturing plant. (Welch Aff., ¶ 4).  As such, Industrial has never used PFCs, including PFOA, PFOS, or their precursors in a manufacturing process. (Welch Aff., ¶ 4).  Moreover, Industrial has never marketed or sold chemicals designed to impart water, stain, and grease resistance to carpet or other textile products. (Welch Aff., ¶ 4).

4. While Industrial has sold, and continues to sell, chemicals to carpet manufacturers, since 2005, Industrial has never sold or distributed chemicals that contain PFCs, including PFOA, PFOS, or their precursors. (Welch Aff., ¶¶ 7-8). Although Industrial does not have records, either electronic or paper, that predate 2005, Industrial is not aware of products it sold or distributed prior to that time that contained PFCs, including PFOA, PFOS, or their precursors. (Welch Aff., ¶ 9).

5. As a result, Industrial does not now, nor has it ever, taken any action that ultimately led to the discharge of PFCs, including PFOA, PFOS, or their precursors into any water supply. (Welch Aff., ¶ 10). Because Industrial does not manufacture, purchase, use, sell, supply, or discharge PFCs, including PFOA, PFOS, or their precursors, Industrial has never contributed, in any way, to any alleged water contamination problems in Floyd County, Georgia. (Welch Aff., ¶ 11).

6. Based on these good faith representations, the plaintiffs, by and through their counsel Ryals Stone, have consented to a dismissal of Industrial from this litigation without prejudice.

7. It is further stipulated and consented that if additional evidence becomes available showing that Industrial should not have been dismissed, then Plaintiff may re-file his case against Industrial to add Industrial back into this case. In such event, Industrial shall retain all rights and defenses in this case except (a) Industrial will not contest venue to the extent venue has been determined by the Court; (b) Industrial agrees to a tolling of the statute of limitations from the time of its dismissal through the resolution of this case; and (c) Industrial agrees that it will not seek costs from Plaintiff related to the dismissal of this action or seek a stay of the newly filed action until Plaintiff complies with an Order to pay costs in this case pursuant to Fed. R. Civ. P., Rule 41(d).

**WHEREFORE**, these Parties respectfully request this Court grant this Consent Motion and dismiss Industrial Chemicals, Inc., as a defendant in this matter without prejudice.

DATED: April 20, 2020.

By: /s *Devon K. Rankin* _____
Devon K. Rankin
Georgia Bar No. 743822
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
drankin@lgwmlaw.com

*Counsel for Defendant Industrial Chemicals, Inc.*


By: /s *Ryals D. Stone* _____
RYALS D. STONE
GA BAR NO.: 831761
**THE STONE LAW GROUP – TRIAL LAWYERS, LLC**
5229 Roswell Rd. NE ATTORNEY FOR PLAINTIFF
Atlanta, GA 30342
404.239.0305
Ryals@stonelaw.com

*Counsel for Plaintiff*

## CERTIFICATION UNDER L.R. 7.1.D.

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1.C.

*s/Devon K. Rankin*
Devon K. Rankin

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2020, I have caused to be served a copy of the foregoing **Consent Motion to Dismiss Without Prejudice Industrial Chemicals, Inc.,** by filing the same electronically, with the Clerk of Court using its CM/ECF system, which will automatically provide a copy of the filing to all Counsel of Record.

*s/Devon K. Rankin*
OF COUNSEL