## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRIST OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **JARROD JOHNSON, Individually** | ) | |
| **And on Behalf of a Class of Persons** | ) | |
| **Similarly Situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **4:20-CV-00008 AT** |
| **3M COMPANY; et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSENT MOTION TO DISMISS WITHOUT PREJUDICE
## DEFENDANT DALTONIAN FLOORING, INC.

Plaintiff Jarrod Johnson, individually, and on Behalf of a Class of Persons similarly Situated and Defendant Daltonian Flooring, Inc. ("Daltonian") (collectively, the "Parties") files this Consent Motion to Dismiss Daltonian from this litigation without prejudice. Daltonian has never participated in any of the alleged conduct of which the plaintiffs complain and is thus due to be dismissed. Daltonian shows as follows:

1.     The plaintiffs allege injury as a result of the defendants' "release of toxic chemicals, including but not limited to perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonate ("PFOS"), related chemicals that degrade to PFOA and/or

PFOS (including, but not limited to, C3-C15 perfluorinated compounds such as PFBA, PFBS, PFNA, PFHxS, PFHpA), precursors to PFOA and PFOS, and related chemicals (collectively "PFCs") from Defendants' manufacturing processes and facilities." (Complaint, ¶ 1, Doc. 6-1).  Alternatively, or in addition, the plaintiffs also contend that the defendants "use PFCs as part of manufacturing processes or otherwise supply PFCs to Defendants' manufacturing facilities" and that such PFCs made their way into industrial wastewater discharges and "contaminate[d] the Conasauga River, the Oostanaula River, the Coosa River and other tributaries and watersheds in Floyd County, Georgia." (Complaint, ¶ 4, Doc. 6-1).

2.     Daltonian does not manufacture, purchase, use, sell, supply, or discharge any PFCs, including PFOA and PFOS, or their precursors. (See Affidavit of Kay Wallace, Chief Financial Officer and Controller of Daltonian, ("Wallace Aff."), ¶¶ 4, 9, originally filed in *City of Rome v. 3M Company, et al.*, In the Superior Court of Floyd County, State of Georgia, Civil Action No. 19CV02405JFL003, and attached as Exhibit A).

3.     Daltonian does not manufacture rugs, carpet or any other product, and has never done so. (Wallace Aff., ¶ 5). Rather, as it has since its initial founding, Daltonian imports, warehouses, and distributes finished products. (Wallace Aff., ¶ 6).

4.      Daltonian does not exercise control over the manufacture of the finished products it distributes, and has never done so. (Wallace Aff., ¶ 7). Daltonian does not now, nor has it ever, altered or modified the finished products it distributes. (Wallace Aff., ¶ 8). Daltonian has also never directed any entity to apply PFCs, stain-repellant chemicals, stain-resistant chemicals, water repellant chemicals, and/or water-resistant chemicals to any of its products. (Wallace Aff., ¶ 10).

5.      As a result, Daltonian does not now, nor has it ever, taken any action that ultimately led to the discharge of PFCs, such as PFOA, PFOS, or their precursors, into any water supply. (Wallace Aff., ¶¶ 11-12). Because Daltonian does not manufacture, purchase, use, sell, supply, or discharge PFCs, such as PFOA, PFOS, or their precursors, Daltonian has never contributed, in any way, to any alleged water contamination problems in Floyd County, Georgia. (Wallace Aff., ¶ 12).

6.      Based on these good faith representations, the plaintiffs, by and through their counsel Ryals Stone, have consented to a dismissal of Daltonian from this litigation without prejudice.

7.      It is further stipulated and consented that if additional evidence becomes available showing that Daltonian should not have been dismissed, then Plaintiff may re-file his case against Daltonian and/or join Daltonian in this action. In such event, Daltonian shall retain all rights and defenses in this case except (a)

Daltonian will not contest venue to the extent venue has been determined by the Court; (b) Daltonian agrees to a tolling of the statute of limitations from the time of its dismissal through the resolution of this case; and (c) Daltonian agrees that it will not seek costs from Plaintiff related to the dismissal of this action or seek a stay of the newly filed action until Plaintiff complies with an Order to pay costs in this case pursuant to Fed. R. Civ. P., Rule 41(d).

**WHEREFORE**, these Parties respectfully request this Court grant this Consent Motion and dismiss Daltonian Flooring, Inc., as a defendant in this matter without prejudice.

DATED:  April 20, 2020.

By: __/s *Devon K. Rankin*_____
Devon K. Rankin
Georgia Bar No. 743822
**LLOYD,   GRAY,   WHITEHEAD   & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
drankin@lgwmlaw.com

*Counsel for Defendant Daltonian Flooring, Inc.*

**By:  /s *Ryals D. Stone***
RYALS D. STONE
GA BAR NO.: 831761
**THE STONE LAW GROUP –**
**TRIAL LAWYERS, LLC**
5229 Roswell Rd. NE ATTORNEY FOR
PLAINTIFF
Atlanta, GA 30342
404.239.0305
Ryals@stonelaw.com

*Counsel for Plaintiff*

## <u>CERTIFICATION UNDER L.R. 7.1.D.</u>

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1.C.

<u>***s/Devon K. Rankin***</u>
Devon K. Rankin

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of April, 2020, I have caused to be served

a copy of the foregoing Consent Motion to Dismiss by filing the same electronically,

with the Clerk of Court using its CM/ECF system, which will automatically provide

a copy of the filing to all Counsel of Record.

<u>*s/Devon K. Rankin*</u>
OF COUNSEL