## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **JARROD JOHNSON, individually and on behalf of a class of persons similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **vs.** | ) | **4:20-cv-00008 AT** |
| | ) | |
| **3M COMPANY**, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## CONSENT MOTION TO DISMISS DEFENDANTS TARKETT, INC., TANDUS CENTIVA INC., AND TANDUS CENTIVA US LLC WITHOUT PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW Defendants Tarkett, Inc., Tandus Centiva Inc., and Tandus Centiva US LLC (collectively "these Defendants"), by and through undersigned counsel and with Plaintiff's consent, respectfully moves to dismiss without prejudice the claims against these Defendants in this action.

Tarkett, Inc. ("Tarkett") has never participated in any of the alleged conduct of which Plaintiff complains, has never owned or operated a manufacturing facility in Georgia, has never manufactured, sold or distributed PFCs, and is therefore due to be dismissed from this action. Tandus Centiva Inc. ("Tandus") and Tandus Centiva US LLC ("Tandus US") were merged into Defendant Tarkett USA, Inc. in

2018, are no longer extant corporations, and are therefore also due to be dismissed from this action.[1] In further support of their motion, these Defendants show unto the Court the following:

1.      In this case, Plaintiff alleges injury as a result of, among other things, these Defendants'

> release of toxic chemicals, including but not limited to perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonate ("PFOS"), and related chemicals that degrade to PFOA and/or PFOS (including, but not limited to, C3-C15 perfluorinated compounds such as PFBA, PFBS, PFNA, PFHxS, PFHpA), precursors to PFOA and PFOS, and related chemicals from Defendants' manufacturing processes and facilities.

(Compl. ¶ 1.)

2.      Alternatively, or in addition, Plaintiff also contends that Defendants "use PFCs as part of manufacturing processes or otherwise supply PFCs to Defendants' manufacturing facilities" and that such PFCs made their way into industrial wastewater discharges and "contaminate[d] the Conasauga River, the Oostanaula River, the Coosa River, and other tributaries and watersheds in Floyd County, Georgia," (*id.* ¶ 4), "including but not limited to the water that supplies Rome's water intake site and the Bruce Hamler Water Treatment Facility." (*Id.* ¶ 5.)

---

[1] Furthermore, prior to the merger, Tandus US was a sales entity that, like Tarkett, did not participate in the alleged harm in any way, and is also due to be dismissed on those grounds. (*See* Declaration of Dominic Coletta, attached as Exhibit B, ¶¶ 6-10.)

### A.   Tarkett, Inc.

3.      Tarkett is not a carpet manufacturer and is not located in Floyd or Whitfield Counties, Georgia. Tarkett does not have and has not had offices or operations in Floyd or Whitfield Counties.  (Declaration of Deborah McLaughlin, attached as Exhibit A, ¶¶ 4-9.)

4.      Tarkett has not ever used the chemicals at issue in this litigation, has not ever instructed any other entity to use or apply the chemicals at issue in Georgia, has not ever manufactured, sold or distributed the chemicals at issue, and has not ever discharged, directly or indirectly, processed wastewater or the chemicals at issue in Floyd or Whitfield Counties or otherwise into the Conasauga, Oostanaula, Coosa, or Etowah Rivers or their related tributaries.  (*Id.*)

5.      As a result, Tarkett has not contributed in any way to the harm alleged in the Complaint.

### B.   Tandus Centiva Inc. and Tandus Centiva US LLC.

6.      Tandus and Tandus US were merged into Defendant Tarkett USA Inc. on December 31, 2018, prior to the filing of the Complaint.  (Ex. B, ¶ 5.)  Therefore, Tandus and Tandus US no longer exist as separate corporate entities.[2]  Tarkett USA assumed all of Tandus's and Tandus US's liabilities at the time of the merger.  (*Id.*)

---

[2] Defendant Tarkett USA Inc. is not a party to this Consent Motion, but otherwise fully preserves and does not waive any of its rights and defenses.

7.    Furthermore, even had it not been merged into Tarkett USA Inc.,
Tandus US was created for the sole purpose of serving as a sales organization, and
it never engaged in manufacturing operations. (*Id.* ¶6.) Tandus US never
manufactured any carpet or flooring products, and it never purchased any of the
chemicals at issue in this litigation. (*Id.* ¶¶ 6-10.) Additionally, Tandus US never
directed any entity to use or apply the chemicals at issue in this litigation to the
products which it marketed and sold. (*Id.*) Tandus US never discharged any
processed wastewater, including any wastewater containing the chemicals at issue
in this litigation.  (*Id.*)

8.    Based on the good faith representations made to Plaintiff supported by
the affidavits submitted in support of this Consent Motion, Plaintiff, by and through
counsel of record, consents to the dismissal of Tarkett, Inc., Tandus Centiva Inc.,
and Tandus Centiva US LLC from this litigation without prejudice.

9.    It is stipulated and consented that if additional evidence becomes
available showing that these Defendants should not have been dismissed as set out
in this Consent Motion, then Plaintiff may re-file this action against these
Defendants and/or join these Defendants in this action.  In such an event, these
Defendants retain all their rights and defenses in this litigation, except (a) these
Defendants will not contest venue to the extent venue has been determined by the
Court (but may otherwise contest venue if that issue has not been determined by the

Court); (b) these Defendants will agree to a tolling of the statute of limitations from the time of dismissal until the action is re-filed against them as set forth herein; and (c) these Defendants will not seek costs or a stay pursuant to Fed. R. Civ. P. 41(d).

This 3rd day of June, 2020.

Respectfully submitted,

/s/ Michael J. Sullivan
Michael J. Sullivan
Vonnetta L. Benjamin
*Counsel for Defendants Tarkett USA Inc.,
Tandus Centiva Inc., Tarkett, Inc., and
Tandus Centiva US LLC*

**WOMBLE BOND DICKINSON (US) LLP**
271 17th Street N.W., Suite 2400
Atlanta, Georgia 30363-1017
Tel:   404-879-2479
Fax:   404-870-4879
       michael.sullivan@wbd-us.com
       vonnetta.benjamin@wbd-us.com

John W. Scott*
Ethan A. Wilkinson*
**SCOTT DUKES & GEISLER, P.C.**
211 Twenty Second Street North
Birmingham, Alabama 35203
Tel:   205-251-2300
Fax:   205-251-6773
       jscott@scottdukeslaw.com
       ewilkinson@scottdukeslaw.com

*Admitted Pro Hac Vice*

5

CONSENTED TO BY:          THE STONE LAW GROUP – TRIAL LAWYERS, LLC

*/s/ Ryals D. Stone*
Ryals D. Stone
Georgia Bar No. 831761
William S. Stone
Georgia Bar No. 684636
5229 Roswell Road NE
Atlanta, Georgia 30342
Telephone: (404) 239-0305
Facsimile: (404) 445-8003
Email: ryals@stonelaw.com
Email: billstone@stonelaw.com

*and*

CORY WATSON, P.C.

*/s/ Brett C. Thompson*
Hirlye R. "Ryan" Lutz, III (*pro hac vice*)
F. Jerome Tapley (*pro hac vice*)
Brett C. Thompson (*pro hac vice*)
2131 Magnolia Avenue South
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: RLutz@CoryWatson.com
Email: JTapley@CoryWatson.com
Email: BThompson@CoryWatson.com

*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of June, 2020, I electronically filed the foregoing **CONSENT MOTION TO DISMISS DEFENDANTS TARKETT, INC., TANDUS CENTIVA INC., AND TANDUS CENTIVA US LLC,** and service on the parties was provided via the Court's ECF system.

*/s/ Michael J. Sullivan*
Michael J. Sullivan
*Counsel for Defendants Tarkett USA Inc., Tandus Centiva Inc., Tarkett, Inc., Tandus Centiva US LLC*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| JARROD JOHNSON, Individually and on behalf of a class of persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 4:20-cv-00008 AT |
| vs. | ) ) | |
| 3M COMPANY, *et al.* | ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF DEBORAH MCLAUGHLIN IN SUPPORT OF MOTION TO DISMISS

1.     My name is Deborah McLaughlin, and I am over eighteen (18) years of age.

2.     I am employed at Tarkett USA Inc. ("Tarkett USA") as Vice President, Distribution Development. Prior to my current position, I was Vice President of Customer Experience and Customer Support for Tarkett USA.

3.     As a result of my position at Tarkett USA, I have personal knowledge regarding the corporate history and structure of Tarkett, Inc., its current and past operations, and the location of the facilities and offices owned and operated by Tarkett, Inc.  I have personal knowledge of the facts stated herein.

4.     Tarkett, Inc. is a Delaware corporation that maintains its principal place of business in Solon, Ohio.

5.     Although Tarkett, Inc. formerly manufactured vinyl floor tiles and other resilient flooring materials, all manufacturing occurred in Pennsylvania and New York. Tarkett has never had manufacturing operations in the state of Georgia.

6.     Tarkett, Inc. does not now manufacture, and has not ever manufactured, carpet.

7.     Tarkett, Inc. has never manufactured, marketed, sold, supplied or distributed PFCs, PFOA, PFOS, or related chemicals that degrade into PFOA or PFOS, precursors to PFOA and PFOS, or any other related chemicals, or any stain-repellant chemicals, stain-resistant chemicals, water-repellant chemicals, and/or water-resistant chemicals.

8.     Tarkett, Inc. has never instructed any other entity to use or apply PFCs, PFOA, PFOS, related chemicals that degrade into PFOA or PFOS, precursors to PFOA and PFOS, or any related chemicals, or any stain-repellant chemicals, stain-resistant chemicals, water-repellant chemicals, and/or water-resistant chemicals to any products in Georgia.

2

9.     Tarkett, Inc. has never discharged, directly or indirectly, processed wastewater in the Dalton, Georgia-area or into the Conasauga, Oostanaula, Coosa, or Etowah Rivers or their watersheds or tributaries. Tarkett, Inc. has never discharged, either directly or indirectly, PFCs, PFOA, PFOS, related chemicals that degrade into PFOA or PFOS, precursors to PFOA and PFOS, or any related chemicals into the Conasauga, Oostanaula, Coosa, or Etowah Rivers or their watersheds or tributaries.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of Apr. L, 2020.


Deborah McLaughlin

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, Individually and on behalf of a class of persons similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>3M COMPANY, *et al.*<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   4:20-cv-00008 AT<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DOMINIC COLETTA

1.  My name is Dominic Coletta, and I am over eighteen (18) years of age.

2.  I am employed at Tarkett USA Inc. ("Tarkett USA") as Executive Vice President of Operations.

3.  In my position at Tarkett USA, I have personal knowledge regarding the corporate structure of Tarkett USA, its corporation filings with the Georgia Secretary of State, and the location of the facilities and offices owned and operated by Tarkett USA. Further, I have personal knowledge of the corporate history of Tarkett USA, including entities merged into Tarkett USA.

4.  This declaration is based upon my personal knowledge and the business records maintained by Tarkett USA. Said business records date to the formation of

Tarkett USA and the entities merged into Tarkett USA, and those records were made in the regular course of business. It is the practice and regular course of business for these records to be recorded within a reasonable time of the events recorded therein. By virtue of my position with Tarkett USA, I am familiar with the types of records maintained by Tarkett USA and the manner in which these records are maintained.

5.     Tarkett USA Inc. is a Delaware corporation. Defendants Tandus Centiva Inc. ("Tandus") and Tandus Centiva US LLC ("Tandus US") were formerly independent entities that were merged into Tarkett USA Inc. on December 31, 2018. Tandus and Tandus US are no longer separate and extant corporate entities having been merged into Tarkett USA Inc. Tarkett USA assumed all of Tandus's and Tandus US's liabilities at the time of the merger.

6.     Tandus US was formed under Delaware law on August 25, 2004, as Tandus USA, Inc., subsequently changed its legal form from a corporation to a limited liability company, and changed its name to Tandus Centiva US LLC on January 1, 2014. Its principal place of business was in Dalton, Georgia. Tandus US was formed for the sole purpose to serve as a sales organization and never engaged in manufacturing operations. Tandus US has never purchased any fluorocarbons or soil resistant products or chemicals containing fluorocarbons from any company, person, or entity.

7.    Tandus US's business operations consisted solely of purchasing finished flooring products and distributing those products. Tandus US never directed any entity to use or to apply to the products which it ultimately marketed and distributed chemicals related to the carpet or flooring manufacturing process, including, but not limited to, those chemicals or compounds named in the Complaint.

8.    Tandus US never discharged any chemicals or processed wastewater in Dalton Georgia, Whitfield or Floyd Counties, Georgia, or anywhere else.

10.    Tandus US never utilized or supplied any chemicals related to the carpet or flooring manufacturing process, including those chemicals or compounds named in the Complaint. Tandus US did not contribute in any way to the any alleged water contamination in the Conasauga, Oostanaula, Coosa, or Etowah Rivers or their watersheds or tributaries, and it did not contribute to or participate with in any way the harm alleged in the Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26ᵗʰ day of May , 2020.

Dominic Coletta