IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JARROD JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 4:20-cv-00008-AT |
| | ) |
| 3M COMPANY; et al. | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT E.I. DUPONT DE NEMOURS AND COMPANY'S MOTION TO DISMISS

Defendant E.I. DuPont De Nemours and Company ("DuPont"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully moves to dismiss Plaintiff's Complaint insofar as it applies to DuPont. In support of its motion, DuPont incorporates by reference the arguments made by: (1) Defendant 3M Company in its Brief in Support of 3M Company's Motion to Dismiss (Doc. 144-1); (2) Defendants Aladdin Manufacturing Corporation, Mohawk Carpet, LLC, and Mohawk Industries, Inc. (the "Mohawk Defendants") in Sections I. & III.B in their Memorandum in Support of Their Motion to Dismiss (Doc. 123-1); and (3) Defendants Shaw Industries, Inc. and Shaw Industries Group, Inc. (the "Shaw Defendants") in Sections III.B, III.D, & III.G in their Memorandum of Law in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 132-1).

Specifically, and as discussed more fully in the memoranda incorporated above, Plaintiff's claims should be dismissed in their entirety for the following reasons:

- Plaintiff's public nuisance claims against DuPont should be dismissed for the same reasons stated by 3M Company, i.e. because the Complaint does not, and cannot, allege that DuPont discharged chemicals or controlled them at the time of their discharge.

- Additionally, Plaintiff's public nuisance claims against DuPont should be dismissed for the same reasons stated by the Mohawk Defendants, i.e. because Plaintiff did not allege a cognizable "special injury" as required when a private plaintiff asserts a public nuisance claim.

- Plaintiff's "Tort Claims For Damages" (Count One) against DuPont should be dismissed for the same reasons stated by 3M Company, i.e. because the Complaint fails to identify the cause of action Plaintiff purports to bring against DuPont.

- Plaintiff's claim against Dupont for surcharges imposed by the City of Rome is barred by the Economic Loss Doctrine, as explained by 3M Company, the Shaw Defendants, and the Mohawk Defendants.

- Plaintiff's claim against DuPont for "Fear of Disease" damages should be dismissed for the same reasons stated by the Shaw Defendants, i.e. such damages are too remote and speculative to be recoverable.

- Plaintiff's claims against DuPont for injunctive relief, punitive damages, and attorneys' fees should be dismissed for the same reasons stated by the Shaw Defendants, i.e. they are all derivative claims and Plaintiff has not stated a viable substantive claim from which they could derive.

**WHEREFORE**, DuPont respectfully requests that the Court dismiss Plaintiff's Complaint, award the costs and expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under the circumstances.

LIGHTFOOT, FRANKLIN & WHITE, LLC

*s/ Brian P. Kappel*
Brian P. Kappel
Georgia Bar No. 916728

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

(205) 581-0799 (fax)

*Counsel for Defendant E.I. DuPont De Nemours and Company*

## **FONT CERTIFICATION**

I hereby certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                                                                        LIGHTFOOT, FRANKLIN & WHITE, LLC

                                                                           *s/ Brian P. Kappel*
                                                                             Brian P. Kappel
                                                                     Georgia Bar No. 916728

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendant E.I. DuPont De Nemours and Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2020, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

LIGHTFOOT, FRANKLIN & WHITE, LLC

*s/ Brian P. Kappel*
Brian P. Kappel
Georgia Bar No. 916728

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendant E.I. DuPont De Nemours and Company*