IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| JARROD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 4:20-cv-00008-AT |
| | ) | |
| 3M COMPANY; et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT E.I. DUPONT DE NEMOURS AND COMPANY'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26 and LR 26.1, N.D. Ga, Defendant E.I. DuPont de Nemours and Company ("DuPont") makes its initial disclosure as follows.

**INTRODUCTORY STATEMENT**

DuPont makes this Initial Disclosure in good faith based upon the information reasonably available at this time and without the benefit of complete investigation or discovery. Pursuant to Fed. R. Civ. P. 26(e), DuPont reserves the right to amend and/or supplement this Initial Disclosure if subsequent investigation reveals additional or more correct information. In particular, this Initial Disclosure should not be construed to limit DuPont's ability to later identify individuals with knowledge of relevant facts or documents as they may become known to DuPont through discovery.

## INITIAL DISCLOSURE

**1.     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable to DuPont.

**2.     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Based on its current knowledge, DuPont contends that Dalton Utilities and the City of Rome Water and Sewer Division are necessary parties to the action who have not been named by plaintiff. DuPont reserves the right to amend and/or supplement this disclosure should further information reveal that additional parties are necessary to the resolution of this action.

**3.     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

DuPont does not assert any counterclaims or crossclaims at this time.

The Complaint alleges claims related to the manufacturing of carpet by certain carpet manufacturing mills in and around Dalton, Georgia, and the discharge of wastewater by those mills into the Dalton water system. The carpet mills are alleged to have used certain chemistry in the production process that had

trace amounts of perfluorooctanesulfonic acid ("PFOS") or perfluorooctanoic acid ("PFOA").

DuPont has never owned or operated a carpet mill in and around Dalton, Georgia. DuPont previously produced and sold soil resist carpet chemistry to carpet mills for their independent use in carpet manufacturing. No PFOS or PFOA was used in producing this chemistry; however, it may be possible that trace amounts of PFOA were an unintended byproduct in some cases. DuPont divested this global fibers business, which included the chemistry sold to the carpet manufacturers, to another company in 2004. Thereafter, at various times during the period beginning in 2004 and until 2010, DuPont manufactured and sold soil resist chemistry for use as mill-applied carpet treatment to the acquiring company and a limited number of carpet manufacturers in Dalton, Georgia. DuPont stopped selling mill-applied soil resist chemistry to the carpet industry by the end of 2010.

No DuPont chemistry used in the carpet manufacturing process other than this certain mill-applied soil resist chemistry may have had trace amounts of PFOA as an unintended byproduct of the type that is the subject of the Complaint. No DuPont carpet chemistry contained PFOS, either as an ingredient, byproduct, intermediary, or precursor, and no PFOS was created through any degradation process from any of the chemistry used by DuPont.

DuPont's defenses are rooted in the fact that DuPont did not itself discharge any PFOA into the environment in and around Dalton or Rome, Georgia, but instead only sold the soil chemistry to carpet manufacturers. DuPont had no control over the wastewater treatment practices of the carpet manufacturers or Dalton Utilities, and therefore should not be held liable for Plaintiff's alleged injuries. DuPont adopts and incorporates by reference all defenses contained in its Answer.

**4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

DuPont will rely on general, common law tort and nuisance principles under Georgia law, and contributory/comparative negligence principles from Georgia case and statutory law. DuPont also relies on Fed. R. Civ. P. 23 and case law interpreting the requirements of same. DuPont further adopts and incorporates the legal arguments set forth in its Motion to Dismiss (ECF No. 172) as well as the motions and legal arguments adopted and incorporated therein. DuPont will supplement this response as discovery progresses.

**5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of**

**Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

DuPont has not yet identified any witness who may provide expert opinion testimony at trial pursuant to Fed. R. Evid. 702, 703 or 705. In addition, DuPont has not yet determined whether DuPont will identify any testifying expert witnesses subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). DuPont will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order.

**7. Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**8. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable to DuPont.

**9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

5

DuPont does not presently contend that any party is liable to it or plaintiff in this matter but will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order in the event that new information arises during discovery that alters its position.

**10. Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

See Attachment E.

Respectfully submitted this 15th day of June, 2020.

LIGHTFOOT, FRANKLIN & WHITE, LLC

s/ Brian P. Kappel
Brian P. Kappel
Georgia Bar No. 916728

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendant E.I DuPont de Nemours and Company*

## FONT CERTIFICATION

I hereby certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                                   LIGHTFOOT, FRANKLIN & WHITE, LLC

                                                   s/ Brian P. Kappel
                                                      Brian P. Kappel
                                                  Georgia Bar No. 916728

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendant E.I. DuPont de Nemours and Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2020, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

LIGHTFOOT, FRANKLIN & WHITE, LLC

/s/ Brian P. Kappel<br>
Brian P. Kappel<br>
Georgia Bar No. 916728

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendant E.I. DuPont de Nemours and Company*

## ATTACHMENT A

| Name | Contact Information | Subject of Information |
|---|---|---|
| Plaintiff/Class Representative Jarrod Johnson | Ryan Lutz, Jerome Tapley, Brett Thomson, Cory Watson, P.C.  *Counsel for Plaintiff* | Plaintiff has knowledge regarding the specific allegations in the Complaint and alleged damages. |
| Corporate Representative of the City of Rome Water and Sewer Division | Jeff Friedman and Matt Conn, Freidman, Dazzio, Zulanas & Bowling  *Counsel for the City of Rome* | This individual may have knowledge regarding the City of Rome Water and Sewer Division's wastewater treatment practices and issues related to PFOA/PFOS. |
| Corporate Representative of Floyd County Water Department | 217 Calhoun Avenue PO Box 1169 Rome, Georgia 30162 | This individual may have knowledge regarding allegations in the Complaint and alleged damages. |
| Representatives of other carpet manufacturing defendants identified in the Complaint | Counsel of record | These individuals may have knowledge regarding use of carpet protection chemistry. |
| Representative of other carpet chemistry manufacturers | Counsel of record | These individuals may have knowledge regarding production/sale/use of carpet protection chemistry. |
| Corporate Representative of Dalton Utilities | 1200 V.D. Parrot Pkwy Dalton, Georgia 30721 | This representative may have knowledge regarding Dalton Utilities wastewater treatment practices and issues related to PFOS/PFOA. |

9

| | | |
|---|---|---|
| Rick Raessler, former DuPont employee | John M. Johnson Lightfoot, Franklin & White<br><br>*Counsel for DuPont* | Mr. Raessler has knowledge regarding DuPont's carpet soil resist chemistry/sales. |
| Robert Buck, former DuPont employee | John M. Johnson Lightfoot, Franklin & White<br><br>*Counsel for DuPont* | Mr. Buck has knowledge regarding DuPont's soil resist carpet chemistry. |
| Steve Korzeniowski, former DuPont employee | John M. Johnson Lightfoot, Franklin & White<br><br>*Counsel for DuPont* | Mr. Korzeniowski has knowledge regarding DuPont's soil resist carpet chemistry. |
| Laura Korte, former DuPont employee | John M. Johnson Lightfoot, Franklin & White<br><br>*Counsel for DuPont* | Ms. Korte has knowledge regarding DuPont's soil resist carpet chemistry. |

## ATTACHMENT C

Documents that DuPont may use to support its claims and defenses are located at its corporate office in Wilmington, Delaware and/or other locations throughout the United States.[1]  Depending on the allegations advanced by Plaintiff, DuPont may use the following categories of documents to support its claims or defenses:

- Sales documents
- Material Safety Data Sheets
- All documents identified in plaintiff's Initial Disclosure
- All documents identified in co-defendants' Initial Disclosures
- Documents identified through discovery in this action

---

[1] Additional documents or data may be located in off-site storage or archived in various forms of media.

## ATTACHMENT E

DuPont will produce the declaration pages for applicable insurance policies. if available, at a mutually agreeable date, time, and location.