IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of Persons similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.<br><br>Defendants. | CIVIL ACTION<br>NO.: 4:20-cv-00008-AT |

**INDIAN SUMMER CARPET MILLS, INC.'S INITIAL DISCLOSURES**

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE:**

The name of Indian Summer Carpet Mills, Inc. (hereafter "Indian Summer"), is identified correctly in the Complaint, although Indian Summer is not a proper party for the reasons set forth below.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If**

**defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:**

At this time, Indian Summer is not aware of necessary parties that should be added to this lawsuit; however, Indian Summer is not a proper party to this lawsuit for the reasons set forth below.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:**

Indian Summer has not engaged in any conduct alleged in Plaintiff's Complaint. It does manufacture or use the chemicals alleged in the Complaint in its manufacturing process, it does not generate industrial wastewater in its manufacturing process, and it does not discharge, directly or indirectly, any of the pertinent chemicals into any body of water. Indian Summer has never engaged in any such conduct, and Plaintiff has not even made such an allegation specific to Indian Summer. Therefore, Plaintiff's Complaint does not meet the requirements of F.R.C.P. 8 as the Complaint does not contain a statement showing Plaintiff is entitled to relief as to Indian Summer.

Further, Indian Summer raised Plaintiff's lack of standing as a defense in its

Motion to Dismiss, as Plaintiff's Complaint fails to show that Plaintiff's injury is causally connected to actions or inactions of Indian Summer. Indian Summer incorporates the arguments contained in its Motion to Dismiss as set forth therein.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

### RESPONSE:

A. F.R.C.P. 8, which sets forth the requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

B. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937(2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) – These cases set forth the requirements for "facial plausibility," that "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." The complaint must contain sufficient factual allegations to support the inference that the defendant performed the misconduct alleged; this must include "more than a sheer possibility" that the defendant conducted the alleged actions. Further, this may not be achieved by couching legal conclusions as factual allegations.

C. *Franklin v. Curry,* 738 F.3d 1246, 1251 (11th Cir. 2013) – This case provides the two-step approach a Court must use to review a plaintiff's complaint for facial plausibility.

D. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) – This case provides that standing is a jurisdictional question and a motion to dismiss for lack of standing has the effect of a motion to dismiss for lack of subject matter jurisdiction.

E. *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019) – This case details the three-part test to determine a plaintiff's standing to sue. Standing requires the plaintiff meet three criteria: 1) establishing an injury in fact; 2) establishing a causal connection between the injury and the defendant's challenged action; and 3) showing that it is likely a favorable judgment will redress the injury. The second element of the standing analysis is met where the plaintiff establishes his injury is "fairly traceable" to the misconduct of the defendant.

F. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013) – This case sets forth the procedural review of a facial attack on a plaintiff's standing. On a facial attack, the motion is reviewed under the standards of a Rule 12(b)(6) motion and the court will accept the material

allegations of the complaint as true.

G. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) – This case provides the plaintiff must make a factual showing that establishes the alleged injury is "fairly traceable to the challenged action of the defendant."

H. Indian Summer further relies on the statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law set forth in its Motion to Dismiss and the Initial Disclosures and Motions to Dismiss of the remaining Defendants.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:**

Please see Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written**

**report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:**

None identified at this time. Therefore, Attachment B is omitted from this document. If an expert witness for use at trial is determined in the future, such expert will be identified pursuant to Fed. R. Civ. P. 26.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE:**

To the best of its knowledge, Indian Summer is not in possession of any such tangible evidence that may be used to support its defenses, nor is Indian Summer aware of the existence of any such material at this time as Indian Summer engaged in no conduct alleged in Plaintiff's Complaint. Therefore, Attachment C is omitted from this document.

**(8) In the space provided below, provide a computation of any category**

**of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

<u>**RESPONSE:**</u>

Indian Summer has not claimed damages in this matter. Attachment D is therefore omitted from this document.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

<u>**RESPONSE:**</u>

Indian Summer is not aware of any person or legal entity who may be liable, in whole or in part, to Plaintiff.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance**

**business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

## RESPONSE:

No such insurance agreement exists. Attachment E is therefore omitted from this document.

Respectfully submitted this 15th day of June, 2020.

                                                **THE MINOR FIRM**

                                    BY:   */s/ Jonathan L. Bledsoe*

|  |  |
|---|---|
| | JONATHAN L. BLEDSOE |
| P.O. BOX 2586 | GA BAR NO.: 063143 |
| DALTON, GA 30722-2586 | BRITTANY D. HEPNER |
| 706.259.2586 | GA BAR NO.: 200989 |
| jbledsoe@minorfirm.com | ATTORNEYS FOR DEFENDANT |
| bhepner@minorfirm.com | INDIAN SUMMER CARPET MILLS, INC. |

# ATTACHMENT A

1. Randall Hatch

    Address: 601 Callahan Road SE, Dalton, GA 30721

    Phone number: May be contacted through Indian Summer's counsel.

    Information Known: General information about the manufacturing processes and business practices of Indian Summer, including, but not limited to, that Indian Summer does not use or discharge PFC's PFAS, or perfluorinated chemicals in its manufacturing process and has never done so.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of Persons similarly Situated, : : : : Plaintiff, : : v. : CIVIL ACTION : NO.: **4:20-cv-00008-AT** 3M COMPANY, et al. : : Defendants. : | |

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the above and foregoing **INDIAN SUMMER CARPET MILLS, INC.'S INITIAL DISCLOSURES** upon all parties via the Court's electronic filing system, which will automatically send email notification of such filing to all attorneys of record herein.

Respectfully submitted this 15th day of June, 2020.

                                                                  **THE MINOR FIRM**

                                                            BY:   ***/s/ Jonathan L. Bledsoe***

| | |
|---|---|
| | JONATHAN L. BLEDSOE |
| P.O. BOX 2586 | GA BAR NO.: 063143 |
| DALTON, GA 30722-2586 | BRITTANY D. HEPNER |
| 706.259.2586 | GA BAR NO.: 200989 |
| jbledsoe@minorfirm.com | **ATTORNEYS FOR DEFENDANT** |
| bhepner@minorfirm.com | **INDIAN SUMMER CARPET MILLS, INC.** |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of Persons similarly Situated, | : : : : |
| Plaintiff, | : : |
| v. | : : | 
| 3M COMPANY, et al. | : : |
| Defendants. | : |

CIVIL ACTION
NO.: **4:20-cv-00008-AT**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document was prepared in Times New Roman 14-point type, in compliance with local rule 5.1.

This 15th day of June, 2020.

                                   THE MINOR FIRM

                              BY:  */s/Jonathan L. Bledsoe*
                                   JONATHAN L. BLEDSOE
P.O. BOX 2586                      GA BAR NO.: 063143
DALTON, GA 30722-2586              BRITTANY D. HEPNER
706.259.2586                       GA BAR NO.: 200989
jbledsoe@minorfirm.com             ATTORNEYS FOR DEFENDANT
bhepner@minorfirm.com              INDIAN SUMMER CARPET
                                   MILLS, INC.