## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

JARROD JOHNSON, individually,　)
and on Behalf of a Class of Persons　)
Similarly Situated,　)
　)
　　　　Plaintiff,　)
　)
v.　)　　　Civil Action No. 4:20-cv-00008-AT
　)
3M COMPANY, et al.,　)
　)
　　　　Defendants.　)
　)

## DEFENDANT ORIENTAL WEAVERS USA, INC.'S
## INITIAL DISCLOSURES

Defendant Oriental Weavers USA, Inc. ("Defendant" or "OWUSA"), pursuant to Rule 26(a) of the Federal Rules of Civil Procedures, by and through its attorneys, pursuant to the Court's minute entry [Doc. 161] and parties' proposed Scheduling Order [Doc. 152-2] in this matter. The following initial disclosures are based on information reasonably available to OWUSA at the present time, and OWUSA reserves the right to supplement its disclosures to the extent more information about this matter becomes available. OWUSA makes its initial disclosures without waiving any applicable privileges, including the attorney-client privilege or the attorney work product privilege, as follows:

1.    If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:      Defendant Oriental Weavers USA, Inc., ("OWUSA") is identified properly.**

2.    Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.

**RESPONSE:      Defendant OWUSA does not contend that any other parties are necessary to this action or that there is a question of misjoinder of parties at this time; however, Defendant OWUSA reserves the right to claim that others, including but not limited to utilities, chemical manufacturers, chemical suppliers, chemical producers, and/or chemical users, are or may be a necessary party to this action.  There are numerous potential contributors or sources of the contaminants Plaintiff now complains of being present in the waterways or water supply associated with this action.  OWUSA reserves the right to add any such contributors, as appropriate, to the extent such persons**

2

and entities are identified during discovery or otherwise during the pendency of this matter.

3.     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.

**RESPONSE:     Plaintiff has alleged numerous entities, including Defendant OWUSA, should be held responsible for purported impacts to water the City of Rome, Georgia and Floyd County, Georgia capture as surface water for later treatment, use and sale as drinking water and/or other purposes. The municipal facilities Plaintiff references are located many miles away from Whitfield County, Georgia. Although the waters at issue may be impacted by a variety of sources, and the chemicals Plaintiff references in his Complaint could be found in a multitude of consumer and commercial products, Defendant OWUSA has not asserted a counterclaim or crossclaim at this time.**

**OWUSA discharged its wastewater to Dalton Utilities, pursuant to permits for industrial wastewater discharge; OWUA did not control Dalton Utilities or that utility's waste disposal operations; the permit issued to Dalton Utilities is a non-discharge permit from the Georgia EPD; there does not appear to be regulatory levels or regulations applicable to the types of substances for which Plaintiff complains; and, OWUSA's wastewater was sent legally and**

permissibly to Dalton Utilities. To the extent the utility from which OWUSA received supply water for its facility, or to which OWUSA may have provided wastewater for treatment, is shown by Plaintiff to have failed to appropriately treat, handle or apply water, then Defendant OWUSA is not liable to Plaintiff (or others in a putative class of those similarly situated).

Defendant OWUSA is not responsible for the Plaintiff's purported impacts or for the alleged relief sought, for reasons and defenses set forth in Defendant OWUSA's Answer and in the motions to dismiss, defenses and answers of other defendants. Foremost, the Economic Loss Doctrine bars the Plaintiff's claims for relief, as set forth more fully in the Motion and Memorandum in Support of Aladdin Manufacturing Corporation's, Mohawk Carpet, LLC's and Mohawk Industries, Inc.'s Motions to Dismiss. [Doc. Nos. 123, 123-1]. Similarly, as to OWUSA, the plaintiff is owed no duty by OWUSA, there is a lack of foreseeability on OWUSA's part as to the Plaintiff's alleged injuries, and Plaintiff has failed to allege "special injury" regarding the public nuisance claims set forth under Georgia law. [Id.] If Plaintiff has been harmed in an actionable way, the harm was caused by parties other than OWUSA.

Moreover, OWUSA has not created or maintained a nuisance or any other conditions to cause a nuisance, nor has OWUSA violated duties allegedly

4

owed to Plaintiff, for many of the same reasons as fully explained in Defendant
Shaw Industries Group, Inc.'s Motion to Dismiss and supporting memorandum
of law and also as stated in Defendant Dixie Group, Inc.'s Motion to Dismiss.
[Doc. Nos. 132, 132-1 and 143].  Those pleadings each contain detailed factual
bases and arguments that support the defenses asserted by OWUSA in its
Answer.  In addition, Defendant OWUSA is not a joint tortfeasor and, pursuant
to O.C.G.A. §51-12-33, or otherwise, any apportionment related to the alleged
damages (if any) to which OWUSA purportedly contributed would be *de
minimis* relative to other entities.

4.     Describe in detail all statutes, codes, regulations, legal principles,
standards and customs or usages, and illustrative case law which Defendant contends
are applicable to this action.

**RESPONSE:**      **In an effort to conserve resources of the parties and for
purposes of judicial economy, at the present stage of this litigation Defendant
OWUSA intends to rely upon the statutes and legal principles espoused in its
Answer, as well as the applicable statutes, codes, legal principles, legal
standards, case law, defenses and arguments asserted by certain other
defendants [*See e.g.* Doc. Nos. 123, 123-1, 132, 132-1, 143] that are the subject
of "PFC" related allegations for discharges purportedly affecting the City of**

5

**Rome, Georgia's and Floyd County, Georgia's water supplies since those other defendants' pleadings contain detailed descriptions of the legal principles and case law that is generally applicable to this action.  As this litigation progresses, OWUSA respectfully reserves the right to supplement further those legal arguments - particularly in instances where there may be a more substantial or different impact arising as to OWUSA.**

5.      Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:      See Attachment A.**

6.      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:      See Attachment B.**

7.      Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and

tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:**      **See Attachment C.**

8.      In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:**      **Not applicable since Defendant OWUSA has not made a claim for damages at this time.**

9.      If Defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** **Defendant OWUSA does not contend at this time that any person or legal entity identified in the Complaint is liable to the Plaintiff or the purported putative class. Defendant OWUSA incorporates by reference into this response its Response to Item 2 as stated above. Defendant OWUSA further asserts that to the extent liability maybe found, or attach to OWUSA, then its product, chemical or utility supplier(s) of materials containing perfluoroalkyl substances of any kind may be responsible to OWUSA.**

10.   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE**: **Defendant OWUSA is not aware of an insurance agreement applicable to this action.**

Respectfully submitted this 15th day of June, 2020.

**GRANT KONVALINKA & HARRISON, P.C.**

By: /s/ David C. Higney
        David C. Higney, GA Bar No. 352780
        633 Chestnut Street, Suite 900
        Chattanooga, TN 37450-0900
        (423) 756-8400
        (423) 756-6518  facsimile

dhigney@gkhpc.com
***Attorneys for Defendant***
  ***Oriental Weavers USA, Inc.***

**ATTACHMENT A**
**DEFENDANT ORIENTAL WEAVERS USA'S INITIAL DISCLOSURES WITNESS LIST**

Individuals who may have discoverable information[1] regarding *inter alia* OWUSA's manufacturing operations, processes and chemical auxiliaries at issue in this litigation, and/or statements and information provided by or made to its suppliers of auxiliaries or products, include the following:

1.    Ahmed Salama.  Chief Executive Officer, OWUSA, 3295 Dug Gap Road SW, Dalton, Georgia 30720; (706) 277-4725.  Mr. Salama may have limited general knowledge related to the claims and defenses asserted in this litigation.

2.    Darrel McCay. Chief Financial Officer, OWUSA, 3295 Dug Gap Road SW, Dalton, Georgia 30720; (706) 277-4725. Mr. McCay (and some individuals reporting to him) has knowledge related to the claims and defenses asserted in this litigation.  As CFO, Mr. McCay has responsibility for the financial statements of OWUSA.

3.    David Flood. Masterbatch Manager, OWUSA, 3295 Dug Gap Road SW, Dalton, Georgia 30720; (706) 277-4725.  Mr. Flood has knowledge related to

---

[1] Please direct all communications relative to current and former OWUSA employees or officers to OWUSA's Counsel, c/o David C. Higney, Esq., at the offices of Grant Konvalinka & Harrison PC; 633 Chestnut St., Suite 900, Republic Centre, Chattanooga TN 37450; (phone) 423.756.8400; or dhigney@gkhpc.com.

claims and defenses asserted in this litigation and technical knowledge regarding OWUSA's manufacturing processes for area rugs.

4. <u>Kim Collette</u>. Human Resources Director, OWUSA, 3295 Dug Gap Road SW, Dalton, Georgia 30720; (706) 277-4725.  Ms. Collette has general information pertaining to OWUSA personnel, some of whom may have general knowledge related to claims and defenses asserted in this litigation.

5. <u>Farid Siyam.</u>  General Plant Manager and Vice-President, OWUSA, 3295 Dug Gap Road SW, Dalton, Georgia 30720; (706) 277-4725.  Mr. Siyam has general knowledge related to manufacturing and operational practices associated with the manufacture of area rugs.

6. <u>Yassar Shaban</u>.  Weaving/Finishing Plant Manager, OWUSA, 3295 Dug Gap Road SW, Dalton, Georgia 30720; (706) 277-4725.  Mr. Shaban has general knowledge related to claims or defenses asserted in this litigation, together with information pertaining to certain weaving, finishing, or coating techniques associated with manufactured rugs.

7. <u>Amin Radwan</u>.  OWUSA employee, 3295 Dug Gap Road SW, Dalton, Georgia 30720; (706) 277-4725.  Mr. Radwan has general knowledge related to claims and defenses asserted in this litigation, together with information pertaining

to extruded fiber and overall manufacturing techniques for manufactured area rugs and blanket rolls.

8.    <u>Robert ("Bob") Painter and other current and former OWUSA IT and accounting department personnel</u>.  Mr. Painter, an OWUSA Controller, and other current and former OWUSA IT and Accounting Department personnel, may have general knowledge of documents or reports that may be related to claims and defenses asserted in this litigation.  Mr. Painter and all such OWUSA personnel should be contacted through OWUSA's counsel, identified herein.

9.    <u>Greg Cantrell and other current and former OWUSA manufacturing employees.</u>  Mr. Cantrell, a former OWUSA manager in the manufacturing process for area rugs, and other current and former OWUSA manufacturing personnel, may have general knowledge related to claims and defenses asserted in this litigation. Mr. Cantrell's last known contact information is 715 Shana Lane, Tunnel Hill, GA 30755, telephone unknown; however, Mr. Cantrell and all such OWUSA personnel should be contacted through OWUSA's counsel, identified herein.

10.    <u>Todd Mull</u>.  Phoenix Chemical, Inc. and, presently, Phoenix Chemical LLC; 202 Gee Road NE, Calhoun Georgia 30701; (706) 602-8844. Mr. Mull has knowledge of the rug auxiliaries and chemicals supplied to, sold to, and purchased

by OWUSA from Phoenix Chemical that may relate to claims and defenses asserted in this litigation.

11.     Dalton Utilities. PO Box 869, Dalton, Georgia 30722. Upon information and belief, the utility has general knowledge regarding the water supply and wastewater treatment or discharges purportedly associated with or related to the claims and defenses asserted in this litigation.

12.     Plaintiff Jarrod Johnson. Upon information and belief, the plaintiff Mr. Johnson would have general knowledge related to his claims and assertions in the Complaint, including those regarding the water supply, rates and surcharges, and alleged wastewater discharges purportedly associated with or related to the claims and defenses asserted in this litigation.

13.     Any persons listed by any other Defendant.

14.     Any persons listed by Plaintiff.

**ATTACHMENT B**
**DEFENDANT ORIENTAL WEAVERS USA'S INTIAL DISCLOSURES**
**EXPERT WITNESS LIST**

Defendant OWUSA currently has not identified any person(s) whom it may call to present evidence at trial pursuant to Federal Rules of Evidence 702, 703, or 705 as a testifying expert witness.

Defendant OWUSA will supplement its response to this disclosure, as necessary, in accordance with applicable rules of civil procedure, local rules, and standing orders.

**ATTACHMENT C**
**DEFENDANT ORIENTAL WEAVERS USA'S INTIAL DISCLOSURES**
**EXHIBIT LIST**

Defendant OWUSA intends to use and/or rely upon, to the extent available or in its possession and control, documents, materials, data, and information as generally described in the categories below and to the extent consistent with the applicable rules of civil procedure, local rules, and any applicable standing orders of the Court.  OWUSA reserves the right to amend or supplement this list as may be appropriate in light of applicable discovery rules, standing orders, Plaintiff's witnesses or exhibits, any other Defendant's witnesses and exhibits, and any and all information, data or compilations identified in discovery or consistent with the Scheduling Order(s), Discovery Plan(s), Electronically Stored Information ("ESI") protocols, and Protective Order(s), as amended, for this matter.

1.      Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails in possession of OWUSA, and any and all documents served, filed, referenced, or listed by Defendant OWUSA in conjunction with discovery or any other matters herein.  It is anticipated such data, materials, and documents containing relevant information maintained by OWUSA may include, but may not be limited to, the following categories:

Accounting or financial records or data to the extent available relating to purchases, receipts, account payables, production, general ledger codings / evidence for purchases of materials and supplies, and other accounting records or sales information;

Operations and Manufacturing records related to manufacturing and operational input and output, such as manufacturing supply records for polypropylene or other goods, shipment/shipping records for products and chemicals, manufacturing equipment/usage records, manufacturing volume or manufacturing production data, chemical purchase/usage records or receipts; correspondence or communications regarding operations, manufacturing, or chemical supplies; process or material(s) handling documentation; and,

Environmental permits or manufacturing records for products or auxiliaries such as Material Safety Data Sheets, wastewater related records, supply water records, Dalton Utilities records or other utility-related correspondence, other environmental permit records (if any),    and maintenance or health/safety data.

2.     Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails to or from the State of Georgia, including but not limited to the Georgia Department of Natural Resources.

3.     Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails to or from the United States of America, including but not limited to or from the United States Environmental Protection Agency and the Agency for Toxic Substances and Disease Registry.

4.     Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails to or from Dalton Utilities.

5.     Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails in possession of any Defendant, and any and all documents served, filed, referenced, listed by or received from  any Defendant.

6.     Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails, if any, received from Plaintiff Jarrod Johnson.

7.     Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails of the City or Rome (GA) or those with whom it contracts and does business relative to its water supplies, intake, treatment, sales, usage, and charges.

8.     Documents including, but not limited to, any correspondence, reports, abstracts, compilations, books, records, and emails of Floyd County (GA) or those

with whom it contracts or does business relative to its water supplies, intake, treatment, sales, usage, and charges.

9.    Documents related to the carpet and rug industry or rug manufacturing, generally.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point types pursuant to Local Rule 5.1(C), specifically for this pleading by using: **Times New Roman, 14 point font.**

/s/ David C. Higney             .
Grant Konvalinka & Harrison, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on **June 15, 2020**, a copy of the foregoing **Defendant Oriental Weavers USA, Inc.'s Initial Disclosures** was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ David C. Higney             .
Grant Konvalinka & Harrison, P.C.