IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON,<br><br>Plaintiff,<br><br><br><br>3M COMPANY, *et al*,<br><br>Defendants. | Civil Action Number 4:20-CV- 0008-AT<br><br>Removed from Floyd County<br>CASE NO. 19CV02405 |

**DEFENDANT MFG CHEMICAL, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant MFG Chemical, LLC ("MFG"), without submitting to the jurisdiction of this Court or waiving its objection to the jurisdiction of this Court, respectfully moves to dismiss Plaintiff's Second Amended Individual and Class Action Complaint ("SAC") insofar as it applies to MFG pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction over MFG.

In further support of its Rule 12(b)(1) motion, MFG joins in, adopts, and incorporates by reference the arguments made by Defendant DyStar L.P. in its Brief in Support of Motion to Dismiss. [Doc. 308-1].

Specifically, and as discussed more fully in the Brief incorporated above, Plaintiff's claims against MFG should be dismissed for the following reasons:

- This Court lacks subject matter jurisdiction over Plaintiff's claims against MFG for the same reasons stated by Defendant DyStar L.P., *i.e.*, Plaintiff's injuries are not fairly traceable to MFG because MFG has never produced or used the chemicals at issue in this case and has never discharged those chemicals to the water bodies at issue in this case. [*See* Doc. 308-1, pp. 5-9].

In support of its Rule 12(b)(1) motion, MFG further relies on the following attached Exhibits:

Exhibit A – Declaration of Charles E. Gavin, III

Exhibit B – Affidavit of Darin Gyomory

Exhibit C – Consent Order Dismissing Without Prejudice Certain Defendants in *City of Rome, Georgia v. 3M Company, et al.* (March 3, 2020).

MFG also respectfully moves the Court to dismiss the SAC insofar as it applies to MFG pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In further support of its Rule 12(b)(6) motion, and without waiving, limiting, or prejudicing any other defenses it may later raise, MFG joins in, adopts, and incorporates by reference the arguments made by The Carpet Manufacturing

Defendants in their Memorandum in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 300-1];[1] the arguments made by Defendant 3M Company in its Brief in Support of 3M Company's Motion to Dismiss the Second Amended Complaint [Doc. 309-1]; and the arguments made by Defendants Milliken & Company; Arrowstar, LLC; The Dixie Group, Inc.; 3M Company; E.I. DuPont de Nemours and Company; and The Chemours Company in their Memorandum Supporting Defendants' Partial Motion to Dismiss [Doc. 310-1].

Specifically, and as discussed more fully in the Memorandums and Brief incorporated above, Plaintiff's claims should be dismissed for the following reasons:

- Plaintiff's claims against MFG for surcharges imposed by the City of Rome (Counts Three, Four, and Six) should be dismissed for the same reasons stated by the Carpet Manufacturing Defendants and by Defendant 3M Company, *i.e.*, because such claims are barred by the Economic Loss Doctrine. [*See* Doc. 300-1, pp. 6-10, 15; Doc. 309-1, pp.

---

[1] MFG joins the Carpet Manufacturing Defendants' Motion to Dismiss the SAC; however, MFG is not a carpet manufacturer.

14-15].

- Further, Plaintiff's generic tort claims (Count Three) against MFG should be dismissed for the same reasons stated by the Carpet Manufacturing Defendants and by Defendant 3M Company, *i.e.*, because Plaintiff fails to identify the purported cause of action against MFG, fails to allege that MFG owed an actionable duty to Plaintiff, and fails to allege any facts establishing MFG proximately caused any injury to him.  [*See* Doc. 300-1, pp. 11-15; Doc. 309-1, pp. 7-11].

- Plaintiff's negligence *per se* claim (Count Four) against MFG should be dismissed for the same reasons stated by the Carpet Manufacturing Defendants, *i.e.*, because Plaintiff is unable to assert an "ascertainable standard of conduct" as required to state a claim under O.C.G.A. § 51-1-6, and because neither the federal Clean Water Act nor the Georgia Water Quality Control Act targets Plaintiff for protection or guards against the harm allegedly suffered by Plaintiff. [*See* Doc. 300-1, pp. 15-18].

- Plaintiff's claims against MFG for punitive damages, attorney's fees, and expenses of litigation (Count Five) and abatement (Count Seven) should be dismissed for the same reasons stated by the Carpet

Manufacturing Defendants and by Defendant 3M Company, *i.e.*, because such relief is not permitted absent an actionable underlying claim. [*See* Doc. 300-1, pp. 24-25; Doc. 309-1, p. 4, n.2].

- Plaintiff's public nuisance claims against MFG (Counts Six and Seven) should be dismissed for the same reasons stated by the Carpet Manufacturing Defendants and by Defendant 3M Company, *i.e.*, because (A) the SAC does not (and cannot) allege that MFG exercised control over the cause of the harm; (B) MFG has acted lawfully in sending its wastewater to Dalton Utilities; (C) Plaintiff cannot show the necessary "special harm"; and (D) the SAC does not allege any facts establishing that MFG proximately caused any injury to Plaintiff. [*See* Doc. 300-1, pp. 19-23; Doc. 309-1, pp. 11-14].

- Finally, Plaintiff's claims against MFG for surcharges imposed by the City of Rome (Counts Three, Four, and Six) should also be dismissed for the same reasons stated by Defendants Milliken & Company, Arrowstar, LLC, The Dixie Group, Inc., 3M Company, E.I. DuPont de Nemours and Company, and The Chemours Company, *i.e.*, because such claims are barred by the Public Services Doctrine. [*See* Doc. 310-1, pp. 3-13].

**WHEREFORE**, MFG respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint, award the costs and expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under the circumstances.

Respectfully submitted this 21st day of October 2020.

> By: */s/ Martin A. Shelton*
> R. Scott Masterson – GA Bar No. 476359
> Keith M. Kodosky – GA Bar No. 404814
> Martin A. Shelton – GA Bar No. 640749
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1180 Peachtree Street NE, Suite 2900
> Atlanta, Georgia 30309
> 404.476.2009
> Scott.masterson@lewisbrisbois.com
> Keith.kodosky@lewisbrisbois.com
> Martin.shelton@lewisbrisbois.com
> *Attorneys for MFG Chemical, LLC*

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendant MFG Chemical, LLC hereby certifies that the above and foregoing Defendant MFG Chemical, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 5.1B.

So certified this this 21st day of October, 2020.

By: */s/Martin Shelton*
R. Scott Masterson – GA Bar No. 476359
Keith M. Kodosky – GA Bar No. 404814
Martin A. Shelton – GA Bar No. 640749
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30309
404.476.2009
Scott.masterson@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
Martin.shelton@lewisbrisbois.com
*Attorneys for MFG Chemical, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing Defendant MFG Chemical, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint with the Clerk of Court by using the CM/ECF system, which automatically sends e-mail notification of such filing to any attorneys of record.

This 21st day of October 2020.

By: */s/Martin A. Shelton*
    R. Scott Masterson – GA Bar No. 476359
    Keith M. Kodosky – GA Bar No. 404814
    Martin A. Shelton – GA Bar No. 640749
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    1180 Peachtree Street NE, Suite 2900
    Atlanta, Georgia 30309
    404.476.2009
    Scott.masterson@lewisbrisbois.com
    Keith.kodosky@lewisbrisbois.com
    Martin.shelton@lewisbrisbois.com
    *Attorneys for MFG Chemical, LLC*