IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>3M COMPANY, *et al*,<br><br>　　　　Defendants. | Civil Action Number 4:20-CV- 0008-AT<br><br>Removed from Floyd County<br>CASE NO. 19CV02405 |

### DEFENDANT MFG CHEMICAL, LLC'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26 and LR 26.1 NDGa., Defendant MFG Chemical, LLC ("MFG"), without submitting to the jurisdiction of this Court or waiving its objection to the jurisdiction of this Court, makes its initial disclosures as follows:

**1.　If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable to MFG.

**2.　Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If**

**defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None known at this time.

**3.     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

MFG has not asserted any counterclaims or cross claims at this time.

Plaintiff and Members of the proposed Class ("proposed Class Members") claim that Defendants' discharges of per- and polyfluoroalkyl substances ("PFAS") have contaminated surface waters in the Upper Coosa River basin, including, but not limited to, the Conasauga River and the Oostanaula River, which is the source of the water that the City of Rome, Georgia and Floyd County, Georgia capture as surface water for later treatment, use, and/or sale as drinking water and/or other purposes.  The municipal facilities Plaintiff references are located many miles away from where MFG operates in Whitfield County, Georgia.  Many other sources impact the contents of the water that Plaintiff and the proposed Class Members allege is contaminated by PFAS, which are found in a multitude of consumer and commercial products.

MFG obtains its supply water from Dalton Utilities.  Upon information and belief, Dalton Utilities obtains its supply water from the Conasauga River,

which is treated and then supplied to MFG. If there are PFAS in the Conasauga River supply water used by Dalton Utilities, and those PFAS are not treated/eliminated by Dalton Utilities, then those same PFAS are in the supply water that Dalton Utilities provides to MFG.

MFG legally discharges its wastewater to Dalton Utilities, pursuant to permits for industrial wastewater discharge. The same PFAS contained in the water supplied to MFG by Dalton Utilities, if any, are likely in the wastewater that MFG sends to Dalton Utilities and its treatment facility. MFG does not contribute any PFAS to its wastewater. Any PFAS in its wastewater come from the supply water MFG receives from Dalton Utilities. MFG does not control Dalton Utilities or its waste disposal operations. The Georgia Environmental Protection Division issued a non-discharge permit to Dalton Utilities. MFG is not aware of any regulations applicable to the chemicals about which Plaintiff and the proposed Class Members complain. Furthermore, MFG does not discharge anything into the Conasauga River. All of its discharges are transferred to the treatment facility owned and operated by Dalton Utilities. Thus, MFG has never discharged PFAS, either directly or indirectly, to the Conasauga River, the Oostanaula River, the Coosa River or other tributaries and watersheds in Floyd County, Georgia. MFG is not liable to Plaintiff or the proposed Class

Members to the extent a utility from which MFG received supply water for its facility, or to which MFG may have provided wastewater for treatment, is shown by Plaintiff to have failed to appropriately treat, handle, or apply water.

MFG is not liable for Plaintiff's and the proposed Class Members' purported damages for the reasons and defenses set forth in MFG's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss") [Doc. 343]. As an initial matter, the Court lacks subject matter jurisdiction over Plaintiff's and proposed Class Members' claims against MFG because such alleged injuries are not fairly traceable to MFG inasmuch as MFG has never produced or used the chemicals at issue in this case and has never discharged those chemicals to the water bodies at issue in this case.

Additionally, Plaintiff's and the proposed Class Members' claims against MFG for surcharges imposed by the City of Rome (Counts Three, Four, and Six) are barred by the Economic Loss Doctrine. Plaintiff's and the proposed Class Members' generic tort claims (Count Three) against MFG fail because Plaintiff fails to identify the purported cause of action against MFG, fails to allege that MFG owed an actionable duty to Plaintiff and the proposed Class Members, and fails to allege any facts establishing MFG proximately caused any injury to Plaintiff and the proposed Class Members. Plaintiff's and the proposed Class

Members' negligence *per se* claim (Count Four) against MFG fails because Plaintiff is unable to assert an "ascertainable standard of conduct" as required to state a claim under O.C.G.A. § 51-1-6.  Plaintiff's and the proposed Class Members' claims against MFG for punitive damages, attorney's fees, and expenses of litigation (Count Five) and abatement (Count Seven) fail because such relief is not permitted absent an actionable underlying claim.  Plaintiff's and the proposed Class Members' public nuisance claims against MFG (Counts Six and Seven) fail because (A) Plaintiff's Second Amended Complaint does not (and cannot) allege that MFG exercised control over the cause of the harm; (B) MFG has acted lawfully in sending its wastewater to Dalton Utilities; (C) Plaintiff cannot show the necessary "special harm"; and (D) Plaintiff's Second Amended Complaint does not allege any facts establishing that MFG proximately caused any injury to Plaintiff and/or the proposed Class Members.  Finally, Plaintiff's and the proposed Class Members' claims against MFG for surcharges imposed by the City of Rome (Counts Three, Four, and Six) also fail because such claims are barred by the Public Services Doctrine.

**4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

MFG relies on the statutes and legal principles espoused in its Motion to Dismiss [Doc. 343], as well as the applicable statutes, codes, legal principles, legal standards, case law, defenses and arguments asserted by the other defendants that are the subject of PFAS-related allegations for discharges purportedly affecting the City of Rome, Georgia's and Floyd County, Georgia's water supplies, since those other defendants' pleadings contain detailed descriptions of the legal principles and case law that are generally applicable to this action. As this litigation progresses, MFG reserves the right to supplement its legal arguments.

**5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all**

**experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

MFG has not yet identified any witness(es) who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. In addition, MFG has not yet determined whether MFG will identify any testifying expert witness(es) subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). MFG will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order.

**7.    Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**8.** **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable to MFG.

**9.** **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

MFG does not presently contend that any party is liable to it or Plaintiff in this matter but will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order in the event that new information arises during discovery that alters its position.

**10.    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

MFG will produce the declaration page for any applicable insurance policy(ies) at a mutually agreeable date, time, and location to be determined by the parties.

This 20th day of November, 2020.

> By: */s/ Martin A. Shelton*
> R. Scott Masterson – GA Bar No. 476359
> Keith M. Kodosky – GA Bar No. 404814
> Martin A. Shelton – GA Bar No. 640749
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1180 Peachtree Street NE, Suite 2900
> Atlanta, Georgia 30309
> 404.476.2009
> Scott.masterson@lewisbrisbois.com
> Keith.kodosky@lewisbrisbois.com
> Martin.shelton@lewisbrisbois.com
> *Attorneys for MFG Chemical, LLC*

# **ATTACHMENT A**

MFG identifies the following individuals who may have discoverable information that MFG may use to support its defenses, unless solely used for impeachment:

1. Jarrod Johnson: As the named Plaintiff, Mr. Johnson has knowledge relating to the claims asserted by him, and others purportedly similarly situated, in this case. Mr. Johnson can be contacted through his counsel.

2. Darin Gyomory, Chief Financial Officer of MFG: Mr. Gyomory has knowledge relating to MFG's business operations and the fact that MFG has not utilized or discharge any PFAS within the past 10 years. Mr. Gyomory can be contacted through counsel for MFG.

3. Charles E. Gavin, III: Mr. Gavin is the founder and former Chief Executive Officer of MFG's predecessor-in-interest, MFG Chemical, Inc. Mr. Gavin has knowledge relating to MFG Chemical, Inc.'s business operations and the fact that MFG Chemical, Inc. never manufactured any chemicals containing PFAS, never used any raw materials/products or manufactured/stored any products containing any PFAS, and never sold or otherwise provided PFAS to any customer located in Dalton, Georgia or destined for use in Dalton, Georgia, or to any company anywhere. Mr. Gavin can be contacted through counsel for MFG.

# ATTACHMENT C

Following is a description by category of all documents, data compilations, or other electronically stored information and tangible things in MFG's possession, custody, or control that it may use to support its defenses, unless solely for impeachment. The documents listed below are in MFG's possession.

- Affidavit of Darin Gyomory, dated October 20, 2020, and the Chempax and MSDS/SDS documents referenced therein.

- Declaration of Charles E. Gavin, III, dated February 21, 2020, and the MFG Chemical, Inc. documents referenced therein.

- Documents related to MFG's operations as a leading custom contract manufacturer of complex chemistries serving a wide range of chemical companies that participate in a diverse set of end markets.

- Documents related to the disposal of wastewater from MFG's facility(ies).

- Documents related to permits held by MFG related to the disposal of wastewater.

- Communications with Dalton Utilities and/or the Georgia Environmental Protection Division.

- Communications related to PFAS.

- Documents related to the testing of wastewater.

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendant MFG Chemical, LLC hereby certifies that the above and foregoing Defendant MFG Chemical, LLC's Initial Disclosures is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 5.1B.

So certified this this 20th day of November, 2020.

By: */s/Martin Shelton*
R. Scott Masterson – GA Bar No. 476359
Keith M. Kodosky – GA Bar No. 404814
Martin A. Shelton – GA Bar No. 640749
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30309
404.476.2009
Scott.masterson@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
Martin.shelton@lewisbrisbois.com
*Attorneys for MFG Chemical, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing Defendant MFG Chemical, LLC's Initial Disclosures with the Clerk of Court by using the CM/ECF system, which automatically sends e-mail notification of such filing to any attorneys of record.

This 20th day of November 2020.

> By: */s/Martin A. Shelton*
> R. Scott Masterson – GA Bar No. 476359
> Keith M. Kodosky – GA Bar No. 404814
> Martin A. Shelton – GA Bar No. 640749
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1180 Peachtree Street NE, Suite 2900
> Atlanta, Georgia 30309
> 404.476.2009
> Scott.masterson@lewisbrisbois.com
> Keith.kodosky@lewisbrisbois.com
> Martin.shelton@lewisbrisbois.com
> *Attorneys for MFG Chemical, LLC*