IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> 3M COMPANY, et al., <br><br> Defendants. | CIVIL ACTION NO.: 4:20-cv-0008-AT |

## DEFENDANT CYCLE-TEX, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Cycle-Tex Inc. ("Cycle-Tex")[1], without submitting to the jurisdiction of this Court or waiving its objection to the jurisdiction of this Court, respectfully moves to dismiss Plaintiff's Second Amended Individual and Class Action Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(1) by joining in, adopting, and incorporating by reference the arguments made by Defendant DyStar L.P. in its Motion to Dismiss. *See* Dkt. Nos. 308 and 308-1.

---

[1] Cycle-Tex is no longer a corporation organized under Georgia law. On November 5, 2018, Cycle-Tex filed a petition for relief under Chapter 11 of the Bankruptcy Code. *In re: Cycle-Tex, Inc.*, Case No. 18-42614-PWB (Bankr. N.D. Ga.). In 2019, Cycle-Tex sold its assets and closed operations. Cycle-Tex was administratively dissolved on October 22, 2020.

The Court lacks subject matter jurisdiction over Plaintiff's claims against Cycle-Tex for the same reasons stated by Defendant DyStar L.P. Plaintiff's injuries are not fairly traceable to Cycle-Tex because Cycle-Tex has never produced or used the chemicals at issue in this case and has never discharged those chemicals to the water bodies at issue in this case. *See* Dkt. No. 308-1, pp. 5-9. Cycle-Tex's Rule 12(b)(1) motion is further supported by the affidavit of Philip Neff, founder and former chief executive officer of Cycle-Tex, attached hereto as Exhibit A.

Cycle-Tex, without submitting to the jurisdiction of this Court or waiving its objection to the jurisdiction of this Court, also respectfully moves to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6) by joining in, adopting, and incorporating by reference the arguments made by The Carpet Manufacturing Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. *See* Dkt. Nos. 300 and 300-1.

Although Cycle-Tex joins the Carpet Manufacturing Defendants' motion—because Plaintiff's claims against Cycle-Tex are barred for all the reasons outlined therein—Cycle-Tex was not a carpet manufacturer. Nor was it a chemical supplier, manufacturer, user, or seller of the chemicals at issue in this case. Even so, as fully explained by the Carpet Manufacturing Defendants, Plaintiff's alleged damages are barred from recovery under the economic loss rule; and even if the economic

loss rule does not apply, Counts Three, Four, Five, Six, and Seven in the SAC fail as a matter of law for the same reasons stated by the Carpet Manufacturing Defendants.  *See* Dkt Nos. 300 and 300-1.

WHEREFORE, Cycle-Tex respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated:  December 1, 2020                                      Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:  */s/ Ronald B. Gaither*
Ronald B. Gaither, Jr. (282292)
**BAKER & HOSTETLER LLP**
1170 Peachtree Street, Suite 2400
Atlanta, GA  30309-7676
Telephone: 404.459.0050
Facsimile:  404.459.5734
rgaither@bakerlaw.com

Douglas A. Vonderhaar (0087933)
Kayla M. Prieto (0092090)
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH  43215-4138
Telephone: 614.228.1541
Facsimile:  614.462.2616
dvonderhaar@bakerlaw.com
kprieto@bakerlaw.com

*Pending Pro Hoc Vice*
*Attorneys for Defendant Cycle-Tex, Inc.*

- 4 -

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Cycle-Tex, Inc. hereby certifies that the foregoing filing is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 5.1B.

*/s/ Ronald B. Gaither*
Ronald B. Gaither, Jr. (282292)

*Attorney for Defendant Cycle-Tex, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on December 1, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                          */s/ Ronald B. Gaither*
                                          Ronald B. Gaither, Jr. (282292)

                                          *Attorney for Defendant Cycle-Tex, Inc.*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 4:20-cv-0008-AT |

## AFFIDAVIT OF PHILIP NEFF

I, Philip Neff having been duly sworn and having personal knowledge, depose and state the following:

1. My name is Philip Neff, I am over 18 years of age and competent to testify to the things and matters in this affidavit. This affidavit is based upon my personal knowledge, experience and understanding of the operations of Defendant Cycle-Tex Inc. ("Cycle-Tex"), and the allegations in the Second Amended Individual and Class Action Complaint ("SAC") filed by Plaintiff Jarrod Johnson.

2. I am the former Chief Executive Officer and founder of Cycle-Tex.

3. I am a graduate of Marshall University with a Bachelor of Business Administration.

4. I founded Cycle-Tex in 1989 and ran the company until it closed in 2019.

5. I have personal knowledge regarding the historical corporate structure of Cycle-Tex, its manufacturing processes and the locations of the facilities owned by Cycle-Tex.

6. Cycle-Tex was a corporation organized under Georgia law with its corporate office located in Dalton, Georgia. On November 5, 2018, Cycle-Tex filed a petition for relief under Chapter 11 of the Bankruptcy Code. In 2019, Cycle-Tex sold its assets and closed operations. Cycle-Tex was administratively dissolved on October 22, 2020.

7. Cycle-Tex was a thermoplastics recycling company that purchased raw materials from carpet manufacturers and other corporations outside the carpet industry.

8. Cycle-Tex owned and operated two extrusion facilities, one located in Dalton, Georgia and the other in Rome, Georgia.

9. Cycle-Tex has never manufactured, purchased, stored, or handled any chemicals or products containing the chemicals referenced in the SAC, including but not limited to perfluorooctanoic acid ("PFOA") and perfluorooctane

sulfonate ("PFOS"), related chemicals that degrade to PFOA and/or PFOS, precursors to PFOA and PFOS (collectively "PFCs") at either of its facilities.

10. Cycle-Tex has never owned or operated the specialized equipment nor utilized the specialized chemistry necessary to produce, handle or store PFCs.

11. Cycle-Tex obtained its water from Dalton Utilities.

12. Cycle-Tex did not discharge water into a river, lake, or other water body especially those located in Rome or Floyd County.

13. Neither Cycle-Tex location was located on or near the Conasauga River, Ooostanula River, or Coosa River.

FURTHER AFFIANT SAYETH NAUGHT.

*Philip Neff*
Philip Neff
*Former Chief Executive Officer and Founder of Cycle-Tex, Inc.*

STATE OF GEORGIA

COUNTY OF WHITFIELD

OFFICIAL SEAL
BRIAN SCOTT PETERS
NOTARY PUBLIC-GEORGIA

Sworn to and subscribed

Before me on this 25th day of November, 2020.

3

_____
Notary Public

4