IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>        Defendants. | CIVIL ACTION NO.: 4:20-cv-0008-AT |

**DEFENDANT CYCLE-TEX, INC.'S INITIAL DISCLOSURES**

Defendant Cycle-Tex, Inc. ("Cycle-Tex"), pursuant to Fed. R. Civ. P. 26 and L.R. 26.1, without submitting to the jurisdiction of this Court or waiving its objection to the jurisdiction of this Court, submits its initial disclosures as follows:

**1.     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable to Cycle-Tex.[1]

---

[1] Cycle-Tex is no longer a corporation organized under Georgia law.  On November 5, 2018, Cycle-Tex filed a petition for relief under Chapter 11 of the Bankruptcy Code.  *In re: Cycle-Tex, Inc.*, Case No. 18-42614-PWB (Bankr. N.D. Ga.).  In 2019, Cycle-Tex sold its assets and closed operations.  Cycle-Tex was administratively dissolved on October 22, 2020.

**2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None known at this time.

**3. Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Cycle-Tex has not asserted counterclaims or crossclaims at this time.

Plaintiff claims that Cycle-Tex and other defendants discharged wastewater containing per- and polyfluoroalkyl substances ("PFAS") in the Dalton Publicly Owned Treatment Works ("POTW") which allegedly contaminated Plaintiff's water sources. Cycle-Tex's facilities, located in Dalton, Georgia and Rome, Georgia were not located on or near the Conasauga River, Ooostanula River, or Coosa River. In addition, Cycle-Tex has never manufactured, purchased, stored, or handled any chemicals or products containing PFAS nor did it discharge wastewater containing PFAS into the water bodies at issue in the Plaintiff's operative complaint. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims against Cycle-Tex because Plaintiff's injuries are not fairly traceable to Cycle-Tex. Further, Cycle-Tex refers to its Motion to Dismiss and the arguments incorporated therein [Docs. 300 to 300-1; 308 to 308-5; 403].

**4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Cycle-Tex relies on the statutes and legal principles referenced in its Motion to Dismiss [Docs. 300 to 300-1; 308 to 308-5; 403], as well as the applicable statutes, codes, legal principles, legal standards, case law, defenses, and arguments asserted by the other defendants that are the subject of PFAS-related allegations for discharges purportedly affecting the City of Rome, Georgia's and Floyd County, Georgia's water supplies, given that those other defendants' pleadings contain detailed descriptions of the legal principles and case law that are generally applicable to this action. Cycle-Tex reserves the right to supplement its legal arguments as this litigation progresses.

**5.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**6.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all**

**experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Cycle-Tex has not yet identified any witness(es) who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. In addition, Cycle-Tex has not yet determined whether Cycle-Tex will identify any testifying expert witness(es) subject to the disclosure requirements of Fed.R.Civ.P.26(a)(2)(B). Cycle-Tex will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order.

**7.     Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**8.     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable to Cycle-Tex.

**9.    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Cycle-Tex does not presently contend that any party is liable to it or Plaintiff in this matter but will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order in the event that new information arises during discovery that alters its position.

**10.    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Cycle-Tex will produce the declaration page for any applicable insurance policy(ies) at a mutually agreeable date, time, and location to be determined by the parties.

Dated:  December 11, 2020              Respectfully submitted,

                                          **BAKER & HOSTETLER LLP**

By:  */s/ Ronald B. Gaither, Jr.*
      Ronald B. Gaither, Jr. (282292)
      **BAKER & HOSTETLER LLP**
      1170 Peachtree Street, Suite 2400
      Atlanta, GA  30309-7676
      Telephone: 404.459.0050
      Facsimile:  404.459.5734
      rgaither@bakerlaw.com

      Douglas A. Vonderhaar (87933) (pro hoc vice)
      Kayla M. Prieto (92090) (pro hoc vice)
      **BAKER & HOSTETLER LLP**
      200 Civic Center Drive, Suite 1200
      Columbus, OH  43215-4138
      Telephone: 614.228.1541
      Facsimile:  614.462.2616
      dvonderhaar@bakerlaw.com
      kprieto@bakerlaw.com

      *Attorneys for Defendant Cycle-Tex, Inc.*

## ATTACHMENT A

Cycle-Tex identifies the following individuals who may have discoverable information that Cycle-Tex may use to support its defenses, unless solely used for impeachment:

1. Jarrod Johnson: As the named Plaintiff, Mr. Johnson has knowledge relating to the claims asserted by him, and others purportedly similarly situated, in this case. Mr. Johnson can be contacted through his counsel.

2. Phillip Neff, Former Chief Executive Officer and Founder of Cycle-Tex: Mr. Neff founded Cycle-Tex in 1989 and ran the company until it closed in 2019. He has knowledge relating to Cycle-Tex's business operations and its manufacturing processes. Mr. Neff can be contacted through counsel for Cycle-Tex.

3. Jerry Dolan, Former Chief Financial Officer: Mr. Dolan has knowledge relating to Cycle-Tex's business operations and its manufacturing processes. Mr. Dolan can be contacted through counsel for Cycle-Tex.

4. Cycle-Tex incorporates by reference the names of individuals disclosed in Co-Defendants' and Plaintiff's witness lists.

## ATTACHMENT C

Following is a description by category of all documents, data compilations, or other electronically stored information and tangible things in Cycle-Tex's possession, custody, or control that it may use to support its defenses, unless solely for impeachment. The documents listed below are in Cycle-Tex's possession:

- Affidavit of Phillip Neff dated November 25, 2020.

- Cycle-Tex continues to review and assess what, if any, documents remain from the dissolved entity. Cycle-Tex will amend these disclosures should it identify additional categories of documents.

## **CERTIFICATION UNDER L.R. 7.1D**

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Cycle-Tex, Inc. hereby certifies that the foregoing filing is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 5.1B.

    /s/ Ronald B. Gaither, Jr.
Ronald B. Gaither, Jr. (282292)

*Attorney for Defendant Cycle-Tex, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on December 11, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ Ronald B. Gaither, Jr.
Ronald B. Gaither, Jr. (282292)

*Attorney for Defendant Cycle-Tex, Inc.*