IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JARROD JOHNSON, individually,       )(
And on Behalf of a Class of Persons )(
Similarly Situated,                 )(
                                    )(      CIVIL ACTION
        Plaintiff,                  )(      FILE NO. 4:20-cv-0008-AT
                                    )(
v.                                  )(
                                    )(
3M, et al.                          )(
                                    )(
        Defendants.                 )(

## RULE 26(a)(1) INITIAL DISCLOSURE STATEMENT OF DALTON/WHITFIELD REGIONAL SOLID WASTE AUTHORITY

COMES NOW DALTON/WHITFIELD REGIONAL SOLID WASTE AUTHORITY, ("DWSWA"), a Defendant in the above-styled action, and, pursuant to Federal Rules of Civil Procedure 26(a)(1) and Local Rule 26.1(b), provides the following Initial Disclosures, showing this Honorable Court as follows:

1.

If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

1

**RESPONSE:**

**The correct legal name for DWSWA is Dalton/Whitfield Regional Solid Waste Management Authority. DWSWA is agreeable to entering into a Consent Motion to Correct Misnomer to avoid the expense and burden associated with an amended complaint and service of same.**

2.

Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for the defendant's contention.

**RESPONSE:**

**None known at this time.**

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.

**RESPONSE:**

**DWSWA is a municipal solid waste authority created under Georgia law. DWSWA operates solid waste landfills for the communities of the City of Dalton and Whitfield County and discharges its landfill leachate into a publicly**

2

operated treatment works ("POTW") operated by Dalton Utilities ("DU"). DWSWA is not authorized to accept liquid waste from any source.

DWSWA discharges its leachate to DU pursuant to an industrial discharge permit issued by DU. DWSWA's industrial discharge permit does not provide any limit or monitoring requirement for PFAS and DWSWA is not alleged to have violated any of its permits. Neither the federal government nor the state of Georgia has issued any regulations or exposure limits for the discharge of PFAS from a municipal solid waste authority into a POTW. Similarly, there is no federal or state exposure limit for PFAS discharge from a POTW into a protected body of water.

DWSWA is not liable for any violation of The Clean Water Act as shown in DWSWA's Motion to Dismiss and Brief in Support (Doc. 396). Plaintiff failed to provide timely statutory notice of the claims against DWSWA in either their June 2020 or August 2020 Notices of Intent. DWSWA is entitled to dismissal for this reason. As a substantive matter, pursuant to the applicable regulations and statutes, DWSWA can be liable for a violation of the CWA only where there is evidence that any alleged PFAS discharged by DWSWA "passed through" the DU POTW and that this PFAS discharge caused a violation of either DU's NPDES Stormwater Permit or its Land Application System ("LAS") permit.

3

DWSWA is entitled to dismissal because it is not a cause of any alleged violation of either of these permits. The violations of these permits, if they exist, occur due to the operation of the POTW and/or LAS. DWSWA has no control over the operation of any DU system and there is no causal link between DWSWA's alleged discharge of PFAS and DU's alleged permit violations. In the alternative, any alleged discharge of PFAS is a *de minimis* cause of such permit violations and cannot form the basis of a claim for pass through under the Clean Water Act.

On December 15, 2020, Plaintiff filed his Third Amended Complaint to add several state law tort claims against DWSWA. As of the filing of this Initial Disclosure, DWSWA has only recently begun to evaluate these new claims and the possible defenses thereto. Therefore, DWSWA will supplement this Initial Disclosure to provide additional information regarding those claims and defenses following the filing of its motions or other responsive pleadings. Generally, DWSWA states its discharge of all materials to POTW was not negligent and was in compliance with all applicable permits, laws and regulations. DWSWA further states it did not proximately cause Plaintiff any damage. DWSWA further contends it is entitled to have a jury apportion damages between all possible sources of PFAS in Plaintiff's water supply.

4

DWSWA reserves the right to supplement this Response following discovery and expert disclosures in this matter.

4.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE:**

The Clean Water Act, 33 U.S.C. § 1251, et seq., including but not limited to 33 U.S.C. § 1317, -1365 ; 40 C.F.R. § 403.3, 40 C.F.R. § 403.5; 40 C.F.R. § 135.3; Arkansas Poultry Feder. v. US EPA, 852 F. 2d 324 (8th Cir. 1988); Nat'l Ass'n of Metal Finishers ("NAMF") v. EPA, 719 F. 2d 624 (3rd Cir. 1983) (overruled on other grounds); United States v. Stabl, Inc., 2014 U.S. Dist. LEXIS 201291 (D. Nebraska 2014); Mrosek v. City of Peachtree City, 539 Fed. Appx. 938 (11th Cir. 2013); National Environmental Foundation v. ABC Rail Corp., 926 F.2d 1096 (11th Cir. 1991); Altamaha Riverkeeper, Inc. v. Rayonier, Inc., 2015 U.S. Dist. LEXIS 42849 (S.D. Ga. 2015); NPDES Industrial General Stormwater Permit GAR050000; Dalton Utilities Land Application System Permit; and the Dalton Utilities Sewer User Rules and Regulations.

As noted above, DWSWA has only recently begun to evaluate these new claims and the possible defenses thereto. Therefore, DWSWA will supplement this Initial Disclosure to provide additional information following the filing of its responsive pleading.

This list is not intended by DWSWA to be an exhaustive list of all authority applicable to this litigation. In addition to the specific cases and statutes cited above, DWSWA intends to rely on federal law applying the provisions of the Clean Water Act.

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:**

See Attachment "A," attached hereto.

6.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying

the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:**

**See Attachment "B," attached hereto.**

7.

Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:**

**See Attachment "C," attached hereto.**

8.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary

material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:**

 **See Attachment "D," attached hereto.**

9.

If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:**

 **DWSWA identifies the defendants named by Plaintiff in the Second Amended Complaint, and refers to the factual allegations contained in the Second Amended Complaint as the basis for the alleged liability of these defendants. Other than these defendants, DWSWA has no additional information at this time. DWSWA reserves the right to supplement this disclosure as allowed under the Federal Rules of Civil Procedure, the Court's Case Management Order and any other applicable Orders or Local Rules.**

10.

8

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:**

**A copy of the responsive declaration pages are being produced herewith.**

This 21st day of December, 2020.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ C. Bradford Marsh*

C. Bradford Marsh
Georgia Bar No. 471280
Sara Alexandre
Georgia Bar No. 124152
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
(404) 874-8800
brad.marsh@swiftcurrie.com
sara.alexandre@swiftcurrie.com

9

**SPONCLER & THARPE, LLC**

*/s/ Henry Tharpe*
_____
Henry C. Tharpe, Jr.
Georgia Bar No. 703250
P.O. Box 398
225 W. King Street
Dalton, Georgia 30722
(706) 278-5211
htharpe@daltongalaw.com

*Attorneys for Defendant Dalton-Whitfield Regional*
*Solid Waste Management Authority*

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 21st day of December, 2020.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ C. Bradford Marsh*

C. Bradford Marsh
Georgia Bar No. 471280
Sara Alexandre
Georgia State Bar No. 124152
*Attorneys for Defendant Dalton/Whitfield Regional Solid Waste Authority*

The Peachtree, Suite 300
1355 Peachtree St. N.E.
Atlanta, Georgia 30309
Telephone: (404) 888-6151
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
sara.alexandre@swiftcurrie.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the attached **RULE 26(a)(1)**

**INITIAL      DISCLOSURE      STATEMENT      OF      DEFENDANT**

**DALTON/WHITFIELD REGIONAL SOLID WASTE AUTHORITY** to be

electronically transmitted to the Clerk's Office for filing and service on all counsel

of record through the Court's CM/ECF System.

This 21st day of December, 2020.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ C. Bradford Marsh*

_____
C. Bradford Marsh
Georgia Bar No. 471280
Sara Alexandre
Georgia State Bar No. 124152
*Attorneys for Defendant Dalton/Whitfield Regional
Solid Waste Authority*

The Peachtree, Suite 300
1355 Peachtree St. N.E.
Atlanta, Georgia 30309
Telephone: (404) 888-6151
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
sara.alexandre@swiftcurrie.com

## Exhibit "A"

- **Plaintiff Jarrod Johnson**
  **Contact through Counsel of Record**
  - Plaintiff may have knowledge regarding the events alleged in the Amended Complaint, the claims presented and the damages alleged.

- **Dirk Verhoeff, DWSWA**
  **Contact through Counsel of Record**
  - Mr. Verhoeff is the Executive Director of DWSWA. He may have information regarding DWSWA's operation and permits. Mr. Verhoeff may also have information regarding DWSWA's communications with the Environmental Protection Agency and the Georgia Environmental Protection Department.

- **Norman Barashick, DWSWA**
  **Contact through Counsel of Record**
  - Mr. Barashick worked at DWSWA until October 31, 2016. He may have information regarding DWSWA's operation and permits during the period of his employment. Mr. Barashick may also have information regarding DWSWA's communications with the Environmental Protection Agency and the Georgia Environmental Protection Department during the period of his employment.

- **Representatives of Dalton Utilities**
  **Contact through Counsel of Record**
  - Upon information and belief, representatives of Dalton Utilities may have knowledge of the operation of the POTW and LAS. Representatives of Dalton Utilities may also have knowledge regarding the permits applicable to these operations and its compliance with same. Representatives of Dalton Utilities may also have knowledge regarding the permits issued by DU to industrial dischargers including DWSWA, as well as the applicable Sewer User Rules and Regulations. Representatives of DU may also have knowledge of its interactions with the Environmental Protection Agency and the Georgia Environmental Protection Department and the alleged discharge of PFAS into the Conasauga River.

DWSWA will supplement its Response to this Initial Disclosure as required, to the extent additional information is discovered regarding others who may have responsive knowledge.

## Exhibit "B"

DWSWA has not determined who, if anyone, it will present as an expert at trial. DWSWA reserves the right to supplement its Response to this Initial Disclosure.

## Exhibit "C"

- The Industrial User Discharge Permit issued to DWSWA by Dalton Utilities;

- Documents submitted by DWSWA for coverage under an Industrial User Discharge Permit issued by Dalton Utilities;

- Documents and correspondence between DWSWA and DU regarding compliance with the Industrial User Discharge Permit issued to DWSWA;

- Dalton Utilities Sewer User Rules and Regulations;

- NPDES Industrial General Stormwater Permit GAR050000;

- Documents submitted by Dalton Utilities for coverage under the NPDES Industrial General Stormwater Permit GAR050000;

- Documents and correspondence regarding compliance with the NPDES Industrial General Stormwater Permit GAR050000, and communications with the Environmental Protection Agency and/or Georgia Environmental Protection Division regarding same;

- All versions of the Dalton Utilities Land Application System Permit;

- Documents submitted by Dalton Utilities for coverage under the Land Application System Permit;

- Documents and correspondence regarding compliance with the Dalton Utilities Land Application System, and communications with the Environmental Protection Agency and/or Georgia Environmental Protection Division regarding same;

- Communications between Dalton Utilities and the Environmental Protection Agency and/or Georgia Environmental Protection Division regarding discharge of PFAS;

- Documents governing the creation of DWSWA;

- Documents identified by the other parties in their Initial Disclosures and discovery responses.

DWSWA reserves the right to supplement its Response to this Initial Disclosure.

## Exhibit "D"

DWSWA is not claiming any monetary damages at this time.

# Exhibit "E"

4825-5258-5684, v. 1

**U.S. SPECIALTY INSURANCE COMPANY**
13403 Northwest Freeway
Houston, Texas 77040

## COMMON POLICY DECLARATIONS

Policy No.               **PKG80110945**
Replacement Number

| | |
|---|---|
| **NAMED INSURED AND ADDRESS:** | **AGENT NAME AND ADDRESS:** |
| DALTON WHITFIELD SOLID WASTE MANAGEMENT AUTHORITY | SAVILLE PUBLIC ENTITY |
| PO BOX 1205 | 5550 Triangle Parkway Suite 370 |
| 587 GAZAWAY ROAD | |
| DALTON, GA  30721 | Norcross, GA  30092 |

**AGENT NO:**    00611

**POLICY PERIOD:**   From: **05/01/2020**  To: **05/01/2023**
at 12:01 a.m. Standard Time at your mailing address shown above.

**PAYMENT PLAN**    **ANNUAL**

**BUSINESS DESCRIPTION:  GOVERNMENTAL SUBDIVISION**

In return for payment of the premium, and subject to all the terms of this Policy, we agree with you to provide the insurance as stated in the Policy.

| THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE FORMS FOR WHICH A PREMIUM IS INDICATED. | | |
|---|---|---|
| Commercial General Liability Coverage Part | USD | INCLUDED |
| Commercial Employee Benefits Coverage Part | USD | INCLUDED |
| Commercial Liquor Liability Coverage Part | USD | EXCLUDED |
| Public Officials Liability Coverage Part | USD | INCLUDED |
| Employment Practices Liability Coverage Part | USD | EXCLUDED |
| Law Enforcement Liability Coverage Part | USD | EXCLUDED |
| Commercial Property Coverage Part | USD | INCLUDED |
| Equipment Breakdown Coverage Part | USD | INCLUDED |
| Commercial Inland Marine Coverage Part | USD | INCLUDED |
| EDP Coverage Part | USD | EXCLUDED |
| Commercial Crime Coverage Part | USD | INCLUDED |
| Commercial Auto Coverage Part | USD | INCLUDED |
| Commercial Excess Coverage Part | USD | INCLUDED |
| TRIA Property | USD | |
| TRIA Casualty | USD | |
| **TOTAL:** | USD | |

**1st ANNUAL INSTALLMENT**

The Common Policy Declarations, Common Policy Conditions, the Schedule Of Forms And Endorsements, and any forms and endorsements we may later attach to reflect changes, make up and complete the above numbered Policy

**FORMS AND ENDORSEMENTS ATTACHED AT POLICY ISSUANCE**
Forms and endorsements applying to this Coverage Part and made a part of this policy at time of issue:
Refer to AL000103

The Company has caused this policy to be signed by its President and Secretary:

_____          _____
President                                            Secretary

**U.S. SPECIALTY INSURANCE COMPANY**

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM
SUPPLEMENTAL DECLARATIONS**

These Supplemental Declarations form a part of policy number     PKG80110945

| LIMITS OF INSURANCE | |
| --- | --- |
| Each Occurrence Limit | USD 1,000,000 |
|     Damage to Premises Rented to You Limit | USD 500,000   any one premises |
|     Medical Expense Limit | USD 10,000   any one person |
| Personal and Advertising Injury Limit | USD 1,000,000 any one person or organization |
| General Aggregate Limit (other than Products/Completed Operations) | USD 3,000,000 |
| Products/Completed Operations Aggregate Limit | USD 3,000,000 |

**FORM OF BUSINESS**

Form of business:

[X] Municipality     [ ] County     [ ] Special District     [ ] Other:

**CLASSIFICATION AND PREMIUM**

| Classification | Code No. | * Premium Basis | Rate | | Advance Premium | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | Prem/ Ops | Prod/Comp Ops | Prem/ Ops | Prod/Comp Ops |
| Governmental Entity | 44108 | Included | Included | Included | Included | Included |
| | | | | Totals: | Included | Included |

**FORMS AND ENDORSEMENTS (other than applicable forms and endorsements shown elsewhere in the policy)**
Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue:
Refer to AL000103.

**\*** (a) Area, (c) Total Cost, (m) Admission, (p) Payroll, (s) Gross Sales, (u) Units, (o) Other

THIS SUPPLEMENTAL DECLARATIONS AND THE COMMON POLICY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

# FREEDOM PACK POLICY DECLARATIONS

**POLICY NUMBER**
**00024591-13**

**JAMES RIVER INSURANCE COMPANY**
**6641** WEST BROAD STREET, **SUITE 300**
**RICHMOND, VA 23230**

1. **NAMED INSURED AND MAILING ADDRESS:**

   Dalton Whitfield Regional Solid Waste Management
   P O Box 1205
   Dalton, GA 30722-1205

   **PRODUCER:** 20141

   CRC Insurance Services, Inc. (Norcross)
   5555 Triangle Parkway, Suite 400
   Norcross,  GA 30092

2. **POLICY PERIOD:** From 06/01/2020  to 06/01/2021 12:01 A.M. Standard Time at your Mailing
   Address above.

In consideration of the payment of the Policy premium and in reliance upon the statements contained in the application and any other supplemental materials and information submitted in connection with the application, and subject to all the terms, conditions, exclusions, and limitations of this Policy, we agree to provide insurance coverage to the "Insured" as described herein:

| LIMITS OF INSURANCE | |
|---|---|
| EACH OCCURRENCE, CLAIM OR LOSS  LIMIT OF LIABILITY | $  1,000,000 |
| POLICY AGGREGATE LIMIT OF LIABILITY  – Applies to all Coverage Parts, Combined | $  2,000,000 |
| PRODUCTS/COMPLETED OPERATIONS AGGREGATE LIMIT | $  2,000,000 |
| DAMAGE TO PREMISES RENTED TO YOU LIMIT | $    100,000 |
| MEDICAL EXPENSE LIMIT | **Excluded** |
| PERSONAL & ADVERTISING INJURY LIMIT | $  1,000,000 |

**The EACH OCCURRENCE, CLAIM OR LOSS LIMIT OF LIABILITY shown in the LIMITS OF INSURANCE schedule above applies separately to each coverage part checked below and made a part of this Policy. However, the total of all "losses" covered by this Policy cannot exceed the POLICY AGGREGATE LIMIT OF LIABILITY stated in the LIMITS OF INSURANCE schedule above.**

| COVERAGE PARTS INCLUDED AND DEDUCTIBLES or SELF-INSURED RETENTION AMOUNT (SIR) | | |
|---|---|---|
| **Included Coverage Part:** | **Deductible or SIR:** | **Deductible or SIR applies:** |
| ☒ Coverage Part A: General Liability<br>☐ Claims Made<br>☒ Occurrence | GL Deductible: ▆▆▆▆ | Per Occurrence |
| ☐ Coverage Part B: Contractor's Pollution Liability<br>☐ CPL Claims Made / SEL Claims Made<br>☐ CPL Occurrence / SEL Claims Made<br>☐ CPL Occurrence - Limited | Coverage Part Not Included | Not Applicable |
| ☐ Coverage Part C: Professional Liability | Coverage Part Not Included | Not Applicable |
| ☐ Coverage Part D: Site Environmental Liability<br>☐ Pre-Existing Pollution Conditions | Coverage Part Not Included | Not Applicable |
| ☐ New Pollution Conditions | Coverage Part Not Included | Not Applicable |

FP2001 10-19

| | | |
|---|---|---|
| ☐ Coverage Part E: Products Pollution Liability | Coverage Part Not Included | Not Applicable |
| ☐ Pre-Existing Products Pollution Conditions<br>☐ New Products Pollution Conditions | Coverage Part Not Included | Not Applicable |
| ☐ Coverage Part F: Products/Completed<br>      Operations Liability | Coverage Part Not Included | Not Applicable |
| ☐ Claims Made<br>☐ Occurrence | Coverage Part Not Included | Not Applicable |

## RETROACTIVE DATE (APPLIES TO COVERAGES SHOWN BELOW)

If a retroactive date is shown for any Coverage Part listed below, the Coverage Part is provided on a claims made and reported basis, which provides liability coverage only if a claim is first made and reported during the Policy Period or any applicable extended reporting period.

RETROACTIVE DATE OR "NOT APPLICABLE" IF NO RETROACTIVE DATE APPLIES OR COVERAGE PART IS NOT INCLUDED.

| | | | |
|---|---|---|---|
| Coverage Part  A – Commercial General Liability | NONE | Coverage Part D – Site Environmental Liability - Pre-existing Pollution Conditions | NONE |
| Coverage Part B – Contractor's Pollution Liability | | | |
| -   Contracting Services Pollution Liability | NONE | Coverage Part E – Products Pollution Liability - Pre-existing Products Pollution Conditions | NONE |
| -   Site Environmental Liability From Contractor's Covered Location | NONE | Coverage Part F – Products/Completed Operations Liability | NONE |
| Coverage Part C – Professional Liability | NONE | | |

## DESCRIPTION OF BUSINESS

| | |
|---|---|
| FORM OF BUSINESS: | Governmental Entity |
| BUSINESS DESCRIPTION: | Refer to Form FP5312 - Limitation- Description of Operations |
| COVERED CONTRACTING SERVICES: | Not Applicable |
| COVERED PROFESSIONAL SERVICES: | Not Applicable |

## CLASSIFICATION AND PREMIUM

| CLASSIFICATION | CODE NO. | PREMIUM BASE | RATE $ | ADVANCE PREMIUM $ |
|---|---|---|---|---|
| Refer to form FP5004-0112 Composite Rate Endorsement | | | | █████ |
| Refer to form AP5028A-0115 Disclosure of Premium Pursuant to Terrorism Risk Insurance Act | | | | █████ |

Broker Fee  █████
Carrier Policy Fee █████
Surplus Lines Tax █████

## COVERED LOCATIONS

| | |
|---|---|
| LOCATION NUMBER | ADDRESS OF COVERED LOCATION(S) |

Surplus Lines Broker: Frederic William Buck
This contract is registered and delivered as a surplus line coverage unde
the Surplus Line Insurance Law O.C.G.A. Chapter 33-5.

| ESTIMATED PREMIUM | | |
|---|---|---|
| If checked, premium shown is flat and not subject to audit ☐ | | Company Fee ███████ |
| ESTIMATED PREMIUM ██████ | | TOTAL DUE AT INCEPTION ███████ |

| AUDIT PERIOD (IF APPLICABLE) | FREQUENCY:  Annual |
|---|---|

| ENDORSEMENTS |
|---|
| ENDORSEMENTS ATTACHED TO THIS POLICY: |
| See attached Schedule A – Schedule of Forms |

**THESE DECLARATIONS, TOGETHER WITH THE COVERAGE PART(S) AND ANY ENDORSEMENT(S), COMPLETE THE ABOVE NUMBERED POLICY.**

# FREEDOM PACK
# COMMERCIAL EXCESS LIABILITY POLICY
# DECLARATIONS

**JAMES RIVER INSURANCE COMPANY**
6641 WEST BROAD STREET, SUITE 300
RICHMOND, VA 23230


JAMES RIVER INSURANCE

**PRODUCER** 20141
CRC Insurance Services, Inc. (Norcross)
5555 Triangle Parkway, Suite 400
Norcross,GA 30092

**Policy Number:** 00024593-13

**ITEM ONE:**

| | | | |
|---|---|---|---|
| **Named Insured:** | Dalton Whitfield Regional Solid Waste Management | **Mailing Address:** | P O Box 1205 Dalton, GA 30722-1205 |

**Policy Period:**

| **From:** | 06/01/2020 | |
|---|---|---|
| **To:** | 06/01/2021 | At 12:01 AM Standard Time at your mailing address shown above |

**Form Of Business:**

[x] Corporation　　[ ] Limited Liability Company　　[ ] Individual
[ ] Partnership　　[ ] Other:

**Business Description:** Refer to FX5301 - Limitation - Description of Operations

**Audit Period** (If Applicable): [x] **Annually** [ ] **Semiannually** [ ] **Quarterly** [ ] **Monthly**

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE TO PROVIDE YOU WITH THE INSURANCE AS STATED IN THIS POLICY.**

**ITEM TWO – LIMITS OF INSURANCE:**

| **Each Occurrence Limit** | $ 2,000,000 |
|---|---|
| **Aggregate Limit** (Where Applicable) | $ 2,000,000 |

**ITEM THREE – RETRO DATE** (If Applicable):

| **Date:** | N/A |
|---|---|

**ITEM FOUR – SCHEDULE OF UNDERLYING INSURANCE**

| X | See attached Schedule B – Schedule of Underlying Insurance |
|---|---|

**ITEM FIVE – PREMIUM COMPUTATION:**

| CLASSIFICATION | CODE NO. | PREMIUM BASE | RATE $ | ADVANCE PREMIUM $ |
|---|---|---|---|---|
| Refer to form AP2300US-1106 Composite Rate Endorsement | | | | |

Surplus Lines Broker: Frederic William Buck
This contract is registered and delivered as a surplus line coverage under the Surplus Line Insurance Law O.C.G.A. Chapter 33-5.

Broker Fee ▮▮▮
Carrier Policy Fee ▮▮▮
Surplus Lines Tax ▮▮▮

**ITEM SIX – COVERED LOCATIONS:**

| LOCATION NUMBER | ADDRESS OF COVERED LOCATION(S) |
|---|---|
|  |  |

**ITEM SEVEN – ESTIMATED PREMIUM:**

| The premium shown below may be an estimated or deposit premium, which is subject to audit. Please read your policy. | | |
|---|---|---|
| If checked, premium shown is flat and not subject to audit ☐ | **Estimated Premium** | ███████ |
|  | **Company Fee** | ██████ |
| **TOTAL SHOWN IS PAYABLE AT INCEPTION** | | ███████ |

**ITEM EIGHT – ENDORSEMENTS:**

| ENDORSEMENTS ATTACHED TO THIS POLICY: | |
|---|---|
| X | See attached Schedule A – Schedule of Forms |