IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>4:20-cv-0008-AT |

**ORDER**

Before the Court is Defendants Dalton Utilities and Dalton/Whitfield Regional Solid Waste Authority ("DWSWA")'s Consent Motion for Extension of Time and Extension of Page Limit [Doc. 423]. Defendants Dalton Utilities and DWSWA, with the consent of the Plaintiff, request extended timelines for their filing of motions to dismiss and the Parties' respective briefing schedules on such motions. The Court **APPROVES** the extensions requested.[1]

The Parties' request for an expansion of the number of pages for briefs is **DENIED.** In the Court's view, the briefs will potentially be redundant and are

---

[1] Accordingly, Defendants Dalton Utilities and DWSWA's deadline to move or otherwise respond to the Third Amended Complaint is extended through January 28, 2021. Plaintiff's deadline to respond to those filings is March 1, 2021, and Dalton Utilities and DWSWA's replies are due March 31, 2021.

likely to inefficiently swamp the Court in briefs, especially if all parties take the same approach to briefing. There are a variety of ways in which the parties can collaborate to submit joint briefs on common issues and then additionally submit short supplemental briefs on issues specific to each individual party. Counsel for **Defendants Dalton Utilities and DWSWA** are **DIRECTED** to contact the Special Master to discuss a proposed method for such a streamlined briefing approach and whether and how their motions would materially be different than the other defendants in this case. Counsel for **all other Defendants** are similarly **DIRECTED** to contact the Special Master to discuss this same subject matter. Defense counsel shall contact Plaintiff's counsel with respect to the scheduling of any conference with the Special Master and include Plaintiff's counsel in any conferences conducted, unless the Special Master determines some degree of e*x parte* communication is necessary to facilitate resolution of disputes.

On December 14, 2020, Plaintiff filed the Third Amended Complaint. (Doc. 418.) Prior to this amendment, a number of motions to dismiss were pending. In light of Plaintiff's filing of the Third Amended Complaint, the motions to dismiss the Second Amended Complaint are denied as moot. Plaintiff's Third Amended Complaint supersedes the Second Amended Complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier

2

pleading."). *Skillings v. Bank of America, NA*, 1:13-cv-00030-SCJ-AJB, 2013 WL 12382791, at *3 (N.D. Ga. Sept. 4, 2013) ("Plaintiff's second amended complaint superseded the first amended complaint, and the third amended complaint superseded the second amended complaint.")

Further, the Third Amended Complaint renders moot the motions to dismiss the Second Amended Complaint because those motions seek to dismiss a pleading that has been superseded. *Fountain v. Hyundai Motor Co.*, No. 1:15-CV-00446-ELR, 2016 WL 4361528, at *2 (N.D. Ga. Mar. 4, 2016) (Ross, J.) ("The filing of the amended complaint has rendered the arguments contained in the first motion to dismiss moot."); *Mizzaro v. Home Depot, Inc.*, No. 1:06-CV-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007). (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint);

Thus, the pending Motions to Dismiss (Docs. 300, 308, 309, 310, 311, 312, 343, 347, 349, 352, 355, 357, 359, 396, 398, 403) are deemed moot based on Plaintiff's filing of the Third Amended Complaint and are therefore **DENIED as moot**. Defendants Dalton Utilities and DWSWA's Motions to Sever (Docs. 397, 399) are likewise **DENIED as moot**, as similarly based on a pleading that has been superseded.

**IT IS SO ORDERED** this 22nd day of December 2020.

_____
**Honorable Amy Totenberg**
**United States District Judge**