UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, ) <br> and on Behalf of a Class of Persons ) <br> Similarly Situated, ) <br>  ) <br> Plaintiff, ) <br> v. ) <br>  ) <br> 3M COMPANY, et al., ) <br>  ) <br> Defendants. ) | CIVIL ACTION <br> NO.: 4:20-cv-00008-AT |

**DEFENDANT SECOA TECHNOLOGY, LLC'S
RULE 26(a) INITIAL DISCLOSURE STATEMENT**

Defendant SECOA Technology, LLC ("SECOA"), pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1(b), provides the following Initial Disclosures. These initial disclosures are based on the information reasonably available to SECOA at this time, and SECOA reserves the right to supplement these disclosures as more information becomes available.

**1.     If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE:**     SECOA is properly identified.

HB: 4846-0776-4693.2

2.      **Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for the Defendant's contention.**

**RESPONSE:**   SECOA is aware of no additional necessary parties to this action at this time, and is not aware of any misjoinder of parties. SECOA will supplement this response if necessary.

3.      **Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by Defendant in the responsive pleading.**

**RESPONSE:**   Plaintiff and members of the proposed class ("Proposed Class Members") allege that numerous entities, including SECOA, have discharged per- and polyfluoroalkyl substances ("PFAS"), resulting in the presence of PFAS in the water supply of Rome, Georgia and Floyd County, Georgia, which these municipalities capture as surface water to be treated and sold as drinking water and for other purposes. The waters at issue may be impacted by a variety of sources, and the chemicals Plaintiff references in his Complaint are found in a multitude of consumer and commercial products.

SECOA is a metal finishing, coating, and plating company created under Georgia law.  SECOA does not manufacture anything, and does not operate any

manufacturing process that discharges to its sewer line. All waste generated from SECOA's coating processes is placed in waste drums, and this waste is hauled off by a licensed waste disposal company for incineration. SECOA does not contribute any PFAS to its wastewater. SECOA legally discharges wastewater to Dalton Utilities pursuant to permits for industrial wastewater discharge. SECOA exercises no control over Dalton Utilities, including the utility's wastewater discharge. Dalton Utilities holds a non-discharge permit issued by the Georgia EPD. SECOA is not liable to Plaintiff or Proposed Class Members for any failure by Dalton Utilities to properly treat, handle, or supply water.

For the reasons set forth in SECOA's Motion to Dismiss the Second Amended Complaint [Doc. No. 355] and in the motions to dismiss, defenses, and answers of other similarly-situated defendants, SECOA is not liable for any alleged harm to Plaintiff or Proposed Class Members.  First, Plaintiff's claims for relief are barred by the Economic Loss Doctrine.  Further, SECOA owed no duty to Plaintiff or Proposed Class Members regarding operations of Dalton Utilities and its facilities; Plaintiff's complained of injury, property damage and loss resulting from surcharges incurred by ratepayers, was not the foreseeable result of SECOA's conduct in sending its wastewater for treatment by Dalton Utilities according to the terms of its permit; and Plaintiff has failed to allege any "special injury" required for establishing

public nuisance under Georgia law. If Plaintiff has been harmed in any actionable way, that harm was caused by parties other than SECOA.

Furthermore, SECOA has not created or maintained a nuisance or any other conditions to cause a nuisance, nor has SECOA violated any duty allegedly owed to Plaintiff or Proposed Class Members. Finally, SECOA is not a joint tortfeasor and pursuant to O.C.G.A. § 51-12-3, any apportionment of the alleged damages to which SECOA purportedly contributed (if any) would be *de minimus* relative to other entities.

SECOA has not asserted counterclaims or cross-claims at this time.

**4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.**

**RESPONSE:**     SECOA relies on the statutes and legal principals set forth in its Motion to Dismiss [Doc. 355], as well as the applicable statutes, codes, legal principals, legal standards, case law, defenses and arguments asserted by other defendants that are subject to PFAS-related allegations for discharges purportedly affecting the City of Rome, Georgia's and Floyd County, Georgia's water supplies, as those other defendants' pleadings contain detailed descriptions of the legal principals and case law generally applicable to this action. SECOA reserves the right to supplement its legal arguments as this litigation progresses.

**5.** **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE**:   See Attachment A attached hereto.

**6.** **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:**   SECOA has not yet identified any witness who may provide expert opinion testimony at trial pursuant to Fed. R. Evid. 702, 703, or 705. In addition, SECOA has not yet determined whether SECOA will identify any testifying expert witness subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). SECOA will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order.

**7.** **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and**

**tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE:** See Attachment C attached hereto.

**8.  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**RESPONSE:** SECOA does not seek damages at this time.

**9.  If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**RESPONSE:** SECOA does not presently contend that any party is liable to it or to Plaintiff in this matter but will timely amend this disclosure pursuant to

HB: 4846-0776-4693.2

the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order in the event that new information arises during discovery that alters SECOA's position.

10. **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>**RESPONSE**</u>**:** SECOA will produce the declaration page for any applicable insurance policy(ies) at a mutually agreeable date, time, and location to be determined by the parties.

Date: January 14, 2021

                                         Respectfully submitted,

                                         **HUSCH BLACKWELL LLP**

                           By:    */s/Samantha A. Lunn*
                                         Samantha A. Lunn, GA Bar #303099
                                         736 Georgia Avenue, Suite 300
                                         Chattanooga, TN 37402
                                         samantha.lunn@huschblackwell.com
                                         Telephone: (423) 266-5500
                                         Facsimile: (423) 266-5499

                                         *Attorneys for SECOA Technology, LLC*

## **ATTACHMENT A**

SECOA identifies the following individuals who may have discoverable information that SECOA may use to support its defenses, unless used solely for impeachment:

1. Jarrod Johnson: As the named Plaintiff, Mr. Johnson has knowledge relating to the claims asserted by him, and others purportedly similarly situated, in this matter. Mr. Johnson can be contacted through his counsel of record.

2. Michael Knapp, Chief Financial Officer of SECOA: Mr. Knapp has knowledge relating to SECOA's business operations and its metal finishing, coating, and plating procedures. Mr. Knapp can be contacted through counsel for SECOA.

3. Mark Parsons, Purchasing, Anodizing, & EHS Manager of SECOA: Mr. Parsons has knowledge relating to SECOA's business operations and its metal finishing, coating, and plating procedures, including its waste disposal procedures. Mr. Parsons can be contacted through counsel for SECOA.

4. SECOA incorporates by reference the names of individuals disclosed in Co-Defendants' and Plaintiff's witness lists.

SECOA will supplement its Response to this Initial Disclosure as required, to the extent additional information is discovered regarding others who may have responsive knowledge.

# ATTACHMENT C

The following is a description by category of all documents, data compilations, or other electronically stored information and tangible things in SECOA's possession, custody, or control that it may use to support its defenses, unless solely for impeachment. The documents listed below are in SECOA's possession.

1. Documents relating to SECOA's business operations as a metal finishing, coating, and plating company serving a wide range of clients in a diverse set of industries.

2. Documents relating to the disposal of wastewater from SECOA's facility.

3. Documents relating to permits held by SECOA related to the disposal of wastewater.

4. Communications with Dalton Utilities and/or the Georgia Environmental Protection Division.

5. Communications relating to PFAS.

6. Documents relating to the testing of wastewater. SECOA reserves the right to supplement its Response to this Initial Disclosure.

HB: 4846-0776-4693.2

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

/s/Samantha A. Lunn
Samantha A. Lunn, GA Bar #303099

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **DEFENDANT SECOA TECHNOLOGY, LLC'S RULE 26(a) INITIAL DISCLOSURE STATEMENT** has been filed electronically with the Clerk of Court on January 14, 2021 by using the CM/ECF System which has notified all counsel of record.

/s/Samantha A. Lunn
Samantha A. Lunn, GA Bar #303099

HB: 4846-0776-4693.2