# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of persons similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>  Defendants. | Civil Action No. 4:20-cv-00008-AT |

## DEFENDANT AMERICHEM, INC.'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26 and L.R. 26.1, Defendant Americhem, Inc. ("Americhem"), without submitting to the jurisdiction of this Court or waiving its objection to the jurisdiction of this Court, submits its Initial Disclosures as follows:

### INTRODUCTORY STATEMENT

Americhem makes this Initial Disclosure in good faith based upon the information reasonably available at this time and without the benefit of complete investigation or discovery. Pursuant to Fed. R. Civ. P. 26(e), Americhem reserves the right to amend and/or supplement this Initial Disclosure if subsequent investigation reveals additional or more correct information. In particular, this Initial Disclosure should not be construed to limit Americhem's ability to later

4852-8226-6332, v.2

identify individuals with knowledge of relevant facts or documents as they may become known to Americhem through discovery. Americhem makes its Initial Disclosures without waiving any applicable privileges, including the attorney-client privilege or the attorney work product privilege.

## INITIAL DISCLOSURE

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE:** Not applicable to Americhem.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:** Americhem is aware of no additional necessary parties to this action at this time and is not aware of any misjoinder of parties. Americhem will supplement this response if necessary.

4852-8226-6332, v.2

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:** Americhem has not asserted counterclaims or crossclaims at this time.

Plaintiff claims that Americhem and other defendants discharged wastewater containing per- and polyfluoroalkyl substances ("PFAS") in the Dalton Publicly Owned Treatment Works ("POTW"), which allegedly contaminated Plaintiff's water sources. Americhem's Dalton, Georgia facility does not and has not produced or used the chemicals that are the sole basis of Plaintiff's claims and does not contribute to any contamination involving those chemicals in any water bodies in or upstream from the water bodies at issue in Plaintiff's Complaint. Thus, this Court lacks subject matter jurisdiction over Plaintiff's claims against Americhem because Plaintiff's injuries are not "fairly traceable" to Americhem. Further, Americhem adopts and incorporates the defenses, and factual basis for the same, set forth in its Motions to Dismiss [Docs. 472 to 472-2; Docs. 473 to 473-2].

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:** Americhem relies on the statutes and legal principles referenced in its Motions to Dismiss [Docs. 472 to 472-2; Docs. 473 to 473-2], as well as the applicable statutes, codes, legal principles, legal standards, case law, defenses, and arguments asserted by the other defendants that are the subject of the PFAS-related allegations for discharges purportedly affecting the City of Rome, Georgia's and Floyd County, Georgia's water supplies, given that those other defendants' pleadings contain detailed descriptions of the legal principles and case law that are generally applicable to this action. Americhem reserves the right to supplement its legal arguments as this litigation progresses.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:** See Attachment A attached hereto.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written**

**report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:** Americhem has not yet identified any witness(es) who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. In addition, Americhem has not yet determined whether Americhem will identify any testifying expert witness(es) subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). Americhem will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE:** See Attachment C attached hereto.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**RESPONSE:** Not applicable to Americhem.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**RESPONSE:** Americhem does not presently contend that any party is liable to it or to Plaintiff in this matter but will timely amend this disclosure pursuant to the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order in the event that new information arises during discovery that alters Americhem's position.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the**

**judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE:** Americhem will produce the declaration page for any applicable insurance policy(ies), if available, at a mutually agreeable date, time, and location to be determined by the parties.

Respectfully submitted this the 1st day of March, 2021.

Respectfully submitted,

**ALSTON & BIRD LLP**

*/s/ Meaghan G. Boyd*
Meaghan G. Boyd
Georgia Bar No. 14521
Meaghan.boyd@alston.com
1201 W. Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

**CALFEE, HALTER & GRISWOLD LLP**

*/s/ Christopher Jones*
CHRISTOPHER JONES
*Pro hac vice* (Ohio Bar # 0046959)
CHRISTOPHER M. WARD
*Pro hac vice* (Ohio Bar # 0076293)
1200 Huntington Center, 41 S. High Street
Columbus, Ohio 43215
Telephone: 614-621-1500

Facsimile: 614-621-0010
cjones@calfee.com
cward@calfee.com

*Counsel for Defendant Americhem, Inc.*

## **Attachment A**

Americhem identifies the following individuals who may have discoverable information that Americhem may use to support its defenses, unless solely used for impeachment:

1. Jarrod Johnson: As the named Plaintiff, Mr. Johnson has knowledge relating to the claims asserted by him, and others purportedly similarly situated, in this case. Mr. Johnson can be contacted through his counsel.

2. Kathy A. Royle, Environmental Health and Safety Manager for Americhem: Ms. Royle has knowledge relating to Americhem's Environmental Health and Safety programs and policies, Americhem's compliance with environmental regulations, and the fact that Americhem has never manufactured, purchased, sold, supplied, or used the PFAS compounds that are the basis of Plaintiff's claims. Ms. Royle can be contacted through counsel for Americhem.

3. Kelly Wootten, Design Lab Manager for Americhem: Ms. Wootten has knowledge related to Americhem's operations at its Dalton, Georgia facility. Ms. Wootten can be contacted through counsel for Americhem.

4. Americhem incorporates by reference the names of individuals disclosed in Co-Defendants' and Plaintiff's witness lists and initial disclosures.

Americhem will supplement this Initial Disclosure as required, to the extent additional information is discovered regarding others who may have responsive knowledge.

**Attachment C**

The following is a description by category of all documents, data compilations, or other electronically stored information and tangible things in Americhem's possession, custody, or control that it may use to support its defenses, unless solely for impeachment. The documents listed below are in Americhem's possession.

1. Declaration of Kathy A. Royle, dated January 27, 2021, and the safety data sheets for raw materials referenced therein.
2. Documents relating to Americhem's operations as a designer and manufacturer of custom color masterbatch, functional additives, engineered compounds and performance technologies.
3. Documents relating to the disposal of wastewater from Americhem's Dalton, Georgia facility.
4. Documents relating to permits held by Americhem related to the disposal of wastewater.
5. Documents relating to the testing of wastewater.

Americhem reserves the right to supplement this Initial Disclosure.

11

4852-8226-6332, v.2

## **CERTIFICATE UNDER L.R. 7.1.D.**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

>*/s/ Christopher M. Ward*
>CHRISTOPHER M. WARD
>*Pro hac vice* (Ohio Bar # 0076293)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON individually, and on behalf of a Class of persons similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>   Defendants. | Civil Action No. 4:20-cv-00008-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I electronically filed the foregoing **DEFENDANT AMERICHEM, INC.'S INITIAL DISCLOSURES** with the Clerk of Court by using the CM/ECF system, which has notified all counsels of record.

            */s/ Christopher M. Ward*
            CHRISTOPHER M. WARD
            *Pro hac vice* (Ohio Bar # 0076293)

4852-8226-6332, v.2