# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON individually, and on behalf of a class of persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | 
| 3M COMPANY, *et al.*, | ) ) |
| Defendants. | ) |

Case No. 4:20-cv-00008-AT

## DEFENDANT POLYVENTIVE, LLC'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26 and L.R. 26.1, Defendant Polyventive, LLC ("Polyventive"), without submitting to the jurisdiction of this Court or waiving its objection to the jurisdiction of this Court, submits its Initial Disclosures as follows:

### INTRODUCTORY STATEMENT

Polyventive makes this Initial Disclosure in good faith based upon the information reasonably available at this time and without the benefit of complete investigation or discovery. Polyventive was added as a defendant in the Third Amended Complaint served on December 17, 2020. In particular, this Initial Disclosure should not be construed to limit Polyventive's ability to later identify individuals with knowledge of relevant facts or documents as they may become

known to Polyventive through discovery. Polyventive, LLC has been in existence since July 7, 2015.

Polyventive, LLC was named as a Defendant in this litigation in the Third Amended Complaint ("TAC") on December 14, 2020, alleging Plaintiff has suffered damages to drinking water in the form of a 2.5% surcharge for Plaintiff's potable drinking water from the City of Rome.  TAC, at 101.  Plaintiff alleges his 2.5% surcharge damages are caused by presence of two chemical compounds in the source water of the Conasauga River Perfluorooctanesulfonic acid ("PFOS"), Chemical Abstract System ("CAS") identification number 1763-23-1, and Perfluorooctanoic acid ("PFOA"), CAS identification number 335-67-1 allegedly in the Oostanaula River requiring filtration by the City of Rome.  TAC, ¶ 103. Polyventive has never manufactured or used Perflourooctanoic Acid (PFOA) CAS 335-67-1 or Perflourooctane Sulfonate (PFOS), CAS 1763-23-1.   The United States Environmental Protection Agency ("EPA"), which has been authorized by the President of the United States and Congress to establish all standards for drinking water in the United States and Georgia under the Safe Drinking Water Act, 42 U.S.C. §§ 300f et seq. ("SDWA"), does not regulate or limit PFOA or PFOS in drinking water, or source water, or environmental media.

Plaintiff elsewhere in the TAC uses the term "PFAS" in the context of materials in source water, defined by Plaintiff as "per- and polyfluoralkyl substances."  TAC, at ¶ 1.  Plaintiff does not identify which, if any, of the thousands of different fluorinated compounds which may constitute its definition of "PFAS" is the source of Plaintiff's alleged damages which Plaintiff alleges are damages to drinking water in the form of a 2.5% surcharge for Plaintiff's potable drinking water from the City of Rome.  TAC, at 101.  EPA identifies 9,252 different chemical compounds as within the larger category of "poly and perfluoralkyl compounds."[1]  EPA warns:

> "There is no precisely clear definition of what constitutes a PFAS substance given the inclusion of partially fluorinated substances, polymers, and ill-defined reaction products on these various lists."

https://comptox.epa.gov/dashboard/chemical_lists/pfasmaster

The SDWA does not include as regulated contaminants, or otherwise limit, any of the 9,252 compounds identified by U.S. EPA a "per and polyfluoralkyl substances" or "PFAS" as used by Plaintiff.  Similarly, the Georgia Safe Drinking Water Act of 1977, O.C.G.A. §§ 12-5-170 *et seq.* implemented by the Georgia Environmental Protection Division ("EPD"), does not include as regulated

---

[1] See EPA PFAS Master List at https://comptox.epa.gov/dashboard/chemical_lists/pfasmaster.

contaminants, or otherwise limit, any of the 9,252 compounds identified as "per and polyfluoralkyl substances" by EPA.

Plaintiff does not identify which, if any, of the thousands of different fluorinated compounds which may constitute its definition of "PFAS" is the source of Plaintiff's alleged damages.

In making these disclosures, Polyventive does not represent that it is identifying all conceivable facts, legal theories, individuals, documents, electronically stored information, or tangible things upon which it may rely to support its defenses. Polyventive makes its Initial Disclosures without waiving any applicable privileges, including the attorney-client privilege or the attorney work product privilege. Polyventive also makes these disclosures subject to the right to protect from disclosure information and/or documents protected by privacy rights and/or interests of persons who may be identified in the documents and also by federal or state statute, regulation, or other law.

## INITIAL DISCLOSURE

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended**

**summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE:**   Although Polyventive denies any liability in this lawsuit, Polyventive does not dispute Polyventive is the correct corporate entity to be named.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:**   Polyventive is aware of no additional necessary parties to this action at this time and is not aware of any misjoinder of parties.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:**   Polyventive is unaware of any counterclaims or crossclaims at this time but reserves the right to assert appropriate and applicable counterclaims or crossclaims.

Plaintiff's claims arise from alleged economic losses in the form of increased costs he has purportedly paid for drinking and other domestic water supplied by Rome, Georgia. According to Plaintiff, he and other putative class members have been adversely affected by surcharges imposed by the City of Rome to offset the costs of upgrades to its water treatment facility that were allegedly made to remove per- and polyfluoroalkyl substances ("PFAS") from its water supply. Plaintiff claims that Polyventive and other defendants discharged wastewater containing PFAS in the Dalton Publicly Owned Treatment Works ("POTW"), which allegedly contaminated Plaintiff's water sources. Polyventive's Dalton, Georgia facility does not and has not produced or used the chemicals that are the sole basis of Plaintiff's claims and does not contribute to any contamination involving those chemicals in any water bodies at issue in Plaintiff's Third Amended Complaint. Here, Plaintiff does not allege that Polyventive discharged any PFAS at issue in this case. Instead, Plaintiff asserts claims against Polyventive and other Supplier Defendants for the following: (1) for costs imposed upon him by someone other than Supplier Defendants (City of Rome); (2) to clean water discharged by someone other than Supplier Defendants (Dalton Utilities); (3) after others, besides Suppler Defendants, discharged wastewater from various facilities and manufacturing processes to Dalton Utilities for treatment; and (4) because

Supplier Defendants allegedly supplied PFAS to one or more Defendants. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims against Polyventive because Plaintiff's injuries are not "fairly traceable" to Polyventive.  Further, Plaintiff fails to plead facts sufficient to state any claim against Polyventive; fails to identify any facts establishing that Polyventive owed him any legal duty recognizable under Georgia law; fails to allege facts that Polyventive proximately caused his alleged injuries; fails to allege facts establishing that he has incurred any damages beyond the purported surcharges imposed by the City of Rome; and fails to allege facts establishing that Polyventive created or controlled a nuisance.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:** Polyventive relies on the statutes and legal principles referenced in its Motions to Dismiss, as well as the applicable statutes, codes, legal principles, legal standards, case law, defenses, and arguments asserted by the other defendants that are the subject of the PFAS-related allegations for discharges purportedly affecting the water supplies of Rome, Georgia and Floyd County, Georgia, given that the other defendants' pleadings contain detailed descriptions of

the legal principles and case law that are generally applicable to this action. Those principles and authorities include, but are not limited to:

1. The Safe Drinking Water Act, 42 U.S.C. §§ 300f et seq. ("SDWA"), implemented by the United States Environmental Protection Agency and the Georgia Environmental Protection Division regarding contaminant levels in drinking water for protection of citizens of the United States. The SDWA does not include in its lists of regulated contaminants, or otherwise limit, the two compounds identified in Plaintiff's Complaint - which Polyventive has never manufactured or used Perflourooctanoic Acid (PFOA) CAS 335-67-1 and Perflourooctane Sulfonate (PFOS), CAS 1763-23-1 (Third Amended Complaint ("TAC") ¶ 99-101). The SDWA does not does not include as regulated contaminants, or otherwise limit, any of the 9,252 compounds identified by U.S. EPA a "per and polyfluoralkyl substances" or "PFAS" as used by Plaintiff.
2. The Georgia Safe Drinking Water Act of 1977, O.C.G.A. § 12-5-170 et seq. implemented by the Georgia Environmental Protection Division regarding contaminant levels in drinking water for protection of citizens of Georgia. The Georgia SDWA does not include in its lists of regulated contaminants, or otherwise limit, the two compounds identified in Plaintiff's Complaint - which Polyventive has never manufactured or used Perflourooctanoic Acid (PFOA) CAS 335-67-1 and Perflourooctane Sulfonate (PFOS), CAS 1763-23-1 (Third Amended Complaint ("TAC") ¶ 99-101). The Georgia SDWA does not does not include as regulated contaminants, or otherwise limit, any of the 9,252 compounds identified by U.S. EPA a "per and polyfluoralkyl substances" or "PFAS" as used by Plaintiff.
3. The Toxic Substances Control Act, 15 U.S.C. §§ 2601 et seq. implemented by the United States Environmental Protection Agency authorizing and governing manufacturing of substances in interstate commerce. We noted that TSCA has some of the strongest confidentiality and trade secret protections in Federal law, including criminal provisions for disclosure of information qualifying as Confidential Business Information, directly applicable in this instance to this case. TSCA authorizes, and regulates, any of the 9,252 compounds identified by U.S. EPA a "per and polyfluoralkyl substances" or "PFAS" as used by Plaintiff that are used in interstate

commerce, as articles of commerce, or otherwise manufactured, used, imported or exported in products or materials in the United States.

4. The Clean Water Act, 33 U.S.C. §§ 1251 et seq. ("CWA") implemented by the United States Environmental Protection Agency and the Georgia Environmental Protection Division. The CWA does not include in its lists of regulated pollutants, or limit, the two compounds identified in Plaintiff's Complaint - which Polyventive has never manufactured or used - Perflourooctanoic Acid (PFOA) CAS 335-67-1 and Perflourooctane Sulfonate (PFOS), CAS 1763-23-1 (Third Amended Complaint ("TAC") ¶ 99-101). The SDWA does not regulate or limit any of the 9,252 compounds identified by U.S. EPA a "per and polyfluoralkyl substances" or "PFAS" as used by Plaintiff.

5. The Georgia Water Quality Control Act, O.C.G.A.. §§ 12-5-20 et seq. implemented by the Georgia Environmental Protection Division. The Georgia Water Quality Control Act does not include in its lists of regulated pollutants, or limit, the two compounds identified in Plaintiff's Complaint - which Polyventive has never manufactured or used - Perflourooctanoic Acid (PFOA) CAS 335-67-1 and Perflourooctane Sulfonate (PFOS), CAS 1763-23-1 (Third Amended Complaint ("TAC") ¶ 99-101). The SDWA does not regulate or limit any of the 9,252 compounds identified by U.S. EPA a "per and polyfluoralkyl substances" or "PFAS" as used by Plaintiff.

6. The Economic Loss Rule: a "bright line" rule providing that "a plaintiff can recover in tort only those economic losses resulting from injury to his person or damage to his property." *Gen. Elec. Co. v. Lowe's Home Centers, Inc.,* 608, S.E.2d 636, 637 (Ga. 2005);

7. The Public Services Doctrine: the legal principle barring suits in tort to "recover the costs of carrying out public services." *Walker Cnty v. Tri-State Crematory,* 643 S.E.2d 324, 327 (Ga. Ct. App. 2007).

8. Federal Pleading Standards and Related Case Law: the requirements of Fed. R. Civ. P. 8 and 12(b)(6), including the principle that a plaintiff allege facts sufficient "to state a claim for relief that is plausible on its face," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)), and the related case law within the Eleventh Circuit "consistently condemning" shotgun pleadings. *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 979 (11th Cir. 2008), abrogated on other grounds; and

9. The Requirement of Legal Duty: the requirement that a plaintiff establish a legal duty owed by the defendant as a prerequisite to recovery in tort, *John*

*Crane, Inc. v. Jones,* 278 Ga. 747, 751 (2004), and the line of case law in Georgia rejecting the notion of a "duty to the world" or using "mere foreseeability" "as a basis for extending a duty of care." *Dep't of Labor v. McConnell,* 305 Ga. 812, 816 (Ga. 2019); *CSX Transp., Inc. v. Williams,* 608 S.E.2d 208, 209 (2005).

10. Georgia Common Law regarding water, water rights, and adulteration of water sources, including statutory codifications of common law as applicable.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE:**

1. Zay Risinger, President, Polyventive LLC, 130 Executive Drive SE Calhoun, GA 30701, 706-659-0300

2. Tom Zachary, EHS Manager, 130 Executive Drive SE Calhoun, GA 30701, Mobile:  706-659-0300

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:** Polyventive has not yet identified any witness(es) who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Also, Polyventive has not yet determined whether Polyventive will identify any testifying expert witness(es) subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). Polyventive will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE:** See Attachment C attached hereto.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based,**

**including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

    **RESPONSE:**    Not applicable to Polyventive.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

    **RESPONSE:**    Polyventive does not presently contend that any party is liable to it or to Plaintiff in this matter but will timely amend this disclosure pursuant to the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order in the event that new information arises during discovery that alters Polyventive's position.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the**

**judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE:** Polyventive will produce the declaration page for any applicable insurance policy(ies), if available, at a mutually agreeable date, time, and location to be determined by the parties.

Respectfully submitted this the 13rd day of August 2021.

Respectfully submitted,

**Earth & Water, LLC**

*/s/ David M. Moore*
*/s/ Bilal M. Harris*
David M. Moore, GA Bar No. 518830
Bilal M. Harris, GA Bar No. 284969
Earth and Water, LLC
Promenade, Suite 1900
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 245-5421

Email: David.moore@earthandwatergroup.com
Email: Bilal.harris@earthandwatergroup.com

*Counsel for Defendant Polyventive, LLC*

## **Attachment C**

Polyventive identifies the following documents it may use to support its defenses. By virtue of this disclosure, Polyventive does not concede the admissibility of any such documents on any grounds, including, but not limited to, authenticity, hearsay, or relevance. Polyventive expressly reserves all objections to any documents identified herein.

1. Relevant sales documentation sufficient to identify any Polyventive sales to customers in the Dalton area.
2. Any and all Material Safety Data Sheets / Safety Data Sheets, Technical Data Sheets, and/or product labels for any product at issue in this case with respect to Polyventive.
3. Documents relating to permits held by Polyventive related to the disposal of wastewater.
4. Documents relating to the testing of wastewater.
5. Any and all of the documents identified in Plaintiff's or any other party's Rule 26(a) disclosures, and those items identified in the depositions, expert disclosures, Answers to Interrogatories, Responses to Requests for Production, or Responses to Requests for Admissions and other matters of record in this case.
6. All documents or exhibits provided by Polyventive or any other party in response to any and all discovery or otherwise referred to in Polyventive's or any other parties' response to discovery or expert disclosures.
7. All records referred to in or produced pursuant to any subpoena by reason of the pendency of this case.

Polyventive reserves the right to supplement this list to include any other documents identified during the course of discovery that contain information that may be used by it to support its claims or defenses. Further, Polyventive reserves

the right to withhold production of any such documents or other materials for any reason authorized by law.

CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

*/s/ David M. Moore*
*/s/ Bilal M. Harris*
David M. Moore, GA Bar No. 518830
Bilal M. Harris, GA Bar No. 284969

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing DEFENDANT POLYVENTIVE, LLC'S RULE 26(a) INITIAL DISCLOSURE STATEMENT has been filed electronically with the Clerk of Court on August 13, 2021 by using the CM/ECF System which has notified all counsel of record.

*/s/ David M. Moore*
*/s/ Bilal M. Harris*
David M. Moore, GA Bar No. 518830
Bilal M. Harris, GA Bar No. 284969