IN THE UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF GEORGIA
ROME DIVISION

JARROD JOHNSON,

        Plaintiff,

3M COMPANY, *et al*,

        Defendants.

Civil Action Number 4:20-CV- 0008-AT

Removed from Floyd County
CASE NO. 19CV02405

## DEFENDANT MFG CHEMICAL, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW, Defendant MFG Chemical, LLC (hereinafter "MFG") and hereby submits this Answer to Plaintiff's Third Amended Complaint making a special appearance without waiving any defenses as to personal jurisdiction, insufficiency of process, or service of process which may be applicable here. Subject to this limitation, MFG provides the following Answer showing the Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against MFG upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's Complaint fails due to insufficient process.

## THIRD DEFENSE

Plaintiff's Complaint fails due to insufficient service of process.

## FOURTH DEFENSE

Plaintiff's Complaint fails due to improper venue.

## FIFTH DEFENSE

Plaintiff's claims are barred by a lack of personal jurisdiction.

## SIXTH DEFENSE

Plaintiff has failed to join an indispensable party or a party who should be joined under O.C.G.A. § 9-11-19.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the failure to avoid, mitigate, or minimize the damages or injuries.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, and/or waiver.

## NINTH DEFENSE

Plaintiff lacks standing to bring this action.

**TENTH DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**ELEVENTH DEFENSE**

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, MFG asserts each affirmative defense stated in O.C.G.A. § 9-11-8 and O.C.G.A. § 9-11-12, or to Fed. R. Civ. Proc. 8 and Fed. R. Civ. Proc. 12 to the extent not otherwise stated herein.

**TWELFTH DEFENSE**

MFG owes no duty to Plaintiff as contemplated by this Complaint.

**THIRTEENTH DEFENSE**

At all times relevant to this Complaint, the actions of MFG were taken in the good faith exercise of its rights and duties under the law.

**FOURTEENTH DEFENSE**

Plaintiff's claims against MFG are barred, in whole or in part, because neither Plaintiff's person nor property has been damaged.

**FIFTEENTH DEFENSE**

MFG has not caused the release of release of toxic chemicals, including perfluorinated compounds ("PFC"), perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonate ("PFOS"), and related chemicals.

## SIXTEENTH DEFENSE

MFG has not acted or failed to act negligently, willfully, or wantonly in regard to toxic chemicals, including PFCs, PFOAs, PFOSs, and related chemicals.

## SEVENTEENTH DEFENSE

If this Court were to determine that the Complaint states a cause of action, Defendant's actions were warranted by existing law or by reasonable belief that its actions were in accordance with the existing law.

## EIGHTEENTH DEFENSE

Plaintiff's damages, if any, were not the result of any act or omission on the part of MFG, but instead were caused by reasons which were unknown and not reasonably foreseeable to MFG.

## NINETEENTH DEFENSE

Plaintiff's claims for public and private nuisance against MFG are barred because the Plaintiff cannot show an injury, inconvenience, or damage.

## TWENTIETH DEFENSE

Plaintiff's claims for public and private nuisance against MFG are barred because MFG did not conduct itself in an illegal manner, and instead, MFG conducted itself in a lawful and proper manner.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for public and private nuisance against MFG are barred in whole or in part, because MFG is not liable for the maintenance of a nuisance caused by another.

### TWENTY-SECOND DEFENSE

Plaintiff's claims against MFG are barred because MFG had a legal right to provide industrial wastewater discharge to Dalton Utilities pursuant to permits.

### TWENTY-THIRD DEFENSE

Plaintiff's claims against MFG are barred because MFG has not caused any damage to Plaintiff.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims for injunctive relief are barred for a lack of verification.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for injunctive relief is barred because Plaintiff cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims against MFG are barred, in whole or in part, because Plaintiff has not been damaged as a result of MFG's actions and/or omissions and MFG demands strict proof of any alleged damages.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims against MFG are barred, in whole or in part, because MFG is not the actual cause, or proximate cause of any alleged damages to the Plaintiff.  Any damage allegedly sustained by the Plaintiff was caused by the acts, omissions, or conduct of others, or an intervening cause.

### TWENTY-EIGHTH DEFENSE

If Plaintiff has received, or is now or subsequently becomes entitled to recover, any compensation or benefits from any source in connection with the harm alleged in Plaintiff's Complaint, the amount of damages, if any, which may be recoverable from this suit shall be diminished by the amount of said recovery, compensation, or benefits.

### TWENTY- NINTH DEFENSE

Plaintiff's claims are subject to the assessment of fault among multiple defendants or as to non-parties for any of Plaintiff's damages pursuant to O.C.G.A. § 51-12-33.

### THIRTIETH DEFENSE

Plaintiff's claims fail due to a lack of damages attributable to MFG.

### THIRTY-FIRST DEFENSE

Plaintiff's injuries, if any, are due to an act or omission of other persons or

entities whom MFG has no control or responsibility and, therefore, Plaintiff is not entitled to recover from MFG.

## THIRTY-SECOND DEFENSE

Plaintiff's claims do not and cannot meet the requirements for class certification.

## THIRTY-THIRD DEFENSE

The class action allegations pled in the Complaint are barred because there are not sufficiently numerous individuals within the definition of the class(es) to constitute a proper class action.

## THIRTY-FOURTH DEFENSE

The class action allegations pled in the Complaint are barred because the named Plaintiff's claims are not typical of claims by the entire class and are subject to unique defenses by Defendant.

## THIRTY-FIFTH DEFENSE

The class action allegations pled in the Complaint are barred because facts unique to each class member predominate over facts common to the entire class.

## THIRTY-SIXTH DEFENSE

The Complaint fails to state facts sufficient to define an ascertainable class with a community of interest.

## THIRTY-SEVENTH DEFENSE

The named Plaintiff cannot maintain this action as a class action because the named Plaintiff is not similarly situated to other individuals in a group or class purportedly represented.

## THIRTY-EIGHTH DEFENSE

The class action allegations in the Complaint fail because Plaintiff cannot be an adequate representative of the class(es), as defined in the Complaint, because members of the defined class(es) are subject to unique defenses including, but not limited to, voluntary consent and/or payment.

## THIRTY-NINTH DEFENSE

This action may not be maintained as a class action because: (a) the named Plaintiff will not fairly and adequately protect the interest of the purported class; (b) individual issues of law or fact predominate over any common questions; (c) a class action is not a superior method for the fair and efficient adjudication of the controversy; and (d) the other requirements of maintaining this action as a class action have not been met.

## FORTIETH DEFENSE

To the extent that Plaintiff and/or the alleged members of the purported class have sustained any legally cognizable damages as a result of the matters

alleged in the Complaint, which Defendant specifically denies, Plaintiff and/or alleged members of the purported class have failed to mitigate, minimize, or avoid those damages.

### FORTY-FIRST DEFENSE

Any adjudication of Plaintiff's claims and those of alleged members of the purported class through purported generalized class-wide proof would violate Defendant's rights to Due Process and Trial by Jury under the United States Constitution and the Georgia Constitution.

### FORTY-SECOND DEFENSE

Plaintiff's claim for wantonness and punitive damages fails as the allegations in the Complaint are insufficient to support such an award against MFG.  MFG has not acted in a wanton, willful, reckless, or negligent manner, and the imposition of such punitive damages would violate the United States Constitution and the Georgia Constitution.

### FORTY-THIRD DEFENSE

Plaintiff's claim for punitive damages is subject to a statutory cap on the same and any such damages awarded beyond such cap would violate the Georgia law, the Constitution of the State of Georgia, and the United States Constitution.

## FORTY-FOURTH DEFENSE

Plaintiff's claims lack substantial justification or are interposed in order to harass MFG and, as such, MFG is entitled to an award of attorney's fees and costs under O.C.G.A. § 9-15-14.

## FORTY-FIFTH DEFENSE

The damages, which Plaintiff alleges it has suffered and will continue to suffer, were wholly, or in part, directly and proximately caused by the acts, omissions, or fault of third persons or entities other than MFG.  If Plaintiff is found to have sustained and be entitled to any damages, which is expressly denied, then under O.C.G.A. § 51-12-33 and based on principles of comparative negligence and apportionment, MFG shall be liable only for that portion of the damages which corresponds to its degree of fault, if any, which is denied.

## FORTY-SIXTH DEFENSE

Plaintiff fails to specifically state items of special damages sought in this case as required by O.C.G.A. § 9-11-9(g), which renders Plaintiff's claims for such damages, to the extent it seeks them, invalid and subject to dismissal.

## FORTY- SEVENTH DEFENSE

MFG has not acted or failed to act in such a way as to give rise to any claim for attorneys' fees and expenses of litigation.

## FORTY-EIGHTH DEFENSE

MFG states that it has made and continues to make a good faith attempt to comply with any and all local or state statutes or ordinances which Plaintiff alleges the failure to comply gives rise to a claim for negligence.

## FORTY-NINTH DEFENSE

MFG hereby gives notice that it intends to rely upon such other defenses as may be asserted by other parties or as may become available or apparent during the course of this litigation. MFG reserves the right to add or amend these defenses as pursuant to the Federal Rules of Civil Procedure.

Without waiving the defenses set forth above, the following numbered paragraphs respond to the correspondingly numbered paragraphs contained in the Complaint.

## STATEMENT OF THE CASE

1.

MFG denies the allegations contained in Paragraph 1.

2.

MFG denies the allegations contained in Paragraph 2.

3.

MFG lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 3 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 3 are denied.

4.

Responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint, MFG admits upon information and belief that at least some Defendants own and/or operate manufacturing facilities related to the carpet industry in or near the City of Dalton, Georgia.  MFG denies that it "use[s] PFCs as part of manufacturing processes or otherwise suppl[ies] PFCs to Defendants' manufacturing facilities."  MFG further denies that it "use[s] PFCs and related chemical compounds at [its] manufacturing facilities to impart water, stain, and grease resistance to [its] carpet and other textile products."  MFG also denies that "[i]ndustrial wastewater discharged from [its] manufacturing facilities contains high levels of [its] PFCs."  MFG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, and accordingly denies the same.

5.

Responding to the allegations contained in Paragraph 5 of the Complaint, MFG denies that it contaminated waterways in Floyd County at

Rome's water intake site and/or the Bruce Hamler Water Treatment Facility. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 5 of the Complaint, and accordingly denies the same.

6.

MFG denies that Plaintiff is entitled to the relief sought from MFG in Paragraph 6 of the Complaint, and denies any remaining allegations in Paragraph 6 insofar as the same are directed at MFG.  MFG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint, and accordingly denies the same.

## JURISDICTION AND VENUE

7.

Denied as to MFG as MFG does not own or operate property or reside in Floyd County.

8.

MFG lacks sufficient information to admit or deny the allegations contained in Paragraph 8, thus these allegations stand denied.

9.

MFG lacks sufficient information to admit or deny the allegations contained in Paragraph 9, thus these allegations stand denied.

10.

MFG admits that Plaintiff sent its Notice to MFG, but denies the remainder of the allegation that said Notice was valid or substantially complied with the applicable regulations governing the provision of notice. MFG lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 10, thus these allegations stand denied.

11.

MFG notes that Paragraph 11 does not contain an allegation. To the extent a response is required, MFG denies any allegation attempted to be conveyed in Paragraph 11.

12.

MFG denies the allegations contained in Paragraph 12 of the Complaint to the extent such allegations are directed at MFG.

13.

MFG denies the allegations contained in Paragraph 13 of the Complaint to the extent such allegations are directed at MFG.

14.

MFG denies the allegations contained in Paragraph 14 of the Complaint to the extent such allegations are directed at MFG.

## **PARTIES**

15.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 15 are denied.

16.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 16 are denied.

17.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 17 are denied.

18.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint. Thus, the

allegations contained in Paragraph 18 are denied.

19.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 19 are denied.

20.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 20 are denied.

21.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 21 are denied.

22.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 22 are denied.

23.

MFG lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 23 of Plaintiff's Complaint. Thus, the remaining allegations contained in Paragraph 23 are denied.

24.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 24 are denied.

25.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 25 are denied.

26.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 26 are denied.

27.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 27 are denied.

28.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 28 are denied.

29.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 29 are denied.

30.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 30 are denied.

31.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 31 are denied.

32.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint. Thus, the

allegations contained in Paragraph 32 are denied.

33.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 33 are denied.

34.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 34 are denied.

35.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 35 are denied.

36.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 36 are denied.

37.

MFG lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 37 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 37 are denied.

38.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 38 are denied.

39.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 39 are denied.

40.

MFG denies Paragraph 40 of Plaintiff's Complaint as stated. MFG admits that MFG Chemical, LLC is a Foreign Limited Liability Company, which was converted from a domestic corporation, MFG Chemical, Inc., in 2017. MFG admits that they own and operate three chemical manufacturing facilities located in and around Dalton, Georgia. However, MFG denies it has contributed to or caused any PFAS chemicals to be discharged into the Dalton POTW. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint, and accordingly denies

the same.

41.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 41 are denied.

42.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 42 are denied.

43.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 43 are denied.

44.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 44 are denied.

45.

MFG lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 45 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 45 are denied.

46.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 46 are denied.

47.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 47 are denied.

48.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 48 are denied.

49.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 49 are denied.

50.

MFG lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 50 of Plaintiff's Complaint. Thus, the

allegations contained in Paragraph 50 are denied.

## FACTUAL ALLEGATIONS

**Alleged Background and History of PFAS**

51.

Responding to the allegations contained in Paragraph 51 of the

Complaint, MFG denies the carpet manufacturing plants in Dalton have used

any PFCs  provided by MFG in the carpeting manufacturing process. MFG

admits it is one of many chemical suppliers to one or more manufacturing

facilities in and around Dalton, Georgia.  MFG also admits Dalton Utilities

wastewater treatment plants have treated industrial wastewater from MFG

pursuant to permits issued by the Georgia Environmental Protection

Division before pumping it to a Land Application System ("LAS") where it

was sprayed onto the property. MFG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 51 of the Complaint, and accordingly denies the same.

52.

The allegations set forth, or attempted to be set forth in Paragraph 52 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information to admit or deny the  allegations set forth, or attempted to be set forth in Paragraph 52; accordingly said allegations are denied.

53.

The allegations set forth, or attempted to be set forth in Paragraph 53 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information to admit or deny the  allegations set forth, or attempted to be set forth in Paragraph 53; accordingly said allegations are denied.

54.

The allegations set forth, or attempted to be set forth in Paragraph 54 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information to admit or deny the  allegations set forth, or

attempted to be set forth in Paragraph 54; accordingly said allegations are denied.

55.

The allegations set forth, or attempted to be set forth in Paragraph 55 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information to admit or deny the allegations set forth, or attempted to be set forth in Paragraph 55; accordingly said allegations are denied.

56.

Responding to Paragraph 56 of the Complaint, MFG admits that some studies have claimed adverse health effects associated with exposure to PFOA and PFOS. MFG denies, however, that there are any health risks that have been proven to be associated with or causally related to its manufacturing processes, and denies that the levels of PFCs reported in Plaintiff's water supply present any health risk whatsoever. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 56 of the Complaint, and accordingly denies the same.

57.

Responding to Paragraph 57 of the Complaint, MFG admits that some studies have claimed adverse health effects associated with exposure to PFOA and PFOS.  MFG denies, however, that there are any health risks that have been proven to be associated with or causally related to its manufacturing processes, and denies that the levels of PFCs reported in Plaintiff's water supply present any health risk whatsoever.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 57 of the Complaint, and accordingly denies the same.

58.

Responding to Paragraph 58 of the Complaint, MFG admits that some studies have claimed adverse health effects associated with exposure to PFOA and PFOS.  MFG denies, however, that there are any health risks that have been proven to be associated with or causally related to its manufacturing processes, and denies that the levels of PFCs reported in Plaintiff's water supply present any health risk whatsoever.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 58 of the Complaint, and accordingly denies the same.

59.

Responding to Paragraph 59 of the Complaint, MFG admits that some studies have claimed adverse health effects associated with exposure to PFOA and PFOS.  MFG denies, however, that there are any health risks that have been proven to be associated with or causally related to its manufacturing processes, and denies that the levels of PFCs reported in Plaintiff's water supply present any health risk whatsoever.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 59 of the Complaint, and accordingly denies the same.

60.

Responding to Paragraph 60 of the Complaint, MFG admits that in May of 2016, the EPA released a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluuooctance Sulfonate (PFOS)," and the terms of those advisories speak for themselves.  MFG denies any remaining allegation in Paragraph 60 of the Complaint.

61.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 61 are denied.

62.

Responding to Paragraph 62 of the Complaint, MFG admits that the terms of the "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and the "Drinking Water Health Advisory for Perfluooctance Sulfonate (PFOS)" released by the EPA in 2016 speak for themselves, and denies any allegation inconsistent with the advisories.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 62 of the Complaint, and accordingly denies the same.

63.

Responding to Paragraph 63 of the Complaint, MFG admits that in 2018, the Agency for Toxic Substances and Disease Registry released a "Draft Toxicological Profile: Perfluoroalkyls" and the terms of this profile speak for themselves.  MFG denies any remaining allegation in Paragraph 63 of the Complaint.

64.

Responding to Paragraph 64 of the Complaint, MFG admits that in 2018, the Agency for Toxic Substances and Disease Registry released a "Draft Toxicological Profile: Perfluoroalkyls" and the terms of this profile speak for themselves.  MFG is without knowledge or information sufficient to admit or

deny the remaining allegations contained in Paragraph 64 of the Complaint, and accordingly denies the same.

65.

Responding to Paragraph 65 of Plaintiff's Complaint, MFG admits that Vermont, New Jersey, Mew York, and Michigan have recommended or adopted regulations regarding PFOAs and the terms of those recommendations and regulations speak for themselves. MFG denies any remaining allegations in Paragraph 65 that are inconsistent with the advisories addressed.

66.

Responding to Paragraph 66 of Plaintiff's Complaint, MFG admits that Section 7321 of the National Defense Authorization Act for Fiscal Year 2020 ("NDAA") added certain PFAS to the list of toxic chemicals covered by the Toxic Release Inventory.  MFG denies any remaining allegations in Paragraph 66 that are inconsistent with the regulations addressed.

**Defendants' Alleged Knowledge of Alleged Toxicity and Persistence of PFAS**

67.

MFG denies as stated the allegations in Paragraph 67 as to MFG. MFG lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint. Thus, the

allegations contained in Paragraph 67 are denied.

68.

MFG denies as stated the allegations of Paragraph 68 as to MFG. MFG lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint. Thus, the remaining allegations contained in Paragraph 68 are denied.

69.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 69 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 69 are denied.

70.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 70 are denied.

71.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 71 are denied.

72.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 72 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 72 are denied.

73.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 73 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 73 are denied.

74.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 74 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 74 are denied.

75.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 75 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 75 are denied.

76.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 76 of Plaintiff's Complaint. Thus, the

allegations contained in Paragraph 76 are denied.

77.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 77 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 77 are denied.

78.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 78 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 78 are denied.

79.

MFG denies as stated the allegations in Paragraph 79 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 79 of the Complaint, and accordingly denies the same.

80.

MFG denies as stated the allegations in Paragraph 80 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 80 of the Complaint, and accordingly denies the same.

81.

Responding to Paragraph 81 of the Complaint, MFG admits that some perfluorinated compounds, such as PFOA or PFOS, are persistent in the environment.  Responding further, MFG denies the remaining allegations as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 81 of the Complaint, and accordingly deny the same.

82.

Responding to Paragraph 82 of the Complaint, MFG admits that the EPA published on March 11, 2002 at 40 CFR Part 721, the "Perfluoroalkyl Sulfonates; Significant New Use Rule; Final Rule and Supplement Rule," and published on December 9, 2002 at 40 CFR Part 721, the "Perfluoroalkyl Sulfonates; Significant New Use Rule, Final Rule," and the terms of those rules speak for themselves. Responding further, MFG denies the remaining allegations as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 82 of the Complaint, and accordingly denies the same.

**Alleged Contamination of Upper Coosa River Basin with PFAS**

83.

MFG denies as stated the allegations in Paragraph 83 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 83 of the Complaint, and accordingly denies the same.

84.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 84 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 84 are denied.

85.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 85 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 85 are denied.

86.

The allegations set forth, or attempted to be set forth in Paragraph 86 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. MFG is without knowledge or information to admit or deny the remaining allegations set forth, or attempted to be set forth in Paragraph 86;

accordingly said allegations are denied.

87.

MFG denies as stated the allegations in Paragraph 87 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 87 of the Complaint, and accordingly denies the same.

88.

MFG denies as stated the allegations in Paragraph 88 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 88 of the Complaint, and accordingly denies the same.

89.

MFG denies as stated the allegations in Paragraph 89 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 89 of the Complaint, and accordingly denies the same.

90.

MFG denies as stated the allegations in Paragraph 90 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining

allegations contained in Paragraph 90 of the Complaint, and accordingly denies the same.

91.

With regard to paragraph 91 of Plaintiff's Complaint, MFG admits that UGA conducted a water surface sampling in March of 2006 in the Conasauga River near Dalton and that the result of said study speak for themselves. MFG denies any remaining allegations as they pertain to MFG.

92.

With regard to paragraph 92 of Plaintiff's Complaint, MFG admits that the United Steelworkers Union conducted a water surface sampling in August and October of 2006 in the Conasauga River and that the results of said studies speak for themselves. MFG denies any remaining allegations in paragraph 92 as they pertain to MFG.

93.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 93 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 93 are denied.

94.

Responding to Paragraph 94 of Plaintiff's Complaint, MFG admits that in

July of 2012 the EPA conducted a study in which they sampled surface water from to Conasauga River and its tributaries and the terms of that study speak for themselves. MFG denies any remaining allegations in Paragraph 94 that are inconsistent with the study addressed, and further denies any remaining allegations directed at, or attempted to be directed at MFG.

95.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 95 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 95 are denied.

96.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 96 are denied.

**Alleged PFAS Contamination of Rome Water Supply**

97.

Responding to Paragraph 97 of the Complaint, MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 97 of Plaintiff's Complaint. Thus, MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in

Paragraph 97 of the Complaint, and accordingly denies same.

98.

MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 98 of the Complaint, and accordingly denies same.

99.

Responding to Paragraph 99 of the Complaint, MFG denies that there were or are unsafe levels of PFAS, PFOA, or PFOS in Rome's or Plaintiff's water supply or that Plaintiff or its customers need to seek an alternative water supply. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 99 of the Complaint, and accordingly denies same.

100.

Responding to Paragraph 100 of the Complaint, MFG denies that there were or are unsafe levels of PFAS, PFOA, or PFOS in Rome's or Plaintiff's water supply or that Plaintiff or its customers need to seek an alternative water supply. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 100 of the Complaint, and accordingly denies same.

101.

Responding to Paragraph 101 of the Complaint, MFG denies that there were or are unsafe levels of PFAS, PFOA, or PFOS in Rome's or Plaintiff's water supply or that Plaintiff or its customers need to seek an alternative water supply. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 101 of the Complaint, and accordingly denies same.

102.

MFG admits that the City of Rome's City Commission enacted a "Resolution Regarding City of Rome Water Supply" on November 4, 2019, but further states that the statements within said resolution are legal conclusions to which no response is required. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 102 of the Complaint, and accordingly denies same.

103.

MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 103 of the Complaint, and accordingly denies same.

104.

Responding to Paragraph 104 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members. MFG denies that is has used PFAS or that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 104 of the Complaint, and accordingly denies same.

**COUNT ONE:**
**DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN**
**NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT**
**(DEFENDANT DALTON UTILITIES)**

105.

MFG restates and incorporates its responses to all prior Paragraphs as if fully set forth herein.

106.

MFG notes that the allegations contained in Paragraph 106 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 106 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph

106, and as such these allegations stand denied.

107.

MFG notes that the allegation contained in Paragraph 107 are not directed towards it, thus no response is required. MFG further notes that the allegations set forth, or attempted to be set forth in Paragraph 107 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 107 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 107, and as such these allegations stand denied.

108.

MFG notes that the allegation contained in Paragraph 108 are not directed towards it, thus no response is required. MFG further notes that the allegations set forth, or attempted to be set forth in Paragraph 108 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 108 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 108, and as such these allegations stand denied.

109.

MFG notes that the allegations contained in Paragraph 109 are not directed

towards it, thus no response is required. To the extent a response is required,

MFG denies the allegations of Paragraph 109 as they pertain to MFG. MFG lacks

sufficient information to admit or deny the remaining allegation in Paragraph

109, and as such these allegations stand denied.

110.

MFG notes that the allegations contained in Paragraph 110 are not directed

towards it, thus no response is required. To the extent a response is required,

MFG denies the allegations of Paragraph 110 as they pertain to MFG. MFG lacks

sufficient information to admit or deny the remaining allegation in Paragraph

110, and as such these allegations stand denied.

111.

MFG notes that the allegation contained in Paragraph 111 are not directed

towards it, thus no response is required. MFG further notes that the allegations

set forth, or attempted to be set forth in Paragraph 111 of Plaintiff's Complaint

are legal, scientific and/or medical conclusions to which no response is required.

To the extent a response is required, MFG denies the allegations of Paragraph

111 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 111, and as such these allegations stand denied.

112.

MFG notes that the allegations contained in Paragraph 112 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 112 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 112, and as such these allegations stand denied.

113.

MFG notes that the allegation contained in Paragraph 113 are not directed towards it, thus no response is required. MFG further notes that the allegations set forth, or attempted to be set forth in Paragraph 113 of Plaintiff's Complaint are legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 113 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 113, and as such these allegations stand denied.

114.

MFG notes that the allegations contained in Paragraph 114 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 114 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 114, and as such these allegations stand denied.

115.

MFG notes that the allegations contained in Paragraph 115 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 115 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 115, and as such these allegations stand denied.

116.

MFG notes that the allegations contained in Paragraph 116 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 116 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 116, and as such these allegations stand denied.

117.

MFG notes that the allegations contained in Paragraph 117 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 117 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 117, and as such these allegations stand denied.

118.

MFG notes that the allegations contained in Paragraph 118 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the allegations of Paragraph 118 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 118, and as such these allegations stand denied.

119.

MFG notes that the allegations contained in Paragraph 119 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the allegations of Paragraph 119 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 119, and as

such these allegations stand denied.

## COUNT TWO:
## INDIVIDUAL USER PASS THROUGH DISCHARGE OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT
## (Defendant Dalton/Whitfield Regional Solid Waste Authority)

120.

MFG restates and incorporates its responses to all prior Paragraphs as if fully set forth herein.

121.

MFG notes that the allegations contained in Paragraph 121 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the allegations of Paragraph 121 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 121, and as such these allegations stand denied.

122.

MFG notes that the allegations contained in Paragraph 122 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the allegations of Paragraph 122 as they pertain to MFG. MFG lacks sufficient

information to admit or deny the remaining allegations in Paragraph 122, and as such these allegations stand denied.

123.

MFG notes that the allegations contained in Paragraph 123 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the allegations of Paragraph 123 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 123, and as such these allegations stand denied.

124.

MFG notes that the statement contained in Paragraph 124 is not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation, but is a legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 124 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 124, and as such these allegations stand denied.

125.

MFG notes that the allegations contained in Paragraph 125 are not directed

towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 125 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 125, and as such these allegations stand denied.

126.

MFG notes that the statement contained in Paragraph 126 is not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation, but is a legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 126 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 126, and as such these allegations stand denied.

127.

MFG notes that the statement contained in Paragraph 127 is not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation, but is a legal, scientific and/or medical conclusions to which no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 127 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 127, and as

such these allegations stand denied.

128.

MFG notes that the allegations contained in Paragraph 128 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 128 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 128, and as such these allegations stand denied.

129.

MFG notes that the allegations contained in Paragraph 129 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 129 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegation in Paragraph 129, and as such these allegations stand denied.

130.

MFG notes that the allegations contained in Paragraph 130 are not directed towards it, thus no response is required. To the extent a response is required, MFG denies the allegations of Paragraph 130 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 130, and as such these allegations stand denied.

131.

MFG notes that the allegations contained in Paragraph 131 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the allegations of Paragraph 131 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 131, and as such these allegations stand denied.

132.

MFG notes that the allegations contained in Paragraph 132 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the allegations of Paragraph 132 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 132, and as such these allegations stand denied.

133.

MFG notes that the allegations contained in Paragraph 133 are not directed towards it, thus no response is required. MFG further notes that this statement is not a factual allegation. To the extent a response is required, MFG denies the

allegations of Paragraph 119 as they pertain to MFG. MFG lacks sufficient information to admit or deny the remaining allegations in Paragraph 133, and as such these allegations stand denied.

## CLASS ALLEGATIONS

### 134.

MFG restates and incorporates its responses to all prior Paragraphs as if fully set forth herein.

### 135.

MFG denies that a class action is appropriate or can be maintained in this instance under Rule 23(a) or 23(b)(3) of the Federal Rules of Civil Procedure. MFG denies the remaining allegations contained in Paragraph 135 of Plaintiff's Complaint.

### 136.

Responding to Paragraph 136 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG further denies that a class action is appropriate. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 136 of the Complaint, and accordingly denies the same.

137.

Responding to Paragraph 137 of the Complaint, MFG denies that MFG

caused any damage to Plaintiff or any Proposed Class Members.  MFG further

denies that a class action is appropriate. MFG is without knowledge or

information sufficient to admit or deny the remaining allegations contained in

Paragraph 137 of the Complaint, and accordingly denies the same.

**Allegations regarding the issue that all Plaintiffs are allegedly water subscribers (ratepayers) with the Rome Water and Sewer Division and/or Floyd County Water Department**

138.

MFG agrees with excluding these individuals from the Proposed Class but

reserves the right to assert that other groups of individuals must also be

excluded and denies that a class action is appropriate or warranted in this action.

139.

MFG notes that this statement is not a factual allegation and reserves the

right to challenge any changes to the definition of the Proposed Class.  To the

extent required, MFG denies the allegations of Paragraph 139.

**<u>Alleged Numerosity</u>**

140.

Responding to Paragraph 140 of the Complaint, MFG denies that MFG

caused any damage to Plaintiff or any Proposed Class Members.  MFG further denies that a class action is appropriate. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 140 of the Complaint, and accordingly denies the same.

141.

Responding to Paragraph 141 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG further denies that a class action is appropriate. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 141 of the Complaint, and accordingly denies the same.

## **Alleged Typicality**

142.

Responding to Paragraph 142 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies it has used PFCs or that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG further denies that a class action is appropriate or necessary here. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 142 of the Complaint, and accordingly denies the same.

**Alleged Adequate Representation**

143.

Responding to Paragraph 143 of the Complaint, MFG denies that a class

action is appropriate or necessary here. MFG is without knowledge or

information sufficient to admit or deny the remaining allegations contained in

Paragraph 143 of the Complaint, and accordingly denies the same.

144.

Responding to Paragraph 144 of the Complaint, MFG denies that a class

action is appropriate or necessary here. MFG is without knowledge or

information sufficient to admit or deny the remaining allegations contained in

Paragraph 144 of the Complaint, and accordingly denies the same.

**Alleged Predominance of Common Questions of Law and Fact**

145.

Responding to Paragraph 145 of the Complaint, MFG denies that MFG

caused any damage to Plaintiff or any Proposed Class Members.  MFG denies it

has used PFCs or that knowingly or unknowingly took or failed to take any

action which could harm Plaintiff or Proposed Class Members.  MFG further

denies that a class action is appropriate. MFG is without knowledge or

information sufficient to admit or deny the remaining allegations contained in

Paragraph 145 of the Complaint, and accordingly denies the same.

146.

Responding to Paragraph 146 of the Complaint, MFG denies that a class action is appropriate or necessary here. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 146 of the Complaint, and accordingly denies the same.

**Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief**

147.

Responding to Paragraph 147 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members or owes them any relief.  MFG denies it has used PFCs or that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG further denies that a class action is appropriate or necessary here. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 147 of the Complaint, and accordingly denies the same.

148.

Responding to Paragraph 148 of the Complaint, MFG denies that a class action is appropriate or necessary here and thus MFG denies the allegations of

Paragraph 148.

## **Alleged Superiority**

### 149.

MFG notes that the statements in Paragraph 149 are not factual allegation, but rather arguments in support of certification of the Proposed Class. MFG reserves the right to challenge or present ongoing arguments to the same. To the extent required, MFG denies the allegations of Paragraph 149.

### 150.

Responding to Paragraph 150 of the Complaint, MFG denies that a class action is appropriate or necessary here and thus MFG denies the allegations of Paragraph 150.

### **COUNT THREE:**
### **WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT**
### **(All Defendants Except Dalton Utilities)**

### 151.

MFG restates and incorporates its responses to all prior Paragraphs as if fully set forth herein.

### 152.

MFG denies as stated the allegations in Paragraph 152 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining

allegations contained in Paragraph 152 of the Complaint, and accordingly denies the same.

153.

MFG is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 153 of the Complaint, and accordingly denies the same.

154.

MFG denies as stated the allegations in Paragraph 154 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 154 of the Complaint, and accordingly denies the same.

155.

MFG denies as stated the allegations in Paragraph 155 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 155 of the Complaint, and accordingly denies the same.

156.

MFG denies the allegations in Paragraph 156 of Plaintiff's Complaint.

## COUNT FOUR:
## NEGLIGENCE PER SE
## (All Defendants Except Dalton Utilities, 3M, DuPont, &Chemours

### 157.

MFG restates and incorporates its responses to all prior Paragraphs as if fully set forth herein.

### 158.

MFG denies as stated the allegations in Paragraph 158 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 158 of the Complaint, and accordingly denies the same.

### 159.

MFG denies as stated the allegations in Paragraph 159 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 159 of the Complaint, and accordingly denies the same.

### 160.

MFG denies the allegations in Paragraph 160 of Plaintiff's Complaint.

### 161.

MFG denies as stated the allegations in Paragraph 161 as to MFG.  MFG is

without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 161 of the Complaint, and accordingly denies the same.

162.

MFG denies as stated the allegations in Paragraph 162 as to MFG. MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members. MFG denies that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 162 of the Complaint, and accordingly denies the same.

## COUNT FIVE:
## PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

163.

MFG restates and incorporates its responses to all prior Paragraphs as if fully set forth herein.

164.

MFG denies as stated the allegations in Paragraph 164 as to MFG. MFG is without knowledge or information sufficient to admit or deny the remaining

allegations contained in Paragraph 164 of the Complaint, and accordingly denies the same.

165.

MFG denies as stated the allegations in Paragraph 165 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 165 of the Complaint, and accordingly denies the same.

166.

MFG denies as stated the allegations in Paragraph 166 as to MFG.  MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 166 of the Complaint, and accordingly denies the same.

167.

MFG denies as stated the allegations in Paragraph 167 as to MFG.  MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies that it knowingly or unknowingly took or failed to take

any action which could harm Plaintiff or Proposed Class Members. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 167 of the Complaint, and accordingly denies the same.

168.

MFG denies as stated the allegations in Paragraph 168 as to MFG. MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members. MFG denies that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 168 of the Complaint, and accordingly denies the same.

169.

MFG denies as stated the allegations in Paragraph 169 as to MFG. MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members. MFG denies that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 169 of the Complaint, and accordingly denies

the same.

170.

Responding to Paragraph 170 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG denies the allegations included in the demand made within Paragraph 170 of the Complaint and further denies Plaintiff is entitled to any judgment against MFG. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 170 of the Complaint, and accordingly denies the same.

171.

Responding to Paragraph 171 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG denies the allegations included in the demand made within Paragraph 171 of the Complaint and further denies Plaintiff is entitled to any judgment against MFG. MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 171 of the Complaint, and accordingly denies the same.

## COUNT SIX:
## PUBLIC NUISANCE

### 172.

MFG restates and incorporates its responses to all prior Paragraphs as if fully set forth herein.

### 173.

MFG lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 173 of Plaintiff's Complaint. Thus, the allegations contained in Paragraph 173 are denied.

### 174.

MFG denies as stated the allegations in Paragraph 174 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 174 of the Complaint, and accordingly denies the same.

### 175.

MFG denies as stated the allegations in Paragraph 175 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 175 of the Complaint, and accordingly denies the same.

176.

MFG denies as stated the allegations in Paragraph 176 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 176 of the Complaint, and accordingly denies the same.

177.

MFG denies as stated the allegations in Paragraph 177 as to MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 177 of the Complaint, and accordingly denies the same.

178.

Responding to Paragraph 178 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies it has used PFCs or that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG further denies that a class action is appropriate or necessary here. MFG denies the allegations in Paragraph 178 of Plaintiff's Complaint.

179.

Responding to Paragraph 179 of the Complaint, MFG denies that MFG

caused any damage to Plaintiff or any Proposed Class Members.  MFG denies it has used PFCs or that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG further denies that a class action is appropriate or necessary here. MFG denies the allegations in Paragraph 179 of Plaintiff's Complaint.

180.

Responding to Paragraph 180 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies it has used PFCs or that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG further denies that a class action is appropriate or necessary here. MFG denies the allegations in Paragraph 180 of Plaintiff's Complaint.

181.

Responding to Paragraph 181 of the Complaint, MFG denies that MFG caused any damage to Plaintiff or any Proposed Class Members.  MFG denies it has used PFCs or that it knowingly or unknowingly took or failed to take any action which could harm Plaintiff or Proposed Class Members.  MFG further denies that a class action is appropriate or necessary here. MFG denies the allegations in Paragraph 181 of Plaintiff's Complaint.

182.

The allegations of Paragraph 182 are denied.

**COUNT SEVEN:
CLAIMS FOR ABATEMENT AND
INJUNCTION OF PUBLIC NUISANCE**

183.

MFG restates and incorporates its responses to all prior Paragraphs as if
fully set forth herein.

184.

MFG denies the allegations in Paragraph 184 of Plaintiff's Complaint.

185.

MFG denies the allegations in Paragraph 185 of Plaintiff's Complaint.

186.

MFG denies the allegations in Paragraph 186 of Plaintiff's Complaint.

187.

Responding to Paragraph 187 of the Complaint, MFG denies any
allegations made as to MFG and denies that the Plaintiff is entitled to any
injunctive relief or any equitable remedy against MFG.  MFG is without
knowledge or information sufficient to admit or deny the remaining allegations
contained in Paragraph 187 of the Complaint, and accordingly, denies the

same.

188.

MFG denies any allegations made as to MFG and denies that Plaintiff is entitled to any injunctive relief or any equitable remedy against MFG.  MFG is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 188 of the Complaint.

**RELIEF DEMANDED**

MFG denies any allegations contained within the prayer for relief items (a) though (p) and MFG further denies that Plaintiff is entitled to any relief whatsoever from MFG.

MFG denies any allegation contained in the Complaint not specifically admitted herein.

**WHEREFORE**, MFG respectfully requests the following relief:

a.  That this Court dismiss all claims against MFG asserted in Plaintiff's Complaint and enter judgment in favor of MFG with respect to each of Counts III through VII of Plaintiff's Complaint;

b.  That all costs of this action be taxed against Plaintiff and that MFG be awarded reasonable attorney's fees and expenses of litigation as provided by law;

c.  That this Court deny Plaintiff's request for injunctive relief;

d.  That this Court grant MFG such further and other relief as the Court

    deems appropriate; and

e.  The Court hold a trial by jury.

respectfully submitted this 11th day of October 2021.

By: */s/ Martin A. Shelton*

R. Scott Masterson – GA Bar No. 476359
Keith M. Kodosky – GA Bar No. 404814
Martin A. Shelton – GA Bar No. 640749
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30309
404.476.2009
Scott.masterson@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
Martin.shelton@lewisbrisbois.com
*Attorneys for MFG Chemical, LLC*

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing Answer is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 7.1D..

So certified this this 11th day of October 2021.

By: */s/Martin Shelton*
R. Scott Masterson – GA Bar No. 476359
Keith M. Kodosky – GA Bar No. 404814
Martin A. Shelton – GA Bar No. 640749
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30309
404.476.2009
Scott.masterson@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
Martin.shelton@lewisbrisbois.com
*Attorneys for MFG Chemical, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing Defendant MFG's Answer to Plaintiff's Third Amended Complaint with the Clerk of Court by using the CM/ECF system, which automatically sends e-mail notification of such filing to any attorneys of record.

Respectfully submitted this 11th day of October 2021.

By: */s/Martin Shelton*
R. Scott Masterson – GA Bar No. 476359
Keith M. Kodosky – GA Bar No. 404814
Martin A. Shelton – GA Bar No. 640749
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30309
404.476.2009
Scott.masterson@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
Martin.shelton@lewisbrisbois.com
*Attorneys for MFG Chemical, LLC*