## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **JARROD JOHNSON, individually and on behalf of a class of persons similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **4:20-cv-0008-AT** |
| **3M COMPANY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT TARKETT USA INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD
## AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT

COMES NOW Defendant Tarkett USA Inc. ("this Defendant" or "Tarkett"), by and through undersigned counsel, and submits this Answer and Affirmative Defenses to the Third Amended Individual and Class Action Complaint ("Complaint" or "Third Amended Complaint") filed by Plaintiff as follows:

## <u>ANSWER</u>

Tarkett denies every allegation in the Third Amended Complaint not specifically admitted below. This Defendant expressly reserves the right to amend its answer and affirmative defenses as it obtains additional information. This Defendant responds as follows:

## STATEMENT OF THE CASE

1.      This Defendant objects to the terms "toxic" because it is undefined, vague, and ambiguous.  Paragraph 1 is a narrative setting forth legal conclusions to which no response is required.  To the extent Paragraph 1 is interpreted to contain factual allegations requiring response, this Defendant denies those allegations, denies that Plaintiff and putative members of the class (collectively, "Plaintiff") have been damaged, and denies that Plaintiff meets the requisites to maintain a class action.

2.      This Defendant denies the allegations of the Complaint as they may pertain to this Defendant.

3.      This Defendant objects to the terms "contaminated" because it is undefined, vague, and ambiguous. This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, thus, denies the same.  This Defendant denies the allegations of Paragraph 3 of the Complaint as it may pertain to this Defendant.

4.      This Defendant objects to the term "contaminate" because it is undefined, vague, and ambiguous.  This Defendant denies the allegations contained in Paragraph 4 as they may pertain to this Defendant.

5.      This Defendant objects to the term "contaminated" because it is undefined, vague, and ambiguous.  This Defendant denies the allegations contained

2

in Paragraph 5, denies Plaintiff has suffered any damages, and demands strict proof of any damages claimed therein.

6.    This Defendant objects to the term "toxic" because it is undefined, vague, and ambiguous.  Paragraph 6 is a narrative setting forth legal conclusions to which no response is required.  To the extent Paragraph 6 is interpreted to contain factual allegations requiring response, this Defendant denies those allegations.

**JURISDICTION AND VENUE**

7.    Paragraph 7 contains conclusions of law to which no response is required.  To the extent Paragraph 7 calls for a response from this Defendant, the allegations contained therein are denied.

8.    Paragraph 8 requires no response from this Defendant.

9.    Paragraph 9 contains conclusions of law to which no response is required.  To the extent Paragraph 9 calls for a response from this Defendant, the allegations contained therein are denied.

10.    Paragraph 10 contains conclusions of law to which no response is required. To the extent Paragraph 10 calls for a response from this Defendant, the allegations contained therein are denied.

11.    Paragraph 11 does not require a response from this Defendant. To the extent Paragraph 11 can be construed as raising factual allegations requiring a response from this Defendant, this Defendant is without knowledge or information

3

sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12.     Paragraph 12 contains conclusions of law to which no response is required. To the extent Paragraph 12 calls for a response from this Defendant, the allegations contained therein are denied.

13.     Paragraph 13 contains conclusions of law to which no response is required. To the extent Paragraph 13 calls for a response from this Defendant, the allegations contained therein are denied.

14.     Paragraph 14 contains conclusions of law to which no response is required. To the extent Paragraph 14 calls for a response from this Defendant, the allegations contained therein are denied.

## **PARTIES**

15.     This Defendant objects to the term "contaminated" because it is undefined, vague, and ambiguous.  This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, thus, denies the same.

16.     Paragraph 16 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 16 calls for a response from this Defendant objects to the definition of "contamination"

because it is undefined, vague, and ambiguous. This Defendant denies the allegations contained therein.

17.    Paragraph 17 contains conclusions of law to which no response is required. To the extent Paragraph 17 calls for a response from this Defendant, the allegations contained therein are denied.

18.    Paragraph 18 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 18 calls for a response from this Defendant, the allegations contained therein are denied.

19.    Paragraph 19 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 19 calls for a response from this Defendant, the allegations contained therein are denied.

20    Paragraph 20 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 20 calls for a response from this Defendant, the allegations contained therein are denied.

21.    Paragraph 21 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 21 calls for a response from this Defendant, the allegations contained therein are denied.

22.    Paragraph 22 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 22 calls for a response from this Defendant, the allegations contained therein are denied.

23.     Paragraph 23 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 23 calls for a response from this Defendant, the allegations contained therein are denied.

24.     Paragraph 24 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 24 calls for a response from this Defendant, the allegations contained therein are denied.

25.     Paragraph 25 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 25 calls for a response from this Defendant, the allegations contained therein are denied.

26.     Paragraph 26 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 26 calls for a response from this Defendant, the allegations contained therein are denied.

27.     Paragraph 27 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 27 calls for a response from this Defendant, the allegations contained therein are denied.

28.     Paragraph 28 calls for a legal conclusion and does not contain allegations of fact regarding this Defendant, and thus does not require a response. To the extent Paragraph 28 calls for a response from this Defendant, the allegations contained therein are denied.

29.     Paragraph 29 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 29 calls for a response from this Defendant, the allegations contained therein are denied.

30.     Paragraph 30 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 30 calls for a response from this Defendant, the allegations contained therein are denied.

31.     Paragraph 31 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 31 calls for a response from this Defendant, the allegations contained therein are denied.

32.     Paragraph 32 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 32 calls for a response from this Defendant, the allegations contained therein are denied.

33.     Paragraph 33 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 33 calls for a response from this Defendant, the allegations contained therein are denied.

34.     Paragraph 34 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 34 calls for a response from this Defendant, the allegations contained therein are denied.

35.     Paragraph 35 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 35 calls for a response from this Defendant, the allegations contained therein are denied.

36.     Paragraph 36 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 36 calls for a response from this Defendant, the allegations contained therein are denied.

37.     Paragraph 37 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 37 calls for a response from this Defendant, the allegations contained therein are denied.

38.     Paragraph 38 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 38 calls for a response from this Defendant, the allegations contained therein are denied.

39.     Paragraph 39 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 39 calls for a response from this Defendant, the allegations contained therein are denied.

40.     Paragraph 40 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 40 calls for a response from this Defendant, the allegations contained therein are denied.

41.     Paragraph 41 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 41 calls for a response from this Defendant, the allegations contained therein are denied.

42.     Paragraph 42 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 42 calls for a response from this Defendant, the allegations contained therein are denied.

43.     Paragraph 43 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 43 calls for a response from this Defendant, the allegations contained therein are denied.

44.     Paragraph 44 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 44 calls for a response from this Defendant, the allegations contained therein are denied.

45.     Paragraph 45 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 45 calls for a response from this Defendant, the allegations contained therein are denied.

46.     Paragraph 46 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 46 calls for a response from this Defendant, the allegations contained therein are denied.

47.     Paragraph 47 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 47 calls for a response from this Defendant, the allegations contained therein are denied.

48.     This Defendant admits that Tarkett is a foreign corporation authorized to do business in the State of Georgia who has conducted business in this District. Except as expressly admitted, the remaining allegations contained in Paragraph 48 are denied.

49.     Paragraph 49 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 49 calls for a response from this Defendant, the allegations contained therein are denied.

50.     Paragraph 50 does not contain allegations regarding this Defendant, and thus does not require a response from this Defendant.  To the extent Paragraph 50 calls for a response from this Defendant, the allegations contained therein are denied.

## FACTUAL ALLEGATIONS

51.     This Defendant admits that there are many carpet manufacturing plants in the vicinity of the City of Dalton, Georgia.  Except as thus stated, this Defendant denies the allegations contained in Paragraph 51.

52.     This Defendant denies the allegations contained in Paragraph 52 on the basis of vagueness.

53.     This Defendant objects to the allegations of Paragraph 53 on the grounds of vagueness.  This Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, thus, denies those allegations.

54.     This Defendant admits that PFOA and PFOS have been phased out by "the industry" and are persistent in the environment.  Except as expressly admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 and, thus, denies those allegations.

55.     This Defendant objects to the term "toxic" because it is undefined, vague, and ambiguous.  This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, thus, denies those allegations.

56.     With respect to Paragraph 56, the C8 Health Project's findings and conclusions speak for themselves.  To the extent factual allegations are made against this Defendant, or the allegations contradict the C8 Health Project's findings or conclusions, this Defendant denies those allegations.  This Defendant further denies the allegations as they pertain to PFAS as an entire classification of chemicals.

57.     With respect to Paragraph 57, the C8 Health Project's findings and conclusions speak for themselves.  To the extent factual allegations are made against this Defendant, or the allegations contradict the C8 Health Project's findings or conclusions, this Defendant denies those allegations.  This Defendant further denies the allegations as they pertain to PFAS as an entire classification of chemicals.

58.     With respect to Paragraph 58, the EPA and IARC's findings and conclusions speak for themselves. To the extent factual allegations are made against this Defendant, or the allegations contradict the EPA's and IARC's findings or conclusions, this Defendant denies those allegations.

59.     With respect to Paragraph 59, the NTP's findings and conclusions speak for themselves. To the extent factual allegations are made against this Defendant, or the allegations contradict the NPT's findings or conclusions, this Defendant denies those allegations.  This Defendant further denies the allegations as they pertain to PFAS as an entire classification of chemicals.

60.     With respect to Paragraph 60, the EPA actions and advisories speak for themselves.  To the extent factual allegations are made against this Defendant, or the allegations contradict the EPA's advisories or findings, this Defendant denies those allegations.

61.     With respect to Paragraph 61, the EPA actions and advisories speak for themselves.  To the extent factual allegations are made against this Defendant, or the

allegations contradict the EPA's advisories or findings, this Defendant denies those allegations.

62.     With respect to Paragraph 62, the EPA action speaks for itself.  To the extent factual allegations are made against this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, thus, denies those allegations.

63.     With respect to Paragraph 63, the ATSDR's findings and conclusions speak for themselves. To the extent factual allegations are made against this Defendant, or the allegations contradict the ATSDR's findings or conclusions, this Defendant denies those allegations.  This Defendant further denies the allegations as they pertain to PFAS as an entire classification of chemicals.

64.     With respect to Paragraph 64, the actions of the ATSDR's findings and conclusions speak for themselves. To the extent the allegations contained in Paragraph 64 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, thus, denies those allegations.

65.     With respect to the allegations in Paragraph 65, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, thus, denies those allegations.

66.     With respect to the allegations in Paragraph 66, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, thus, denies those allegations.

67.     This Defendant objects to the terms "toxicity" and "related chemicals" because they are undefined, vague, and ambiguous. To the extent factual allegations in Paragraph 67 are made against this Defendant, this Defendant denies those allegations.

68.     The allegations contained in Paragraph 68 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 68 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, thus, denies those allegations.

69.     The allegations contained in Paragraph 69 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 69 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, thus, denies those allegations.

70.     The allegations contained in Paragraph 70 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 70 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, thus, denies those allegations.

71.     The allegations contained in Paragraph 71 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 71 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, thus, denies those allegations.

72.     The allegations contained in Paragraph 72 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 72 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, thus, denies those allegations.

73.     The allegations contained in Paragraph 73 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the

allegations contained in Paragraph 73 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, thus, denies those allegations.

74.     The allegations contained in Paragraph 74 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 74 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, thus, denies those allegations.

75.     The allegations contained in Paragraph 75 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 75 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, thus, denies those allegations.

76.     The allegations contained in Paragraph 76 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 76 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 76 and, thus, denies those allegations.

77.    The allegations contained in Paragraph 77 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 77 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, thus, denies those allegations.

78.    The allegations contained in Paragraph 78 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 78 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, thus, denies those allegations.

79.    This Defendant denies the allegations of Paragraph 79 as they pertain to this Defendant.

80.    This Defendant denies the allegations of Paragraph 80 as they pertain to this Defendant.

81.    This Defendant denies the allegations of Paragraph 81 as they pertain to this Defendant.

82.     The allegations contained in Paragraph 82 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 82 are construed as requiring a response from this Defendant, this Defendant denies it has manufactured any chemicals of any kind, including PFAS chemicals, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, thus, denies those allegations.  Further this Defendant objects to the term "toxic" as it is undefined, vague, and ambiguous.

83     This Defendant denies the allegations of Paragraph 83 as they pertain to this Defendant.

84.     The allegations contained in Paragraph 84 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 84 are construed as requiring a response from this Defendant, this Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and therefore denies the same.

85.     The allegations contained in Paragraph 85 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 85 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 85 and, thus, denies those allegations.

86.     The allegations contained in Paragraph 86 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 86 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, thus, denies those allegations.

87.     This Defendant denies the allegations of Paragraph 87 as they pertain to this Defendant.

88.     This Defendant denies the allegations of Paragraph 88 as they pertain to this Defendant.

89.     The allegations contained in Paragraph 89 are not directed at this Defendant, and thus no response from this Defendant is required.  To the extent the allegations contained in Paragraph 89 are construed as requiring a response from this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, thus, denies those allegations.

90.     With respect to the allegations in Paragraph 90, the actions of the EPA, UGA, and EPD speak for themselves. To the extent a response is required to

Paragraph 90, this Defendant denies those allegations and denies that any testing or monitoring of this Defendant's facilities was accurate or valid.

91.   With respect to the allegations in Paragraph 91, the actions and reporting of UGA referenced in Paragraph 91 speak for themselves.  To the extent the allegations contained in Paragraph 91 are construed as requiring a response from this Defendant this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, thus, denies those allegations.

92.   With respect to the allegations in Paragraph 92, the actions and any reports of the United Steelworkers Union speak for themselves. To the extent the allegations contained in Paragraph 92 are construed as requiring a response from this Defendant this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, thus, denies those allegations.

93.   With respect to the allegations in Paragraph 93, the actions and any reports of Dalton Utilities speak for themselves.  To the extent a response is required to Paragraph 93, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and therefore denies the same.

94.     With respect to Paragraph 94, the EPA's actions and any reports speak for themselves.  To the extent factual allegations are made against this Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, thus, denies those allegations.

95.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, thus, denies those allegations

96.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and therefore denies those allegations.

97.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and therefore denies those allegations.

98.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and therefore denies those allegations.

99.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and therefore denies those allegations.

100.   This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and therefore denies those allegations.

101.   This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, thus, denies those allegations.

102.   This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and therefore denies those allegations.

103.   This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, thus, denies those allegations.

104.   This Defendant objects to the use of "contamination" as it is undefined, vague and ambiguous.  This Defendant further denies the allegations of Paragraph 104 of the Complaint.

**COUNT ONE:**
**DISCHARGE OF POLLUTANTS TO SURFACE WATERS**
**WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN**
**WATER ACT**
**(Defendant Dalton Utilities)**

105.   With respect to Paragraph 105, this Defendant restates and incorporates its responses to Paragraphs 1 through 104 with the same force and effect as if repeated at length herein.

106.   With respect to Paragraph 106, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 106 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 106 are denied.

107.   With respect to Paragraph 107, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 107 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 107 are denied.

108.   With respect to Paragraph 108, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 108 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 108 are denied.

109.   With respect to Paragraph 109, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 109 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 109 are denied.

110.   With respect to Paragraph 110, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 110 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 110 are denied.

111.   With respect to Paragraph 111, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 111 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 111 are denied.

112.   With respect to Paragraph 112, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 112 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 112 are denied.

113.   With respect to Paragraph 113, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 113 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 113 are denied.

114.   With respect to Paragraph 114, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 114 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 114 are denied.

115.   With respect to Paragraph 115, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 115 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 115 are denied.

116.   With respect to Paragraph 116, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 116 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 116 are denied.

117.   With respect to Paragraph 117, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 117 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 117 are denied.

118.   With respect to Paragraph 118, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 118 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 118 are denied.

119.   With respect to Paragraph 119, Count One of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 119 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 119 are denied.

## COUNT TWO:
## INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT
### (Defendant Dalton/Whitfield Regional Solid Waste Authority)

120.   With respect to Paragraph 120, this Defendant restates and incorporates its responses to Paragraphs 1 through 119 with the same force and effect as if repeated at length herein.

121.   With respect to Paragraph 121, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required.  To the extent Paragraph 121 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 121 are denied.

122.   With respect to Paragraph 122, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 122 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 122 are denied.

123.   With respect to Paragraph 123, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 123 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 123 are denied.

124.   With respect to Paragraph 124, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the

extent Paragraph 124 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 124 are denied.

125.   With respect to Paragraph 125, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 125 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 125 are denied.

126.   With respect to Paragraph 126, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 126 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 126 are denied.

127.   With respect to Paragraph 127, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 127 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 127 are denied.

128.   With respect to Paragraph 128, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 128 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 128 are denied.

129.   With respect to Paragraph 129, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the

extent Paragraph 129 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 129 are denied.

130.   With respect to Paragraph 130, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 130 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 130 are denied.

131.   With respect to Paragraph 131, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 131 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 131 are denied.

132.   With respect to Paragraph 132, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 132 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 132 are denied.

133.   With respect to Paragraph 133, Count Two of the Third Amended Complaint is not directed at this Defendant and thus no response is required. To the extent Paragraph 133 can be construed as requiring a response from this Defendant, the allegations contained in Paragraph 133 are denied.

## CLASS ALLEGATIONS

134.   With respect to Paragraph 134, this Defendant restates and incorporates its responses to Paragraphs 1 through 130 with the same force and effect as if repeated at length herein.

135.   The allegations contained in Paragraph 135 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 135 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

136.   The allegations contained in Paragraph 136 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 136 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

137.   The allegations contained in Paragraph 137 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 137 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

138.   The allegations contained in Paragraph 138, and each and every subparagraph thereunder, consist of conclusions of law which do not require a response from this Defendant.  To the extent the allegations contained in Paragraph

138, and each and every subparagraph thereunder, are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

139.   The allegations contained in Paragraph 139 consist of conclusions of law which do not require a response from this Defendant.   To the extent the allegations contained in Paragraph 139 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

## Numerosity

140.   The allegations contained in Paragraph 140 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 140 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

141.   The allegations contained in Paragraph 141 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 141 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

## Typicality

142.   The allegations contained in Paragraph 142 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 142 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

## **Adequate Representation**

143.   The allegations contained in Paragraph 143 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 143 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

144.   This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 144 and therefore denies those allegations.

## **Predominance of Common Questions of Law or Fact**

145.   The allegations contained in Paragraph 145, and each and every subparagraph thereunder, consist of conclusions of law which do not require a response from this Defendant.  To the extent the allegations contained in Paragraph 145, and each and every subparagraph thereunder, are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

146.   The allegations contained in Paragraph 146 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 146 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

**<u>Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief</u>**

147.   The allegations contained in Paragraph 147 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 147 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

148.   The allegations contained in Paragraph 148 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 148 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

**<u>Superiority</u>**

149.   The allegations contained in Paragraph 149 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 149 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

150.   The allegations contained in Paragraph 150 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 150 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

## COUNT THREE:
## WILLFULL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities)

151.   With respect to Paragraph 151, this Defendant restates and incorporates its responses to Paragraphs 1 through 150 with the same force and effect as if repeated at length herein.

152.   This Defendant objects to the term "toxic" because it is undefined, vague, and ambiguous. The allegations contained in Paragraph 152 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 152 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

153.   This Defendant objects to the term "contaminate" because it is undefined, vague, and ambiguous. This Defendant denies the allegations contained in Paragraph 153.

154.   This Defendant denies the allegations contained in Paragraph 154.

155.   This Defendant objects to the term "toxic" because it is undefined, vague, and ambiguous.   This Defendant denies the allegations contained in Paragraph 155.

156.   This Defendant denies the allegations contained in Paragraph 156.

## COUNT FOUR:
## NEGLIGENCE PER SE
### (All Defendants Except Dalton Utilities, 3M, DuPont, & Chemours)

157.   With respect to Paragraph 157, this Defendant restates and incorporates its responses to Paragraphs 1 through 156 with the same force and effect as if repeated at length herein.

158.   The allegations contained in Paragraph 158 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 158 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

159.   The allegations contained in Paragraph 159 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 159 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

160.   The allegations contained in Paragraph 160 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 160 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

161.   The allegations contained in Paragraph 161 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 161 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

162.   This Defendant denies the allegations contained in Paragraph 162.

## COUNT FIVE:
## Punitive Damages
## (All Defendants Except Dalton Utilities)

163.   With respect to Paragraph 163, this Defendant restates and incorporates its responses to Paragraphs 1 through 162 with the same force and effect as if repeated at length herein.

164.   The allegations contained in Paragraph 164 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 164 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

165.   The allegations contained in Paragraph 165 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 165 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

166.   This Defendant denies the allegations contained in Paragraph 166.

167.   This Defendant denies the allegations contained in Paragraph 167.

168.   This Defendant denies the allegations contained in Paragraph 168.

169.   This Defendant denies the allegations contained in Paragraph 169.

170.   This Defendant denies the allegations contained in Paragraph 170.

171.   This Defendant denies the allegations contained in Paragraph 171.

## COUNT SIX:
## PUBLIC NUISANCE

172.   With respect to Paragraph 172, this Defendant restates and incorporates its responses to Paragraphs 1 through 171 with the same force and effect as if repeated at length herein.

173.   This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, thus, denies the same.  This Defendant further denies that Plaintiff is entitled to any damages or relief from this Defendant and demands strict proof of those damages claimed therein.

174.   The allegations contained in Paragraph 174 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 174 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations. This Defendant further denies that Plaintiff is entitled to any damages or relief from this Defendant and demands strict proof of those damages claimed therein.

175.   This Defendant objects to the term "toxic" because it is undefined, vague, and ambiguous. Paragraph 175 does not contain factual allegations directed to this Defendant, and thus no response is required.  To the extent Paragraph 175 can be construed as being directing at this Defendant, this Defendant states the allegations contained in Paragraph 175 consist of conclusions of law and this

Defendant denies those allegations.  This Defendant further denies that Plaintiff is entitled to any damages or relief from this Defendant and demands strict proof of those damages claimed therein.

176.   This Defendant objects to the term "contamination" because it is undefined, vague, and ambiguous. The allegations contained in Paragraph 176 consist of conclusions of law which do not require a response from this Defendant. To the extent the allegations contained in Paragraph 176 are interpreted as requiring a response from this Defendant, this Defendant denies those allegations.

177.   This Defendant denies the allegations contained in Paragraph 177.

178.   This Defendant denies the allegations contained in Paragraph 178.

179.   This Defendant denies the allegations contained in Paragraph 179.

180.   This Defendant denies the allegations contained in Paragraph 180.

181.   This Defendant denies the allegations contained in Paragraph 181.

182.   This Defendant denies the allegations contained in Paragraph 182.

## COUNT SEVEN:
## CLAIMS FOR ABATEMENT
## AND INJUNCTION OF PUBLIC NUISANCE

183.   With respect to Paragraph 183, this Defendant restates and incorporates its responses to Paragraphs 1 through 182 with the same force and effect as if repeated at length herein.

184.   Paragraph 184 is a narrative setting forth legal conclusions to which no response is required.  To the extent Paragraph 184 is interpreted to contain factual allegations requiring response, this Defendant denies those allegations. This Defendant further denies that Plaintiff is entitled to any damages or relief from this Defendant and demands strict proof of those damages claimed therein.

185.   This Defendant denies the allegations contained in Paragraph 185 and denies that Plaintiff is entitled to the relief sought.

186.   This Defendant denies the allegations contained in Paragraph 186 and denies that Plaintiff is entitled to the relief sought.

187.   This Defendant denies the allegations contained in Paragraph 187 and denies that Plaintiff is entitled to the relief sought.

188.   This Defendant denies the allegations contained in Paragraph 188 and denies that Plaintiff is entitled to the relief sought.

In response to the unnumbered paragraph beginning "WHEREFORE," and each and every subparagraph thereunder, this Defendant denies that Plaintiff is entitled to any relief and demands strict proof of the damages claimed therein.  This Defendant further respectfully requests that the Court dismiss all claims against it with prejudice, enter judgment in favor of this Defendant, tax costs against Plaintiff, award this Defendant its reasonable attorneys' fees and expenses, deny Plaintiff its

request for injunctive relief and class certification, and award this Defendant such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

This Defendant asserts the following defenses and affirmative defenses without assuming the burden for such defenses that would otherwise rest with the Plaintiff and the putative class members (collectively, "Plaintiff"):

### First Affirmative Defense

The Third Amended Complaint (the "Complaint") and each count therein fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any alleged trespass or alleged interference with Plaintiff's property was *de minimis* and therefore not compensable or actionable, and Plaintiff is not entitled to any relief or recovery from this Defendant.

### Third Affirmative Defense

Plaintiff has, or may have, failed to join necessary, indispensable, and proper parties needed for a just adjudication of Plaintiff's claims.

### Fourth Affirmative Defense

Plaintiff's claims are, or may be, barred by the applicable statutes of limitations and statutes of repose, or alternatively, by the doctrine of laches.

## Fifth Affirmative Defense

Venue is not proper in this Court as to this Defendant.

## Sixth Affirmative Defense

Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of this Defendant.

## Seventh Affirmative Defense

Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## Eighth Affirmative Defense

Plaintiff's claims are barred in whole or part because the conduct of this Defendant was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the art knowledge, that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to Plaintiff without substantially impairing the usefulness or intended purpose of the product, and the activities of this Defendant were in accordance with such standards and were reasonable as a matter of law.  This Defendant at all times acted reasonably, in good faith, and with the skill, prudence and diligence of others in the industry at the time.

40

### Ninth Affirmative Defense

This Defendant asserts that Plaintiff has not suffered any recoverable damages attributable to this Defendant and demands strict proof of the damages alleged herein.

### Tenth Affirmative Defense

Plaintiff's claims are, or may be, barred because of its failure to properly mitigate damages.

### Eleventh Affirmative Defense

This Defendant did not breach any legal duty owed to Plaintiff.

### Twelfth Affirmative Defense

Plaintiff's claims are, or may be, barred by collateral estoppel, res judicata, judicial estoppel, and/or prior pending actions.

### Thirteenth Affirmative Defense

Plaintiff's claims are, or may be, barred by estoppel or waiver.

### Fourteenth Affirmative Defense

Plaintiff's claims are, or may be, barred by reason of the doctrines of unclean hands or *in pari delicto* or both.

### Fifteenth Affirmative Defense

Any injuries or damages alleged to have been sustained by the Plaintiff were, or may have been, proximately caused or contributed to by the free and voluntary assumption of the risk by Plaintiff.

### Sixteenth Affirmative Defense

Plaintiff's claims are, or may be, barred to the extent that they have been resolved, settled and/or released.

### Seventeenth Affirmative Defense

To the extent that Plaintiff has received payment from any alleged joint tortfeasor in satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged tortfeasors, the Plaintiff's Complaint and each and every count and cause of action alleged therein is barred by the defense of payment and accord and satisfaction.

### Eighteenth Affirmative Defense

If Plaintiff has settled or should hereafter settle for any alleged injuries or damages with any parties to this action or any other action, then this Defendant is entitled to a credit and setoff in the amount of said settlement.

### Nineteenth Affirmative Defense

Plaintiff's claims are, or may be, barred in whole or in part because Plaintiff's property has not been damaged by this Defendant's acts or omissions and/or and

because the Georgia public services doctrine and/or economic loss doctrine applies to bar Plaintiff's claims.

**Twentieth Affirmative Defense**

Plaintiff's claims are, or may be, barred for failure to properly, clearly and adequately plead the claims against this Defendant pursuant to FED. R. CIV. P. Nos. 8 and 9.

**Twenty-First Affirmative Defense**

Plaintiff's claims are, or may be, barred by contributory negligence and/or comparative negligence.

**Twenty-Second Affirmative Defense**

Plaintiff's claims are, or may be, barred by lack standing to bring this action or one or more of the claims asserted against this Defendant and this Court lacks personal jurisdiction over this Defendant.

**Twenty-Third Affirmative Defense**

The Complaint and each purported cause of action therein are barred because the utility of the conduct of which Plaintiff complain outweighs any alleged harm to Plaintiff.

**Twenty-Fourth Affirmative Defense**

Plaintiff's state law claims are, or may be, barred or preempted by applicable federal or state law and regulations.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are, or may be, barred in whole or part, as Plaintiff's claimed damages were not the result of or caused by any act or omission of this Defendant, but instead were caused by reasons that were unknown and not reasonably foreseeable to this Defendant.

### Twenty-Sixth Affirmative Defense

If it is shown that Plaintiff or its property was exposed to any product, by-product, or material generated or used by this Defendant, which is expressly denied, said exposure was so minimal and not on a regular basis over some extended period of time as to be insufficient to establish a reasonable degree of probability that this substantially factored in or was the proximate cause of any alleged damages or injuries.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims based on nuisance theories are, or may be, barred or limited under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims for nuisance are barred, or may be barred, because Plaintiff cannot show the requisite injury, inconvenience or damage, because this Defendant has conducted itself at all times in a lawful and proper manner, because this

Defendant had no control over the instrumentality of the alleged nuisance, and/or because this Defendant has ceased the alleged conduct complained of by Plaintiff.

### Twenty-Ninth Affirmative Defense

Plaintiff has not and will not suffer irreparable injury without the issuance of an injunction and cannot demonstrate Plaintiff has suffered special harm.

### Thirtieth Affirmative Defense

The potential harm faced by Plaintiff if injunctive relief is not granted does not outweigh the harm that will occur to this Defendant if an injunction is issued.

### Thirty-First Affirmative Defense

Issuance of an injunction will not serve the public interest.

### Thirty-Second Affirmative Defense

Plaintiff is not entitled to any recovery for trespass or nuisance for its alleged injuries because such alleged acts of trespass and nuisance were not committed under circumstances of insult or contumely.

### Thirty-Third Affirmative Defense

1.     Any assessment of punitive damages in this action is unconstitutional as to this Defendant and as applied to the facts and circumstances in this case in that:

a.     It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

b.      It operates to deny to this Defendant a fair opportunity to have the jury assess damages based on this Defendant's alleged culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

c.      In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives this Defendant of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law;

d.      In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives this Defendant of property without due process of law contrary to any applicable constitutional provision which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

2.      An award of punitive damages in this case against this Defendant would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection

provisions of both the Fourteenth Amendment to the United States Constitution and the Constitution of Georgia, and any other applicable constitutional provisions.

3.      Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling this Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

4.      Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while this Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

5.      Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

6.      Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

7.      Any demand for punitive damages is unconstitutional under any applicable constitutional provision which provides in substance that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

8.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Georgia, or any other applicable constitution, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff which is less than the "reasonable doubt" standard applicable in a criminal case.

9.      Punitive damage awards are not governed by any specific standards, are not based upon rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, or any other applicable constitutional provision.

10.    The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and the Constitution of the State of Georgia, or any other applicable constitutional provision.

11.     Punitive damages are penal in nature, yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth, and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

12.     The Complaint fails to state a cause of action upon which punitive damages may be awarded.

13.     Plaintiff's claims for punitive damages are barred or limited by the provisions of O.C.G.A § 51-12-1, *et seq.,* or any other applicable statutory provision or legal protections.

14.     This Defendant is entitled to any and all defenses, criteria, standards and constitutional protections enunciated by the United States Supreme Court in *BMW of North America v. Gore, Inc.*, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## Thirty-Fourth Affirmative Defense

Plaintiff's claims are, or may be, barred under the doctrine of primary jurisdiction and the failure of Plaintiff to exhaust all administrative remedies.

## Thirty-Fifth Affirmative Defense

This Defendant denies that it at any time interfered in any way with Plaintiff's use of property, but nevertheless, if such interference is found, it is immaterial and reasonable.

## Thirty-Sixth Affirmative Defense

Plaintiff's claim for attorneys' fees and litigation expenses is barred because this Defendant has not acted in such a way to give rise to any claim for attorneys' fees and litigation expenses.

## Thirty-Seventh Affirmative Defense

This Defendant denies that any of its actions were willful, wanton, malicious or reckless.

## Thirty-Eighth Affirmative Defense

The claims against the multiple defendants are improperly joined and misjoined, and thus the claims should be dismissed or other appropriate relief be afforded with respect to such improper joinder and misjoinder.

## Thirty-Ninth Affirmative Defense

Class treatment should be denied as Plaintiff and the putative class fail to satisfy the elements of Fed. R. Civ. P. 23 and applicable law, including numerosity, commonality, typicality and adequacy, and joinder of all class members is impractical under the circumstances.

### Fortieth Affirmative Defense

Plaintiff's claims fail as improper collateral attacks on properly issued permits.

### Forty-First Affirmative Defense

Plaintiff's claims to the extent asserted under the Georgia Water Quality Control Act or otherwise are barred to the extent the "permit shield" doctrine applies, because this Defendant does not currently discharge industrial wastewater from its Dalton facilities, and because any industrial wastewater was discharged to Dalton Utilities pursuant to lawful permits, and did not cause or permit any spill, discharge, or deposit into the waters of the state.

### Forty-Second Affirmative Defense

This Defendant is timely filing its Answer pursuant to Rule 8, but hereby reserves its position that the claims against it are so vague and ambiguous that the Plaintiff, should the claims not be dismissed for failure to properly plead in any event should be required to restate its claims more definitely.

### Forty-Third Affirmative Defense

This Defendant adopts and incorporates herein by reference any applicable affirmative defenses asserted by any other defendant in this action.

## Forty-Fourth Affirmative Defense

This Defendant reserves the right to amend its answers and affirmative defenses and/or assert any additional defenses or claims as discovery proceeds in this action.

Respectfully submitted,

/s/ Michael Sullivan
Michael Sullivan
Brendan White
*Counsel for Defendant Tarkett USA Inc.*

**OF COUNSEL:**
WOMBLE BOND DICKINSON (US) LLP
271 17th Street N.W., Suite 2400
Atlanta, Georgia 30363-1017
Telephone:  404-879-2479
Facsimile:   404-870-4879
Email:        michael.sullivan@wbd-us.com
                brendan.white@wbd-us.com

John W. Scott*
Christian C. Feldman*
SCOTT DUKES & GEISLER, P.C.
211 Twenty Second Street North
Birmingham, Alabama 35203
Telephone:  205-251-2300
Facsimile:   205-251-6773
Email:        jscott@scottdukeslaw.com
                cfeldman@scottdukeslaw.com

*Admitted pro hac vice

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D, the undersigned counsel certifies that the foregoing filing is prepared in times New Roman 14-point font, as mandated by Local Rule 5.1.C

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing DEFENDANT TARKETT USA INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE THIRD AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT has been electronically filed with the Clerk of Court by using the CM/ECF system which will automatically email all counsel of record.

*/s/ Michael Sullivan*
Of Counsel

109271-2