**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of persons similarly situated, | ) ) ) ) | Civil Action No. 4:20-cv-0008-AT |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| 3M COMPANY; ALADDIN MANUFACTURING CORPORATION; AMERICHEM, INC.; ARROWSTAR, LLC; CHEM-TECH FINISHERS, INC.; COLOR EXPRESS, INC.; COLUMBIA RECYCLING CORP.; CYCLE TEX, INC.; DAIKIN AMERICA, INC.; THE CITY OF DALTON, GEORGIA, acting through its BOARD OF WATER, LIGHT AND SINKING FUND COMMISSIONERS, d/b/a DALTON UTILITIES; DALTON/WHITFIELD REGIONAL SOLID WASTE AUTHORITY; DYSTAR, LP; E.I. DU PONT DE NEMOURS AND COMPANY; ENGINEERED FLOORS, LLC; FIBRO CHEM, LLC; GREEN VULTURE, LLC; IMACC CORPORATION; INV PERFORMANCE SURFACES, LLC; J&S RUG COMPANY, INC. D/B/A LOG CABIN COMPANY; JB NSD, INC.; MFG CHEMICAL, LLC; MILLIKEN & COMPANY; MOHAWK CARPET, LLC; MOHAWK INDUSTRIES, INC.; ORIENTAL WEAVERS, USA, INC.; POLYVENTIVE, LLC; SECOA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER TO THIRD AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT** |

TECHNOLOGY, LLC; SHAW          )
INDUSTRIES, INC.; SHAW          )
INDUSTRIES GROUP, INC.;          )
TARKETT USA, INC.; THE          )
CHEMOURS COMPANY; and THE          )
DIXIE GROUP, INC.,          )
          )
                    *Defendants*.          )

Defendant DyStar LP ("DyStar"), by its undersigned attorneys, answers

Plaintiff's Third Amended Complaint ("Complaint") as follows:

## FIRST DEFENSE

The Complaint, and each cause of action or count alleged therein, fails to

state facts sufficient to constitute a claim upon which relief may be granted against

DyStar.

## SECOND DEFENSE
(Specifically responding to the allegations in the Complaint)

The introduction in the Complaint, including the footnote, does not

contain allegations and therefore no response is required.  To the extent a

response is deemed to be required, any allegations, including any allegations in

the footnote, are denied.

## STATEMENT OF THE CASE

1.     Answering the allegations of Paragraph 1 of the Complaint, DyStar

admits that Plaintiff asserts claims concerning, among other matters, alleged water

contamination.  Allegations contained in Paragraph 1 of the Complaint constitute

legal conclusions to which no response is required.  To the extent a response is

deemed to be required, those allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

2.       Answering the allegations of Paragraph 2 of the Complaint, DyStar admits that Plaintiff asserts class claims concerning, among other matters, alleged nuisance.  Allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, those allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

3.       Answering the allegations of Paragraph 3 of the Complaint, DyStar admits on information and belief that the Rome Water and Sewer Division ("RWSD") or the Floyd County Water Department ("FCWD"), provides domestic water service in Rome, Georgia.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore such allegations are denied.

4.       Answering the allegations of Paragraph 4 of the Complaint, DyStar admits that it owns a former manufacturing plant located at 2474 Abutment Road in Dalton, Georgia that supplied non-PFC related materials to the carpet industry. Except as expressly admitted, all remaining allegations are denied.

5.       DyStar denies the allegations contained in Paragraph 5 of the Complaint to the extent they relate to DyStar. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations

contained in Paragraph 5 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 6 of the Complaint and therefore such allegations are denied.

## JURISDICTION AND VENUE

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 7 of the Complaint and therefore such allegations are denied.

8.      The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 8 of the Complaint and therefore such allegations are denied.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is

deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 9 of the Complaint and therefore such allegations are denied.

10.     The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 10 of the Complaint and therefore such allegations are denied.

11.     The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 11 of the Complaint and therefore such allegations are denied.

12.     The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 12 of the Complaint and therefore such allegations are denied.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a

belief regarding the truth of the allegations contained in Paragraph 13 of the Complaint and therefore such allegations are denied.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14 of the Complaint and therefore such allegations are denied.

## PARTIES

15.     DyStar denies all allegations contained in Paragraph 15 of the Complaint to the extent they relate to DyStar. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint to the extent they relate to Plaintiff or other Defendants, or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore such allegations are denied.

17.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore such allegations are denied.

18.     Paragraph 18 pertains only to Defendant 3M Company ("3M"), and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 18 and therefore denies the same.

19.     Paragraph 19 pertains only to Defendant Aladdin Manufacturing Corporation ("Aladdin"), and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 19 and therefore denies the same.

20.     Paragraph 20 pertains only to Defendant Americhem, Inc. ("Americhem") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 20 and therefore denies the same.

21.     Paragraph 21 pertains only to Defendant ArrowStar, LLC ("ArrowStar") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22.     Paragraph 22 pertains only to Defendant Chem-Tech Finishers, Inc. ("Chem-Tech") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 22 and therefore denies the same.

23.     Paragraph 23 pertains only to Defendant Color Express, Inc. ("Color Express") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 23 and therefore denies the same.

24.     Paragraph 24 pertains only to Defendant Columbia Recycling Corp. ("Columbia Recycling") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 24 and therefore denies the same.

25.     Paragraph 25 pertains only to Defendant Cycle Tex, Inc. ("Cycle Tex") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 25 and therefore denies the same.

26.    Paragraph 26 pertains only to Defendant Daikin America, Inc. ("Daikin") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 26 and therefore denies the same.

27.    Paragraph 27 pertains only to Defendant The City of Dalton, Georgia, acting through its Board of Water, Light and Sinking Fund Commissioners, d/b/a Dalton Utilities ("Dalton Utilities") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 27 and therefore denies the same.

28.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore such allegations are denied.

29.    Paragraph 29 pertains only to Defendant Dalton/Whitfield Regional Solid Waste Authority ("DWSWA") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 29 and therefore denies the same.

30.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore such allegations are denied.

31.     DyStar admits that it is a limited partnership authorized to do business in the State of Georgia.  DyStar further admits that it conducts business in Georgia.  DyStar further admits that it owns a business located at 2474 Abutment Road, Dalton, Georgia.  DyStar further admits that it maintains a permit for industrial wastewater discharges and at one time discharged industrial wastewater to the Dalton Utilities wastewater treatment plant.  DyStar denies that it has discharged industrial wastewater containing per- and polyfluoroalkyl substances ("PFAS") to the Dalton wastewater treatment plant.  DyStar denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Paragraph 32 pertains only to Defendant E.I. du Pont de Nemours and Company ("Dupont") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 32 and therefore denies the same.

33.     Paragraph 33 pertains only to Defendant Engineered Floors, LLC ("Engineered Floors") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 33 and therefore denies the same.

34.    Paragraph 34 pertains only to Defendant Fibro Chem, LLC ("Fibro Chem") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 34 and therefore denies the same.

35.    Paragraph 35 pertains only to Defendant Green Vulture, LLC ("Green Vulture")  and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 35 and therefore denies the same.

36.    Paragraph 36 pertains only to Defendant IMACC Corporation ("IMACC") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 36 and therefore denies the same.

37.    Paragraph 37 pertains only to Defendant INV Performance Surfaces, LLC ("INVISTA") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 37 and therefore denies the same.

38.    Paragraph 38 pertains only to Defendant JB NSD, Inc. ("JBNSD") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 38 and therefore denies the same.

39.    Paragraph 39 pertains only to Defendant J&S Rug Company, Inc. d/b/a Log Cabin Company ("Log Cabin" or "J&S") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 39 and therefore denies the same.

40.    Paragraph 40 pertains only to Defendant MFG Chemical, LLC ("MFG") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 40 and therefore denies the same.

41.    Paragraph 41 pertains only to Defendant Milliken & Company ("Milliken") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 41 and therefore denies the same.

42.     Paragraph 42 pertains only to Defendant Mohawk Carpet, LLC ("Mohawk Carpet") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 42 and therefore denies the same.

43.     Paragraph 43 pertains only to Defendant Mohawk Industries, Inc. ("Mohawk Industries") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 43 and therefore denies the same.

44.     Paragraph 44 pertains only to Defendant Oriental Weavers U.S.A., Inc. ("Oriental") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 44 and therefore denies the same.

45.     Paragraph 45 pertains only to Defendant Polyventive LLC ("Polyventive") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 45 and therefore denies the same.

46.    Paragraph 46 pertains only to Defendant Secoa Technology, LLC ("Secoa") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 46 and therefore denies the same.

47.    Paragraph 47 pertains only to Defendant Shaw Industries, Inc. is a domestic corporation and a wholly-owned subsidiary of Shaw Industries Group, Inc. (collectively, "Shaw Industries") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 47 and therefore denies the same.

48.    Paragraph 48 pertains only to Defendant Tarkett USA, Inc. ("Tarkett USA") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 48 and therefore denies the same.

49.    Paragraph 49 pertains only to Defendant The Chemours Company ("Chemours") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 49 and therefore denies the same.

50.     Paragraph 50 pertains only to Defendant The Dixie Group, Inc. ("Dixie") and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 50 and therefore denies the same.

## FACTUAL ALLEGATIONS

**Background and Hazards of PFAS**

51.     DyStar admits on information and belief that certain substances that have been described as "PFAS" have been used in the manufacture of carpet and associated processes.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 51, and therefore denies the same. Except as expressly admitted, all remaining allegations are denied.

52.     DyStar admits on information and belief that PFAS are man-made chemicals that do not exist naturally in the environment.   DyStar denies the remaining allegations contained in Paragraph 52 of the Complaint, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and that may require expert analysis and testimony. Except as expressly admitted, all remaining allegations are denied.

53.     DyStar admits on information and belief that certain substances that have been described as "PFAS" have been used in industrial and consumer products. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 53, and therefore denies the same. Except as expressly admitted, all remaining allegations are denied.

54.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore such allegations are denied.

55.     DyStar denies the allegations contained in Paragraph 55 of the Complaint, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and that may require expert analysis and testimony.

56.     DyStar admits on information and belief that the C8 Health Project conducted research related to PFAS exposure.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 56 of the Complaint related to what unspecified research may or may not show, and therefore the remaining allegations contained in Paragraph 56 of the Complaint are denied.

57.     DyStar admits on information and belief that the C8 Science Panel conducted research related to PFAS exposure.  DyStar lacks knowledge or

information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 57 of the Complaint related to what unspecified research may or may not show, and therefore the remaining allegations contained in Paragraph 57 of the Complaint are denied.

58.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 58 of the Complaint, and therefore the allegations contained in Paragraph 58 of the Complaint are denied.

59.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 59 of the Complaint, and therefore the allegations contained in Paragraph 59 of the Complaint are denied.

60.     DyStar admits that Plaintiff references a publication reportedly issued by the Environmental Protection Agency ("EPA") and refers Plaintiff to the EPA publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 60 are denied.

61.     DyStar admits that Plaintiff references a publication issued by EPA and refers Plaintiff to the EPA publication for its contents.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the

underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 61 are denied.

62.    DyStar admits that Plaintiff references a publication issued by EPA and refers Plaintiff to the EPA publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 62 are denied.

63.    DyStar admits that Plaintiff references a publication issued by the Agency for Toxic Substances and Disease Registry ("ATSDR") and refers Plaintiff to the ATSDR publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 63 are denied.

64.    DyStar admits that Plaintiff references a publication issued by the ATSDR and refers Plaintiff to the ATSDR publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 64 are denied.

65.    DyStar admits that Plaintiff references actions related to PFAS allegedly taken by individual states and refers Plaintiff to those states for those alleged actions.  DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 65 are denied.

66.     DyStar admits that Plaintiff references the published National Defense Authorization Act for Fiscal Year 2020 and refers Plaintiff to that publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 66 are denied.

**Defendants' Alleged Knowledge of Toxicity and Persistence of PFAS**

67.     DyStar denies all allegations contained in Paragraph 67 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 67 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 pertains only to manufacturers of PFAS and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 68 and therefore denies the same.

69.     Paragraph 69 pertains only to Defendant 3M, and therefore no response from DyStar is required.  To the extent a response is deemed to be

required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 69 and therefore denies the same.

70.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore such allegations are denied.

71.    Paragraph 71 pertains only to Defendant 3M, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 71 and therefore denies the same.

72.    Paragraph 72 pertains only to Defendant 3M, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 72 and therefore denies the same.

73.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore such allegations are denied.

74.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore such allegations are denied.

75.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore such allegations are denied.

76.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore such allegations are denied.

77.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore such allegations are denied.

78.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore such allegations are denied.

79.    DyStar denies all allegations contained in Paragraph 79 of the Complaint to the extent they relate to DyStar.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 79 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 79 of the Complaint.

80.     DyStar denies all allegations contained in Paragraph 80 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 80 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 80 of the Complaint.

81.     DyStar denies all allegations contained in Paragraph 81 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 81 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 81 of the Complaint.

82.     DyStar admits on information and belief that EPA has taken certain actions over time to limit the manufacture of PFOA, PFOS, and related chemicals. DyStar denies the remaining allegations contained in Paragraph 82 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 82 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 82 of the Complaint.

**Alleged Contamination of Upper Coosa River Basin with PFAS**

83.     DyStar admits that it maintains a permit for industrial wastewater discharges and at one time discharged industrial wastewater to the Dalton Utilities wastewater treatment plant.   Except as expressly admitted, all remaining allegations are denied.

84.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore such allegations are denied.

85.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore such allegations are denied.

86.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 86 of the Complaint, and therefore such allegations are denied.

87.     DyStar denies all allegations contained in Paragraph 87 of the Complaint to the extent they relate to DyStar.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 87 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 87 of the Complaint.

88.    DyStar denies all allegations contained in Paragraph 88 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 88 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 88 of the Complaint.

89.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore such allegations are denied.

90.    DyStar denies all allegations contained in Paragraph 90 of the Complaint to the extent they relate to DyStar. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 90 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 90 of the Complaint.

91.    DyStar admits, upon information and belief, that the University of Georgia ("UGA") completed water sampling for PFAS in the Conasauga River and refers Plaintiff to the sampling results for their contents. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 91 of the Complaint, and therefore such allegations are denied.

92.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 92 of the Complaint, and therefore such allegations are denied.

93.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 93 of the Complaint, and therefore such allegations are denied.

94.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 94 of the Complaint, and therefore such allegations are denied.

95.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 95 of the Complaint, and therefore such allegations are denied.

96.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 96 of the Complaint, and therefore such allegations are denied.

**Alleged PFAS Contamination of Rome Water Supply**

97.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 97 of the Complaint, and therefore such allegations are denied.

98.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 98 of the Complaint, and therefore such allegations are denied.

99.    DyStar admits on information and belief that EPA set new Health Advisories for PFOA and PFOS in May 2016.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 99 of the Complaint, and therefore such allegations are denied.

100.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 100 of the Complaint, and therefore such allegations are denied.

101.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 101 of the Complaint, and therefore such allegations are denied.

102.   DyStar admits on information and belief that the Rome City Council enacted a resolution related to alleged PFAS contamination of the Oostanaula River.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 102 of the Complaint, and therefore such allegations are denied.

103.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 103 of the Complaint, and therefore such allegations are denied.

104.   The allegations of Paragraph 104 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies all allegations contained in Paragraph 104 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 104 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 104 of the Complaint.

## COUNT ONE:
## DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

105.   DyStar fully incorporates herein its responses to Paragraphs 1 through 104 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

106.   Paragraph 106 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 106 and therefore denies the same.

107.   Paragraph 107 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 107 and therefore denies the same.

108.   Paragraph 108 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 108 and therefore denies the same.

109.   Paragraph 109 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 109 and therefore denies the same.

110.   Paragraph 110 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 110 and therefore denies the same.

111. Paragraph 111 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 111 and therefore denies the same.

112. Paragraph 112 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 112 and therefore denies the same.

113. Paragraph 113 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 113 and therefore denies the same.

114. Paragraph 114 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 114 and therefore denies the same.

115.   Paragraph 115 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 115 and therefore denies the same.

116.   Paragraph 116 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 116 and therefore denies the same.

117.   Paragraph 117 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 117 and therefore denies the same.

118.   Paragraph 118 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 118 and therefore denies the same.

119.  Paragraph 119 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 119 and therefore denies the same.

**COUNT TWO:**
**INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT**
**(Defendant Dalton/Whitfield Regional Solid Waste Authority)**

120.  DyStar fully incorporates herein its responses to Paragraphs 1 through 119 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

121.  Paragraph 121 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 121 and therefore denies the same.

122.  Paragraph 122 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.  To the extent a response is deemed to be

required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 122 and therefore denies the same.

123.   Paragraph 123 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 123 and therefore denies the same.

124.   Paragraph 124 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 124 and therefore denies the same.

125.   Paragraph 125 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 125 and therefore denies the same.

126.   Paragraph 126 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 126 and therefore denies the same.

127.   Paragraph 127 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 127 and therefore denies the same.

128.   Paragraph 128 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 128 and therefore denies the same.

129.   Paragraph 129 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 129 and therefore denies the same.

130.   Paragraph 130 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 130 and therefore denies the same.

131. Paragraph 131 pertains only to Defendant DWSWA, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 131 and therefore denies the same.

132. Paragraph 132 pertains only to Defendant DWSWA, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 132 and therefore denies the same.

133. Paragraph 133 pertains only to Defendant DWSWA, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 133 and therefore denies the same.

## <u>CLASS ALLEGATIONS</u>

134. DyStar fully incorporates herein its responses to Paragraphs 1 through 133 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

135.   The allegations of Paragraph 135 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar admits that plaintiff and putative class members purport to bring this lawsuit as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3). DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, the allegations of Paragraph 135 are denied.

136.   The allegations of Paragraph 136 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar admits that Plaintiff purports to bring this lawsuit on behalf of the individuals described.  DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, the allegations of Paragraph 136 are denied.

137.   The allegations of Paragraph 137 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar admits that Plaintiff purports to bring this lawsuit on behalf of the individuals described.  DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, the allegations of Paragraph 137 are denied.

**All water subscribers (ratepayers) with the Rome Water and Sewer Division and/or the Floyd County Water Department.**

138.   The allegations of Paragraph 138 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar admits that Plaintiff purports to bring this lawsuit on behalf of the individuals described.  DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, the allegations of Paragraph 138 are denied.

(a)   The allegations of Paragraph 138(a) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 138(a).

(b)   The allegations of Paragraph 138(b) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 138(b).

(c)   The allegations of Paragraph 138(c) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 138(c).

(d)   The allegations of Paragraph 138(d) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 138(d).

(e)     The allegations of Paragraph 138(e) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 138(e).

139.   The allegations of Paragraph 139 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23 and reserves its right to object to any attempt by plaintiff "to amend the class definition."

## Numerosity

140.   The allegations of Paragraph 140 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 140 of the Complaint.

141.   The allegations of Paragraph 141 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 141 of the Complaint.

## Typicality

142.   The allegations of Paragraph 142 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be

required, DyStar denies all allegations contained in Paragraph 142 of the Complaint.

## Adequate Representation

143.   The allegations of Paragraph 143 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 143 of the Complaint.

144.   The allegations of Paragraph 144 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 144 of the Complaint.

## Predominance of Common Questions of Law and Fact

145.   The allegations of Paragraph 145, including subparagraphs (a) through (k), constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 145, including subparagraphs (a) through (k) of the Complaint.

146.   The allegations of Paragraph 146 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 146 of the Complaint.

**Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief**

147.   The allegations of Paragraph 147 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 147 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 147 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 147.

148.   The allegations of Paragraph 148 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 148 of the Complaint.

**Superiority**

149.   The allegations of Paragraph 149 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 149 of the Complaint.

150.   The allegations of Paragraph 150 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be

required, DyStar denies all allegations contained in Paragraph 150 of the Complaint.

## COUNT THREE:
## WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities)

151.   DyStar fully incorporates herein its responses to Paragraphs 1 through 150 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

152.   The allegations of Paragraph 152 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 152 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 152 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 152.

153.   The allegations of Paragraph 153 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 153 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 153 to the

extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 153.

154.   The allegations of Paragraph 154 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 154 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 154 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 154.

155.   The allegations of Paragraph 155 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 155 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 155 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 155.

156.   The allegations of Paragraph 156 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 156 of the

Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 156 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 156.

**COUNT FOUR:**
**NEGLIGENCE PER SE**
**(All Defendants Except Dalton Utilities, 3M, DuPont, & Chemours)**

157.   DyStar fully incorporates herein its responses to Paragraphs 1 through 156 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

158.   The allegations of Paragraph 158 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 158 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 158 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 158.

159.   The allegations of Paragraph 159 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 159 of the

Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 159 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 159.

160.  The allegations of Paragraph 160 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 160 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 160 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 160.

161.  The allegations of Paragraph 161 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 161 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 161 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 161.

162.   The allegations of Paragraph 162 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 162 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 162 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 162.

## COUNT FIVE:
## PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

163.   DyStar fully incorporates herein its responses to Paragraphs 1 through 162 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

164.   The allegations of Paragraph 164 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 164 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 164 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 164.

165.   The allegations of Paragraph 165 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 165 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 165 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 165.

166.   The allegations of Paragraph 166 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 166 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 166 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 166.

167.   DyStar denies all allegations contained in Paragraph 167 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 167 to the

extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 167.

168.  DyStar denies all allegations contained in Paragraph 168 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 168 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 168.

169.  DyStar denies all allegations contained in Paragraph 169 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 169 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 169.

170.  The allegations of Paragraph 170 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 170 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 170 to the

extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 170.

171.   The allegations of Paragraph 171 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 171 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 171 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 171.

## COUNT SIX:
## PUBLIC NUISANCE

172.   DyStar fully incorporates herein its responses to Paragraphs 1 through 171 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

173.   The allegations of Paragraph 173 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 173 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 173 to the

extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 173.

174. The allegations of Paragraph 174 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 174 of the Complaint to the extent they relate to DyStar. To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 174 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 174.

175. The allegations of Paragraph 175 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 175 of the Complaint to the extent they relate to DyStar. To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 175 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 175.

176. The allegations of Paragraph 176 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 176 of the

Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 176 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 176.

177.  The allegations of Paragraph 177 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 177 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 177 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 177.

178.  The allegations of Paragraph 178 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 178 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 178 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 178.

179.   The allegations of Paragraph 179 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 179 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 179 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 179.

180.   The allegations of Paragraph 180 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 180 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 180 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 180.

181.   The allegations of Paragraph 181 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 181 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a

belief regarding the truth of the allegations contained in Paragraph 181 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 181.

182.   The allegations of Paragraph 182 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 182 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 182 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 182.

## COUNT SEVEN:
## CLAIMS FOR ABATEMENT
## AND INJUNCTION OF PUBLIC NUISANCE

183.   DyStar fully incorporates herein its responses to Paragraphs 1 through 182 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

184.   The allegations of Paragraph 184 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 184 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a

belief regarding the truth of the allegations contained in Paragraph 184 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 184.

185.   The allegations of Paragraph 185 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 185 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 185 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 185.

186.   The allegations of Paragraph 186 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 186 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 186 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 186.

187.   The allegations of Paragraph 187 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be

required, DyStar denies all allegations contained in Paragraph 187 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 187 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 187.

188.   The allegations of Paragraph 188 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 188 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 188 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 188.

The WHEREFORE paragraph in the Complaint, including subparagraphs (a) through (p), does not contain allegations and therefore no response is required.  To the extent a response is deemed to be required, any allegations, including any allegations in subparagraphs (a) through (p), are denied.

DyStar denies any liability for any injury alleged in the Complaint and denies that Plaintiff and the Proposed Class Members are entitled to the relief or

judgment requested. To the extent any allegation of the Complaint is not addressed directly herein, such allegation is denied.

## ADDITIONAL DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff and putative class members, DyStar further pleads the following additional defenses to all the individual claims alleged in the Complaint. All of the following defenses are pled in the alternative and none of them constitutes an admission that DyStar is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.

## THIRD DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

## FIFTH DEFENSE

Plaintiff's and putative class members' complaint is barred by the doctrines of unclean hands, laches, estoppel, res judicata, ratification, and/or waiver.

## SIXTH DEFENSE

Plaintiff and the putative class members lack standing, in whole or in part, to bring the claims and demands for relief asserted in the Complaint.

## SEVENTH DEFENSE

Any injuries and/or damages alleged by Plaintiff and putative class members were caused or contributed to by the negligence or actual conduct of other persons, firms, corporations, or entities over whom DyStar had no control or right of control and for whom DyStar is not responsible, including without limitation Lenmar Chemical Corporation and its principals.

## EIGHTH DEFENSE

Any injuries and/or damages alleged by Plaintiff and putative class members are barred by the doctrines of intervening cause and/or superseding cause.

## NINTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of contributory or comparative negligence.

## TENTH DEFENSE

Plaintiff's and putative class members claims are barred, in whole or in part, because DyStar has not designed, tested, manufactured, or sold products alleged to have been found in any property or water owned by Plaintiff and putative class members.  Plaintiff's and putative class members' claims also are barred, in whole

or in part, to the extent Plaintiff and putative class members have failed to link any of the alleged damages to product(s) manufactured or discharged by DyStar.

## ELEVENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any levels of contamination allegedly caused by DyStar do not exceed any applicable laws or binding regulatory standards at the relevant times.

## TWELFTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any alleged conduct was lawful and/or because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions that are the subject of Plaintiff's and putative class members' claims.

## THIRTEENTH DEFENSE

Plaintiff and putative class members' claims are barred, in whole or in part, for failure to mitigate their damages, if any.

## FOURTEENTH DEFENSE

The Complaint, and each alleged claim contained therein, fails to join all necessary and indispensable parties.

## FIFTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

## SIXTEENTH DEFENSE

To the extent that Plaintiff has split his claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## SEVENTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because DyStar did not owe a legal duty to Plaintiff or putative class members or, if DyStar owed such a duty, DyStar did not breach and/or fully discharged that duty.

## EIGHTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because none of the alleged acts or omissions of DyStar proximately caused the purported injuries and damages allegedly sustained by Plaintiff and putative class members.

## NINETEENTH DEFENSE

Plaintiff's and putative class members' claims for alleged injuries and damages are barred, in whole or in part, because the claims and damages alleged are speculative.

## TWENTIETH DEFENSE

Plaintiff's and putative class members' complaint and each count thereof, to the extent that they seek punitive or exemplary damages, violate DyStar's rights to protection from "excess fines" as provided in the Eighth Amendment of the United

States Constitution and Article I, Section I of the Constitution of the State of Georgia, and violate DyStar's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Georgia, and therefore fail to state a cause of action supporting the punitive or exemplary damages claimed.

## TWENTY-FIRST DEFENSE

DyStar denies any liability, but in the event DyStar is found to have any liability to plaintiff and putative class members, DyStar is entitled to an offset against any such liability on its part for the greatest of:  (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint; or (4) the share of liability of any settled or released person or entity as determined pursuant to the applicable contributory negligence law.

### TWENTY-SECOND DEFENSE

DyStar cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of DyStar.

### TWENTY-THIRD DEFENSE

To the extent that the Complaint asserts or Plaintiff and putative class members would propose "market share" liability, "enterprise" liability, or other alternative theories of causation, Plaintiff's and putative class members' claims are barred, in whole or in part, because Georgia and other applicable law does not recognize such theories of liability or would not apply such theories of liability to the circumstances of this case.

### TWENTY-FOURTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members cannot establish that PFAS or PFCs have been reliably established, through scientific means, to be capable of causing alleged injuries.

### TWENTY-FIFTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members cannot establish that they were exposed to a sufficient concentration or amount of PFAS, and/or for a

sufficient duration, that has been reliably established, through scientific means, to be capable of causing alleged injuries.

## TWENTY-SIXTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because DyStar acted reasonably and in good faith.

## TWENTY-SEVENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and DyStar may not be held liable under retroactive theories not requiring proof of fault or causation.

## TWENTY-EIGHTH DEFENSE

DyStar asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against DyStar based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff or putative class member.

## TWENTY-NINTH DEFENSE

Plaintiff and putative class members have not alleged an injury that, as a matter of law, supports a recovery in tort.

## THIRTIETH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which DyStar cannot be held responsible.

## THIRTY-FIRST DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because, at all relevant times, DyStar exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## THIRTY-SECOND DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent they are based upon Georgia law, as Georgia law does not apply to the claims of plaintiff and the purported class, and because those claims are preempted by applicable federal statutes and regulations pursuant to the Supremacy Clause of the United States Constitution.

## THIRTY-THIRD DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the prior nuisance doctrine.

## THIRTY-FOURTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of prescription.

## THIRTY-FIFTH DEFENSE

Plaintiff's and putative class members' claim for attorney's fees fails because there is no contractual, statutory, or other basis for an award of attorney's fees in this lawsuit against DyStar.  DyStar further did not act in a manner that gives rise to a claim for attorneys' fees or expenses in this lawsuit.

## THIRTY-SIXTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the Public Services Doctrine.

## THIRTY-SEVENTH DEFENSE

Plaintiff's and putative class members' claims fail as improper collateral attacks on properly issued permits.

## THIRTY-EIGHTH DEFENSE

Plaintiff and putative class members' should be required to provide a more definite statement of their allegations as to each defendant. As currently pled, plaintiffs' Complaint violates the group pleading doctrine.

## THIRTY-NINTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the Economic Loss Doctrine.

## FORTIETH DEFENSE

DyStar adopts by reference any additional applicable defense pleaded by any other Defendant not otherwise pleaded herein.

## RESERVATION OF DEFENSES

DyStar specifically reserves all separate or additional defenses that it may have against Plaintiff or putative class members. Additionally, DyStar reserves the right to raise additional defenses and other issues as discovery proceeds, and incorporates all applicable defenses asserted by others that are not otherwise specifically set forth above.

## JURY DEMAND

DyStar demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DyStar prays for judgment as follows:

1.      This case no longer continue as a purported class action;

2.      That Plaintiff be awarded nothing by way of the Complaint;

3.      That Judgment be entered in favor of DyStar and against Plaintiff and that the Complaint be dismissed with prejudice;

4.      That DyStar be awarded its costs of suit incurred in the defense of this action;

5.     That DyStar be awarded, as allowed by law, its attorneys' fees incurred in the defense of this action;

6.     For a jury trial on all issues so triable; and

7.     For such other relief as the Court deems proper.

Respectfully submitted,

*/s/ Steven D. Weber*
STEVEN D. WEBER
Georgia Bar No. 825170
Elizabeth A. Dieck, *admitted pro hac vice*
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon St., Ste. 800
Charlotte, North Carolina  28202
(704) 372-9000
steveweber@parkerpoe.com
elizabethdieck@parkerpoe.com

Counsel for Defendant DyStar L.P.

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Norther District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.


*/s/ Steven D. Weber*
STEVEN D. WEBER

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **ANSWER TO THIRD AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT** has been filed electronically with the Clerk of Court by using the CM/ECF system which will automatically email all counsel of record.

This the 25th day of October 2021.

*/s/ Steven D. Weber*
STEVEN D. WEBER