IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JARROD JOHNSON, individually, and | ) | |
| on Behalf of a Class of persons similarly | ) | |
| situated, | ) | Civil Action No. 4:20-cv-0008-AT |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 3M COMPANY, ET AL., | ) | |
| *Defendants.* | ) | |

## DEFENDANT POLYVENTIVE LLC's ANSWER TO THIRD AMENDED COMPLAINT

Defendant Polyventive, LLC answer and responds to Plaintiffs' Third Amended Complaint ("TAC") as follows.  Polyventive denies each allegation in the Complaint except those expressly admitted below. This Answer is based upon Polyventive's investigation to date, and Polyventive reserves the right to amend this Answer if and when new information is learned.

## STATEMENT OF THE CASE

1.      This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive and denies that Plaintiffs are entitled to any relief from Polyventive.    Plaintiffs' use of the term "PFAS" fails to satisfy pleading

requirements of the Federal Rules of Civil Procedure and according to the United

States Environmental Protection Agency  ("EPA"), there are up to 9,252 chemical

compounds which may be considered PFAS and "[t]here is no precisely clear

definition of what constitutes a PFAS substance given the inclusion of partially

fluorinated substances, polymers, and ill-defined reaction products on these

various lists."  U.S. EPA, PFA Master List of PFAS Substances (V. 2),

https://comptox.epa.gov/dashboard/chemical_lists/pfasmaster. (Doc. # 529, Ex.

A). EPA, which is the federal agency with jurisdiction over regulation of 'per-

and polyfluoroalkyl substances' referenced 172 times in the Complaint, has

authority under the doctrine of primary jurisdiction regarding per- and

polyfluoroalkyl substances, toxicity, and drinking water under the regulatory

scheme placed within the special competence of EPA, an administrative bodies

authorized by Congress and the President regarding these matters under the Safe

Drinking Water Act, Safe Drinking Water Act ("SDWA"), 42 U.S.C. §§ 300f *et*

*seq.*  governing drinking water, source waters for drinking, and drinking water

treatment ("TAC at ¶¶ Clean Water Act, 33 U.S.C. §§1251 et seq. ("CWA"), and

Toxic Substances Control Act, 15 U.S.C. 2601 et seq., ("TSCA") governing

manufacture and use of chemicals.  The Georgia Environmental Protection

Division ("GEPD") is the state agency which has delegation under the SDWA

and CWA, including the Georgia Drinking Water Act and Georgia Water Quality

Control Act, and independent state authorities and special competence regarding

per- and polyfluoralkyl substances, toxicity, and drinking water.  EPA and GEPD

have authority under the primary jurisdiction doctrine.  Sierra Club v. Van

Antwerp, 362 Fed. Appx. 100 (11th Cir. Jan 21, 2010); Far East Conference v.

United States, 342 U.S. 570, 574, 96 L. Ed. 576, 72 S. Ct. 492 (1952).  Neither

EPA nor GEPD regulate any of the 9,252 compounds identified by U.S. EPA a

"per and polyfluoralkyl substances" or "PFAS" as used by Plaintiffs in the

Complaint, nor are any of these 9,252 compounds regulated under the CWA, or

the Georgia Safe Drinking Water Act ("Georgia SDWA") of 1977, O.C.G.A. §§

12-5-170 et seq. EPA and GEPD apply Maximum Contaminant Levels, which are

"the maximum permissable level of a contaminant in water which is delivered to

any user of a public water system" under the SDWA and Georgia SDWA and

there are no per and polyfluoralkyl substances" or "PFAS" regulated under those

authorities, or otherwise.  See 40 C.F.R. Part 141. EPA has authorized

manufacture and use of per and polyfluoralkyl substances" or "PFAS" under

TSCA following assessment of environmental and public health effects, and has

authorized Polyventive for such manufacture in accordance with manufacturing

and use conditions which Polyventive has complied in full.  Polyventive lacks

knowledge or information sufficient to form a belief about the truth of the

allegations regarding "PFAS."  By further response, EPA has determined that

3

PFAS is ubiquitous found in clothing, non-stick cooking surfaces, food containers, toothpaste, shampoo, cosmetics, cleaning products and other consumer goods. EPA, Drinking Water Advisory for Perflourooctane Sulfonate (PFOS)(EPA 822-R-16-004)(May 2016); EPA, Drinking Water Advisory for Perflourooctanoic Acid ("PFOA") (EPA 822-R-16-004)(May 2016); PFAS is found in potable drinking water provided by Dalton which would be received and used by Polyventive.  EPA, The Third Unregulated Contaminant Monitoring Rule (UCMR 3): Data Summary, January 2017.

https://www.epa.gov/dwucmr/occurrence-data-unregulated-contaminant-monitoring-rule#3.  (Excerpt at Doc. # 529, at p. 4).  Evaluation of the Efficacy of the National Atmospheric Deposition Program (NADP) National Trends Network (NTN) for Assessment of PFAS Deposition in Precipitation, Schafer et al. (http://nadp.slh.wisc.edu/lib/proceedings/NADPpro2019.pdf);  PFAS is found in rain and precipitation. Atmospheric Deposition of PFAS via Precipitation at Selected Locations Across the United States, University of Wisconsin National Air Deposition Program (Schafer et al.); Perfluoroalkyl Acids in Great Lakes Precipitation and Surface Water (2006–2018) Indicate Response to Phase-outs, Regulatory Action, and Variability in Fate and Transport Processes, *Environ. Sci. Technol.* 2019, 53, 15, 8543–8552, Gewurtz et al. (June 24, 2019).  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the

4

allegations in this paragraph directed towards others and therefore denies those allegations.  Upon information and belief, Polyventive believes that the characterizations in this paragraph of each and every PFAS as toxic, persistent to the extent Plaintiffs' imply such would apply to all 9,252 PFAS chemicals identified by EPA, as noted above, is incorrect and/or unsupported, and denied. To the extent this paragraph contains allegations against Polyventive, they are denied.

2.      Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

3.      This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of theallegations in this paragraph directed towards others and therefore denies those allegations.

4.      This paragraph does not appear to contain allegations against Polyventive. Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of any allegations in this paragraph directed towards

others and therefore denies those allegations.

5.      This paragraph does not appear to contain allegations against Polyventive. Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

6.      This paragraph does not appear to contain allegations against Polyventive. Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

## JURISDICTION AND VENUE

7.      This paragraph sets forth legal conclusions that do not require a response.  To the extent a response is required, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

8.      This paragraph sets forth legal conclusions that do not require a response. This paragraph also does not appear to apply to Polyventive. To the extent this paragraph or the exhibits referenced therein contain allegations

against Polyventive, they are denied. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

9.      This paragraph sets forth legal conclusions that do not require a response. This paragraph also does not appear to apply to Polyventive. To the extent this paragraph contains allegations against Polyventive, they are denied. Polyventive lacks knowledgeor information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

10.     This paragraph sets forth legal conclusions that do not require a response. This paragraph also does not appear to apply to Polyventive. To the extent this paragraph contains allegations against Polyventive, they are denied. Polyventive lacks knowledgeor information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

11.     This paragraph does not require a response.  To the extent the paragraph contains allegations applicable to Polyventive, they are denied.

12.     This paragraph sets forth legal conclusions that do not require a response. To the extent this paragraph contains allegations against Polyventive,

they are denied. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore deniesthose allegations.

13.     This paragraph sets forth legal conclusions that do not require a response. To the extent this paragraph contains allegations against Polyventive, they are denied. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore deniesthose allegations.

14.     This paragraph sets forth legal conclusions that do not require a response. To the extent this paragraph contains allegations against Polyventive, they are denied. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore deniesthose allegations.

## **PARTIES**

15.     This paragraph does not appear to contain allegations against Polyventive. Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of theallegations in this paragraph directed towards others and therefore denies those allegations.

8

16.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of theallegations in this paragraph directed towards others and therefore denies those allegations.

17.     This paragraph does not appear to contain allegations against Polyventive.  This paragraph sets forth a legal conclusion that does not require a response.  To the extent the paragraph includes allegations requiring response, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

18.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

19.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

20.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those

allegations.

21.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

22.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

23.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

24.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

25.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

26.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those

allegations.

27.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

28.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

29.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

30.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

31.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

32.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies

those allegations.

33.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

34.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

35.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

36.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

37.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

38.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those

allegations.

39.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

40.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

41.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

42.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

43.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

44.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those

allegations.

45.     Polyventive admits it is a foreign limited liability company created in July 2015 authorized to do business in the State of Georgia and has conducted business in this District.  Polyventive denies that it has supplied any Defendant with the only two chemical compounds – Perflourooctanoic Acid (PFOA) and Perflourooctane Sulfonate (PFOS) – identified in the TAC. (TAC ¶ 99-101,103). Polyventive denies that it has supplied any Defendant with the two chemical compounds – Perflourooctanoic Acid (PFOA) Chemical Abstract Service ("CAS") Number 335-67-1 and Perflourooctane Sulfonate (PFOS) CAS Number 1763-23-1 – identified in the TAC (TAC ¶¶ 54, 99-101) as to allegations in the Complaint regarding Polyventive.  Polyventive admits from its Rome facility, which is not identified in the Complaint, Polyventive distributed a fluorinated polymer product line for use in carpet protection which contains small amounts of fluorinated polymer based solely on C6 chemistry also not identified in the Complaint.  Polyventive admits that since July 2015 it has owned and operated a facility at 1202 Dozier Street, Dalton, Georgia as alleged in the Complaint. Polventive denies discharge of industrial wastewater containing PFAS into the Dalton POTW.  As to any remaining allegations of Paragraph 45, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

46.     Polyventive lacks knowledge or information sufficient to form a belief aboutthe truth of the allegations in this paragraph and therefore denies those allegations.

47.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

48.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

49.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

50.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

## **FACTUAL ALLEGATIONS**

51.     This paragraph does not appear to contain allegations against Polyventive. To the extent any allegations in this paragraph are directed to

Polyventive, Polyventive denies the allegations and incorporates its answer to Paragraph 45. Polyventive denies it is an owner and operator of carpet manufacturing plants and related facilities, and uses and has used PFAS in the manufacturing of carpet and associated processes. With respect to any remaining allegations, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations. Polyventive admits that it supplied certain products to non-Polyventive manufacturing facilities in or near the Dalton, Georgia area. Polyventive denies any other allegations in this paragraph to the extent directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and therefore denies those allegations.

52.     This paragraph does not appear to contain allegations against Polyventive. Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Upon information and believe, Polyventive admits that PFAS is a large group of chemicals including the 9,252 per and poly-fluoralkyls substances as addressed in the answer to Paragaph 1. Polyventive does not manufacture any PFAS and therefore has limited information regarding the remaining allegations. In further response, Polyventive created and supplied a material containing specific C6 PFAS materials not identified in the TAC, for use in the carpet and rug industry at the Rome facility which is not identified in the

16

TAC.  Polyventic admits some of the 9,252 per and polyfluoralkyl substances comprising Polyventives Paragraph 1 definition are used to treat carpet, rugs and home textiles for stain, soil, water and/or oil resistance.  Polyventic denies the remaining allegations of this paragraph as phrased.

53.    Polyventic does not manufacture any PFAS and therefore has limited information regarding the remaining allegations.  Polyventic lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and therefore denies those allegations.  Polyventic denies any allegations in this paragraph to the extent any are directed at Polyventic.

54.    Polyventic has never manufactured or used Perflourooctanoic Acid (PFOA) Chemical Abstract Service ("CAS") Number 335-67-1 and Perflourooctane Sulfonate (PFOS) CAS Number 1763-23-1 but admits that these chemicals have been largely phased out.  As to the remaining allegation of the paragraph, Polyventic lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, with the exception of some limited EPA published information, and therefore denies those allegations.  Polyventic denies anyallegations in this paragraph to the extent any are directed at Polyventic.

55.    Polyventic lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and therefore denies those allegations.

56.     Polyventive lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and therefore denies those allegations.

57.     Polyventive lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and therefore denies those allegations.  Upon information and belief, the referenced "C8 Science Panel" is not a regulatory authority regarding the matters before the Court.  Polyventive denies the remaining allegations of this paragraph.

58.      This paragraph sets forth legal conclusions that do not require a response.  Polyventive has never manufactured or used Perflourooctanoic Acid (PFOA) Chemical Abstract Service ("CAS") Number 335-67-1   and Perflourooctane Sulfonate (PFOS) CAS Number 1763-23-1   As to any allegations in this paragraph as to Polyventive, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.  In further response, EPA defines "suggestive evidence of carcinogenic potential' as the mid-range of its assessments as follows:

- •      Carcinogenic to Humans
- •      Likely to be Carcinogenic to Humans
- •      Suggestive Evidence of Carcinogenic Potential
- •      Inadequate Information to Assess Carcinogenic Potential
- •      Not Likely to be Carcinogenic to Humans

EPA states that suggestive evidence of carcinogenic potential means a small

and possibly not statistically significant risk or increase observed in a single animal or human study that does not reach the weight of evidence for the descriptor "Likely to Be Carcinogenic to Humans."; observations that may be due to intrinsic factors that cause background tumors and not due to the agent being assessed, or a statistically significant increase at one dose only, but no significant response at the other doses and no overall trend.   EPA, **Guidelines for Carcinogen Risk Assessment**  EPA/630/P-03/001FMarch 2005  page 2-56.   In EPA's Integrated Risk Information System (IRIS), which is EPA's official electronic database that contains information on human health effects from exposure to various substances in the environment, EPA has not officially classified the compounds which Polyventive believes Plaintiff seeks to address as to human health effects including carcinogenicity and toxicity.   EPA and GEPD have not established maximum contaminant levels under the Safe Drinking Water Act for In further response, upon information and belief the recited agency International Agency for Research on Cancer ("IARC") has no jurisdiction regarding this matter, or the allegations in the Complaint including criteria for potable drinking water, maximum contaminant levels under the Safe Drinking Water Act, Georgia Drinking Water Act, criteria for chemical substance in commerce under the Toxic Substances Control Act, 15 U.S.C. §§ 2601 et seq.

59.    Polyventive lacks knowledge or information sufficient to form a belief

about the allegations in this paragraph and therefore denies those allegations.

60.    This paragraph sets forth legal conclusions that do not require a response.  Denied as phrased.  Polyventive denies the allegations in this paragraph as phrased.  EPA issued "non-enforceable and non-regulatory technical guidance" in May 2016 entitled EPA, Drinking Water Advisory for Perflourooctane Sulfonate (PFOS)(EPA 822-R-16-004)(May 2016);  EPA, Drinking Water Advisory for Perflourooctanoic Acid (PFOA) (EPA 822-R-16-004)(May 2016); on November 15, 2016 entitled U.S. EPA, Clarification about the Appropriate Application of the PFOA and PFOS Drinking Water Health Advisories (Nov. 15, 2016); EPA, Drinking Water Advisory for Perflourooctane Sulfonate (PFOS)(EPA 822-R-16-004)(May 2016); EPA, Drinking Water Advisory for Perflourooctanoic Acid (PFOA) (EPA 822-R-16-004)(May 2016).  The May 2016 advisories speak for themselves.  The paragraph mis-states the criteria, which is a lifetime advisory which assumes exposure over the criterion for a period of a lifetime, or seventy (70) years.

61.    Polyventive admits that EPA issued "non-enforceable and non-regulatory technical guidance" in May 2016 entitled EPA, Drinking Water Advisory for Perflourooctane Sulfonate (PFOS)(EPA 822-R-16-004)(May 2016); EPA, Drinking Water Advisory for Perflourooctanoic Acid (PFOA) (EPA 822-R-16-004)(May 2016); on November 15, 2016 entitled U.S. EPA, Clarification about

the Appropriate Application of the PFOA and PFOS Drinking Water Health Advisories (Nov. 15, 2016); EPA, Drinking Water Advisory for Perflourooctane Sulfonate (PFOS)(EPA 822-R-16-004)(May 2016); EPA, Drinking Water Advisory for Perflourooctanoic Acid (PFOA) (EPA 822-R-16-004)(May 2016). Polyventive lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies those allegations.

62.     Polyventive admits that EPA cited studies when it issued a "non-enforceable and non-regulatory technical guidance" in May 2016 which speaks for itself.  Polyventive disputes any findings referenced in this paragraph and further denies this paragraph accurately or completely reflects the findings of any such studies.  Polyventive denies the remaining allegations of this paragraph.

63.     Polyventive admits the Agency for Toxic Substances and Disease Registry ("ATSDR") issued the referenced report but denies this paragraph accurately or completely reflects the statements in the related document. Upon information and belief, ATSDR is not a regulatory authority regarding the matters before the Court.  Polyventive denies the remaining allegations in this paragraph.

64.     Polyventive admits ATSDR issued the referenced report but denies this paragraph accurately or completely reflects the statements in the related

document. Upon information and belief, ATSDR is not a regulatory authority regarding the matters before the Court. Polyventive denies the remaining allegations in this paragraph.

65.    Paragraph 65 calls for a legal conclusion for which no response is required. Upon information and belief, Plaintiff misstates and mischaracterizes the referenced regulatory actions, including failing to include accurate and complete criteria, and failing to recite qualification of criteria as lifetime exposure criteria. Polyventive denies that criteria for Vermont, New Jersey, and/or Michigan apply in any manner to the Complaint or this action. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies those allegations. Polyventive denies the remaining allegations in this paragraph.

66.    Paragraph 66 calls for a legal conclusion for which no response is required. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies those allegations.

67.    Polyventive denies the allegations of Paragraph 67. Being established in 2015, Polyventive, LLC could not have "long been aware" of persistence and toxicity. TAC ¶¶ 68-82. This paragraph does not appear to require

a response from Polyventive and instead purports to state a conclusion of law. Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.

68.    This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.   Being established in 2015, Polyventive, LLC could not have "known . . . for at least 40 years" of certain characteristics of PFAS and have "long been aware" of persistence and toxicity. TAC ¶¶ 68-82

69.    This paragraph does not appear to contain allegations against Polyventive. Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

70.    This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and

therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

71.     This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

72.     This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

73.     This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

74.     This paragraph does not appear to contain allegations against

Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations. Polyventive denies any allegations directed at Polyventive.

75. This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations. Polyventive denies any allegations directed at Polyventive.

76. This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations. Polyventive denies any allegations directed at Polyventive.

77. This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations. Polyventive denies any allegations directed at Polyventive.

78.     This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

79.     Denied.

80.     Denied.

81.     Denied.

82.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  In 2010, following review of environmental and health effects, EPA specifically authorized manufacture and use of the materials provided by Polyventive under TSCA.

83.     To the extent this paragraph contains allegaions as to Polyventive, Polyventive admits that since its inception July 2015, it has from time to time discharged industrial wastewater to the City of Dalton wastewater treatment plant which is also called a publicly-owned treatment works, in compliance with permits issued for such discharge.   As to remaining allegations, Polyventive lacks

knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies those allegations.

84.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

85.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

86.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

87.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

88.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.   Polyventive denies any allegations directed at Polyventive.

89.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

90.     This paragraph does not appear to contain allegations against Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.   Polyventive denies any allegations directed at Polyventive.

91.     This paragraph does not appear to contain allegations against

Polyventive.  By further response, Polyventive was not in existence at the time of this allegation.   Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

92.    This paragraph does not appear to contain allegations against Polyventive.  Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.    Polyventive denies any allegations directed at Polyventive.

93.    This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

94.    This paragraph does not appear to contain allegations against Polyventive. By further response, Polyventive was not in existence at the time of this allegation. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and

therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

95.     This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

96.     This paragraph does not appear to contain allegations against Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.  Polyventive denies any allegations directed at Polyventive.

97.     Denied.

98.     Denied.

99.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

100.    Polyventive lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

101.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

102.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

103.     Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

104.     Denied.

## <u>COUNT ONE</u>

### DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT ANNPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

105.     Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.  Polyventive further states that Count One is not alleged against Polyventive.

106.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response. The paragraph sets forth legal conclusions that do not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

107.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  The paragraph sets forth legal conclusions that do not require a response. Polyventive denies any allegations to the extent they could be construed against Polyventive.

108.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response. paragraph sets forth legal conclusions that do not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

109.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response. To the extent the paragraph includes allegations requiring response, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

110.    Count One is not alleged against Polyventive; therefore, this

paragraph does not require a response. To the extent the paragraph includes allegations requiring response, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations. Polyventive denies any allegations to the extent they could be construed against Polyventive.

111.   Count One is not alleged against Polyventive; therefore, this paragraph does not require a response. The paragraph sets forth legal conclusions that do not require a response. By further response, EPA and GEPD which under the primary jurisdiction doctrine have authority over CWA and Georgia Water Quality Control Act requirements have not identified per- and poly-fluoralklyl substances as pollutants under the CWA for which limitations or conditions apply, or effluent guidelines under the CWA, or water quality standards, or otherwise regulate per- and poly-fluoralklyl substances, including following review of the specific allegations in this Complaint.   To the extent the paragraph includes allegations requiring response, Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations. Polyventive denies any allegations to the extent they could be construed against Polyventive.

112.   Count One is not alleged against Polyventive; therefore, this

paragraph does not require a response.  The paragraph sets forth legal conclusions that do not require a response.  By further response, upon information and belief EPA and GEPD have determined the subject LAS is not a point source under the CWA and Georgia Water Quality Control Act.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

113.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  The paragraph sets forth legal conclusions that do not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

114.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  The paragraph sets forth legal conclusions that do not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

115.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

116.    Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the

extent they could be construed against Polyventive.

117.   Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

118.   Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

119.   Count One is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

## COUNT TWO

**INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTSIN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT**
**(Defendant Dalton/Whitfield Regional Solid Waste Authority)**

120.   Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.  Polyventive further states that Count Two is not alleged against Polyventive.

121.   Count Two is not alleged against Polyventive; therefore, this paragraph doesnot require a response.  Polyventive denies any allegations to the

extent they could be construed against Polyventive.

122.    Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

123.    Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

124.    Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

125.    Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

126.    Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

127.    Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the

extent they could be construed against Polyventive.

128.   Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

129.   Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

130.   Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

131.   Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

132.   Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

133.   Count Two is not alleged against Polyventive; therefore, this paragraph does not require a response.  Polyventive denies any allegations to the

extent they could be construed against Polyventive.

## CLASS ALLEGATIONS

134.    Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.

135.    The first sentence of this paragraph does not require a response. Polyventive denies the remainder of this paragraph.

136.    Denied.

137.    This paragraph sets forth legal conclusions that do not require a response from Polyventive, although Polyventive denies that class treatment is appropriate.

138.    This paragraph sets forth legal conclusions that do not require a response from Polyventive, although Polyventive denies that class treatment is appropriate.

139.    This paragraph sets forth legal conclusions that do not require a response from Polyventive, although Polyventive denies that class treatment is appropriate.

140.    Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied, including all subparts.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

## COUNT THREE
## WILLFUL, WANTON, RECKLESS, OR NEGLIGENT CONDUCT
### (All Defendants Except Dalton Utilities)

151.   Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.  Polyventive further states that the Court dismissed Count Three as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification

with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

152.    Polyventive denies the allegations of this Paragraph.  The Court dismissed Count Three as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

153.    Polyventive denies the allegations of this Paragraph.  The Court dismissed Count Three as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

154.    Polyventive denies the allegations of this Paragraph.  The Court dismissed Count Three as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent they could be

construed against Polyventive.

155.   Polyventive denies the allegations of this Paragraph.  The Court dismissed Count Three as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

156.   Polyventive denies the allegations of this Paragraph.  The Court dismissed Count Three as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

## COUNT FOUR NEGLIGENCE PER SE
### (All Defendants Except Dalton Utilities, 3M, DuPont & Chemours)

157.   Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.  Polyventive further states that the Court dismissed Count Four as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification

with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

158.    Polyventive denies the allegations of this Paragraph.  The Court dismissed Count Four as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court. Polyventive denies any allegations to the extent they could be construed against Polyventive.

159.    Polyventive denies the allegations of this Paragraph.  Polyventive further states that the Court dismissed Count Four as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

160.    Polyventive denies the allegations of this Paragraph.  Polyventive further states that the Court dismissed Count Four as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent

they could be construed against Polyventive.

161.    Polyventive denies the allegations of this Paragraph.  Polyventive further states that the Court dismissed Count Four as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court. Polyventive denies any allegations to the extent they could be construed against Polyventive.

162.    Polyventive denies the allegations of this Paragraph.  Polyventive further states that the Court dismissed Count Four as to suppliers, as alleged by Plaintiff with regard to Polyventive in the TAC, ¶ 45, in the Court's September 20, 2021 Order, Doc. # 629.  Polyventive is filing separate from this Answer a request for clarification with the Court.  Polyventive denies any allegations to the extent they could be construed against Polyventive.

## COUNT FIVE PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

163.    Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.  Polyventive further denies that Georgia law allows fora stand-alone claim for "Punitive Damages."

164.    Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied and further denied that Plaintiffs are entitled to any relief from Polyventive whatsoever.

## COUNT SIX

## PUBLIC NUISANCE

172.   Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.

173.   Polyventive denies the allegations of this Paragraph.  This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of theallegations in this paragraph directed towards others and therefore denies

those allegations.

174.    Polyventive denies the allegations of this Paragraph.  This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

175.    Polyventive denies the allegations of this Paragraph.  This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

176.    Polyventive denies the allegations of this Paragraph.  This paragraph does not appear to contain allegations against Polyventive.  Polyventive denies any allegations in this paragraph to the extent any are directed at Polyventive. Polyventive lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.


**COUNT SEVEN**

**CLAIMS FOR ABATEMENT AND INJUNCTION OF PUBLIC NUISANCE**

183.   Polyventive incorporates by reference its responses to the prior paragraphs of the Complaint as if re-stated herein.

184.   Denied.

185.   Denied and further denied that Plaintiffs are entitled to any relief whatsoever from Polyventive.

186.   Denied and further denied that Plaintiffs are entitled to any relief whatsoever from Polyventive.

187.   Denied and further denied that Plaintiffs are entitled to any relief

whatsoever from Polyventive.

188.    Denied and further denied that Plaintiffs are entitled to any relief whatsoever from Polyventive.

In response to the unnumbered paragraph beginning "WHEREFORE...", Polyventive denies Plaintiffs are entitled to any relief from Polyventive.

WHEREFORE, Polyventive requests that the claims against Polyventive be dismissed with prejudice, and costs and fees be taxed against Plaintiffs.

**Polyventive denies any and all material allegations in the Complaint that require a response from Polyventive and have not been expressly admitted herein.**

## DEFENSES

Polyventive asserts the following defenses:

## FIRST DEFENSE

Polyventive's actions complained of in the Complaint are and were authorized by environmental laws protecting human health and the environment and determinations by the federal Executive Branch under the authority of the President and Congressional Acts including the federal Toxic Substances Control Act, 15 U.S.C. §§ 2601 et seq., Clean Water Act, 33 U.S.C. §§1251 et seq., Safe Drinking

Water Act, 42 U.S.C. §§ 300f *et seq.* as amended ("SDWA"), and other federal

authorities, and the state executive branch under the authority of the Governor and

Acts of the General Assembly including the Georgia Drinking Water Act, O.C.G.A.

§§ 12-5-170 ("GSDWA"). Georgia Water Quality Control Act, O.C.G.A. §§ 12-5-

20 *et seq.* ("GWQCA") and other state authorities.

## SECOND DEFENSE

Plaintiffs' Complaint and allegations are preempted by Federal and state law

including but not limited to the Toxic Substances Control Act, 15 U.S.C. §§ 2601 et

seq., Clean Water Act, 33 U.S.C. §§1251 et seq., Safe Drinking Water Act, 42

U.S.C. §§ 300f *et seq.* as amended ("SDWA"), and other federal authorities, and

the state executive branch under the authority of the Governor and Acts of the

General Assembly including the Georgia Drinking Water Act, O.C.G.A.  §§ 12-5-

170 ("GSDWA"). Georgia Water Quality Control Act, O.C.G.A. §§ 12-5-20 *et seq.*

("GWQCA") and other state authorities.

## THIRD DEFENSE

Plaintiff has waived any claims as to Polyventive by failure to exhaust

administrative remedies, timely participate in, appeal or petition regarding the

United States Environmental Protection Agency and Georgia Environmental

Protection Division actions and orders under the Toxic Substances Control Act, 15

U.S.C. §§ 2601 et seq., Clean Water Act, 33 U.S.C. §§1251 et seq., Safe Drinking

Water Act, 42 U.S.C. §§ 300f *et seq.* as amended ("SDWA"), and other federal

authorities, and the state executive branch under the authority of the Governor and

Acts of the General Assembly including the Georgia Drinking Water Act, O.C.G.A.

§§ 12-5-170 ("GSDWA"). Georgia Water Quality Control Act, O.C.G.A. §§ 12-5-

20 *et seq.* ("GWQCA") and other state authorities, including but not limited to the

U.S. Environmental Protection Agency's consent orders, premanufacture notices,

and the GEPD's issuance of permits and authorizations.

## FOURTH DEFENSE

Plaintiffs' claims are barred and invalid under the doctrine of primary

jurisdiction.

## FIFTH DEFENSE

Polyventive is not liable for Plaintiffs' claims and damages under the

contribution provisions of Federal and Georgia law.  If Polyventive is determined to

be liable, then Polyventive is entitled to contribution from Plaintiff, and each other

person causing or contributing to Plaintiffs' alleged injury, damages, and

allegations generally, and Polyventive is entitled to set off such liability against any

claim, judgment, award, or liability against Polyventive.

## SIXTH DEFENSE

Plaintiffs' claims are barred as the Administrator of the United States

Environmental Protection Agency ("EPA") has commenced and prosecuted a

proceeding under TSCA and the Plaintiffs' action is barred under Section 20 of

TSCA, 15 U.S.C. § 2619, and TSCA generally and specifically regarding that certain consent order and premanufacture notice and authorizations executed April 13, 2012 by the United States EPA authorizing Polyventive's actions.

<u>SEVENTH DEFENSE</u>

Polyventive denies the material allegations of the Complaint and demands strict proof thereof.

<u>EIGHTH DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted against Polyventive.

<u>NINTH DEFENSE</u>

Polyventive asserts that it is not l i a b l e  o r  guilty of the matters and things alleged in theComplaint.

<u>TENTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, statutes of repose (including but not limited to O.C.G.A. § 51-1-11), rules of repose, res judicata, collateral estoppel, accord and satisfaction, prior administrative proceedings, exhaustion, consent, license, permit, acquiescence, release, laches, waiver, unclean hands, and/or estoppel.

<u>ELEVENTH DEFENSE</u>

Plaintiffs' claims are barred in whole or in part because Polyventive's conduct

was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Polyventive in accordance with such standards were reasonable as a matter of law. Polyventive at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

## TWELFTH DEFENSE

Polyventive asserts that Plaintiffs' alleged damages are the result of one or more independent, superseding, and/or intervening causes.

## THIRTEENTH DEFENSE

Polyventive asserts that there is no causal relationship between its alleged actions or conduct and plaintiffs' alleged damages. Plaintiffs' damages, if any, were caused solely by the actions, omissions, or conduct of persons and/or entities for whom or which Polyventive is not responsible and/or were caused by acts, omissions, conduct, and/or factors beyond the control of Polyventive.

## FOURTEENTH DEFENSE

Polyventive asserts that Plaintiffs' claim for punitive damages is violative of provisions of the United States Constitution and the Georgia Constitution. Plaintiffs' claim for punitive damages is subject to the limitations cap, and the substantive and legal protections, contained in O.C.G.A. § 51-12-1, *et seq*.

## FIFTEENTH DEFENSE

51

Plaintiffs' claims are preempted, in whole or in part, by the applicable federal statutes and regulations pursuant to the Supremacy Clause of the United States Constitution.

## SIXTEENTH DEFENSE

An award of punitive damages in this case would violate the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States as well as provisions of the Georgia Constitution, on the following separate and several grounds:

(a)    that civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact;

(b)    that civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)    that civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged jointtortfeasors;

(d)    that civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the

defendants;

(e)     that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(f)     that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages;

(g)     that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

(h)     that civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act;

(i)     that civil procedures pursuant to which punitive damages are awarded fail to provide a clear, consistent appellate standard of review of an award of punitive damages; that civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined;

(j)   that standards of conduct upon which punitive damages areawarded are vague;

(k)   that civil procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(l)   that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases;that civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties;

(m)   that civil procedures pursuant to which punitive damages areawarded fail to limit the discretion of the jury in the award of punitive damages.

## SEVENTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the prior nuisance doctrine.

## NINETEENTH DEFENSE

Each plaintiff's recovery, if any, should be barred or reduced in proportion toeach plaintiff's own culpable conduct, including each plaintiff's own negligence, assumption of the risk, acquiescence, or misuse.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own contributory negligence.

## TWENTY FIRST DEFENSE

Plaintiffs' claims are barred due to the failure to join indispensable parties and real-parties-in-interest including but not limited to the City of Rome, Georgia, in accordance with the requirements of Federal Rules of Civil Procedure 17 and 19.

## TWENTY SECOND DEFENSE

Plaintiffs' claimed damages are speculative, remote, and not reasonably foreseeable.

## TWENTY THIRD DEFENSE

Polyventive denies that its conduct was in any manner negligent or wanton.

## TWENTY FOURTH DEFENSE

Polyventive denies that it or any of its agents or employees breached any duty oroblibation allegedly owed to Plaintiffs.

## TWENTY FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of

comparative fault, and to the extent that any other Defendant has settled or may in the future settle with Plaintiffs, Polyventive asserts its entitlement to an appropriate credit, setoff, or reduction of any judgment against it.

TWENTY SIXTH DEFENSE

Plaintiffs' claim for attorney's fees fails because there is no contractual, statutory, or other basis for an award of attorney's fees in this lawsuit against Polyventive. Polyventive further did not act in a manner that gives rise to a claim for attorneys' fees or expenses in this lawsuit.

TWENTY SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of prescription.

TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of standing.

TWENTY NINTH DEFENSE

Plaintiffs have suffered no legally compensable present injury.

THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Public Services Doctrine.

THIRTY FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of consent

and/or release.

## THIRTY SECOND DEFENSE

Plaintiffs' claims fail as improper collateral attacks on properly issued permits, authorizations, and regulatory agency actions and orders.

## THIRTY THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because the harm is divisibleand attributable to others.

## THIRTY FOURTH DEFENSE

Plaintiffs should be required to provide a more definite statement of their allegations as to Polyventive, and as to each defendant.  Plaintiffs use of the term 'PFAS' is undefined and lacking in legal, chemical or regulatory meaning or definition such that no relief may be granted Plaintiffsas to allegations related to PFAS.   As currently pled, plaintiffs' Complaint violates the group pleading doctrine.

## THIRTY FIFTH DEFENSE

Plaintiffs have not suffered a concrete and particularized injury.

## THIRTY SIXTH DEFENSE

Polyventive materially complied with all applicable federal, state, and localpermitting requirements, regulations, standards, and guidelines.

## THIRTY SEVENTH DEFENSE

Any alleged injury or harm was not foreseeable.

## THIRTY-SECOND DEFENSE

The requested injunctive relief would subject Polyventive to a grossly disproportionate hardship. The requested injunctive relief would result in unlawful interference with transportation and commerce in the waters of the U.S. Plaintiffs are not entitled to any injunctive or equitable relief against Polyventive as Plaintiffs have anadequate remedy at law.

## THIRTY THIRD DEFENSE

Plaintiffs' claims are barred by the Economic Loss Doctrine.

## THIRTY-FOURTH DEFENSE

Polyventive did not owe or breach any duty to Plaintiffs.

## THIRTY-FIFTH DEFENSE

The proximate cause of any injury to Plaintiffs was an event or incident which was not legally foreseeable by Polyventive, and therefore Polyventive has no legal liability for anyof Plaintiffs' alleged damages.

## THIRTY-SIXTH DEFENSE

Plaintiffs' nuisance claims fail against Polyventive because Polyventive did not have any control over any of the conduct or cause of harm for which Plaintiffs claims to be anuisance.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred by the bulk supplier and sophisticated userdoctrines.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## THIRTY-NINTH DEFENSE

Any recovery by Plaintiffs may be barred or reduced by the negligence, fault, or carelessness of others for whose conduct Polyventive is not responsible. Any judgment rendered against Polyventive in this action, under all theories of liability plead, should be limited to the fault, if any, attributable to Polyventive. Polyventive is entitled to apportion its fault,if any, to the fault of all other persons who are or could be responsible for any of Plaintiffs' damages regardless of whether such persons are parties to this action, and regardlessof whether it is ultimately shown that Plaintiffs were negligent.

## FORTIETH DEFENSE

Polyventive may be entitled to a set-off in the event Plaintiffs received or receive payment from any source relating to the facts and circumstances at issue in this lawsuit.

## FORTY-FIRST DEFENSE

Polyventive did not have any duty to warn. Any such duty, if it existed, was either not necessary or was satisfied, discharged, or unnecessary due to the knowledge of risk by others, including Plaintiffs. The lack of or alleged inadequacy of any warnings were also not a proximate cause of any of Plaintiffs' injuries.

## FORTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have come tothe alleged nuisance.

## FORTY-THIRD DEFENSE

Polyventive denies that the requirements of Rule 23 for a litigation class have beenmet and demands strict proof thereof.

## FORTY-FOURTH DEFENSE

Plaintiffs' public nuisance claim fails because Plaintiffs did not suffer or incur any special damage or special harm. Plaintiffs have not suffered or incurred any damage or harm different from those exercising the right common to the general public that is the subject of the alleged interference.

## FORTY-FIFTH DEFENSE

Plaintiffs nuisance claim fails against Polyventive because Polyventive did not create, cause,continue, or maintain the alleged nuisance or otherwise have control over the causeof alleged harm.

<u>FORTY-SIXTH DEFENSE</u>

The Court should abstain from considering Plaintiffs' claims because of a parallel action in state court, *The City of Rome, Georgia v. 3M Company, et al.*, in the Superior Court of Floyd County, Georgia, 19-CV-02405-3.

<u>FORTY-SEVENTH DEFENSE</u>

Polyventive hereby adopts and incorporates the affirmative defenses set forth by its co-defendants in this case.

<u>FORTY-EIGHTH DEFENSE</u>

Plaintiffs' claims are barred as Plaintiffs has failed to satisfy jurisdictional prerequisites for its claims including 60 day notice of claims of alleged violation prior to suit under TSCA Section 20, 15 U.S.C. § 2619. and TSCA generally.

<u>FORTY-NINTH DEFENSE</u>

Polyventive may have lawful cross-claims as to other Defendants in this matter, and counterclaims as to Plaintiff, and reserves the right to pursue such claims in accordance with applicable law as a defense, contributory action, and bar to Plaintiffs' claims.

<u>RIGHT TO ASSERT ADDITIONAL DEFENSES</u>

Polyventive reserves the right to assert additional defenses based upon information learned during the course of this litigation and/or through discovery in

this action.

This 25th Day of October, 2021.

/s/ *David Montgomery Moore*
Georgia Bar 518830
Earth & Water Law, LLC
1230 Peachtree Street, NE, Suite 1900
Atlanta, Georgia 30309
David.moore@earthanwatergroup.com
Direct: (404)245-5421
Fax: (706)553-4463

*Counsel for Defendant Polyventive, LLC*

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

Counsel certifies that the foregoing document was prepared in Times

NewRoman, 14-point font, in compliance with Local Rule 5.1B.

This 25th day of October, 2021

/s/ *David Montgomery Moore*
Georgia Bar 518830
Earth & Water Law, LLC
1230 Peachtree Street, NE, Suite 1900
Atlanta, Georgia 30309
David.moore@earthanwatergroup.com
Direct: (404)245-5421
Fax: (706)553-4463

*Counsel for Defendant Polyventive, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, and **)**<br>on Behalf of a Class of persons similarly **)**<br>situated, **)**<br> **)**<br>*Plaintiff,* **)**<br> **)**<br> **)**<br>V. **)**<br> **)**<br>3M COMPANY, ET AL., **)**<br> **)**<br>*Defendants.* **)** | Civil Action No. 4:20-cv-0008-AT |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2021 I electronically filed the foregoing **DEFENDANT POLYVENTIVE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT** with the Clerk of Court by using the CM/ECF system, which has notified all counsel of record.

/s/ *David Montgomery Moore*
Georgia Bar 518830
Earth & Water Law, LLC
1230 Peachtree Street, NE, Suite 1900
Atlanta, Georgia 30309
David.moore@earthanwatergroup.com
Direct: (404)245-5421
Fax: (706)553-4463

*Counsel for Defendant PSG-Functional Materials, LLC*