# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

|  |  |  |
|---|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of Persons Similarly Situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | No. 4:20-CV-00008-AT |
| 3M COMPANY, ET AL., | ) ) | |
| Defendants, | ) ) | |

## DEFENDANTS SHAW INDUSTRIES, INC. AND SHAW INDUSTRIES GROUP, INC.'S ANSWER TO THE PLAINTIFF'S THIRD AMENDED COMPLAINT

COME NOW Defendants Shaw Industries, Inc. and Shaw Industries Group, Inc. ("Defendants" or "Shaw"), by and through their attorneys, and submit this Answer to the Third Amended Complaint served upon Shaw by the Plaintiff Jarrod Johnson, individually and on behalf of a class of other persons similarly situated ("Plaintiff" or "Johnson").

## FIRST DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, to the extent that any claims are based upon conduct covered by the applicable statute of limitations, and the Plaintiff's alleged damages, and/or those of the Proposed Class, are barred to the extent that any damages were suffered outside of the applicable statute of limitations.

## THIRD DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, by the doctrine of laches.

## FOURTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, are barred, in whole or in part, under the doctrines of waiver, estoppel, consent, license, acquiescence and ratification.

## FIFTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are

barred, in whole or in part, because Shaw's conduct was in accordance with the applicable standards of care under all laws, regulations, and industry practice. Shaw acted in a reasonable manner and in good faith.

## SIXTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, are barred, in whole or in part, because the Plaintiff lacks standing to bring these claims.

## SEVENTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, because the Plaintiff, and/or the Proposed Class Members, have not been damaged as a result of Shaw's actions, and Shaw demands strict proof of any alleged damages.

## EIGHTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, because neither the Plaintiff's person nor property, and/or the persons or property of the Proposed Class Members, has been damaged as a result of Shaw's actions, and because the economic loss doctrine bars the Plaintiff's claims, and/or those of the Proposed Class.

## NINTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, because Shaw asserts as a defense, and Shaw is entitled to, a credit or set-off against the damages claimed by the Plaintiff and/or the Proposed Class, for the settlement (and any monies paid pursuant thereto) between the Plaintiff and/or the Proposed Class and any other person or entity.

## TENTH DEFENSE

Any verdict or judgment against Shaw must be reduced to the extent that any damages claimed by the Plaintiff and/or the Proposed Class have been or will be indemnified in whole or in part from any collateral source.

## ELEVENTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, because Shaw did not owe or breach any duty to the Plaintiff and/or the Proposed Class.

## TWELFTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, because Shaw is not the actual cause, or proximate cause of any alleged damages to the Plaintiff and/or the Proposed Class or any property owned by the Plaintiff and/or the Proposed Class.  Any damage allegedly sustained

by the Plaintiff and/or the Proposed Class was caused by the acts, omissions, or conduct of others, or an intervening cause.

## THIRTEENTH DEFENSE

Shaw reserves the right to assert the affirmative defense of comparative fault against the Plaintiff, the Proposed Class Members, and any other parties or non-parties whose acts and/or omissions give rise to the Plaintiff's claims, and/or those of the Proposed Class.

## FOURTEENTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred, in whole or in part, by the Plaintiff's and/or the Proposed Class Members' contributory negligence, comparative negligence, assumption of risk, and failure to mitigate damages.

## FIFTEENTH DEFENSE

The Plaintiff's damages, and/or those of the Proposed Class, if any, were not the result of any act or omission on the part of Shaw, but instead were caused by reasons which were unknown and not reasonably foreseeable to Shaw.

## SIXTEENTH DEFENSE

The Plaintiff's and/or the Proposed Class's claims for public nuisance against Shaw are barred because the Plaintiff and/or the Proposed Class cannot show any injury, inconvenience, damage, or that they suffered special harm.

## SEVENTEENTH DEFENSE

The Plaintiff's and/or the Proposed Class's claims for public nuisance against Shaw are barred because Shaw did not conduct itself in an illegal manner, and instead, conducted itself in a lawful and proper manner and in accordance with permits issued by the State of Georgia, and Shaw did not exercise control over the alleged nuisance.

## EIGHTEENTH DEFENSE

The Plaintiff's and/or the Proposed Class's claims for public nuisance against Shaw are barred, in whole or in part, because Shaw is not liable for the maintenance of a nuisance caused by another.

## NINETEENTH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred because Shaw had a legal right to provide industrial wastewater to Dalton Utilities for treatment pursuant to permits issued to Dalton Utilities and to Shaw.

### TWENTIETH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, against Shaw are barred because the United States EPA, the State of Georgia and the City of Rome, consented to Shaw's actions, and specifically permitted Shaw to take the actions, about which plaintiff complains in this action.

### TWENTY-FIRST DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, for abatement and/or injunction, or are barred because the alleged nuisances complained of are permanent and cannot be abated.

### TWENTY-SECOND DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, are governed by the statute of limitations applicable to claims for permanent nuisance or permanent trespass because the alleged nuisance/trespass complained of are permanent and cannot be abated.

### TWENTY-THIRD DEFENSE

The Plaintiff's and/or the Proposed Class's claim for punitive damages against Shaw fails as a matter of law because the Plaintiff and/or the Proposed Class is not entitled to recovery against Shaw in tort or otherwise, Shaw has not acted in a wanton, willful, reckless, or negligent manner, and the imposition of such punitive

damages would violate the United States Constitution, the Georgia Constitution, and United States and Georgia law in general.

## TWENTY-FOURTH DEFENSE

The Plaintiff's and/or the Proposed Class's claim for punitive damages is subject to the limitations, cap, and protections under the law, including but not limited to O.C.G.A. § 51-12-1, *et. seq*.

## TWENTY-FIFTH DEFENSE

The Plaintiff's and/or the Proposed Class's claim for injunctive relief is barred because the Plaintiff and/or the Proposed Class cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or lack of an adequate remedy at law.

## TWENTY-SIXTH DEFENSE

The Plaintiff's and/or the Proposed Class's claim for injunctive relief is barred as moot because Shaw ceased using the chemicals at issue before the start of this litigation.

## TWENTY-SEVENTH DEFENSE

The Plaintiff's and/or the Proposed Class's claim for injunctive relief fails because the Plaintiff and/or the Proposed Class is not entitled to injunctive relief.

## TWENTY-EIGHTH DEFENSE

The Plaintiff's and/or the Proposed Class's claim for attorneys' fees is barred because Shaw has not acted in a way to give rise to any claim for attorneys' fees and expenses of litigation.

## TWENTY-NINTH DEFENSE

The Plaintiff's and/or the Proposed Class's claim for negligence per se relating to alleged violations of the Georgia Water Quality Control Act against Shaw fails as a matter of law because Shaw provided industrial wastewater discharge to Dalton Utilities pursuant to lawful permits, and did not cause or permit any spill, discharge, or deposit into the waters of the state.

## THIRTIETH DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, are barred, in whole or in part, by the doctrine of preemption as the State of Georgia issued permits to discharge industrial wastewater at Dalton Utilities, and the Plaintiff's claims, and/or those of the Proposed Class, are also pre-empted by applicable federal statutes, regulations, and common law pursuant to the Supremacy Clause of the United States.

## THIRTY-FIRST DEFENSE

The Plaintiff's claims, and/or those of the Proposed Class, are barred, in whole or in part, because of illegality or impossibility of performance.

## THIRTY-SECOND DEFENSE

The proposed claims of the Proposed Class are barred, in whole or in part, because the alleged conduct would have affected, if anyone, only an insubstantial number of putative Class Members.

## THIRTY-THIRD DEFENSE

The Proposed Class is barred and cannot be certified because the putative class, class representatives, and/or class counsel failed to meet the typicality, commonality, numerosity, adequacy, superiority, and/or predominance requirements for pursuit of the claims as a class action. The Proposed Class does not meet the requirements of Rule 23(b) of the Federal Rules of Civil Procedure. The Proposed Class Members' claims are further barred because of lack of standing.

## THIRTY-FOURTH DEFENSE

The Plaintiff's claims, and those of the Proposed Class, are barred because the named plaintiff's claims are not typical of claims by the entire class and are subject to unique defenses by the Defendant, and the named Plaintiff is not similarly situated to other individuals in the class purportedly represented.

## THIRTY-FIFTH DEFENSE

The class action allegations pled in the Complaint are barred because facts unique to each class member predominate over facts common to the entire class.

### THIRTY-SIXTH DEFENSE

The Plaintiff's claims, and those of the Proposed Class, are not appropriate for class action adjudication, and the Plaintiff improperly defines the Proposed Class as an impermissible fail-safe class that is not certifiable.

### THIRTY-SEVENTH DEFENSE

The Plaintiff's claims, and those of the Proposed Class, fail based on the doctrines of res judicata, collateral estoppel, and Shaw's lack of control. Additionally the doctrines of res judicata, collateral estoppel, and lack of control apply to the extent Dalton Utilities was governed by a consent order related to its operations issued by the United States EPA and the Georgia EPD.

### THIRTY-EIGHTH DEFENSE

The Plaintiff's claims, and those of the Proposed Class, fail because the chemicals at issue are not regulated, and have not been regulated previously, and Shaw, at all relevant times has complied with all laws and industry practices related to the handling of the chemicals Plaintiff references in the Complaint.

### THIRTY-NINTH DEFENSE

Plaintiff's damages, and those of the proposed class, if any, and/or any damages asserted against Shaw, must be reduced by any amount received by

Plaintiff or the proposed class in settlement or resolution of related claims with other parties, so as to prevent unjust enrichment and double recovery.

## FOURTIETH DEFENSE

To the extent Plaintiff or the proposed class is successful on having damages imposed against Shaw, Shaw is entitled to contribution and/or indemnification from other parties or third parties.

## FOURTY-FIRST DEFFENSE

Shaw adopts and incorporates herein by reference any applicable affirmative defense asserted by any other defendant in this action.

## FOURTH-SECOND DEFENSE

Shaw reserves the right to include additional affirmative defenses if they are discovered.

## ANSWER

1.

Paragraph 1 of the Third Amended Complaint contains statements of law to which no responsive pleading is required.  To the extent any response is required, Shaw admits that the Third Amended Complaint purports to be an individual action brought pursuant to Section 505(a)(1) of the federal Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1365(a)(1), and that the Plaintiff seeks a declaratory judgment,

injunctive relief, the imposition of civil penalties, and an award of costs, including attorney and expert witness fees. Shaw denies any allegations contained in Paragraph 1 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Third Amended Complaint, and accordingly denies the same. The prefatory paragraph included prior to Paragraph 1 of the Third Amended Complaint, including the footnote, asserts no allegation against Shaw; nonetheless, to the extent any such allegation is asserted therein, it is denied.

2.

Paragraph 2 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw admits that the Third Amended Complaint purports to be a class action brought under Federal Rule of Civil Procedure 23 and Georgia law. Shaw denies the allegations contained in Paragraph 2 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Third Amended Complaint, and accordingly denies the same.

3.

Shaw denies the Plaintiff's allegations contained in Paragraph 3 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Third Amended Complaint, and accordingly denies the same.

4.

Responding to Paragraph 4 of the Third Amended Complaint, Shaw admits that Shaw operates manufacturing facilities that previously used products which contained some PFAS in the manufacture of its carpet products, and that Shaw has facilities located in or near Dalton, Georgia. Shaw denies that it currently uses PFAS at facilities to impart water, stain, and grease resistance to its carpet products, and denies that industrial wastewater discharged from Shaw's manufacturing plants contains "high levels" of PFAS, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Third Amended Complaint, and accordingly denies the same.

5.

Responding to Paragraph 5 of the Third Amended Complaint, Shaw denies that it contaminated surface waters in the Upper Coosa River Basin, including but not limited to, the Conasauga River, the Oostanaula River, or the City of Rome's

water intake site(s). Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Third Amended Complaint, and accordingly denies the same.

6.

Shaw denies the allegations contained in Paragraph 6 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Third Amended Complaint, and accordingly denies the same.

7.

Paragraph 7 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw admits that the Court has subject matter jurisdiction with respect to the CWA, but denies subject matter jurisdiction exists over the Plaintiff's claims, and/or those of the Proposed Class, alleged against Shaw in the Third Amended Complaint. Shaw is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 7 of the Third Amended Complaint, and accordingly denies the same.

8.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third Amended Complaint, and accordingly denies the same.

9.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third Amended Complaint, and accordingly denies the same.

10.

Responding to Paragraph 10 of the Third Amended Complaint, Shaw admits that Plaintiff attempted to serve a notice of intent, and supplemental notice of intent, to file suit under the CWA and that such notices were untimely and insufficient under the law. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Third Amended Complaint, and accordingly denies the same.

11.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Third Amended Complaint, and accordingly denies the same.

12.

Paragraph 12 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of the Third Amended Complaint, and accordingly denies the same.

13.

Paragraph 13 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw denies the allegations contained in Paragraph 13 of the Third Amended Complaint.

14.

Paragraph 14 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw denies the allegations contained in Paragraph 14 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Third Amended Complaint, and accordingly denies the same.

15.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third Amended Complaint, and accordingly denies the same.

16.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third Amended Complaint, and accordingly denies the same.

17.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third Amended Complaint, and accordingly denies the same.

18.

Responding to Paragraph 18 of the Third Amended Complaint, Shaw admits, on information and belief, that 3M Company is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Third Amended Complaint, and accordingly denies the same.

19.

Responding to Paragraph 19 of the Third Amended Complaint, Shaw admits, on information and belief, that Aladdin Manufacturing Corporation is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Third Amended Complaint, and accordingly denies the same.

20.

Responding to Paragraph 20 of the Third Amended Complaint, Shaw admits, on information and belief, that Americhem, Inc. is not a Georgia corporation.  Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Third Amended Complaint, and accordingly denies the same.

21.

Responding to Paragraph 21 of the Third Amended Complaint, Shaw admits, on information and belief, that ArrowStar, LLC is a Georgia limited liability corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Third Amended Complaint, and accordingly denies the same.

22.

Responding to Paragraph 22 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third Amended Complaint, and accordingly denies the same.

23.

Responding to Paragraph 23 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third Amended Complaint, and accordingly denies the same.

24.

Responding to Paragraph 24 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third Amended Complaint, and accordingly denies the same.

25.

Responding to Paragraph 25 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 25 of the Third Amended Complaint, and accordingly denies the same.

26.

Responding to Paragraph 26 of the Third Amended Complaint, Shaw admits, on information and belief, that Daikin America, Inc. ("Daikin"), is not a Georgia corporation. Responding further, Shaw admits that it has had a business relationship with Daikin. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Third Amended Complaint, and accordingly denies the same.

27.

Responding to Paragraph 27 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third Amended Complaint, and accordingly denies the same.

28.

Responding to Paragraph 28 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third Amended Complaint, and accordingly denies the same.

29.

Responding to Paragraph 29 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third Amended Complaint, and accordingly denies the same.

30.

Responding to Paragraph 30 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third Amended Complaint, and accordingly denies the same.

31.

Responding to Paragraph 31 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third Amended Complaint, and accordingly denies the same.

32.

Responding to Paragraph 32 of the Third Amended Complaint, Shaw admits, on information and belief, that E.I. du Pont de Nemours and Company is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 32 of the Third Amended Complaint, and accordingly denies the same.

33.

Responding to Paragraph 33 of the Third Amended Complaint, Shaw admits, on information and belief, that Engineered Floors, LLC, is a Georgia limited liability corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Third Amended Complaint, and accordingly denies the same.

34.

Responding to Paragraph 34 of the Third Amended Complaint, Shaw admits, on information and belief, that Fibro Chem, LLC, is a Georgia limited liability corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Third Amended Complaint, and accordingly denies the same.

35.

Responding to Paragraph 35 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third Amended Complaint, and accordingly denies the same.

36.

Responding to Paragraph 36 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third Amended Complaint, and accordingly denies the same.

37.

Responding to Paragraph 37 of the Third Amended Complaint, Shaw admits, on information and belief, that INV Performance Surfaces, LLC ("Invista") is not a Georgia limited liability corporation. Responding further, Shaw admits that it has had a business relationship with Invista. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Third Amended Complaint, and accordingly denies the same.

38.

Responding to Paragraph 38 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third Amended Complaint, and accordingly denies the same.

39.

Responding to Paragraph 39 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Third Amended Complaint, and accordingly denies the same.

40.

Responding to Paragraph 40 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Third Amended Complaint, and accordingly denies the same.

41.

Responding to Paragraph 41 of the Third Amended Complaint, Shaw admits, on information and belief, that Milliken & Company is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Third Amended Complaint, and accordingly denies the same.

42.

Responding to Paragraph 42 of the Third Amended Complaint, Shaw admits, on information and belief, that Mohawk Carpet, LLC is not a Georgia limited

liability corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Third Amended Complaint, and accordingly denies the same.

43.

Responding to Paragraph 43 of the Third Amended Complaint, Shaw admits, on information and belief, that Mohawk Industries, Inc. is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Third Amended Complaint, and accordingly denies the same.

44.

Responding to Paragraph 44 of the Third Amended Complaint, Shaw admits, on information and belief, that Oriental Weavers U.S.A. is a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Third Amended Complaint, and accordingly denies the same.

45.

Responding to Paragraph 45 of the Third Amended Complaint, Shaw admits, on information and belief, that Polyventive LLC is not a Georgia limited liability corporation. Shaw is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 45 of the Third Amended Complaint, and accordingly denies the same.

46.

Responding to Paragraph 46 of the Third Amended Complaint, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third Amended Complaint, and accordingly denies the same.

47.

Responding to Paragraph 47 of the Third Amended Complaint, Shaw admits that Shaw Industries, Inc. is a Georgia corporation and a wholly-owned subsidiary of Shaw Industries Group, Inc. f/k/a "Shaw Industries, Inc." and has conducted business within this district. Responding further, Shaw admits that Shaw Industries Group, Inc. owns and operates manufacturing facilities in and around Dalton, Georgia, which manufacture, coat, and dye carpets, rugs, and other soft surface products; that Shaw previously used products that contained some PFAS in its manufacturing process; that in the past, its industrial wastewater contained very small amounts of PFAS; and that its industrial wastewater is and was treated by Dalton Utilities wastewater treatment plants pursuant to permits issued by the Georgia Environmental Protection Division before being pumped to a Land

Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities. Shaw denies any remaining allegations contained in Paragraph 47 of the Third Amended Complaint.

48.

Responding to Paragraph 48 of the Third Amended Complaint, Shaw admits, on information and belief, that Tarkett USA, Inc. is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Third Amended Complaint, and accordingly denies the same.

49.

Responding to Paragraph 49 of the Third Amended Complaint, Shaw admits, on information and belief, that The Chemours Company is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Third Amended Complaint, and accordingly denies the same.

50.

Responding to Paragraph 50 of the Third Amended Complaint, Shaw admits, on information and belief, that The Dixie Group, Inc. is not a Georgia corporation. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Third Amended Complaint, and accordingly denies the same.

51.

Responding to Paragraph 51 of the Third Amended Complaint, Shaw admits that the City of Dalton and surrounding communities contain a large number of manufacturing facilities related to the manufacture of carpet and that at times in the past, some of the facilities have utilized products containing PFAS in the process of manufacturing stain-resistant carpeting. Responding further, Shaw admits that it owns and operates manufacturing facilities in and around Dalton, Georgia; that Shaw previously used products that contained some PFAS in its manufacturing process; that in the past, its industrial wastewater contained very small amounts of PFAS; and that its industrial wastewater is and was treated by Dalton Utilities wastewater treatment plants pursuant to permits issued by the Georgia Environmental Protection Division before being pumped to a Land Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities. Shaw is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Third Amended Complaint, and accordingly denies the same.

51.

Responding to Paragraph 52 of the Third Amended Complaint, Shaw admits that PFAS do not occur naturally in the environment, generally resist degradation, and have a wide variety of industrial and commercial applications though the characteristics of this large group of chemicals can vary widely. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Third Amended Complaint, and accordingly denies the same.

53.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Third Amended Complaint, and accordingly denies the same.

54.

Responding to Paragraph 54 of the Third Amended Complaint, Shaw admits that it is generally aware of the persistence of some perfluorinated compounds in the environment. Shaw is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 54 of the Third Amended Complaint, and accordingly denies the same.

55.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Third Amended Complaint, and accordingly denies the same.

56.

Responding to Paragraph 56 of the Third Amended Complaint, Shaw admits that some studies have claimed adverse health effects associated with exposure to PFAS.  Shaw denies, however, that there are any health risks that have been proven to be associated with or causally related to its manufacturing processes, and denies that the levels of PFAS reported in the City of Rome's water supply present any health risk whatsoever. Shaw further denies that the levels of PFAS reported in the City of Rome's water supply related to Shaw, if any, present any health risk whatsoever. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Third Amended Complaint, and accordingly denies the same.

57.

Responding to Paragraph 57 of the Third Amended Complaint, Shaw admits that some studies have claimed adverse health effects associated with exposure to PFAS.  Shaw denies, however, that there are any health risks that have been proven to be associated with or causally related to its manufacturing processes, and denies that the levels of PFAS reported in the City of Rome's water supply present any health risk whatsoever.  Shaw further denies that the levels of PFAS reported in the City of Rome's water supply related to Shaw, if any, present any health risk whatsoever.  Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Third Amended Complaint, and accordingly denies the same.

58.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Third Amended Complaint, and accordingly denies the same.

59.

Responding to Paragraph 59 of the Third Amended Complaint, Shaw admits that some studies have claimed adverse health effects associated with exposure to PFAS. Shaw denies, however, that there are any health risks that have been proven

to be associated with or causally related to its manufacturing processes, and denies that the levels of PFAS reported in the City of Rome's water supply present any health risk whatsoever. Shaw further denies that the levels of PFAS reported in the City of Rome's water supply related to Shaw, if any, present any health risk whatsoever.  Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of the Third Amended Complaint, and accordingly denies the same.

60.

Responding to Paragraph 60 of the Third Amended Complaint, Shaw admits that in May of 2016, the EPA released a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluooctane Sulfonate (PFOS)," and the terms of those advisories speak for themselves. Shaw denies any remaining allegations contained in Paragraph 60 of the Third Amended Complaint that are inconsistent with those terms.

61.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Third Amended Complaint, and accordingly denies the same.

62.

Responding to Paragraph 62 of the Third Amended Complaint, Shaw admits that the terms of the "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and the "Drinking Water Health Advisory for Perfluooctance Sulfonate (PFOS)" released by the EPA in 2016 speak for themselves, and denies any allegation inconsistent with the advisories. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 of the Third Amended Complaint, and accordingly denies the same.

63.

Responding to Paragraph 63 of the Third Amended Complaint, Shaw admits that some studies have claimed adverse health effects associated with exposure to PFAS. Shaw denies, however, that there are any health risks that have been proven to be associated with or causally related to its manufacturing processes, and denies that the levels of PFAS reported in the City of Rome's water supply present any health risk whatsoever. Shaw further denies that the levels of PFAS reported in the City of Rome's water supply related to Shaw, if any, present any health risk whatsoever. Shaw further states that the Toxicological Profile for Perfluoroalkyls issued by the ATSDR in May of 2021 state, in part, that "[t]he available

epidemiological studies suggest associations between perfluoroalkyl exposure and several health outcomes; however, cause-and-effect relationships have not been established for these outcomes. . . ." Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Third Amended Complaint, and accordingly denies the same.

64.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third Amended Complaint, and accordingly denies the same.

65.

Responding to Paragraph 65 of the Third Amended Complaint, Shaw admits that in 2006 the State of New Jersey issued the "Guidance for PFOA in Drinking Water at Pennsgrove Water Supply Company," and the terms of that health advisory speak for themselves. Shaw further admits that New York, New Jersey, Vermont, and Michigan have recommended or adopted regulations regarding PFAS, and the terms of those recommendations and regulations speak for themselves. Shaw denies any remaining allegations contained in Paragraph 65 of the Third Amended Complaint that are inconsistent with the advisories addressed.

66.

Responding to Paragraph 66 of the Third Amended Complaint, Shaw admits that Section 7321 of the National Defense Authorization Act for Fiscal Year 2020 added certain PFAS to the list of chemicals covered by the Toxics Release Inventory under Section 313 of the Emergency Planning and Community Right-to-Know Act. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the Third Amended Complaint, and accordingly denies the same.

67.

Responding to Paragraph 67 of the Third Amended Complaint, Shaw admits that by 1999, some of the employees of Shaw became generally aware of the persistence of some perfluorinated compounds in the environment.  Shaw denies the remaining allegations in Paragraph 67 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Third Amended Complaint, and accordingly denies the same.

68.

Responding to Paragraph 68 of the Third Amended Complaint, Shaw denies the allegations as to Shaw, and Shaw is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Third Amended Complaint, and accordingly denies the same.

69.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Third Amended Complaint, and accordingly denies the same.

70.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Third Amended Complaint, and accordingly denies the same.

71.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Third Amended Complaint, and accordingly denies the same.

72.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Third Amended Complaint, and accordingly denies the same.

73.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Third Amended Complaint, and accordingly denies the same.

74.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Third Amended Complaint, and accordingly denies the same.

75.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Third Amended Complaint, and accordingly denies the same.

76.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Third Amended Complaint, and accordingly denies the same.

77.

Responding to Paragraph 77 of the Third Amended Complaint, Shaw admits that 3M used perfluorooctanyl chemistry in Scotchguard brand products. Shaw is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Third Amended Complaint, and accordingly denies the same.

78.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Third Amended Complaint, and accordingly denies the same.

79.

Responding to Paragraph 79 of the Third Amended Complaint, Shaw admits that by 1999, some of the employees of Shaw became generally aware of the persistence of some perfluorinated compounds in the environment.  Shaw denies any remaining allegations as to Shaw contained in Paragraph 79 of the Third Amended Complaint.  Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Third Amended Complaint, and accordingly denies the same.

80.

Responding to Paragraph 80 of the Third Amended Complaint, Shaw denies the allegations as to Shaw, and Shaw is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the Third Amended Complaint, and accordingly denies the same.

81.

Responding to Paragraph 81 of the Third Amended Complaint, Shaw admits that some perfluorinated compounds, such as PFOA or PFOS, are persistent in the environment.  Responding further, Shaw denies the remaining allegations as to Shaw contained in Paragraph 81 of the Third Amended Complaint.   Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Third Amended Complaint, and accordingly denies the same.

82.

Responding to Paragraph 82 of the Third Amended Complaint, Shaw admits that EPA published on March 11, 2002 at 40 CFR Part 721, the "Perfluoroalykl Sulfonates; Significant New Use Rule; Final Rule and Supplement Rule," and published on December 9, 2002 at 40 CFR Part 721, the "Perfluoroalkyl Sulfonates; Significant New Use Rule, Final Rule," and the terms of those rules speak for themselves. Shaw further admits that in or about 2007, Shaw worked with Peach State Labs, Inc. to develop a viable soil resistance treatment based upon a 6 carbon chain length (or "C6") perfluorinated compound. Shaw denies the remaining

allegations contained in Paragraph 82 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82 of the Third Amended Complaint, and accordingly denies the same.

83.

Responding to Paragraph 83 of the Third Amended Complaint, Shaw admits that Shaw owns and operates manufacturing facilities in and around Dalton, Georgia, that Shaw previously used products that contained some PFAS in its manufacturing process, that in the past, its industrial wastewater contained very small amounts of these PFAS, and that its industrial wastewater is and was treated by Dalton Utilities wastewater treatment plants pursuant to permits issued by the Georgia Environmental Protection Division before being pumped to a Land Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Third Amended Complaint, and accordingly denies the same.

84.

Responding to Paragraph 84 of the Third Amended Complaint, Shaw admits that certain industrial wastewater is and was treated by Dalton Utilities wastewater

treatment plants pursuant to permits issued by the Georgia Environmental Protection Division before being pumped to a Land Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities. On information and belief, Shaw admits that Dalton Utilities operates the Riverbend, Loopers Bend, and Abutment Road Water Pollution Control Plants. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of the Third Amended Complaint, and accordingly denies the same.

85.

Responding to Paragraph 85 of the Third Amended Complaint, Shaw admits that certain industrial wastewater is and was treated by Dalton Utilities wastewater treatment plants pursuant to permits issued by the Georgia Environmental Protection Division before being pumped to a Land Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities. Shaw admits that the terms of those permits speak for themselves. Shaw admits that some small quantities of PFCs from the LAS migrate to the Conasauga River. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Third Amended Complaint, and accordingly denies the same.

42

86.

Responding to Paragraph 86 of the Third Amended Complaint, Shaw admits that the terms of the permits issued that are related to the LAS speak for themselves. Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Third Amended Complaint, and accordingly denies the same.

87.

Responding to Paragraph 87 of the Third Amended Complaint, Shaw admits that Shaw owns and operates manufacturing facilities in and around Dalton, Georgia, that Shaw previously used products that contained some PFAS in its manufacturing process, that in the past, its industrial wastewater contained very small amounts of these PFAS, and that its industrial wastewater is and was treated by Dalton Utilities wastewater treatment plants pursuant to permits issued by the Georgia Environmental Protection Division before being pumped to a Land Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities.  Shaw admits that PFAS and some other PFCs generally resist degradation, that part of the LAS is bordered by the Conasauga River, and that some very small quantities of PFCs from the LAS migrate to the Conasauga River. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 87 of the Third Amended Complaint, and accordingly denies the same.

88.

Responding to paragraph 88 of the Third Amended Complaint, Shaw states that its industrial wastewater is and was treated by Dalton Utilities wastewater treatment plants pursuant to permits issued by the Georgia Environmental Protection Division before being pumped to a Land Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities. Shaw further states that the terms of its permits, and the terms of Dalton Utilities' permits speak for themselves. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the Third Amended Complaint, and accordingly denies the same.

89.

Responding to Paragraph 89 of the Third Amended Complaint, Shaw admits PFAS and some other PFCs generally resist degradation, that part of the LAS is bordered by the Conasauga River, and that some very small quantities of PFCs from the LAS migrate to the Conasauga River. Shaw further shows that true and correct copies of two reports regarding the EPA's investigation into the Dalton Utilities LAS in or about 2009 are attached hereto at Exhibit A and can be readily accessed at:

https://archive.epa.gov/pesticides/region4/water/documents/web/pdf/

doc_i_qa_pfc_daltonga.pdf, and https://archive.epa.gov/pesticides/region4/water/

documents/aweb/pdf/doc_h_pfc_statement_daltonga.pdf, both last visited on

6/16/2020, and Shaw admits that the reports speak for themselves.  Shaw denies the

remaining allegations contained in paragraph 89 of the Third Amended Complaint.

90.

Shaw is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 90 of the Third Amended

Complaint, and accordingly denies the same. Shaw further shows that true and

correct copies of two reports regarding the EPA's investigation into the Dalton

Utilities LAS in or about 2009 are attached hereto at Exhibit A and can be readily

accessed at: https://archive.epa.gov/pesticides/region4/water/documents/web/pdf/

doc_i_qa_pfc_daltonga.pdf, and https://archive.epa.gov/pesticides/region4/water/

documents/aweb/pdf/doc_h_pfc_statement_daltonga.pdf, both last visited on

6/16/2020, and Shaw admits that the reports speak for themselves.

91.

Responding to Paragraph 91 of the Third Amended Complaint, Shaw admits

that UGA published a study in 2008 that addressed a sampling of water which began

in 2005 to test the presence of PFAS in the Conasauga River, and the results of that

study speak for themselves. Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Third Amended Complaint, and accordingly denies the same.

92.

Responding to Paragraph 92 of the Third Amended Complaint, Shaw admits that the United Steelworkers Union purported to conduct a sampling of surface waters near the LAS in 2006, and the results from that sampling and study speak for themselves. Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Third Amended Complaint, and accordingly denies the same.

93.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Third Amended Complaint, and accordingly denies the same.

94.

Responding to Paragraph 94 of the Third Amended Complaint, Shaw admits that Dalton Utilities conducted a sampling of waters in the Conasauga River between July 2009 and August 2010. Shaw is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 94 of the Third Amended Complaint, and accordingly denies the same.

95.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Third Amended Complaint, and accordingly denies the same.

96.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Third Amended Complaint, and accordingly denies the same.

97.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Third Amended Complaint, and accordingly denies the same.

98.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Third Amended Complaint, and accordingly denies the same.

99.

Responding to Paragraph 99 of the Third Amended Complaint, Shaw denies that there are unsafe levels of PFAS, including but not limited to PFOA or PFOS, in the City of Rome's or the Plaintiff's or the Proposed Class's water supply or that the City of Rome or its customers, including but not limited to the Plaintiff and the Proposed Class, need to seek an alternate water supply. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 of the Third Amended Complaint, and accordingly denies the same.

100.

Responding to Paragraph 100 of the Third Amended Complaint, Shaw denies that there are unsafe levels of PFAS, including but not limited to PFOA or PFOS, in the City of Rome's or the Plaintiff's or the Proposed Class's water supply or that the City of Rome or its customers, including but not limited to the Plaintiff and the Proposed Class, need to seek an alternate water supply. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 of the Third Amended Complaint, and accordingly denies the same.

101.

Responding to Paragraph 101 of the Third Amended Complaint, Shaw denies that there are unsafe levels of PFAS, including but not limited to PFOA or PFOS, in the City of Rome's or the Plaintiff's or the Proposed Class's water supply or that the City of Rome or its customers, including but not limited to the Plaintiff and the Proposed Class, need to seek an alternate water supply.  Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 of the Third Amended Complaint, and accordingly denies the same.

102.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Third Amended Complaint, and accordingly denies the same.

103.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Third Amended Complaint, and accordingly denies the same.

104.

Responding to Paragraph 104 of the Third Amended Complaint, Shaw denies that Shaw caused any damage to the Plaintiff or any of the Proposed Class Members. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 of the Third Amended Complaint, and accordingly denies the same.

## COUNT ONE:
## DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

105.

Shaw incorporates its responses to Paragraphs 1-104 of the Third Amended Complaint as if fully set forth herein.

106.

Paragraph 106 of the Third Amended Complaint contains statements of law to which no responsive pleading is required.  To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Third Amended Complaint, and accordingly denies the same.

107.

Paragraph 107 of the Third Amended Complaint contains statements of law to which no responsive pleading is required.  To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Third Amended Complaint, and accordingly denies the same.

108.

Paragraph 108 of the Third Amended Complaint contains statements of law to which no responsive pleading is required.  To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Third Amended Complaint, and accordingly denies the same.

109.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Third Amended Complaint, and accordingly denies the same.

110.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Third Amended Complaint, and accordingly denies the same.

111.

Paragraph 111 of the Third Amended Complaint contains statements of law to which no responsive pleading is required.  To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Third Amended Complaint, and accordingly denies the same.

112.

Paragraph 112 of the Third Amended Complaint contains statements of law to which no responsive pleading is required.  To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Third Amended Complaint, and accordingly denies the same.

113.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Third Amended Complaint,

and accordingly denies the same.

114.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Third Amended Complaint, and accordingly denies the same.

115.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Third Amended Complaint, and accordingly denies the same.

116.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Third Amended Complaint, and accordingly denies the same.

117.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Third Amended Complaint, and accordingly denies the same.

118.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Third Amended Complaint, and accordingly denies the same.

119.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Third Amended Complaint, and accordingly denies the same.

## COUNT TWO:
## INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT
### (Defendant Dalton/Whitfield Regional Solid Waste Authority)

120.

Shaw incorporates its responses to Paragraphs 1-119 of the Third Amended Complaint as if fully set forth herein.

121.

Paragraph 121 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 121 of the Third Amended Complaint, and accordingly denies the same.

122.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Third Amended Complaint, and accordingly denies the same.

123.

Paragraph 123 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Third Amended Complaint, and accordingly denies the same.

124.

Paragraph 124 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Third Amended Complaint, and accordingly denies the same.

125.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Third Amended Complaint, and accordingly denies the same.

126.

Paragraph 126 of the Third Amended Complaint contains statements of law to which no responsive pleading is required. To the extent any response is required, Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Third Amended Complaint, and accordingly denies the same.

127.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Third Amended Complaint, and accordingly denies the same.

128.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Third Amended Complaint, and accordingly denies the same.

129.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Third Amended Complaint, and accordingly denies the same.

130.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Third Amended Complaint, and accordingly denies the same.

131.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Third Amended Complaint, and accordingly denies the same.

132.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Third Amended Complaint, and accordingly denies the same.

133.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Third Amended Complaint, and accordingly denies the same.

## CLASS ALLEGATIONS

134.

Shaw incorporates its responses to Paragraphs 1-133 of the Third Amended Complaint as if fully set forth herein.

135.

Responding to Paragraph 135 of the Third Amended Complaint, Shaw admits that the Third Amended Complaint purports to be a class action brought under Federal Rule of Civil Procedure 23 but denies that Plaintiffs satisfy the legal requirements for doing so.  Shaw denies the remaining allegations contained in Paragraph 135 of the Third Amended Complaint.

136.

Responding to Paragraph 136 of the Third Amended Complaint, Shaw denies

that Shaw caused any damage or injury to the Plaintiff or any of the Proposed Class

Members, and Shaw further denies that there are unsafe levels of PFAS in the

Plaintiff's or the Proposed Class Members' drinking water supply. Shaw is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 136 of the Third Amended Complaint, and

accordingly denies the same.

137.

Paragraph 137 of the Third Amended Complaint is a description of the

Plaintiff's claims regarding a Proposed Class, and therefore requires no response.

To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a

class action on behalf of himself and a Proposed Class of persons but denies that the

Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining

allegations contained in Paragraph 137 of the Third Amended Complaint.

138.

Paragraph 138 of the Third Amended Complaint is a description of the

Plaintiff's claims regarding a Proposed Class, and therefore requires no response.

To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a

class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so.  Shaw denies any remaining allegations contained in Paragraph 138 of the Third Amended Complaint, including paragraphs (a) through (e) therein.

139.

Paragraph 139 of the Third Amended Complaint is a description of the Plaintiff's claims regarding a Proposed Class, and a reservation of the Plaintiff's right to modify or amend the Proposed Class definition, and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 139 of the Third Amended Complaint.

140.

Paragraph 140 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the number of Proposed Class members, and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so.

60

Shaw denies any remaining allegations contained in Paragraph 140 of the Third Amended Complaint.

141.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Third Amended Complaint, and accordingly denies the same.

142.

Paragraph 142 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23(a), and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 142 of the Third Amended Complaint.

143.

Paragraph 143 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23(a), and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons

but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 143 of the Third Amended Complaint.

144.

Paragraph 144 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23(a), and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 144 of the Third Amended Complaint.

145.

Paragraph 145 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23(a), and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 145 of the Third Amended Complaint including paragraphs (a) through (k) therein.

62

146.

Paragraph 146 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23(a), and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 146 of the Third Amended Complaint.

147.

Responding to Paragraph 147 of the Third Amended Complaint, Shaw denies the allegations as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 147 of the Third Amended Complaint, and accordingly denies the same.

148.

Paragraph 148 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23, and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies

any remaining allegations contained in Paragraph 148 of the Third Amended Complaint.

149.

Paragraph 149 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23, and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 149 of the Third Amended Complaint.

150.

Paragraph 150 of the Third Amended Complaint is a description of the Plaintiff's claims regarding the requirements of Rule 23, and therefore requires no response. To the extent a response is necessary, Shaw admits that the Plaintiff seeks to bring a class action on behalf of himself and a Proposed Class of persons but denies that the Plaintiff satisfies the legal requirements for doing so. Shaw denies any remaining allegations contained in Paragraph 150 of the Third Amended Complaint.

## COUNT THREE:
## WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities)

### 151.

Shaw incorporates its responses to Paragraphs 1-150 of the Third Amended Complaint as if fully set forth herein.

### 152.

Shaw denies the allegations contained in Paragraph 152 of the Third Amended Complaint as to Shaw. Shaw is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152 of the Third Amended Complaint, and accordingly denies the same.

### 153.

Shaw denies the allegations contained in Paragraph 153 of the Third Amended Complaint as to Shaw. Shaw is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153 of the Third Amended Complaint, and accordingly denies the same.

### 154.

Responding to Paragraph 154 of the Third Amended Complaint, Shaw denies that Shaw has breached any duty owed to the Plaintiff or the Proposed Class Members or that any such alleged breach constitutes willful, wanton, reckless, and/or

negligent misconduct. Shaw is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154 of the Third Amended Complaint, and accordingly denies the same.

155.

Shaw denies the allegations contained in Paragraph 155 of the Third Amended Complaint as to Shaw. Shaw is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155 of the Third Amended Complaint, and accordingly denies the same.

156.

Responding to Paragraph 156 of the Third Amended Complaint, Shaw denies that Shaw caused any damage or losses to the Plaintiff or the Proposed Class Members, or that the Plaintiff or the Proposed Class Members have incurred expenses or will incur expenses because of actions of Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156 of the Third Amended Complaint, and accordingly denies the same.

**COUNT FOUR:**
**NEGLIGENCE PER SE**
**(All Defendants Except Dalton Utilities, 3M, DuPont, & Chemours)**

157.

Shaw incorporates its responses to Paragraphs 1-156 of the Third Amended Complaint as if fully set forth herein.

158.

Shaw denies the allegations contained in Paragraph 158 of the Third Amended Complaint as to Shaw. Shaw is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 of the Third Amended Complaint, and accordingly denies the same.

159.

Responding to Paragraph 159 of the Third Amended Complaint, Shaw admits that the terms of the Georgia Water Quality Control Act and corresponding regulations speak for themselves. Shaw denies any allegations inconsistent with those terms. Shaw further denies any remaining allegations contained in Paragraph 159 of the Third Amended Complaint.

160.

Responding to Paragraph 160 of the Third Amended Complaint, Shaw admits that the terms of the Georgia Water Quality Control Act and corresponding

regulations speak for themselves. Shaw denies any allegations inconsistent with those terms. Shaw denies that Shaw caused any damage or harm to the Plaintiff or the Proposed Class Members. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160 of the Third Amended Complaint, and accordingly denies the same.

161.

Responding to Paragraph 161 of the Third Amended Complaint, Shaw denies that Shaw has breached any duty to the Plaintiff or the Proposed Class Members or that any such alleged breach constitutes negligence per se. Shaw is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161 of the Third Amended Complaint, and accordingly denies the same.

162.

Responding to Paragraph 162 of the Third Amended Complaint, Shaw denies that Shaw caused any damage or losses to the Plaintiff or the Proposed Class Members, or that the Plaintiff or the Proposed Class Members have incurred expenses or will incur expenses because of actions of Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 162 of the Third Amended Complaint, and accordingly denies the same.

## COUNT FIVE:
## PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

### 163.

Shaw incorporates its responses to Paragraphs 1-162 of the Third Amended Complaint as if fully set forth herein.

### 164.

Shaw denies the allegations contained in Paragraph 164 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164 of the Third Amended Complaint, and accordingly denies the same.

### 165.

Shaw denies the allegations contained in Paragraph 165 of the Third Amended Complaint as to Shaw.  Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165 of the Third Amended Complaint, and accordingly denies the same.

166.

Shaw denies the allegations contained in Paragraph 166 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 166 of the Third Amended Complaint, and accordingly denies the same.

167.

Shaw denies the allegations contained in Paragraph 167 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167 of the Third Amended Complaint, and accordingly denies the same.

168.

Shaw denies the allegations contained in Paragraph 168 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168 of the Third Amended Complaint, and accordingly denies the same.

169.

Shaw denies the allegations contained in Paragraph 169 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 169 of the Third Amended Complaint, and accordingly denies the same.

170.

Shaw denies the allegations contained in Paragraph 170 of the Third Amended Complaint.

171.

Shaw denies the allegations contained in Paragraph 171 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 171 of the Third Amended Complaint, and accordingly denies the same.

**COUNT SIX:**
**PUBLIC NUISANCE**

172.

Shaw incorporates its responses to Paragraphs 1-171 of the Third Amended Complaint as if fully set forth herein.

173.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Third Amended Complaint, and accordingly denies the same.

174.

Shaw denies the allegations contained in Paragraph 174 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 174 of the Third Amended Complaint, and accordingly denies the same.

175.

Shaw is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Third Amended Complaint, and accordingly denies the same.

176.

Shaw denies the allegations contained in Paragraph 176 of the Third Amended Complaint as to Shaw. Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 176 of the Third Amended Complaint, and accordingly denies the same.

177.

Shaw denies the allegations contained in Paragraph 177 of the Third Amended Complaint.

178.

Responding to Paragraph 178 of the Third Amended Complaint, Shaw denies the allegations contained in the first sentence of Paragraph 178 of the Third Amended Complaint. Responding further, Shaw denies all allegations contained in Paragraph 178 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 178 of the Third Amended Complaint, and accordingly denies the same.

179.

Shaw denies the allegations contained in Paragraph 179 of the Third Amended Complaint.

180.

Shaw denies the allegations contained in Paragraph 180 of the Third Amended Complaint.

181.

Responding to Paragraph 181 of the Third Amended Complaint, Shaw denies that Shaw caused any damage or losses to the Plaintiff or the Proposed Class Members, or that the Plaintiff or the Proposed Class Members have incurred expenses or will incur expenses because of actions of Shaw. Responding further,

Shaw denies the allegations contained in Paragraph 181 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 181 of the Third Amended Complaint, and accordingly denies the same.

182.

Responding to Paragraph 182 of the Third Amended Complaint, Shaw denies that Shaw caused any damage or losses to the Plaintiff or the Proposed Class Members, or that the Plaintiff or the Proposed Class Members have incurred expenses or will incur expenses because of actions of Shaw. Responding further, Shaw denies the all allegations contained in Paragraph 182 of the Third Amended Complaint as to Shaw, and Shaw is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 182 of the Third Amended Complaint, and accordingly denies the same.

**COUNT SEVEN:**
**CLAIMS FOR ABATEMENT**
**AND INJUNCTION OF PUBLIC NUISANCE**

183.

Shaw incorporates its responses to Paragraphs 1-182 of the Third Amended Complaint as if fully set forth herein.

184.

Shaw denies the allegations contained in Paragraph 184 of the Third Amended Complaint.

185.

Shaw denies the allegations contained in Paragraph 185 of the Third Amended Complaint.

186.

Shaw denies the allegations contained in Paragraph 186 of the Third Amended Complaint.

187.

Shaw denies the allegations contained in Paragraph 187 of the Third Amended Complaint.

188.

Shaw denies the allegations contained in Paragraph 188 of the Third Amended Complaint.

Shaw denies the allegations contained in the demand made after Paragraph 188 of the Third Amended Complaint.

Shaw denies any allegation contained in the Third Amended Complaint not specifically admitted herein.

WHEREFORE, Shaw Industries, Inc. and Shaw Industries Group, Inc. pray that the claims against them be dismissed and that costs and fees of this action be cast upon the Plaintiff, that this Court deny Plaintiff's request for injunctive relief, that this Court grant Shaw Industries, Inc. and Shaw Industries Group, Inc. such further and other relief as the Court deems appropriate; and that this Court hold a trial by jury on all issues.

Respectfully submitted this 25th day of October, 2021.

/s/ Jennifer B. Dempsey
William V. Custer
Georgia Bar No. 202910
bill.custer@bclplaw.com
Jennifer B. Dempsey
Georgia Bar No. 217536
jennifer.dempsey@bclplaw.com
Ann W. Ferebee
Georgia Bar No. 431941
Christian J. Bromley

Georgia Bar No. 206633
christian.bromley@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center | Fourteenth Floor
1201 W. Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile:  (404) 572-6999

*Counsel for Defendants Shaw Industries, Inc.
and Shaw Industries Group, Inc.*

## CERTIFICATION UNDER L.R. 7.1.D.

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1.C.

*/s/ Jennifer B. Dempsey*
Jennifer B. Dempsey
Georgia Bar No. 217536

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all counsel of record.

This 25th day of October, 2021.

/s/ Jennifer B. Dempsey
Jennifer B. Dempsey
Georgia Bar No. 217536
jennifer.dempsey@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center | Fourteenth Floor
1201 W. Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile:  (404) 572-6999

*Counsel for Defendants Shaw Industries, Inc. and Shaw Industries Group, Inc.*