## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JARROD JOHNSON individually, and
on behalf of a Class of persons
similarly Situated,

*Plaintiff*,

v.

3M COMPANY, *et al.*,

*Defendants*.

Civil Action No. 4:20-cv-00008-AT

## ANSWER AND AFFIRMATIVE DEFENSES
## OF IMACC CORPORATION

COMES NOW, Defendant IMACC Corporation ("IMACC"), in the above-styled action, and for its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint ("TAC") shows the Court as follows:

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging that IMACC bears the burden of proof as to any of them, IMACC asserts the following defenses:

### FIRST DEFENSE

The TAC, and each Count therein, fails to state a claim upon which relief can be granted against IMACC.

## SECOND DEFENSE

Plaintiff's claims against IMACC are barred by the doctrine of waiver, estoppel, and/or laches.

## THIRD DEFENSE

Plaintiff's claims against IMACC are barred, in whole or in part, by the applicable statute of limitations, and Plaintiff's alleged damages are barred to the extent that any damages were incurred outside of the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff lacks standing to bring, in whole or in part, the current action under federal and/or state constitutional, statutory, or common law.

## FIFTH DEFENSE

IMACC affirmatively asserts as a defense, credit, or set-off against the damages claimed by Plaintiff, any payment, voluntary payment, or settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity. IMACC also asserts the affirmative defenses of satisfaction, payment, and release.

## SIXTH DEFENSE

Any putative claims available to Plaintiff but not joined in this action are barred for failure to assert those claims in the TAC.

## SEVENTH DEFENSE

IMACC has breached no duty or duties, if any, owed to Plaintiff.

## EIGHTH DEFENSE

IMACC has at all times acted reasonably, in good faith, and with the skill, prudence, and diligence exercised by others in IMACC's industry.

## NINTH DEFENSE

No alleged act, omission, or wrongful conduct on the part of IMACC caused or contributed to the alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the acts and/or omissions of persons other than IMACC, over whom IMACC had no control, were intervening or superseding causes of the injuries, costs, and damages allegedly caused by Plaintiffs.

## ELEVENTH DEFENSE

There is no proximate cause between any injury or damage allegedly suffered by Plaintiff and any alleged act or omission on the part of IMACC.

## TWELFTH DEFENSE

IMACC may not be found liable for punitive damages where the conditions which form the basis of Plaintiff's claims are, and have been, the subject of state

regulatory action, and when there has been substantial compliance with the findings, orders, and directives of the responsible state regulatory agency.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and the prohibition of excessive fines contained in the Eighth Amendment to the U.S. Constitution.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred by Article I, Section I, Paragraph I of the Constitution of the United States, which guarantees that no person shall be deprived of liberty, or property without the due process of law; Article I, Section I, Paragraph II of the Constitution of the State of Georgia, which guarantees that no person shall be deprived

## RESERVATION OF DEFENSES

IMACC adopts and incorporates herein by reference any applicable affirmative defense asserted by any other defendant in this action.

## ANSWER

IMACC, by and through its undersigned counsel, responds to the allegations contained in the individually numbered Paragraphs of the TAC as follows.[1] IMACC hereby denies any allegation that is not specifically admitted to in the specific answer to each numbered Paragraph in the TAC, including any allegation that may be contained in a header or subheader within the TAC.

IMACC provides this Answer based on a reasonable inquiry and its knowledge to date. The vast majority of the numbered paragraphs in the TAC make allegations against Defendants collectively. IMACC answers those allegations only on its own behalf. IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations that pertain to other Defendants and therefore denies each and every allegation pertaining to any Defendant other than IMACC. This lack of knowledge or information, and resulting denial, is incorporated into IMACC's responses to the numbered paragraphs below.

### STATEMENT OF THE CASE

1.      IMACC admits that Plaintiff filed this action for injunctive and other relief pursuant to the federal Clean Water Act but denies that Plaintiff has suffered

---

[1] For the avoidance of any doubt, each numbered paragraph of IMACC's Answer corresponds to the numbered paragraph in the TAC.

any damages or is entitled to any relief. IMACC denies the allegations in Paragraph 1. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2.      IMACC admits that Plaintiffs filed this action as a class action on behalf of a purported class. IMACC denies that Plaintiff or the Purported Class Members have been damaged or are entitled to relief. IMACC denies the remaining allegations in Paragraph 2.

3.      IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 3, and therefore denies the same. IMACC denies the allegations in the third sentence of Paragraph 3 as they relate to IMACC.

4.      IMACC denies the allegations in Paragraph 4 as they relate to IMACC, because IMACC does not own or operate a carpet or textile product manufacturing facility or any other facility related to the carpet industry, does not manufacture anything at its Dalton, Georgia facility, and has never used or supplied PFAS as part of its operations in Dalton, Georgia. By way of further response, IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies the same.

5.      IMACC denies the allegations in Paragraph 5 that IMACC has contaminated surface waters in the Upper Coosa River basin, including without limitation, the Conasauga River and the Oostanaula River. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies the same.

6.      IMACC admits that the TAC seeks compensatory, consequential, and punitive damages, and equitable and injunctive relief but denies that Plaintiff is entitled to recover any damages or attain injunctive or any relief from IMACC. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies the same.

## JURISDICTION AND VENUE

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is required, IMACC admits that the Court has subject matter jurisdiction over Clean Water Act (CWA) claims.

8.      IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.      IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.    IMACC admits that Plaintiff served a notice of intent to file suit under the CWA to IMACC more than a year ago, on June 25, 2020, but denies that Plaintiff is entitled to bring any such claim against IMACC. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

11.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12.    Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response is required, IMACC is not contesting, and therefore admits, that venue is properly in this Court.

13.    Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

14.    Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied. By way of further response, IMACC denies Plaintiff has suffered any injury attributable to IMACC.

**PARTIES**

15.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15 and therefore

denies the same. IMACC is without knowledge or information sufficient to form a belief as to whether Plaintiff is a customer of the RWSD or the source of Plaintiff's water supply and therefore denies the same. IMACC denies that it manufactures carpet or engages in "related processes, including waste disposal operations" or that it has contaminated Plaintiff's water supply.

16.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 and therefore denies the same. The second and third sentences of Paragraph 16 contain legal conclusions to which no response it required. To the extent a response is required, said allegations are denied.

17.    Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required at this time, IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

29.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30.    Paragraph 30 contains legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

31.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36.    IMACC admits that IMACC Corporation is the operator of a  container recycling and reconditioning facility in Dalton, Georgia, that it is registered as a foreign corporation with the Georgia Secretary of State, is incorporated in the State of California, and has a principal place of business in Calhoun, Georgia. IMACC denies the remaining allegations in Paragraph 36.

37.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

38.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the same.

39.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

40.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the same.

41.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the same.

42.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies the same.

43.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies the same.

46.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies the same.

47.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

48.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies the same.

49.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies the same.

50.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies the same.

## FACTUAL ALLEGATIONS

**Background and Hazards of PFAS**

51.     IMACC admits that several manufacturing facilities related to the manufacture of carpet are located in and around the City of Dalton, Georgia. IMACC denies the remaining allegations as they relate to IMACC because IMACC does not own or operate a carpet manufacturing plant or related facility, has never used PFAS in its processes, and has not supplied PFAS to any facility: IMACC's operations are independent of the carpet industry.  IMACC is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies the same.

52.     IMACC admits that, according to EPA, there are "thousands of PFAS chemicals, and they are found in many different consumer, commercial, and industrial products." IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies the same.

53.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies the same.

54.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies the same.

55.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies the same.

56.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies the same.

57.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies the same.

58.     IMACC admits that IARC has classified PFOA as "possibly carcinogenic to humans." IMACC is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies the same.

59.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies the same.

60.    IMACC admits that in 2016, EPA published a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)." IMACC denies any allegation inconsistent with the language of such advisories. IMACC denies any remaining allegations in Paragraph 60.

61.    IMACC admits that in 2016, EPA published a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)." IMACC denies any allegation in Paragraph 61 inconsistent with the language of such advisories. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore denies the same.

62.    IMACC admits that in 2016, EPA published a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)." IMACC denies any allegation in Paragraph 62 inconsistent with the language of such advisories. IMACC is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies the same.

63.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

64.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

65.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies the same.

66.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

**Defendants' Knowledge of Toxicity and Persistence of PFAS**

67.     IMACC denies the allegations in Paragraph 67 as they relate to IMACC. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

68.     The allegations in Paragraph 68 are not directed at IMACC, as it does not, and never has manufactured PFAS, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

69.     The allegations in Paragraph 69 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

70.     The allegations in Paragraph 70 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

71.     The allegations in Paragraph 71 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

72.     The allegations in Paragraph 72 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

73.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies the same.

74.    The allegations in Paragraph 74 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

75.    The allegations in Paragraph 75 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

76.    The allegations in Paragraph 76 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

77.    The allegations in Paragraph 77 are not directed at IMACC, and therefore, no response is necessary. To the extent a response is required, IMACC is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

78.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies the same.

79.     IMACC denies the allegations in Paragraph 79 as they relate to IMACC and further denies the allegations insofar as they allege IMACC is a manufacturer or user of PFAS chemicals. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and therefore denies the same.

80.     IMACC denies the allegations in Paragraph 80 as they relate to IMACC and further denies the allegations insofar as they allege that IMACC uses or has used PFAS in its operations. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and therefore denies the same.

81.     IMACC denies the allegations in Paragraph 81 as they relate to IMACC. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and therefore denies the same.

82.     IMACC is without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 82 and therefore denies the same. IMACC denies the remaining allegations in Paragraph 82 as they relate to IMACC and further denies the allegations insofar as they allege IMACC was ever supplied "Short-Chain" PFAS.

**Contamination of Upper Coosa River Basin with PFAS**

83.    IMACC admits that IMACC owns a facility in or around Dalton, Georgia that reconditions, recycles, and distributes industrial containers, and that discharges industrial wastewater to Dalton Utilities where such wastewater is treated by Dalton Utilities' wastewater treatment plants. IMACC is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 83 and therefore denies the same.

84.    IMACC admits that wastewater is treated by Dalton Utilities' wastewater treatment plants which operate pursuant to permits issued by the Georgia Department of Natural Resources, Environmental Protection Division. By way of further response, IMACC admits that such wastewater is treated before entering a Land Application System (LAS) where it is and was sprayed onto land owned by Dalton Utilities. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies the same.

85.    IMACC admits that wastewater is treated by Dalton Utilities' wastewater treatment plants which operate pursuant to permits issued by the Georgia Department of Natural Resources, Environmental Protection Division. By way of

further response, IMACC admits that such wastewater is treated before entering a LAS where it is and was sprayed onto land owned by Dalton Utilities. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and therefore denies the same.

86.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies the same.

87.    IMACC denies the allegations in Paragraph 87 as they relate to IMACC and further denies the allegations insofar as they allege that IMACC used, controlled, supplied, manufactured, or distributed any PFAS. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and therefore denies the same.

88.    IMACC admits that it holds an Industrial Wastewater Discharge Permit issued by Dalton Utilities. The terms of that permit speak for themselves and IMACC denies any allegations in Paragraph 88 inconsistent with the permit. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and therefore denies the same.

89.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies the same.

90.    IMACC denies the allegations in Paragraph 90 as they relate to IMACC. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies the same.

91.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies the same.

92.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies the same.

93.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies the same.

94.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies the same.

95.    The allegations in Paragraph 95 are not directed at IMACC and therefore no response is necessary. To the extent a response is required, IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies the same.

96.    The allegations in Paragraph 96 are not directed at IMACC and therefore no response is necessary. To the extent a response is required, IMACC is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies the same.

**PFAS Contamination of Rome Water Supply**

97.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies the same.

98.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies the same.

99.    IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies the same.

100.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies the same.

101.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies the same.

102.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies the same.

103.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies the same.

104.   IMACC denies that Plaintiff or the Proposed Class Members have suffered any damage attributable to IMACC. IMACC is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore denies the same.

## COUNT ONE:
## DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

105.   IMACC incorporates by reference its responses to Paragraphs 1-104 as if fully set forth herein.

106.   Paragraph 106 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 106 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

107.   The allegations in Paragraph 107 are not directed at IMACC and therefore no response is required. To the extent a response is required, IMACC admits that EPD is the state water pollution control agency for purposes of the CWA and is tasked with administering the CWA's permitting programs within the State of Georgia.

108.   Paragraph 108 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 108 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

109.   Paragraph 109 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 109 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

110.   Paragraph 110 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 110 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

111.   Paragraph 111 contains legal conclusions to which no response it required. Additionally, the allegations in Paragraph 111 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

112.   Paragraph 112 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 112 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

113.   Paragraph 113 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 113 are not directed at IMACC

and therefore no response is required. To the extent a response is required, said allegations are denied.

114.   The allegations in Paragraph 114 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

115.   The allegations in Paragraph 115 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

116.   The allegations in Paragraph 116 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

117.   The allegations in Paragraph 117 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

118.   The allegations in Paragraph 118 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

119.   The allegations in Paragraph 119 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

## COUNT TWO:
## INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT
### (Defendant Dalton/Whitfield Regional Solid Waste Authority)

120.   IMACC incorporates by reference its responses to Paragraphs 1-119 as if fully set forth herein.

121.   The allegations in Paragraph 121 are not directed at IMACC therefore no response it required. To the extent a response is required at this time, IMACC admits that Section 307(b) through (e) of the CWA establishes the federal pretreatment program for regulation of discharges from industrial facilities into publicly owned treatment works. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 and therefore denies the same.

122.   The allegations in Paragraph 122 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

123.  The allegations in Paragraph 123 are not directed at IMACC and therefore no response is required. To the extent a response is required, IMACC admits that EPD is the state water pollution control agency for purposes of the CWA and is tasked with administering the CWA's permitting programs within the State of Georgia.

124.  The allegations in Paragraph 124 are not directed at IMACC and therefore no response is required. To the extent a response is required, IMACC admits that the allegation correctly quotes the statutory language.

125.  The allegations in Paragraph 125 are not directed at IMACC and therefore no response is required. To the extent a response is required, IMACC admits that Dalton Utilities has enacted Sewer Use Rules and Regulations, which incorporate federal and state pretreatment standards. IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies the same.

126.  Paragraph 126 contains legal conclusions to which no response is required. Further, the allegations in Paragraph 126 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

127.   The allegations in Paragraph 127 are not directed at IMACC and therefore no response is required. To the extent a response is required, IMACC admits that the allegation correctly quotes the statutory language

128.   The allegations in Paragraph 128 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

129.   The allegations in Paragraph 129 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

130.   The allegations in Paragraph 130 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

131.   The allegations in Paragraph 131 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

132.   The allegations in Paragraph 132 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

133.   The allegations in Paragraph 133 are not directed at IMACC and therefore no response is required. To the extent a response is required, said allegations are denied.

## CLASS ALLEGATIONS

134.   IMACC incorporates by reference its responses to Paragraphs 1-133 as if fully set forth herein.

135.   IMACC admits the action is styled as a purported class action. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and therefore denies the same.

136.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore denies the same.

137.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore denies the same.

**All water subscribers (ratepayers) with the Rome Water and Sewer Division and/or the Floyd County Water Department.**

138.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and all subparts therein and therefore denies the same.

139.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies the same.

### Numerosity

140.   IMACC denies the allegations in Paragraph 140.

141.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore denies the same.

### Typicality

142.   Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied. By way of further response, IMACC denies that Plaintiffs have suffered any damages attributable to any actions or omissions of IMACC.

### Adequate Representation

143.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore denies the same. By way of further response, Paragraph 143 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

144.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore denies the same.

### Predominance of Common Questions of Law and Fact

145.   Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

146.   IMACC denies the allegations in Paragraph 146.

**Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief**

147.   IMACC denies the allegations in Paragraph 147 as they relate to IMACC. IMACC admits that the TAC seeks declaratory and injunctive relief but denies that Plaintiff is entitled to any such relief. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 and therefore denies the same. Except for those specifically admitted, the allegations in Paragraph 147 are denied.

148.   IMACC denies the allegations in Paragraph 148.

### Superiority

149.   IMACC denies the allegations of Paragraph 149.

150.   IMACC denies the allegations of Paragraph 150.

### COUNT THREE:
### WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities)

151.   IMACC incorporates by reference its responses to Paragraphs 1-150 as if fully set forth herein.

152.   IMACC denies the allegations of Paragraph 152 as they relate to IMACC and further denies the allegations insofar as they allege IMACC manufactured, distributed, supplies, handled, transported, used, and/or knowingly

discharged PFAS. By way of further response, Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

153.   IMACC denies the allegations of Paragraph 153 as they relate to IMACC.

154.   IMACC denies the allegations of Paragraph 154 as they relate to IMACC.

155.   IMACC denies the allegations of Paragraph 155 as they relate to IMACC.

156.   IMACC admits that Plaintiff has filed this action on behalf of a proposed class as defined in Paragraph 137 to mean "All water subscribers, (ratepayers) with the Rome Water and Sewer Division and/or the Floyd County Water Department." IMACC denies the remaining allegations of Paragraph 156 as they relate to IMACC.

## COUNT FOUR:
## NEGLIGENCE PER SE
### (All Defendants Except Dalton Utilities, 3M, DuPont, & Chemours)

157.   IMACC incorporates by reference its responses to Paragraphs 1-156 as if set forth fully herein.

158.   IMACC denies the allegations of Paragraph 158 as they relate to IMACC. By way of further response, Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

159.   IMACC denies the allegations of Paragraph 159 as they relate to IMACC.

160.   Paragraph 160 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

161.   IMACC denies the allegations of Paragraph 161 as they relate to IMACC. By way of further response, Paragraph 161 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

162.   IMACC denies the allegations of Paragraph 162 as they relate to IMACC and further denies that Plaintiff has suffered any harm attributable to any actions or omissions of IMACC.

### COUNT FIVE:
### PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

163.   IMACC incorporates by reference its responses to Paragraphs 1-162 as if set forth fully herein.

164.   IMACC denies the allegations of Paragraph 164 as they relate to IMACC and further denies the allegations of Paragraph 164 insofar as they allege IMACC is a manufacturer, distributor, supplier, handler, transporter, user, or intentional discharger of PFAS. IMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 and therefore denies the same.

165.   IMACC denies the allegations of Paragraph 165 as they relate to IMACC.

166.   IMACC denies the allegations of Paragraph 166 as they relate to IMACC.

167.   IMACC denies the allegations of Paragraph 167 as they relate to IMACC.

168.   IMACC denies the allegations of Paragraph 168 as they relate to IMACC and further denies that Plaintiff and the Proposed Class have suffered harm due to any actions or omissions by IMACC.

169.   IMACC denies the allegations of Paragraph 169 as they relate to IMACC and further denies Plaintiff and the Proposed Class have suffered harm due to any actions or omissions by IMACC.

170.   IMACC denies the allegations of Paragraph 170 as they relate to IMACC.

171.   IMACC denies the allegations of Paragraph 171 as they relate to IMACC.

## COUNT SIX:
## PUBLIC NUISANCE

172.   IMACC incorporates by reference its responses to Paragraphs 1-171 as if fully set forth herein.

173.   IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies the same.

174.   IMACC denies the allegations of Paragraph 174 as they relate to IMACC.

175.   The allegations in Paragraph 175 are not directed at IMACC therefore, no response is required. To the extent a response is required, said allegations are denied.

176.   IMACC denies the allegations of Paragraph 176 as they relate to IMACC. By way of further response, Paragraph 176 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

177.   IMACC denies the allegations of Paragraph 177 as they relate to IMACC. By way of further response, Paragraph 177 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

178.   IMACC denies the allegations of Paragraph 178 as they relate to IMACC. IMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and therefore denies the same.

179.   IMACC denies the allegations of Paragraph 179 as they relate to IMACC.

180.   IMACC denies the allegations of Paragraph 180 as they relate to IMACC. By way of further response, Paragraph 180 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

181.   Paragraph 181 contains legal conclusions to which no response is required. To the extent a response is required, said allegations are denied. By way of further response, IMACC denies that Plaintiff and Proposed Class Members have any right to recover damages.

182.   IMACC denies the allegations of Paragraph 182 as they relate to IMACC. By way of further response, Paragraph 182 contains legal conclusions to

which no response is required. To the extent a response is required, said allegations are denied.

## COUNT SEVEN:
## CLAIMS FOR ABATEMENT
## AND INJUNCTION OF PUBLIC NUISANCE

183.   IMACC incorporates Paragraphs 1-182 as if fully set forth herein.

184.   IMACC denies the allegations of Paragraph 184.

185.   IMACC denies the allegations of Paragraph 185.

186.   IMACC admits that Plaintiff's Complaint seeks injunctive relief but denies that Plaintiff is entitled to any such relief attributable to any actions or omissions by IMACC. IMACC denies the remaining allegations as they relate to IMACC. Except for those specifically admitted, the allegations in Paragraph 186 are denied.

187.   IMACC denies the allegations in Paragraph 187.

### RELIEF DEMANDED

IMACC denies that Plaintiff is entitled to any of the relief requested and denies any allegations in the prayer for relief.

### RELIEF REQUESTED

WHEREFORE, having answered fully, IMACC prays:

(a)     For judgment in IMACC's favor on each and every Count contained
        in Plaintiff's Complaint;

(b)     That all costs of the action, including reasonable attorneys' fees, be
        taxed upon Plaintiff;

(c)     In the event any injunctive relief is granted, that the Court require
        Plaintiff to post a bond in an amount sufficient to protect all of
        IMACC's interests affected as a result of the injunctive relief;

(d)     That a trial by jury of twelve be had on all triable issues in this case;
        and

(e)     That this Court grant IMACC such other and further relief as the
        Court deems just, equitable, and proper.

Dated this 25th of October, 2021.

Respectfully submitted,

/s/   *Meaghan Boyd*
        Meaghan G. Boyd
        Georgia Bar No. 142521
        Shannon Vreeland
        Georgia Bar No. 472552

        ALSTON & BIRD LLP
        One Atlantic Center
        1201 West Peachtree Street NW
        Atlanta, GA 30309-3424
        Telephone: 404-881-7000

Fax: (404) 881-7777
meaghan.boyd@alston.com
shannon.vreeland@alston.com

*Counsel for Defendant IMACC*
*Corporation*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

/s/ *Meaghan Boyd*_____
Meaghan G. Boyd
Georgia Bar No. 142521

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JARROD JOHNSON individually, and
on behalf of a Class of persons
similarly Situated,

    *Plaintiff,*

v.

3M COMPANY, *et al.*,

    *Defendants.*

Civil Action No. 4:20-cv-00008-AT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF IMACC CORPORATION** has been filed electronically with the Clerk of Court by using the CM/ECF system which will automatically email all counsel of record.

October 25th, 2021,


[Signature on following page]

42

*/s/ Meaghan Boyd* _____
Meaghan G. Boyd
Georgia Bar No. 142521

*Counsel for IMACC Corporation*