IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JARROD JOHNSON individually, and on behalf of a Class of persons similarly Situated,<br><br>       *Plaintiff*,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>       *Defendants*. | Civil Action No. 4:20-cv-00008-AT |

## ANSWER OF ALADDIN MANUFACTURING CORPORATION, MOHAWK INDUSTRIES, INC., AND MOHAWK CARPET, LLC TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants Aladdin Manufacturing Corporation, Mohawk Industries, Inc., and Mohawk Carpet, LLC (collectively, "Mohawk Defendants") respond to Plaintiff's Third Amended Individual and Class Action Complaint ("Complaint") and state as follows.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, the Mohawk Defendants assert the following defenses.

## FIRST DEFENSE

Plaintiff and the putative class members lack standing to bring, in whole or in part, the current action under federal and/or state constitutional, statutory, or common law.

## SECOND DEFENSE

The Complaint, and each Count therein, fails to state a claim upon which relief may be granted against the Mohawk Defendants.

## THIRD DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred, in whole or in part, by the applicable statute of limitations, and Plaintiff's alleged damages are barred to the extent that any damages were incurred outside of the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred, in whole or in part, by any applicable statute or rule of repose.

## FIFTH DEFENSE

 Plaintiff's claims against the Mohawk Defendants are barred by the doctrines of waiver, estoppel, and/or laches.

## SIXTH DEFENSE

The Mohawk Defendants affirmatively assert as a defense, credit, or set-off against the damages claimed by Plaintiff, any payment, voluntary payment, or settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity. The Mohawk Defendants also assert the affirmative defenses of satisfaction, payment, and release.

## SEVENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred because the Mohawk Defendants owe no legal duty to Plaintiff or the putative class members.

## EIGHTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred because the claimed injuries or damages were not proximately caused by any acts or omissions of the Mohawk Defendants.

## NINTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred because the claimed injuries and damages, if any, were caused by the acts or omissions of others over whom the Mohawk Defendants had no right of control, including, but not limited to, the prior, intervening, or superseding conduct of others.

## TENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred because Plaintiff and the putative class members have suffered no legally cognizable damages.

## ELEVENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred by the doctrine of preemption.

## TWELFTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred by the doctrine of assumption of risk.

## THIRTEENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred by the Georgia public services doctrine.

## FOURTEENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred by the economic loss rule.

## FIFTEENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred because the conduct of the Mohawk Defendants was in accordance with all applicable laws,

regulations, permits, and industry practice, and the Mohawk Defendants had the legal right to provide industrial wastewater to Dalton Utilities and/or other wastewater treatment providers pursuant to permits.

SIXTEENTH DEFENSE

The Mohawk Defendants assert the state-of-the-art defense.

SEVENTEENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are, or may be, barred by collateral estoppel, res judicata, and/or a prior pending action.

EIGHTEENTH DEFENSE

Plaintiff's nuisance claims against the Mohawk Defendants are barred by the doctrine of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

NINETEENTH DEFENSE

Plaintiff's claims against the Mohawk Defendants are barred by the doctrine of primary jurisdiction.

TWENTIETH DEFENSE

Although the Mohawk Defendants deny that Plaintiff is entitled to punitive damages, the Mohawk Defendants affirmatively plead that any award of punitive damages against the Mohawk Defendants would violate the Georgia and United

States Constitutions, and that in any event any claim for punitive damages is subject to the limitations, cap, and protections under the law, including but not limited to O.C.G.A. § 51-12-1, *et seq*.

TWENTY-FIRST DEFENSE

Plaintiff's claims for injunctive or other equitable relief against the Mohawk Defendants are barred because Plaintiff has an adequate remedy at law, if Plaintiff is entitled to any remedy.

TWENTY-SECOND DEFENSE

Plaintiff has failed to join one or more necessary parties.

TWENTY-THIRD DEFENSE

Plaintiff's claims are not legally or factually proper for class action treatment under Fed. R. Civ. P. 23.

TWENTY-FOURTH DEFENSE

The Mohawk Defendants adopt and incorporate herein by reference any applicable affirmative defense asserted by any other defendant in this action.

The above defenses and affirmative defenses are based on the facts and theories currently known to the Mohawk Defendants. The Mohawk Defendants reserve the right to amend or add defenses or affirmative defenses based on facts or theories later discovered, pleaded, or offered.

# ANSWER

Subject to and without waiving the defenses raised in the Manufacturing Defendants' Motion to Dismiss and the above Affirmative and Other Defenses, the Mohawk Defendants respond to the Complaint as follows.

Plaintiff uses the term "PFAS" throughout the Complaint. The term "PFAS" is used to refer to "per- and polyfluoroalkyl substances"—an extremely broad category of individual chemicals, each one of which has unique characteristics and properties. As a result, the term is vague, ambiguous, susceptible to multiple meanings, and so expansive as to be rendered meaningless. Without a more specific definition, the Mohawk Defendants lack the knowledge or information necessary to form a belief as to any allegation that incorporates the term "PFAS" and therefore deny those allegations.

Plaintiff's use of the term "Defendants" is also problematic. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to allegations that pertain to other defendants and, therefore, such allegations are denied. The Mohawk Defendants respond to the allegations contained in the individually numbered paragraphs of the Complaint only on behalf of the Mohawk Defendants themselves.

## STATEMENT OF THE CASE

1.      The allegations in Paragraph 1 are not directed at the Mohawk Defendants and, further, contain legal conclusions. Therefore, no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 1 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 and, therefore, such allegations are denied.

2.      The Mohawk Defendants admit that Plaintiff purports to bring a class action but deny that a class action is permissible or appropriate in this case. The Mohawk Defendants deny the allegations in Paragraph 2 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2 and, therefore, such allegations are denied.

3.      The Mohawk Defendants deny the allegations in Paragraph 3 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and, therefore, such allegations are denied.

4.      The Mohawk Defendants admit that Aladdin Manufacturing Corporation operates one or more manufacturing facilities relating to the carpet

industry in or near the City of Dalton, Georgia. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4, and, therefore, such allegations are denied.

5.     The Mohawk Defendants deny any allegation that the Mohawk Defendants have contaminated surface waters in the Upper Coosa River basin. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5, and, therefore, such allegations are denied.

6.     The Mohawk Defendants admit that the Complaint purports to seek compensatory, consequential, and punitive damages and equitable and injunctive relief but deny that Plaintiff is entitled to any such relief. The Mohawk Defendants deny the allegations in Paragraph 6 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6, and, therefore, such allegations are denied.

## JURISDICTION AND VENUE

7.     Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent that a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and, therefore, said allegations are denied.

9.      The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, and, therefore, said allegations are denied.

10.     The Mohawk Defendants admit that Plaintiff served a notice of intent to file suit under the CWA to Aladdin Manufacturing Corporation and Mohawk Industries, Inc. on June 29, 2020, but deny that Plaintiff is entitled to bring any such claim against the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 10, and, therefore, such allegations are denied.

11.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and, therefore, such allegations are denied.

12.     Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response is required at this time, said allegations are denied.

13.     Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required at this time, said allegations are denied.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required at this time, the Mohawk Defendants deny the allegations in Paragraph 14 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 14, and, therefore, such allegations are denied.

## PARTIES

15.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and, therefore, such allegations are denied.

16.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16, and, therefore, such allegations are denied.

17.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and, therefore, such allegations are denied.

18.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and, therefore, such allegations are denied.

19.    The Mohawk Defendants admit that Aladdin Manufacturing Corporation is a corporation organized under the laws of the State of Delaware, has its principal place of business in Calhoun, Georgia, and is registered as a foreign corporation with the Georgia secretary of state. The Mohawk Defendants further admit that Aladdin Manufacturing Corporation operates one or more carpet manufacturing facilities in or around Dalton, Georgia, including the Antioch facility located at 2001 Antioch Road, Dalton, Georgia 30721. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19, and, therefore, such allegations are denied.

20.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, and, therefore, such allegations are denied.

21.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and, therefore, such allegations are denied.

22.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22, and, therefore, such allegations are denied.

23.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23, and, therefore, such allegations are denied.

24.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24, and, therefore, such allegations are denied.

25.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 25, and, therefore, such allegations are denied.

26.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, and, therefore, such allegations are denied.

27.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27, and, therefore, such allegations are denied.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response is required at this time, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, and, therefore, such allegations are denied.

29.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 29, and, therefore, such allegations are denied.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent that a response is required at this time, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30, and, therefore, such allegations are denied.

31.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, and, therefore, such allegations are denied.

32.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and, therefore, such allegations are denied.

33.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33, and, therefore, such allegations are denied.

34.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 34, and, therefore, such allegations are denied.

35.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 35, and, therefore, such allegations are denied.

36.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36, and, therefore, such allegations are denied.

37.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 37, and, therefore, such allegations are denied.

38.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, and, therefore, such allegations are denied.

39.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, and, therefore, such allegations are denied.

40.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 40, and, therefore, such allegations are denied.

41.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, and, therefore, such allegations are denied.

42.     The Mohawk Defendants admit that Mohawk Carpet, LLC is a foreign corporation that is incorporated in the State of Delaware, has a principal place of business in Calhoun, Georgia, and is registered as a foreign corporation with the Georgia secretary of state. Its sole member is Mohawk Industries, Inc., which is a Delaware Corporation with its principal place of business in Calhoun, Georgia. The Mohawk Defendants deny the remaining allegations in Paragraph 42.

43.     The Mohawk Defendants admit that Mohawk Industries, Inc. is a foreign corporation that is incorporated in the State of Delaware, has a principal place of business in Calhoun, Georgia, and is registered as a foreign corporation with

the Georgia secretary of state. The Mohawk Defendants deny the remaining allegations in Paragraph 43.

44.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 44, and, therefore, such allegations are denied.

45.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 45, and, therefore, such allegations are denied.

46.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and, therefore, such allegations are denied.

47.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, and, therefore, such allegations are denied.

48.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 48, and, therefore, such allegations are denied.

49.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 49, and, therefore, such allegations are denied.

50.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 50, and, therefore, such allegations are denied.

## FACTUAL ALLEGATIONS

### "Background and Hazards of PFAS"

51.    The Mohawk Defendants admit that several manufacturing facilities related to the manufacture of carpet are located in and around the City of Dalton, Georgia. The Mohawk Defendants further admit that Aladdin Manufacturing Corporation operates one or more manufacturing facilities in or around Dalton, Georgia. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 51, and, therefore, such allegations are denied.

52.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52, and, therefore, such allegations are denied.

53.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 53, and, therefore, such allegations are denied.

54.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 54, and, therefore, such allegations are denied.

55.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 55, and, therefore, such allegations are denied.

56.     The Mohawk Defendants admit that some studies have claimed adverse health effects associated with exposure to elevated levels of PFOA and PFOS. The Mohawk Defendants deny, however, that any adverse health risks have been proven to be associated with or caused by the Mohawk Defendants' manufacturing processes. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 56, and, therefore, such allegations are denied.

57.     The Mohawk Defendants admit that some studies have claimed adverse health effects associated with exposure to elevated levels of PFOA and PFOS. The Mohawk Defendants deny, however, that any adverse health risks have been proven

to be associated with or caused by the Mohawk Defendants' manufacturing processes. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 57, and, therefore, such allegations are denied.

58.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 58, and, therefore, such allegations are denied.

59.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 59, and, therefore, such allegations are denied.

60.    The Mohawk Defendants admit that, in 2016, the EPA published a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)," which speak for themselves. The Mohawk Defendants deny any allegation inconsistent with the health advisories' terms. The Mohawk Defendants also deny any remaining allegations in Paragraph 60.

61.    The Mohawk Defendants admit that the terms of the "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)" speak for themselves and deny any

allegations inconsistent with the advisories' terms. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 61, and, therefore, such allegations are denied.

62.     The Mohawk Defendants admit that the terms of the "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)" speak for themselves and deny any allegations inconsistent with the advisories' terms. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 62, and, therefore, such allegations are denied.

63.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 63, and, therefore, such allegations are denied.

64.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 64, and, therefore, such allegations are denied.

65.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 65, and, therefore, such allegations are denied.

66.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 66, and, therefore, such allegations are denied.

**"Defendants' Knowledge of Toxicity and Persistence of PFAS"**

67.    The Mohawk Defendants deny the allegations in Paragraph 67 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 67, and, therefore, such allegations are denied.

68.    The Mohawk Defendants deny the allegations in Paragraph 68 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 68, and, therefore, such allegations are denied.

69.    The allegations in Paragraph 69 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 69, and, therefore, such allegations are denied.

70.    The allegations in Paragraph 70 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required,

the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 70, and, therefore, such allegations are denied.

71. The allegations in Paragraph 71 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 71, and, therefore, such allegations are denied.

72. The allegations in Paragraph 72 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 72, and, therefore, such allegations are denied.

73. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 73, and, therefore, such allegations are denied.

74. The allegations in Paragraph 74 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a

belief as to the allegations in Paragraph 74, and, therefore, such allegations are denied.

75.    The allegations in Paragraph 75 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 75, and, therefore, such allegations are denied.

76.    The allegations in Paragraph 76 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 76, and, therefore, such allegations are denied.

77.    The allegations in Paragraph 77 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 77, and, therefore, such allegations are denied.

78.    The allegations in Paragraph 78 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required,

the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 78, and, therefore, such allegations are denied.

79.     The Mohawk Defendants deny the allegations in Paragraph 79 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 79, and, therefore, such allegations are denied.

80.     The Mohawk Defendants deny the allegations in Paragraph 80 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 80, and, therefore, such allegations are denied.

81.     The Mohawk Defendants deny the allegations in Paragraph 81 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 81, and, therefore, such allegations are denied.

82.     The Mohawk Defendants admit that the EPA published on March 11, 2002 at 40 CFR Part 721, the "Perfluoroalkyl Sulfonates; Significant New Use Rule; Final Rule and Supplement Rule," and published on December 9, 2002 at 40 CFR Part 721, the "Perfluoroalkyl Sulfonates; Significant New Use Rule, Final Rule,"

and the terms of those proposed and final rules speak for themselves. The Mohawk Defendants deny the remaining allegations in Paragraph 82 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 82, and, therefore, such allegations are denied.

 **"Contamination of Upper Coosa River Basin with PFAS"**

83.    The Mohawk Defendants admit that Aladdin Manufacturing Corporation operates one or more manufacturing facilities in or around Dalton, Georgia, and discharges certain industrial wastewater to Dalton Utilities. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 83, and, therefore, such allegations are denied.

84.    The Mohawk Defendants admit that the industrial wastewater referred to in the above response to Paragraph 83 is treated by Dalton Utilities' wastewater treatment plants pursuant to permits issued by the Georgia Department of Natural Resources Environmental Protection Division before being transported to a Land Application System ("LAS"), where it is and was sprayed onto property owned by Dalton Utilities. The Mohawk Defendants are without knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 84, and, therefore, such allegations are denied.

85.     The Mohawk Defendants admit that Dalton Utilities' wastewater treatment system operates pursuant to permits issued by the Georgia Department of Natural Resources Environmental Protection Division before being transported to a Land Application System ("LAS") where it is and was sprayed onto property owned by Dalton Utilities. The Mohawk Defendants admit that the terms of Dalton Utilities' LAS Permit speak for themselves and deny any allegations inconsistent with the permit's terms. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 85, and, therefore, such allegations are denied.

86.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 86, and, therefore, such allegations are denied.

87.     The Mohawk Defendants deny the allegations in Paragraph 87 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 87, and, therefore, such allegations are denied.

88.     The Mohawk Defendants deny the allegations in Paragraph 88 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 88, and, therefore, such allegations are denied.

89.     The Mohawk Defendants deny that there are unsafe levels of PFAS in the water supply of Plaintiff or the proposed class members. The Mohawk Defendants also deny any other allegations in Paragraph 89 that purport to extend to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 89, and, therefore, such allegations are denied.

90.     The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 90, and, therefore, such allegations are denied.

91.     The Mohawk Defendants admit that, in March 2006, certain persons affiliated with the University of Georgia ("UGA") conducted sampling the results of which are reflected in an article entitled "Concentrations and Patterns of Perfluoroalkyl Acids in Georgia, USA Surface Waters Near and Distant to a Major Use Source." That article speaks for itself, and the Mohawk Defendants deny any

allegation inconsistent with that article's content. The Mohawk Defendants deny any remaining allegations in Paragraph 91.

92.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 92, and, therefore, such allegations are denied.

93.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 93, and, therefore, such allegations are denied.

94.    The Mohawk Defendants deny that there are unsafe levels of PFOA or PFOS in the water supply of Plaintiff or the proposed class members. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 94, and, therefore, such allegations are denied.

95.    The allegations in Paragraph 95 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 95, and, therefore, such allegations are denied.

96.    The allegations in Paragraph 96 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 96, and, therefore, such allegations are denied.

**"PFAS Contamination of Rome Water Supply"**

97.    The Mohawk Defendants deny that there are unsafe levels of PFOA or PFOS in the City of Rome's drinking water supply. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 97, and, therefore, such allegations are denied.

98.    The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 98, and, therefore, such allegations are denied.

99.    The Mohawk Defendants deny that there are unsafe levels of PFOA or PFOS in the City of Rome's drinking water supply or that the City of Rome or its customers needed to seek an alternative water supply. The Mohawk Defendants also deny that the City of Rome needed to take "emergency precautions and implement[] an emergency temporary filtration process." The Mohawk Defendants are without

knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 99, and, therefore, such allegations are denied.

100.   The Mohawk Defendants deny that there are unsafe levels of PFOA or PFOS in the City of Rome's water supply. The Mohawk Defendants also deny that the City of Rome needs "a new and permanent filtration system . . . [d]ue the high levels of PFOA and PFOS found in its water supply, and due to the presence of Short-Chain PFAS." The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 100, and, therefore, such allegations are denied.

101.   The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 101, and, therefore, such allegations are denied.

102.   The Mohawk Defendants admit that, on November 4, 2019, the City Commission of the City of Rome enacted a "Resolution Regarding City of Rome Water Supply," which speaks for itself. The Mohawk Defendants deny any allegation inconsistent with the content of the "Resolution Regarding City of Rome Water Supply." The Mohawk Defendants deny any remaining allegations in Paragraph 102.

103.   The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 103, and, therefore, such allegations are denied.

104.   The Mohawk Defendants deny the allegations in Paragraph 104 as they relate to the Mohawk Defendants. The Mohawk Defendants specifically deny that they caused any damage to Plaintiff or the putative class members. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 104, and, therefore, such allegations are denied.

## COUNT ONE:
### DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

105.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 104 as if set forth fully herein.

106.   The allegations in Paragraph 106 are not directed against the Mohawk Defendants, and, further, Paragraph 106 contains legal conclusions. Therefore, no response is required. To the extent a response is required at this time, the Clean Water Act ("CWA") speaks for itself, and the Mohawk Defendants deny any allegation inconsistent with its terms. The Mohawk Defendants are without

knowledge or information sufficient to form a belief as to any remaining allegation in Paragraph 106, and, therefore, such allegations are denied.

107.   The allegations in Paragraph 107 are not directed against the Mohawk Defendants, and, further, Paragraph 107 contains legal conclusions. Therefore, no response is required. To the extent a response is required at this time, the CWA and O.C.G.A. § 12-5-30 speak for themselves, and the Mohawk Defendants deny any allegation inconsistent with the terms of those statutes. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to any remaining allegation in Paragraph 107, and, therefore, such allegations are denied.

108.   The allegations in Paragraph 108 are not directed against the Mohawk Defendants, and, further, Paragraph 108 contains legal conclusions. Therefore, no response is required. To the extent a response is required at this time, the CWA and cited case law speak for themselves, and the Mohawk Defendants deny any allegation inconsistent with their terms. The Mohawk Defendants lack sufficient information to admit or deny any remaining allegation contained in Paragraph 108, and, therefore, such allegations are denied.

109.   The allegations in Paragraph 109 are not directed against the Mohawk Defendants, and, further, Paragraph 109 contains legal conclusions. Therefore, no response is required. To the extent a response is required at this time, the Mohawk

Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 109, and, therefore, such allegations are denied.

110.   The allegations in Paragraph 110 are not directed against the Mohawk Defendants, and, further, Paragraph 110 contains legal conclusions. Therefore, no response is required. To the extent a response is required at this time, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 109, and, therefore, such allegations are denied.

111.   The allegations in Paragraph 111 are not directed against the Mohawk Defendants, and, further, Paragraph 111 contains legal conclusions. Therefore, no response is required. To the extent a response is required at this time, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 111, and, therefore, such allegations are denied.

112.   The allegations in Paragraph 112 are not directed against the Mohawk Defendants, and, further, Paragraph 112 contains legal conclusions. Therefore, no response is required. To the extent a response is required at this time, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 112, and, therefore, such allegations are denied.

113.   The allegations in Paragraph 113 are not directed against the Mohawk Defendants, and, further, Paragraph 113 contains legal conclusions. Therefore, no

response is required. To the extent a response is required at this time, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 113, and, therefore, such allegations are denied.

114. The allegations in Paragraph 114 are not directed at the Mohawk Defendants, and, further, Paragraph 114 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 114, and, therefore, such allegations are denied.

115. The allegations in Paragraph 115 are not directed at the Mohawk Defendants, and, further, Paragraph 115 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 115, and, therefore, such allegations are denied.

116. The allegations in Paragraph 116 are not directed at the Mohawk Defendants, and, further, Paragraph 116 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 116, and, therefore, such allegations are denied.

117.   The allegations in Paragraph 117 are not directed at the Mohawk Defendants, and, further, Paragraph 117 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 117, and, therefore, such allegations are denied.

118.   The allegations in Paragraph 118 are not directed at the Mohawk Defendants, and, further, Paragraph 118 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 118, and, therefore, such allegations are denied.

119.   The allegations in Paragraph 119 are not directed at the Mohawk Defendants, and, further, Paragraph 119 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 119, and, therefore, such allegations are denied.

## COUNT TWO:
## INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT
### (Defendant Dalton/Whitfield Regional Solid Waste Authority)

120.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 119 as if set forth fully herein.

121.   The allegations in Paragraph 121 are not directed at the Mohawk Defendants, and, further, Paragraph 121 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the CWA speaks for itself, and the Mohawk Defendants deny any allegation inconsistent with its terms. The Mohawk Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 121, and, therefore, such allegations are denied.

122.   The allegations in Paragraph 122 are not directed at the Mohawk Defendants, and, further, Paragraph 122 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the cited EPA regulations speak for themselves, and the Mohawk Defendants deny any allegation inconsistent with their terms. The Mohawk Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 122, and, therefore, such allegations are denied.

123.   The allegations in Paragraph 123 are not directed at the Mohawk Defendants, and, further, Paragraph 123 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the cited statute and regulations speak for themselves, and the Mohawk Defendants deny any allegation

inconsistent with their terms. The Mohawk Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 123, and, therefore, such allegations are denied.

124.   The allegations in Paragraph 124 are not directed at the Mohawk Defendants, and, further, Paragraph 124 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the cited regulations speak for themselves, and the Mohawk Defendants deny any allegation inconsistent with their terms. The Mohawk Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 124, and, therefore, such allegations are denied.

125.   The allegations in Paragraph 125 are not directed at the Mohawk Defendants, and, further, Paragraph 125 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Sewer Use Rules and Regulations ("SURR") speak for themselves, and the Mohawk Defendants deny any allegation inconsistent with their terms. The Mohawk Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 125, and, therefore, such allegations are denied.

126.   The allegations in Paragraph 126 are not directed at the Mohawk Defendants, and, further, Paragraph 126 contains legal conclusions. Therefore, no

response is necessary. To the extent a response is required, the CWA speaks for itself, and the Mohawk Defendants deny any allegation inconsistent with its terms. The Mohawk Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 126, and, therefore, such allegations are denied.

127.   The allegations in Paragraph 127 are not directed at the Mohawk Defendants, and, further, Paragraph 127 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the SURR speak for themselves, and the Mohawk Defendants deny any allegation inconsistent with their terms. The Mohawk Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 127, and, therefore, such allegations are denied.

128.   The allegations in Paragraph 128 are not directed at the Mohawk Defendants. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 128, and, therefore, such allegations are denied.

129.   The allegations in Paragraph 129 are not directed at the Mohawk Defendants, and, further, Paragraph 129 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants

lack sufficient information to admit or deny the allegations contained in Paragraph 129, and, therefore, such allegations are denied.

130. The allegations in Paragraph 130 are not directed at the Mohawk Defendants, and, further, Paragraph 130 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 130, and, therefore, such allegations are denied.

131. The allegations in Paragraph 131 are not directed at the Mohawk Defendants, and, further, Paragraph 131 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 131, and, therefore, such allegations are denied.

132. The allegations in Paragraph 132 are not directed at the Mohawk Defendants, and, further, Paragraph 132 contains legal conclusions. Therefore, no response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 132, and, therefore, such allegations are denied.

133. The allegations in Paragraph 133 are not directed at the Mohawk Defendants, and, further, Paragraph 133 contains legal conclusions. Therefore, no

response is necessary. To the extent a response is required, the Mohawk Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 133, and, therefore, such allegations are denied.

## CLASS ALLEGATIONS

134.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 133 as if set forth fully herein.

135.   Paragraph 135 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 135, and, therefore, such allegations are denied.

136.   The Mohawk Defendants deny that they caused any damages to Plaintiff or the putative class members. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 136, and, therefore, such allegations are denied.

137.   The Mohawk Defendants admit that Plaintiff purports to bring a class action as described in Paragraph 137 but deny that a class action is permissible or appropriate in this case. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 137, and, therefore, such allegations are denied.

138.   The Mohawk Defendants admit that Plaintiff purports to exclude members from the putative class as described in Paragraph 138 and its subparts but deny that a class action is permissible or appropriate in this case. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 138, and, therefore, such allegations are denied.

139.   The Mohawk Defendants admit that Plaintiff purports to reserve his rights regarding the definition of the proposed class as described in Paragraph 139 but deny that a class action is permissible or appropriate in this case. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 139, and, therefore, such allegations are denied.

### "Numerosity"

140.   Paragraph 140 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 140, and, therefore, such allegations are denied.

141.   The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 141, and, therefore, such allegations are denied.

### "Typicality"

142.   Paragraph 142 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny that they caused any damages to Plaintiff the putative class members. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 142, and, therefore, such allegations are denied.

### "Adequate Representation"

143.   Paragraph 143 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 143, and, therefore, such allegations are denied.

144.   The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 144, and, therefore, such allegations are denied.

**"Predominance of Common Questions of Law and Fact"**

145.   Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 145, and all subparts therein, as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 145 and its subparts, and, therefore, such allegations are denied.

146.   Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 146, and, therefore, such allegations are denied.

**"Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief"**

147.   Paragraph 147 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants admit that the Complaint purports to bring a class action seeking declaratory and injunctive relief but deny that Plaintiff is entitled to any such relief and deny that a class action is permissible or appropriate in this case. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 147, and, therefore, such allegations are denied.

148.   Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, Mohawk Defendants are without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 148, and, therefore, such allegations are denied.

<strong>"Superiority"</strong>

149.   Paragraph 149 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny that a class action is permissible or appropriate in this case and deny all other allegations in Paragraph 149.

150.   Paragraph 150 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny that a class action is permissible or appropriate in this case and deny all other allegations in Paragraph 150.

<strong>COUNT THREE:<br>WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT<br>(All Defendants Except Dalton Utilities)</strong>

151.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 150 as if set forth fully herein.

152.   Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations

in Paragraph 152 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 152, and, therefore, such allegations are denied.

153.   Paragraph 153 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 153, and, therefore, such allegations are denied.

154.   Paragraph 154 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 154 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 154, and, therefore, such allegations are denied.

155.   Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 155 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 155, and, therefore, such allegations are denied.

156.   Paragraph 156 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations

in Paragraph 156 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 156, and, therefore, such allegations are denied.

**COUNT FOUR:**
**NEGLIGENCE PER SE**
**(All Defendants Except Dalton Utilities, 3M, DuPont, & Chemours)**

157.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 156 as if set forth fully herein.

158.   Paragraph 158 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 158 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 158, and, therefore, such allegations are denied.

159.   Paragraph 159 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 159 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 159, and, therefore, such allegations are denied.

160.    Paragraph 160 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 161 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 161, and, therefore, such allegations are denied.

162.    Paragraph 162 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 162 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 162, and, therefore, such allegations are denied.

### COUNT FIVE:
### PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

163.    The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 162 as if set forth fully herein.

164.    Paragraph 164 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations

in Paragraph 164 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 164, and, therefore, such allegations are denied.

165.   Paragraph 165 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 165, and, therefore, such allegations are denied.

166.   Paragraph 166 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 166 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 166, and, therefore, such allegations are denied.

167.   Paragraph 150 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 167 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 167, and, therefore, such allegations are denied.

168.   Paragraph 168 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations

in Paragraph 168 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 168, and, therefore, such allegations are denied.

169.   Paragraph 169 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 169 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 169, and, therefore, such allegations are denied.

170.   Paragraph 170 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 170 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 170, and, therefore, such allegations are denied.

171.   Paragraph 171 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 171 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 171, and, therefore, such allegations are denied.

### COUNT SIX:
### PUBLIC NUISANCE

172.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 171 as if set forth fully herein.

173.   The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 173, and, therefore, such allegations are denied.

174.   Paragraph 174 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 174 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 174, and, therefore, such allegations are denied.

175.   The allegations in Paragraph 175 are not directed at the Mohawk Defendants; therefore, no response is necessary. To the extent a response is required at this time, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 175, and, therefore, such allegations are denied.

176.   Paragraph 176 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 176 as they relate to the Mohawk Defendants. The Mohawk Defendants

are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 176, and, therefore, such allegations are denied.

177.   Paragraph 177 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 177.

178.   Paragraph 178 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 178.

179.   Paragraph 179 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny that Plaintiff and the putative class members have suffered any damages attributable to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 179, and, therefore, such allegations are denied.

180.   Paragraph 180 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 180 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 180, and, therefore, such allegations are denied.

181.   Paragraph 181 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 181, and, therefore, such allegations are denied.

182.   Paragraph 182 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 182 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 182, and, therefore, such allegations are denied.

## COUNT SEVEN:
## CLAIMS FOR ABATEMENT
## AND INJUNCTION OF PUBLIC NUISANCE

183.   The Mohawk Defendants incorporate by reference their responses to Paragraphs 1 through 182 as if set forth fully herein.

184.   Paragraph 184 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 184.

185.   Paragraph 185 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 185.

186.    The Mohawk Defendants admit that the Complaint seeks the injunctive relief described in Paragraph 186 but deny that Plaintiff is entitled to any such relief. The Mohawk Defendants deny the allegations in Paragraph 186 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 186, and, therefore, such allegations are denied.

187.    The Mohawk Defendants admit that the Complaint seeks the injunctive relief described in Paragraph 187 but deny that Plaintiff is entitled to any such relief. The Mohawk Defendants deny the allegations in Paragraph 187 as they relate to the Mohawk Defendants. The Mohawk Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 187, and, therefore, such allegations are denied.

188.    Paragraph 188 states legal conclusions to which no response is required. To the extent a response is required, the Mohawk Defendants deny the allegations in Paragraph 188.

## RELIEF REQUESTED BY PLAINTIFF

The Mohawk Defendants deny that Plaintiff is entitled to any of the relief requested and deny any and all allegations in the prayer for relief.

## RELIEF REQUESTED BY THE MOHAWK DEFENDANTS

The Mohawk Defendants deny each and every allegation in the Complaint not expressly admitted above. Further, the Mohawk Defendants deny any and all liability to Plaintiff and the putative class members.

WHEREFORE, having answered fully, the Mohawk Defendants pray:

(a)     That the Court enter judgment in the Mohawk Defendants' favor on each and every Count against the Mohawk Defendants that is contained in the Complaint;

(b)     That the Court rule that this action may not be maintained as a class action under Rule 23;

(c)     That the Court award the Mohawk Defendants their costs and attorneys' fees incurred in defending this action, to be taxed upon Plaintiff;

(d)     That, in the event any injunctive relief is granted, the Court require Plaintiff to post a bond in an amount sufficient to protect all of the Mohawk Defendants' interests affected as a result of the injunctive relief;

(e)     That a trial by jury of twelve be had on all triable issues in this case; and

(f)     That the Court grant the Mohawk Defendants such other and further

relief as the Court deems just, equitable, and proper.

Dated this 25th day of October, 2021.

Respectfully submitted,

*/s/ David Carpenter*
Doug Scribner
Georgia Bar No. 632755
David Carpenter
Georgia Bar No. 292101
Fiona O'Carroll
Georgia Bar No. 442663

ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
doug.scribner@alston.com
david.carpenter@alston.com
fiona.ocarroll@alston.com

*Attorneys for Defendants Aladdin Manufacturing Corporation, Mohawk Carpet, LLC, and Mohawk Industries, Inc.*

## CERTIFICATE OF COMPLIANCE

In accordance with N.D. Ga. Local Rule 5.1(C), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

*/s/ David Carpenter*

David Carpenter
Georgia Bar No. 292101

*Attorney for Defendants Aladdin Manufacturing Corporation, Mohawk Carpet, LLC, and Mohawk Industries, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JARROD JOHNSON individually, and on behalf of a Class of persons similarly Situated,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>　　　　*Defendants*. | Civil Action No. 4:20-cv-00008-AT |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer has been electronically filed with the Clerk of Court by using the CM/ECF system, which will automatically serve notice of this filing and a true and correct copy of same on all counsel of record.

This 25th day of October, 2021.

　　　　　　　　　　　　　　　*/s/ Fiona O'Carroll*
　　　　　　　　　　　　　　　Fiona O'Carroll
　　　　　　　　　　　　　　　Georgia Bar No. 442663

　　　　　　　　　　　　　　　*Attorney for Defendants Aladdin*
　　　　　　　　　　　　　　　*Manufacturing Corporation, Mohawk*
　　　　　　　　　　　　　　　*Carpet, LLC, and Mohawk Industries, Inc.*