# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

JARROD JOHNSON, individually, )
and on Behalf of a Class of Persons )
Similarly Situated, )
 )
   Plaintiff, )
 )
v. )   Civil Action No. 4:20-cv-00008-AT
 )
3M COMPANY, et al., )
 )
   Defendants. )

## ANSWER OF DEFENDANT ORIENTAL WEAVERS USA, INC. TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Oriental Weavers U.S.A., Inc. ("OWUSA"), by and through its undersigned attorneys, respectfully submits its Answer to the Third Amended Complaint (the "Complaint") filed by Plaintiff Jarrod Johnson ("Plaintiff"), individually and in his putative representative capacity for a proposed class of plaintiffs that he asserts are situated similarly, showing as follows:

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests on Plaintiff, OWUSA asserts the following affirmative defenses:

## FIRST DEFENSE

Plaintiff's and the putative class members' Complaint and all counts, causes of action, or claims alleged fail, in whole or in part, for failure to state facts sufficient to constitute a claim upon which relief may be granted against OWUSA.

## SECOND DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, to the extent they are preempted by applicable federal law, including federal statutes or regulations.

## THIRD DEFENSE

Plaintiff's and the putative class members' claims fail because, to the extent Plaintiff or class member's assert OWUSA owed them a duty of care, OWUSA did not owe nor breach a legal duty to Plaintiff or putative class members. Further, OWUSA exercised due and reasonable care as a matter of law.  OWUSA's conduct was in accordance with applicable standards of care under laws, regulations, industry practices, and state-of-the-art knowledge, and OWUSA acted with the skill, prudence and diligence of others in the industry at the time.

## FOURTH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, for lack of proximate cause as to the purported injuries or damages allegedly sustained.

**FIFTH DEFENSE**

Plaintiff's and the putative class members' claims fail, in whole or in part, due to the extent Plaintiff's or putative class members' culpable conduct, comparative fault or contributorily negligence relative to alleged loss, harm or damages (if any).

**SIXTH DEFENSE**

Plaintiff's and the putative class members' claims fail, in whole or in part, to the extent they fail to adequately identify and name the appropriate defendant(s).

**SEVENTH DEFENSE**

Plaintiff's and the putative class members' claims fail, in whole or in part, because the injuries and damages alleged were proximately caused by or contributed to by the acts of Plaintiff, other defendants, and/or other persons or entities for whom OWUSA is not responsible or which were caused by the acts, omissions, conduct or factors beyond OWUSA's control. OWUSA further submits said acts were independent, intervening and superseding cause(s) of the alleged injuries and damages (if any) of which Plaintiff and putative class members complain.

**EIGHTH DEFENSE**

Plaintiff's and the putative class members' claims fail, in whole or in part, because the alleged damages (if any) were not foreseeable and could not have been reasonably anticipated by OWUSA.

## NINTH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, for failure to mitigate or reduce their damages (if any).

## TENTH DEFENSE

Plaintiff's and the putative class members' claims for nuisance against OWUSA fail or are barred because OWUSA did not create, continue, maintain, nor have control over, the conduct or the cause of alleged harm for which Plaintiff claims there to be a nuisance.

## ELEVENTH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, because they are barred by the applicable statutes of limitation, statutes or rules of repose, the doctrine of laches, res judicata, collateral estoppel, accord and satisfaction, consent, license, permit, acquiescence, release and/or unclean hands. Further, alleged damages are barred to the extent any such alleged damages were incurred outside the statute of limitations.

## TWELFTH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, pursuant to the doctrines of waiver and/or estoppel.

## THIRTEENTH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, because they allege economic injury and/or are barred pursuant to the Economic Loss Doctrine.

## FOURTEENTH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, due to Plaintiff and the putative class members use/misuse, acquiescence, assumption of the risk.

## FIFTEENTH DEFENSE

Plaintiff and putative class members lack standing, in whole or in part, to assert and pursue the claims and demands for relief as asserted in the Complaint.

## SIXTEENTH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, because certain implied or alleged actions (or inactions) were authorized, not prohibited, ratified, justified, acquiesced to, or consented to by persons possessing appropriate authority at the relevant times, including but not limited to certain alleged discharges of wastewater (if any) by OWUSA.

## SEVENTEENTH DEFENSE

Plaintiff's and the putative class members' claims against OWUSA for punitive damages fail, in whole or in part, as a matter of law, because OWUSA has

at all relevant times acted in good faith and not in the asserted intentional, willful, wanton, reckless, malicious, or oppressive manner, such that any imposition of exemplary damages against OWUSA for alleged intentional, willful, wanton, reckless, malicious, or oppressive conduct (all of which are denied) would violate the United States Constitution (Fourth, Fifth, Sixth, Eight and/or Fourteenth Amendments) and provisions of the Constitution of the State of Georgia.

## EIGHTEENTH DEFENSE

Plaintiff's and the putative class members' claims against OWUSA for punitive damages fail, in whole or in part, and are subject to the limitations, cap, and protections pursuant to all laws and regulations, including but not limited to O.C.G.A. § 51-12-1, *et seq.*

## NINETEENTH DEFENSE

Plaintiff's and the putative class members' claims for injunctive relief against OWUSA fail, in whole or in part, because Plaintiff and the putative class members cannot show irreparable injury, a likelihood of success on the merits, or a lack of an adequate remedy at law, relative to OWUSA.

## TWENTIETH DEFENSE

Plaintiff's and the putative class members' claims fail, in whole or in part, regarding attorneys' fees because OWUSA has not acted in a way that gives rise to any valid basis for an award of attorneys' fees or expenses of litigation against it.

## TWENTY-FIRST DEFENSE

Without admitting Plaintiff has suffered alleged damages in any amount or that OWUSA is liable in any way for any such alleged damages, OWUSA asserts that any liability, including that of any other responsible persons (named or unnamed), should be apportioned according to the relative degree of fault; and, as a result, any alleged liability of OWUSA accordingly must be reduced pursuant to O.C.G.A. § 51-12-33 or otherwise.

## TWENTY-SECOND DEFENSE

Pursuant to O.C.G.A. § 51-12-33, or otherwise, OWUSA will seek to attribute fault to parties and non-parties and to have the jury allocate such fault for purposes of apportioning damages, if any, among defendants who remain subject to verdict in this case, other former parties, non-parties, or other entities.  Specifically, OWUSA states that alleged fault on its part (if any is found) is minimal or *de minimis* or *de micromis* as compared to other parties in this case, the suppliers of the products and chemicals at issue that allegedly contained PFAS, and the persons/entities involved in the wide variety of other instances of ubiquitous PFAS use, including but not limited to any manufacturers, distributors, others in the chain of commerce, and end-users who have caused or contributed to PFAS entering waterways that Plaintiff and/or putative class members' claim as water sources.  OWUSA reserves the right to make determinations of fault through discovery of this lawsuit, to identify

additional defenses, and to amend (or seek to amend) its Answer accordingly or file a notice of non-party fault.

## TWENTY-THIRD DEFENSE

OWUSA denies any liability, but in the event OWUSA is found to have any liability to Plaintiff and/or putative class members, OWUSA is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint; or (4) the share of liability of any settled or released person or entity as determined pursuant to applicable comparative fault or contributory negligence law.

## TWENTY-FOURTH DEFENSE

Plaintiff's and the putative class members' claims are barred or fail, in whole or in part, to the extent those seek to impose liability based upon the

retroactive application of laws, regulations, rules, standards or guidelines for conduct that was not actionable at the time it occurred.

## TWENTY-FIFTH DEFENSE

OWUSA denies it has discharged PFAS or other chemicals directly into any water source that has caused harm to Plaintiff and putative class members or as otherwise alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

Plaintiff's and putative class members claims are precluded because OWUSA's alleged conduct would have affected, if anyone at all, only an insubstantial number of putative class members.

## TWENTY-SEVENTH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent they fail to include and join all necessary or indispensable parties.

## TWENTY-EIGHTH DEFENSE

OWUSA is not a joint tortfeasor with any other defendant and cannot be jointly and severally liable for any alleged harm that was not caused or contributed to by OWUSA.

## TWENTY-NINTH DEFENSE

Plaintiff's and the putative class members' claims for nuisance against OWUSA are barred, in whole or in part, because they did not suffer or incur any

special damage or special harm considering the claims in the Complaint, nor special damage or harm that is different than those exercising rights common to the general public that is the subject of alleged interference.

## THIRTIETH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff and/or putative class members fail to satisfy the requirements and prerequisites associated with class representative status, class status, and the Class Action Fairness Act, including but not limited to the failures to demonstrate or meet the requirements of Federal Rule of Civil Procedure 23 and as necessary for pursuing class action claims, to wit: numerosity, commonality, typicality, predominance or superiority, and/or adequacy as to the representative claims.

## THIRTY-FIRST DEFENSE

OWUSA adopts and incorporates herein by reference any applicable affirmative defenses that are or may be asserted by any other defendant in this action.

## THIRTY-SECOND DEFENSE

OWUSA bases its Answer upon investigation to date and reserves the right to amend, add, or assert any additional defenses or affirmative defenses based on information or facts later learned, discovered, pled, or offered during the course of this litigation and/or in discovery.

**THIRTY-THIRD DEFENSE**

Plaintiff and the putative class members' have asserted routinely the term "Defendants" and throughout the Complaint in an effort to refer collectively to all of the named defendants, including OWUSA, regarding certain allegations, all in violation of the group pleading doctrine. OWUSA is without knowledge or information sufficient to form a belief as to allegations that pertain to the other defendants and, therefore, such allegations are denied.

**THIRTY-FOURTH DEFENSE**

Subject to and without waiving or in any way limiting the foregoing defenses, OWUSA answers the individually enumerated paragraphs contained in the Complaint, only on behalf of OWUSA itself, as follows:

**STATEMENT OF THE CASE**

1.      OWUSA is without information sufficient to form a belief about the truth of the allegations in Complaint Paragraph 1 as to other defendants in this case and, therefore, denies the same.  OWUSA denies the allegations in paragraph 1 as those pertain to OWUSA.

2.      OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 2 as to other defendants and, therefore, denies the same.  OWUSA denies the allegations in paragraph 2 as those pertain to OWUSA.

3.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 3 as to Plaintiff, putative class members, or the other defendants in this case and, therefore, denies the same. OWUSA denies the remaining allegations in paragraph 3 as those pertain to OWUSA.

4.     OWUSA admits it has a rug manufacturing facility located in Dalton, Georgia, but denies the remaining allegations in paragraph 4 as it pertains to OWUSA.  OWUSA denies that it applies chemicals containing PFAS, but admits that in the past it purchased and/or applied certain chemicals containing PFAS to certain products in the manufacturing process.  OWUSA denies that it discharges chemicals containing PFAS.  OWUSA denies that it has discharged "high levels" of PFAS or otherwise "contaminated" the Conasauga River, the Oostanaula River, the Coosa River, or other tributaries and watersheds located in Floyd County, Georgia, Whitfield County, Georgia, or anywhere else. OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 4 as to the other defendants in this case and, therefore, denies the same. Except as otherwise expressly admitted herein, the remaining allegations and any other allegations contained in Complaint Paragraph 4 are denied as those pertain to OWUSA.

5.      OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint Paragraph 5 as to the other defendants in this case, and, therefore, denies the same. OWUSA denies the allegations in paragraph 5 as those pertain to OWUSA.

6.      OWUSA denies the allegations in Complaint paragraph 6.  OWUSA further responds that paragraph 6 appears to set forth requests for relief, which do not require a response. To the extent a response is required, OWUSA denies Plaintiff is entitled to any damages or relief from OWUSA.  Further, OWUSA denies Plaintiff and/or the putative class is entitled to the relief sought in Complaint paragraph 6 and denies the remaining allegations in paragraph 6 as those pertain to OWUSA.

## JURISDICTION AND VENUE

7.      OWUSA responds by stating that Complaint paragraph 7 sets forth legal conclusions, which do not require a response. OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

8.      As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the factual allegations in Complaint Paragraph 8 and, therefore, deny the same.  OWUSA responds by further stating that paragraph 8 also sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

9.     As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the factual allegations in Complaint Paragraph 9 and, therefore, deny the same.  OWUSA responds further by stating that paragraph 9 sets forth legal conclusions, which do not require a response. OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

10.     As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the factual allegations in Complaint Paragraph 10 and, therefore, deny the same.  OWUSA responds further by stating paragraph 10 also sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.  To the extent a response is required at this time, OWUSA denies it received from Plaintiff a "notice of intent" to file suit directed to OWUSA.

11.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 11 and, therefore, denies the same.

12.     OWUSA responds by stating that Complaint paragraph 12 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

13.     OWUSA responds by stating that Complaint paragraph 13 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. Further, OWUSA denies a class action is appropriate pursuant to Rule 23 (or otherwise).

14.     OWUSA responds by stating that Complaint Paragraph 14 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. Further, OWUSA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 and, therefore, denies the same.

## PARTIES

15.     OWUSA denies the second sentence as it pertains to OWUSA and is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Complaint paragraph 15 and, therefore, denies the same.

16.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence and second sentence of Complaint paragraph 16 and, therefore, denies the same. OWUSA denies any remaining allegations in paragraph 16 of the Complaint as those pertain to OWUSA.

17.     OWUSA responds by stating that Complaint paragraph 17 sets forth legal conclusions, which do not require a response. OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

18.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Complaint paragraph 18 and, therefore, denies the same. Further, paragraph 18 is directed to another defendant and contains legal conclusions and factual allegations to which no response is required of OWUSA.  To the extent a response is necessary, OWUSA acknowledges it purchased one or more at issue products many years ago that OWUSA believes may have contained PFAS.  Except as expressly admitted herein, the allegations of paragraph 18 in the Complaint are denied as they pertain to OWUSA.

19.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 19 and, therefore, denies the same.

20.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 20 and, therefore, denies the same.

21.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 21 and, therefore, denies the same.

22.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 22 and, therefore, denies the same.

23.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 23 and, therefore, denies the same.

24.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 24 and, therefore, denies the same.

25.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 25 and, therefore, denies the same.

26.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 26 and, therefore, denies the same.

27.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 27 and, therefore, denies the same.

28.    OWUSA responds by stating that Complaint paragraph 28 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

29.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 29 and, therefore, denies the same.

30.    OWUSA responds by stating that Complaint paragraph 30 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

31.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 31 and, therefore, denies the same.

32.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 32 and, therefore, denies the same.

33.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 33 and, therefore, denies the same.

34.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 34 and, therefore, denies the same.

35.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 35 and, therefore, denies the same.

36.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 36 and, therefore, denies the same.

37.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 37 and, therefore, denies the same.

38.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 38 and, therefore, denies the same.

39.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 39 and, therefore, denies the same.

40.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 40 and, therefore, denies the same.

41.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 31 and, therefore, denies the same.

42.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 42 and, therefore, denies the same.

43.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 43 and, therefore, denies the same.

44.     Defendant Oriental Weavers USA, Inc. admits that it is a Georgia corporation and has its principal place of business in Dalton, Georgia. The remaining allegations in Complaint paragraph 44 are denied.

45.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 45 and, therefore, denies the same.

46.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 46 and, therefore, denies the same.

47.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 47 and, therefore, denies the same.

48.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 48 and, therefore, denies the same.

49.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 49 and, therefore, denies the same.

50.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 50 and, therefore, denies the same.

## FACTUAL ALLEGATIONS

51.     OWUSA admits there are numerous carpet manufacturing businesses in and around Dalton, Georgia, but it is without knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentence of Complaint paragraph 51 as to the other defendants in this case and, therefore, denies the same. OWUSA admits it operates a rug manufacturing facility in Dalton, Georgia.  OWUSA denies that it presently applies chemicals containing PFAS to its rugs in the rug manufacturing process. OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 as to the other defendants in this case and, therefore, denies the same.  Except as expressly admitted herein, the allegations contained in Complaint paragraph 51 are denied as they pertain to OWUSA.

52.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 52 as to the undefined term PFAS. OWUSA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 52 and, therefore, denies the same.

53.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 53 and, therefore, denies the same.

54.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 54 and, therefore, denies the same.

55.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 55 and, therefore, denies the same.

56.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 56 and, therefore, denies the same.

57.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 57 and, therefore, denies the same.

58.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 58 and, therefore, denies the same.

59.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 59 and, therefore, denies the same.

60.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 60 and, therefore, denies the same.

61.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 61 and, therefore, denies the same.

62.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 62 and, therefore, denies the same.

63.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 63 and, therefore, denies the same.

64.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 64 and, therefore, denies the same.

65.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 65 and, therefore, denies the same.

66.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph and, therefore, denies the same.

67.     OWUSA denies paragraph 67 as it pertains to OWUSA. OWUSA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Complaint paragraph 67 and, therefore, denies the same.

68.     As the allegations are directed to other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 68 and, therefore, denies the same.

69.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 69 and, therefore, denies the same.

70.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 70 and, therefore, denies the same.

71.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 71 and, therefore, denies the same.

72.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 72 and, therefore, denies the same.

73.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 73 and, therefore, denies the same.

74.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 74 and, therefore, denies the same.

75.      As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 75 and, therefore, denies the same.

76.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 76 and, therefore, denies the same.

77.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 77 and, therefore, denies the same.

78.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations

in Complaint paragraph 78 as to the other defendants in this case and, therefore, denies the same.

79.     As the allegations are directed at other defendants, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 79 and, therefore, denies the same.

80.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 80 as to other defendants in this case and, therefore, denies the same. OWUSA denies the allegations in Complaint paragraph 80 as those pertain to OWUSA.

81.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 81 as to other defendants in this case and, therefore, denies the same. OWUSA denies the allegations in paragraph 81 as those pertain to OWUSA.

82.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 82 as to other defendants in this case and, therefore, denies the same. OWUSA denies the allegations in paragraph 82 as those pertain to OWUSA.

83.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 83 as to other

defendants in this case and, therefore, denies the same. OWUSA denies the allegations in paragraph 83 as those pertain to OWUSA.

84.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 84 and, therefore, denies the same.

85.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 85 and, therefore, denies the same.

86.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 86 and, therefore, denies the same.

87.    OWUSA denies the allegations in Complaint paragraph 87 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 as to the other defendants in this case and, therefore, denies the same.

88.    OWUSA denies the allegations in Complaint paragraph 88 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 as to the other defendants in this case and, therefore, denies the same.  Further, OWUSA responds

that its Industrial User Wastewater Permit does not authorize or prohibit the discharge of PFAS.

89.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 89 and, therefore, denies the same.

90.    OWUSA denies the allegations in Complaint paragraph 90 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 as to the other defendants in this case and, therefore, denies the same.

91.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 91 and, therefore, denies the same.

92.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 92 and, therefore, denies the same.

93.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 93 and, therefore, denies the same.

94.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 94 and, therefore, denies the same.

95.     As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 95 and, therefore, denies the same.

96.     As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 96 and, therefore, denies the same.

97.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 97 and, therefore, denies the same.

98.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 98 and, therefore, denies the same.

99.     OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 99 and, therefore, denies the same.

100.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 100 and, therefore, denies the same.

101.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 101 and, therefore, denies the same.

102.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 102 and, therefore, denies the same.

103.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 103 and, therefore, denies the same.

104.   OWUSA denies the allegations in Complaint paragraph 104 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 104 as to other defendants in this case and, therefore, denies the same.

**COUNT ONE: [ALLEGED]**
**DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN**
**NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT**
**(Defendant Dalton Utilities)**

105.   OWUSA incorporates and re-alleges its responses to all prior paragraphs as though fully set forth herein.

31

106.   OWUSA responds by stating that Complaint paragraph 106 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 106 and, therefore, denies the same.

107.   OWUSA responds by stating that Complaint paragraph 107 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 107 and, therefore, denies the same.

108.   OWUSA responds by stating that Complaint paragraph 108 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 108 and, therefore, denies the same.

109.   OWUSA responds by stating that Complaint paragraph 109 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to

dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 109 and, therefore, denies the same.

110.   OWUSA responds by stating that Complaint paragraph 110 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 110 and, therefore, denies the same.

111.   OWUSA responds by stating that Complaint paragraph 111 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 111 and, therefore, denies the same.

112.   OWUSA responds by stating that Complaint paragraph 112 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others,

33

OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 112 and, therefore, denies the same.

113.   OWUSA responds by stating that Complaint paragraph 113 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 113 and, therefore, denies the same.

114.   OWUSA responds by stating that Complaint paragraph 114 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 114 and, therefore, denies the same.

115.   OWUSA responds by stating that Complaint paragraph 115 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 115 and, therefore, denies the same.

116.   OWUSA responds by stating that Complaint paragraph 116 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 116 and, therefore, denies the same.

117.   OWUSA responds by stating that Complaint paragraph 117 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 117 and, therefore, denies the same.

118.   OWUSA responds by stating that Complaint paragraph 118 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 118 and, therefore, denies the same.

119.   OWUSA responds by stating that Complaint paragraph 119 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to

dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 119 and, therefore, denies the same.

## COUNT TWO: [ALLEGED]
## INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND CLEAN WATER ACT
### (Defendant Dalton/Whitfield Regional Solid Waste Authority)

120.   OWUSA incorporates and re-alleges its responses to all prior paragraphs as though fully set forth herein.

121.   OWUSA responds by stating that Complaint paragraph 121 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 121 and, therefore, denies the same.

122.   OWUSA responds by stating that Complaint paragraph 122 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others,

OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 122 and, therefore, denies the same.

123.   OWUSA responds by stating that Complaint paragraph 123 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 123and, therefore, denies the same.

124.   OWUSA responds by stating that Complaint paragraph 124 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 124 and, therefore, denies the same.

125.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 125 and, therefore, denies the same.

126.   OWUSA responds by stating that Complaint paragraph 126 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint.

To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 126 and, therefore, denies the same.

127.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 127 and, therefore, denies the same.

128.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 128 and, therefore, denies the same.

129.   OWUSA responds by stating that Complaint paragraph 129 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 129 and, therefore, denies the same.

130.   OWUSA responds by stating that Complaint paragraph 130 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others,

OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 130 and, therefore, denies the same.

131.   As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 131 and, therefore, denies the same.

132.   As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 132 in the and, therefore, denies the same.

133.   OWUSA responds by stating that Complaint paragraph 133 sets forth legal conclusions, which do not require a response.  OWUSA reserves the right to dispute any and all conclusions of law and legal opinions set forth in the Complaint. To the extent a response is required, as the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 133 and, therefore, denies the same.

## CLASS ALLEGATIONS

134.   OWUSA incorporates and re-alleges its responses to all prior paragraphs as though fully set forth herein.

135.   OWUSA denies the allegations in Complaint paragraph 135, submits that a class action designation would not be appropriate or proper pursuant to Rule

23 of the Federal Rules of Civil Procedure (or otherwise), and denies Plaintiff or the putative class is entitled to relief from OWUSA.

136.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 136 and, therefore, denies the same.

137.   Responding to the allegations of Complaint paragraph 137, OWUSA acknowledges Plaintiff has filed the Complaint identifying a putative class, submits that a class action designation would not be appropriate or proper pursuant to Rule 23 of the Federal Rules of Civil Procedure (or otherwise), and denies Plaintiff or the putative class is entitled to relief from OWUSA.

138.   Responding to the allegations of Complaint paragraph 138, OWUSA submits no factual allegations appear to be made such that no response is required. To the extent a response is required, OWUSA denies class certification or relief would be proper or appropriate pursuant to Rule 23 (or otherwise).

139.   Responding to the allegations of Complaint paragraph 139, OWUSA submits no factual allegations appear to be made such that no response is required. To the extent a response is required, OWUSA denies class certification or relief would be proper or appropriate pursuant to Rule 23 (or otherwise).

140.    OWUSA denies the allegations and speculation in Complaint paragraph 140 as those pertain to OWUSA and reserves the right to dispute any and all conclusions of law and legal opinions as to purported putative class numerosity.

141.    OWUSA denies the allegations and speculation in Complaint paragraph 141 as those pertain to OWUSA.

142.    OWUSA denies the allegations in paragraph 142 as it pertains to OWUSA and reserves the right to dispute any and all conclusions of law and legal opinions as to purported putative class typicality.

143.    OWUSA denies the allegations and speculation in Complaint paragraph 143 as those pertain to OWUSA.

144.    OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 144 and, therefore, denies the same.

145.    OWUSA denies the allegations in Complaint paragraph 145 as those pertain to OWUSA and reserves the right to dispute any and all conclusions of law and legal opinions as to purported predominance of common questions of law and fact.

146.    OWUSA denies the allegations in Complaint paragraph 146 as those pertain to OWUSA.

147.   Responding to the allegations of Complaint paragraph 147, OWUSA acknowledges the Complaint seeks injunctive or declaratory relief for Plaintiff and a putative class, but submits a class action designation would not be appropriate or proper pursuant to Rule 23 of the Federal Rules of Civil Procedure (or otherwise) and denies Plaintiff or a putative class is entitled to any such relief from OWUSA.

148.   OWUSA denies the allegations in Complaint paragraph 148 as those pertain to OWUSA.

149.   OWUSA denies the allegations in Complaint paragraph 149 as those pertain to OWUSA and reserves the right to dispute any and all conclusions of law and legal opinions as to the purported superiority of the putative class.

150.   OWUSA denies the allegations in Complaint paragraph 150 as those pertain to OWUSA.

## COUNT THREE: [ALLEGED]
## WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities)

151.   OWUSA incorporates and re-alleges its responses to all prior paragraphs as though fully set forth herein.

152.   OWUSA denies the allegations in Complaint paragraph 152 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 as to other defendants in this case and, therefore, denies the same.

153.   OWUSA denies the allegations in Complaint paragraph 153 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153 as to other defendants in this case and, therefore, denies the same.

154.   OWUSA denies the allegations in Complaint paragraph 154 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 as to other defendants in this case and, therefore, denies the same.

155.   OWUSA denies the allegations in Complaint paragraph 155 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 as to other defendants in this case and, therefore, denies the same.

156.   OWUSA denies the allegations in Complaint paragraph 156 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 as to other defendants in this case and, therefore, denies the same.

## COUNT FOUR:
### [ALLEGED] NEGLIGENCE PER SE
### (All Defendants Except Dalton Utilities, 3M, DuPont & Chemours)

157.   OWUSA incorporates and re-alleges its responses to all prior paragraphs as though fully set forth herein.

43

158.   OWUSA denies the allegations in Complaint paragraph 158 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 as to other defendants in this case and, therefore, denies the same.

159.   OWUSA denies the allegations in Complaint paragraph 159 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159 as to other defendants in this case and, therefore, denies the same

160.   OWUSA denies the allegations in Complaint paragraph 160 as those pertain to OWUSA.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 160 and, therefore, denies the same. Further, OWUSA submits a class action designation would not be appropriate or proper pursuant to Rule 23 of the Federal Rules of Civil Procedure (or otherwise) and denies Plaintiff or a putative class is entitled to any such relief from OWUSA.

161.   OWUSA denies the allegations in Complaint paragraph 161 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161 as to other defendants in this case and, therefore, denies the same.

162.   OWUSA denies the allegations in Complaint paragraph 162 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162 as to other defendants in this case and, therefore, denies the same.

COUNT FIVE: [ALLEGED] PUNITIVE DAMAGES<br>(All Defendant Except Dalton Utilities)

163.   OWUSA incorporates and re-alleges its responses to all prior paragraphs as though fully set forth herein.

164.   OWUSA denies the allegations in Complaint paragraph 164 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164 as to other defendants in this case and, therefore, denies the same.

165.   OWUSA denies the allegations in Complaint paragraph 165 as those pertain to OWUSA.

166.   OWUSA denies the allegations in Complaint paragraph 166 as those pertain to OWUSA.

167.   OWUSA denies the allegations in Complaint paragraph 167 as those pertain to OWUSA.

168.   OWUSA denies the allegations in Complaint paragraph 168 as those pertain to OWUSA.

169.   OWUSA denies the allegations in Complaint paragraph 169 as those pertain to OWUSA.

170.   OWUSA denies the allegations in Complaint paragraph 170 as those pertain to OWUSA.

171.   OWUSA denies the allegations in Complaint paragraph 171 as those pertain to OWUSA.

## COUNT SIX:
## [ALLEGED] PUBLIC NUISANCE

172.   OWUSA incorporates and re-alleges its responses to all prior paragraphs as though fully set forth herein.

173.   OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 173 and, therefore, denies the same.

174.   OWUSA denies the allegations in Complaint paragraph 174 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174 as to other defendants in this case and, therefore, denies the same.

175.   As the allegations are directed at others, OWUSA is without knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 175 and, therefore, denies the same.

176.   OWUSA denies the allegations in Complaint paragraph 176 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 as to other defendants in this case and, therefore, denies the same.

177.   OWUSA denies the allegations in Complaint paragraph 177 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177 as to the other defendants in this case and, therefore, denies the same.

178.   OWUSA denies the allegations in Complaint paragraph 178 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178 as to other defendants in this case and, therefore, denies the same.

179.   OWUSA denies the allegations in Complaint paragraph 179 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179 as to other defendants in this case and, therefore, denies the same.

180.   OWUSA denies the allegations in Complaint paragraph 180 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180 as to other defendants in this case and, therefore, denies the same.

181.   OWUSA denies the allegations in Complaint paragraph 181 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181 as to other defendants in this case and, therefore, denies the same.

182.   OWUSA denies the allegations in Complaint paragraph 182 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 as to other defendants in this case and, therefore, denies the same.

## COUNT SEVEN:
## [ALLEGED] CLAIMS FOR ABATEMENT
## AND INJUNCTION OF PUBLIC NUISANCE

183.   OWUSA incorporates and re-alleges its responses to all prior paragraphs set forth herein.

184.   OWUSA denies the present action is entitled to be brought as described in Complaint paragraph 184, denies the allegations in paragraph 184 as it pertains to OWUSA, and reserves the right to dispute any and all conclusions of law and legal opinions as to the purported "rights."

185.   OWUSA denies the allegations in Complaint paragraph 185 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 185 as to other defendants in this case and, therefore, denies the same.

186.   OWUSA denies the allegations in Complaint paragraph 186 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186 as to other defendants in this case and, therefore, denies the same.

187.   OWUSA denies the allegations in Complaint paragraph 187 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187 as to other defendants in this case and, therefore, denies the same.

188.   OWUSA denies the allegations in Complaint paragraph 188 as those pertain to OWUSA and, further, is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188 as to other defendants in this case and, therefore, denies the same.

## **GENERAL DENIAL**

To the extent not specifically admitted or explained hereinabove, OWUSA denies the remaining material allegations set forth in the Complaint that require a response by OWUSA as those pertain to OWUSA.

## **RELIEF DEMANDED**

OWUSA denies that Plaintiff or the putative class members are entitled to any relief from OWUSA, denies the allegations included in the demands made after or

within any paragraph of the Complaint, and denies the allegations contained within

Plaintiff's Prayer for Relief including, but not limited to, items (a) through (p).


**WHEREFORE,** Oriental Weavers U.S.A., Inc. respectfully prays that the

claims made against it be dismissed with prejudice; that judgment enter in favor of

OWUSA and against Plaintiff on any and all claims for relief; that class certification

and all injunctive relief requested be denied; that all costs, fees and expenses of this

action be assessed against Plaintiff; and, that the Court award such other and further

relief to OWUSA that is appropriate, just and proper.

This 25th day of October, 2021.


Respectfully submitted.

**GRANT KONVALINKA & HARRISON, P.C.**

By: /s/ David C. Higney
  David C. Higney, GA Bar No. 352780
  633 Chestnut Street, Suite 900
  Chattanooga, TN 37450-0900
  (423) 756-8400
  (423) 756-6518  facsimile
  dhigney@gkhpc.com
  ***Attorneys for Defendant***
   ***Oriental Weavers USA, Inc.***

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point types pursuant to Local Rule 5.1(C), specifically for this pleading by using: **Times New Roman, 14 point font.**

/s/ David C. Higney               .
Grant Konvalinka & Harrison, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on **October 25, 2021**, a copy of the foregoing **Answer of Defendant Oriental Weavers USA, Inc. to Plaintiff's Third Amended Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ David C. Higney               .
Grant Konvalinka & Harrison, P.C.