IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JARROD JOHNSON, individually, and
on behalf of a class of persons similarly
situated,

      Plaintiff,

v.

3M COMPANY, et al.,

      Defendants.

Case No. 4:20-cv-00008-AT

Hon. Amy Totenberg

## DEFENDANT THE CHEMOURS COMPANY'S
## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant The Chemours Company ("Chemours") hereby answers the Third

Amended Complaint by Plaintiff Jarrod Johnson, individually and as representative

of a putative class ("Plaintiff"), as follows:

### STATEMENT OF THE CASE[1]

1.    This paragraph is a description of plaintiff's claims and theories of

liability and therefore requires no response. To the extent there are allegations in this

---

[1] Chemours Answer follows the subject subheading of the Plaintiff's Third Amended Complaint which are included for ease of reference. Chemours denies any legal conclusions or characterizations of fact contained within the subheadings. Chemours was established as an independent company in 2015 and therefore did not exist at the time of the allegations contained in Plaintiff's Third Amended Complaint.

paragraph asserted against Chemours, it is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

2.      This paragraph is a description of plaintiff's claims and theories of liability and therefore requires no response. To the extent there are allegations in this paragraph asserted against Chemours, they are denied. Specifically, Chemours denies that it "created and maintained a continuing public nuisance" or harmed or injured Plaintiff. Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

3.      Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

4.      Denied as to Chemours. Chemours specifically denies that it discharged PFAS, operated a carpet manufacturing facility upstream of the City of Rome, Georgia, or discharged wastewater. Chemours is without sufficient information to admit or deny those allegations as to the other defendants and therefore denies them.

5.      Denied as to Chemours. Chemours specifically denies that it discharged PFAS into the Upper Coosa River basin, the Conasauga River, the Oostanaula Rivers, and any other water supply of the City of Rome. Chemours is without sufficient information to admit or deny those allegations as to the other defendants and therefore denies them.

2

6.     This paragraph contains a description of Plaintiff's claims and theories of liability and therefore requires no response. To the extent a response is necessary, denied as to Chemours. Chemours specifically denies that it "discharge[d] toxic chemicals," committed any misconduct, or harmed or injured Plaintiff. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## JURISDICTION AND VENUE

7.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

8.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

9.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

10.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

11.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

12.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

13.    This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

14.    This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

## PARTIES

15.    Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiff's residency and therefore denies them. Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiff's status as a customer of the City of Rome water treatment facility and therefore denies them. The remaining allegations of this paragraph are denied as to Chemours. Chemours specifically denies that it manufactured PFAS, conducted any "waste disposal operations," or contaminated any "water supply."

16.    Paragraph 16 is not directed to Chemours, and therefore no response is required. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

17.    Paragraph 17 of the Complaint is not directed to Chemours, and therefore no response is required. To the extent a response is necessary, Chemours

4

is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

18.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

19.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

20.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

21.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

22.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

23.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

24.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

25.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

26.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary,

Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

27.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

28.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

29.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

30.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

31.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

32.     Admitted that Dupont is a corporation with its principal place of business in Wilmington, Delaware and that it is registered to do business in the State of Georgia. The remaining allegations of this paragraph pertaining to Chemours are denied. This paragraph also contains allegations directed at a defendant other than Chemours which require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny those allegations and therefore denies them.

33.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

34.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

35.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

36.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

37.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

38.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

39.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary,

Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

40.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

41.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

42.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

43.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

44.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

45.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

46.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

47.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

48.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary,

Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

49.     Chemours admits that it is a corporation with its principal place of business in Wilmington, Delaware, and that it is registered to do business in the State of Georgia. The remaining allegations of this paragraph pertaining to Chemours are denied.

50.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

## FACTUAL ALLEGATIONS

51.     Admitted only that there are a number of carpet manufacturers in and around the City of Dalton, Georgia. Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

52.     Admitted only that certain PFAS are chemically stable and can persist in the environment under certain circumstances. The remaining allegations of this paragraph are denied as stated as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

53.     Admitted only that certain PFAS may be absorbed by certain biota. The remaining allegations of this paragraph are denied as to Chemours.

54.     Admitted only that PFOS and PFOA have largely been phased out by industry. Chemours never manufactured or sold PFOS and never sold PFOA as a commercial product.  Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

55.     Admitted only that certain PFAS may be ingested by humans. Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

56.     Admitted that the C8 Science Panel conducted certain studies as specified and limited by the terms of the *Leach* class action settlement agreement, including PFOA, and issued "C8 Probable Link Reports." Denied to the extent that the allegations of this paragraph do not accurately state those Reports in full context and further denied to the extent the allegations of this paragraph are inconsistent with those Reports. Any remaining allegations in this paragraph are denied as stated.

57.     Admitted only that in 2006, a science advisory board recommended that the EPA classify PFOA as a carcinogen, although the EPA has not classified PFOA as to its carcinogenicity. Denied to the extent that the allegations of this paragraph do not accurately describe that 2006 recommendation in full context and further

denied to the extent the allegations of this paragraph are inconsistent with that recommendation. Any remaining allegations in this paragraph are denied as stated.

58.     Admitted as to the classification of PFOA by IARC, and that EPA's Guideline for Carcinogenic Risk Assessment (US EPA 2005) stated there is suggestive evidence of carcinogenic potential for PFOA.  Denied to the extent the allegations of this paragraph are inconsistent with those agency publications or do not accurately describe the full context of the statements pulled from those publications.

59.     This paragraph purports to summarize a study by the NTP that speaks for itself.  Chemours denies the allegations in this paragraph to the extent they do not accurately describe the referenced study in full context and further denies the allegations of this paragraph to the extent they are inconsistent with the study.  To the extent this paragraph makes other allegations not part of the study, Chemours denies those allegations.

60.     Admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016, that the PFOA advisory was .07 µg/L (.07 ppb), and that the PFOS advisory was .07 µg/L (.07 ppb). Denied to the extent the allegations of this paragraph are inconsistent with that advisory.

61.     Admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016. Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories.

62.     Admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016. Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories.

63.     This paragraph references a draft Toxicological Profile for Perfluoroalkyls that speaks for itself.  Chemours denies any allegations of this paragraph purporting to describe the findings in the Profile that are inconsistent with that Profile or do not describe the full context of those findings.  Chemours denies the remaining allegations of this paragraph.

64.     This paragraph references a Toxicological Profile that speaks for itself. Chemours denies any allegations of this paragraph to the extent they are inconsistent with that Profile.  Chemours denies the remaining allegations of this paragraph.

65.     Admitted that certain states have adopted regulatory guidance or levels for PFOA and PFOS that are lower than the 2016 EPA professional health advisory.

15

Denied to the extent the allegations of this paragraph are inconsistent with those regulatory levels or guidance.

66.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, Chemours denied any and all allegations directed at Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

67.     Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

68.     Denied as to Chemours' alleged knowledge.  This paragraph quotes from and/or characterizes certain documents or studies which speak for themselves within the appropriate context; without these documents or studies, however, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denes the same.

69.     The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required,

Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these  allegations and therefore denies the same.

70.    The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations and therefore denies the same.

71.    The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations and therefore denies the same.

72.    The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations and therefore denies the same.

73.    The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, this paragraph quotes from and/or characterizes certain documents or studies which speak for themselves within the appropriate context; however, without these

documents or studies, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations and therefore denies the same.

74.     The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours denies the allegations of this paragraph to the extent they do not accurately describe the referenced studies in full context and further denies the allegations of this paragraph to the extent they are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to Chemours.

75.     The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours denies the allegations of this paragraph to the extent they do not accurately describe the referenced studies in full context and further denies the allegations of this paragraph to the extent they are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to Chemours.

76.     The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours admits that in 2005, Dupont reached a negotiated settlement to resolve contested allegations in an administrative matter with the EPA.  Chemours denies the allegations of this paragraph to the extent they do not accurately describe that

settlement in full context and further deny the allegations to the extent they are inconsistent with that settlement.  Any remaining allegations in this paragraph are denied as to Chemours.

77.    The allegations of this paragraph are directed at a party other than Chemours and therefore require no response. To the extent a response is required, Chemours admits that Dupont purchased chemicals from 3M in the past to use as a processing aid in production of fluoropolymers and that 3M announced in 2000 it would discontinue manufacture of PFOA.  Admitted that Dupont manufactured PFOA in 2002 for its own use unrelated to the carpet industry.  Any remaining allegations in this paragraph are denied as stated as to Chemours.

78.    Admitted that DuPont created a new, separate, publicly company pursuant to a spinoff that was completed on July 1, 2015.   Chemours denies any remaining allegations and characterizations in this paragraph.

79.    Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

80.    Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

19

81.    Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

82.    Admitted that the EPA published certain new rules in 2002.  Denied to the extent that the allegations of this paragraph do not accurately state the content or intent of those new rules and full context and further denied to the extent the allegations of this paragraph are inconsistent with those new rules.  Admitted that PFOA replacement technology was developed by Dupont.  Chemours lacks knowledge or information sufficient to believe the truth or accuracy of the remaining allegations of this paragraph as to other defendants and therefore denies the same.

83.    Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

84.    Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

85.    Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

86.     Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

87.     Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

88.     Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

89.     Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

90.     Denied as to Chemours. This paragraph purports to describe findings and conclusions of the EPA, the University of Georgia and the Georgia Environment Protection Division.  Any such findings and conclusions speak for themselves and Chemours denies any allegations in this paragraph that are  inconsistent with those findings.  Chemours lacks sufficient knowledge or information sufficient to form a belief as to the truth or accuracy of any remaining allegations in this paragraph and therefore denies them.

91.     This paragraph purports to describe findings and conclusions of the University of Georgia and those findings and conclusions speak for themselves; accordingly, Chemours denies any allegations in this paragraph that are inconsistent with those findings and conclusions.   As to any remaining allegations in this paragraph, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies them.

92.     Any results of the United Steel Workers Union's sampling speaks for themselves, and Chemours denies any allegations in this paragraph that are inconsistent with those results.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and denies them.

93.     The allegations of this paragraph are directed at a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations and therefore denies them.

94.     The paragraph purports to describe a study conducted by the EPA. The results of that study speak for themselves.  Chemours denies any allegations within this paragraph inconsistent with that study.   Chemours lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and denies them.

95.    The allegations of this paragraph are directed to a party other than Chemours and therefore require no response.  To the extent a response is required, this paragraph quotes from and are characterized documents or studies which speak for themselves within the appropriate context; Chemours denies the allegations of this paragraph to the extent allegations are inconsistent with those documents or studies.  Any remaining allegations of this paragraph are denied as to Chemours.

96.    The allegations of this paragraph are directed to a party other than Chemours and therefore require no response.  To the extent a response is required, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

97.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

98.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

99.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

100.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

101.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

102.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

103.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

104.    Denied.

## COUNT ONE:
## DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

105.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 104 as if restated therein.

106.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

107.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

108.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

109.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

110.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

111.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

112.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

113.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

114.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

115.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

116.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

117.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

118.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

119.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

**COUNT TWO:**

**INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTITLITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT**
**(Defendant Dalton/Whitfield Regional Solid Waste Authority)**

120.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 119 as if restated therein.

121.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

122.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

123.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

124.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

125.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

126.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

127.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

128.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

129.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

130.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

131.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

132.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

133.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

## CLASS ALLEGATIONS

134.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 133 as if restated therein.

135.    This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so. Any remaining allegations in this paragraph are denied.

136.    Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiff's residency or the residency of

any proposed class members and therefore denies them. Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiff's status or the status of any proposed class members as a water subscribers and ratepayers for RWSD/and or the FCWD and therefore denies them. The remaining allegations of this paragraph are denied as to Chemours. Chemours specifically denies that it harmed, injured, or damaged Plaintiff or any proposed class members, that it contaminated any "drinking water," or that it caused Plaintiff or any proposed class members to pay "surcharges."

137. This paragraph is a description of Plaintiff's claims regarding the proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so. Any remaining allegations in this paragraph are denied.

138. This paragraph is a description of individuals who would be excluded from Plaintiff's proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so. Any remaining allegations in this paragraph are denied.

139.   This paragraph is Plaintiff's reservation of his right to modify or amend his proposed class definition and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements or doing so. Any remaining allegations in this paragraph are denied.

140.   This paragraph is a description of individuals who would be excluded from Plaintiff's proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so. Any remaining allegations in this paragraph are denied.

141.   This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for doing so. Further denied that those persons are readily identifiable. Any remaining allegations in this paragraph are denied.

142.   This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of

31

persons but denied that Plaintiff satisfies the legal requirements for doing so. Further denied that Plaintiff's injuries are typical of the proposed class. Any remaining allegations in this paragraph are denied.

143.    This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so. Further denied that Plaintiff can fairly and adequately represent the interests of all members of the proposed class and that all members of the proposed class are similarly damages or seeking the same remedies. Any remaining allegations in this paragraph are denied.

144.    This paragraph is a description of the competency of Plaintiff's counsel to prosecute Plaintiff's proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so.

145.    This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of

persons but denied that Plaintiff satisfies the legal requirements for doing so. Further denied that any of factual and/or legal questions listed in subparagraphs (a) through (k) are common to all members of Plaintiff's proposed class or to the defendants. Any remaining allegations in this paragraph are denied.

146.    This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so. Specifically denied that a class action is superior to other methods for the fair and efficient adjudication of action.

147.    Denied as to Chemours.

148.    Denied.   Chemours further adopts and incorporates its response to paragraph 145, above.

149.    Denied.

150.    Denied.

## COUNT THREE:
## WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities)

151.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 150 as if restated therein.

152.    Because the Court dismissed this claim against Chemours, no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.   Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

153.    This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. Because the Court dismissed this claim against Chemours, no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.   Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

154.    Because the Court dismissed this claim against Chemours, no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

155.    Because the Court dismissed this claim against Chemours, no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.  Chemours is without sufficient

information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

156.    Because the Court dismissed this claim against Chemours, no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

**COUNT FOUR:**
**NEGLIGENCE PER SE**
**(All Defendants Except Dalton Utilities, 3M, Dupont, & Chemours)**

157.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 156 as if restated therein.

158.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

159.    This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

160.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

161.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

162.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

**COUNT FIVE:**
**PUNITIVE DAMAGES**
**(All Defendants Except Dalton Utilities)**

163.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 162 as if restated therein.

164.   Denied as to Chemours. Chemours specifically denies that it manufactured, handled, distributed, or discharged PFAS or any other toxic chemicals into the RWSD and FCWD water supply. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

165.   This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

166.   Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

167.   Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

168.   Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

169.   Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

170.   Denied as to Chemours. Specifically, Chemours denies that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

171.    Denied. Further denied that Plaintiff is entitled to any relief whatsoever from Chemours.

**COUNT SIX**
**PUBLIC NUISANCE**

172.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 171 as if restated therein.

173.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

174.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

175.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

176.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

177.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

178.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

179.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

180.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

181.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

182.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## COUNT SEVEN
## CLAIMS FOR ABATEMENT
## AND INJUNCTION FOR PUBLIC NUISANCE

183.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 182 as if restated therein.

39

184.    This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied that Plaintiff is entitled to any relief from Chemours and further denied that Chemours discharged PFOA, PFOS, or related chemicals into Plaintiff or the proposed class members' water supply. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

185.    This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied that Plaintiff is entitled to any relief from Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

186.    This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response. To the extent a response is necessary, denied that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

187.    This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response. To the extent a response is necessary, denied that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

188.    This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response. To the extent a response is necessary, denied that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

## DEFENDANT THE CHEMOURS COMPANY'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, it would not otherwise bear, Chemours hereby asserts the following as its affirmative and other defenses to the Complaint:

1.    Chemours denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    Plaintiff's claims may be barred, in whole or in part, because the Plaintiff lacks standing to bring such claims.

4.    Venue is improper and/or maybe more convenient in another forum.

5.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

6.    Plaintiff's claims may be barred, in whole or in part, by the

doctrine of laches.

7.      Chemours asserts the defense of failure to join a party.

8.      Plaintiff's claims fail, in whole or in part, because they fail to adequately identify and name the appropriate defendants.

9.      Plaintiff's claims are barred, in whole or in part, under the Economic Injury/Loss Doctrine.

10.      Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

11.      Plaintiff's claims fail, in whole or in part, because Plaintiff and/or members of the putative class assumed the risk.

12.      Chemours avers that Plaintiff's injuries and damages were caused, in whole or in part, by the acts or omissions of others over whom Chemours has no control and for whom Chemours owes no legal responsibility. Chemours never manufactured or sold PFOS and never sold PFOA as a commercial product.

13.      Any damages awarded to Plaintiff should be subject to apportionment among any parties or non-parties and offset to the extent of fault apportioned to those parties or non-parties.

14.      Chemours avers that Plaintiff's injuries and damages were caused, in whole or in part, by superseding, unforeseen, and/or intervening causes.

15.     If it is established that Chemours is in any manner legally responsible for any of the damages claimed by Plaintiff, such damages were proximately contributed to and caused by other persons or entities not yet parties to this action, and, therefore, Chemours is entitled to equitable and applied indemnity or contribution or both from each such person and entity in an amount in direct proportion to the culpable conduct of the other persons or entities.

16.     Plaintiff's claims may be barred, in whole or in part, by his own contributory or comparative negligence or the contributory or comparative negligence of those for whom he bears legal responsibility.

17.     Chemours asserts that Plaintiff's claims are preempted by federal law.

18.     Chemours has complied with all relevant federal and state regulations and industry practices.

19.     Plaintiffs' claims are barred in whole or in part to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

20.     Chemours is not liable for the matters and things alleged in the Complaint.

21.     Chemours denies that it owed any duty to Plaintiff.  Alternatively, Chemours denies that it breached any duty or obligation owed to Plaintiff.

43

22.     Chemours denies that its conduct was in any manner negligent  or wanton.

23.     Chemours asserts that its conduct was not the proximate cause of the claimed injuries.

24.     Plaintiff's claim for nuisance is barred, in whole or in part, because Plaintiff failed to request that Chemours abate the nuisance prior to filing this action as required by O.C.G.A. § 41-1-5.

25.     Chemours asserts that its conduct was lawful, privileged, and taken in good faith exercise of its rights and duties under the law.

26.     Plaintiff's claim for trespass is barred, in whole or in part, because Chemours did not unlawfully interfere with Plaintiff's property.

27.     Plaintiff's claim for trespass is barred, in whole or in part, because any interference with Plaintiff's property was *de minimis.*

28.     Plaintiff's claim for trespass is barred, in whole or in part, because Plaintiff consented to, caused, and/or contributed to any invasion of its property.

29.     All or parts of the claims, in this case, are arbitrable.

30.     Chemours contests the extent and nature of Plaintiff's alleged damages.

31.     Plaintiff's claims fail, in whole or in part, due to a failure to mitigate damages.

32.     Plaintiff's claims are barred, in whole or in part, by operation of the sophisticated purchaser, sophisticated/learned intermediary, bulk supplier, and/or sophisticated user doctrine.

33.     Chemours asserts as a defense, credit, or set-off against the damages claimed by Plaintiff, the settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity.

34.     Plaintiff's claim for damages may be limited pursuant to applicable limitation of damages provisions.

35.     The Complaint fails to state a claim for punitive or exemplary damages and fails to allege the existence of clear and convincing evidence required to support such a claim.

36.     Plaintiff's claims for punitive or exemplary damages are subject to thelimitations of O.C.G.A. § 51-12-5.1(b) in that Plaintiff cannot demonstrate that Chemours showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences.

37.     Chemours did not engage in any conduct which would warrant or form a valid basis for an award of punitive or exemplary damages.

38.     Plaintiff is not entitled to recover punitive or exemplary damages against Chemours because:

(a)     Any claim by Plaintiff for punitive damages is barred because an award of punitive damages would violate the due process clause of theFourteenth Amendment to the United States Constitution and the due process clause of the Georgia Constitution, in that:

(i)     The jury will be allowed to consider evidence of Chemours's wealth in assessing punitive damages.

(ii)    There are no definite standards whereby the judiciary may determine the propriety of punitive damages or the amount of any such award.

(iii)   There are no effective procedures whereby the judiciary can review either the propriety or the magnitude of punitive damages.

(iv)    The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective,

and fundamentally unfair.

(v)     The vague and inconsistent legal standards for the imposition
        of punitive damages deprive Chemours of sufficient notice
        of the type of conduct and mental state upon which an award
        of punitive damages could be based.

(vi)    No objective limitations or standards have been established
        concerning the amount or severity of any punitive damages,
        including the severity of the penalty.

(b)   Any claim by Plaintiff for punitive damages is barred because they
      are essentially criminal in nature and a form of punishment, and they
      seek to deny Chemours the rights guaranteed to defendants in
      criminal proceedings under the Fourth, Sixth and Fourteenth
      Amendments of the United States Constitution and the Constitution
      of Georgia.

(c)   Any claim by Plaintiff for punitive damages is barred because they
      seek to impose punishment that is excessive and grossly
      disproportionate to the misconduct alleged, in violation of the
      Constitution of the State of Georgia.

(d)   Any claim by Plaintiff for punitive damages is barred to the extent it

seeks the admission of evidence of Chemours's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in Chemours's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States andthe Constitution of the State of Georgia.

(e)    Any claim by Plaintiff for punitive damages is barred because punitive damages are a form of punishment and any such award under the laws of the State of Georgia would violate Chemours's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and may by the Constitution of the State of Georgia where a jury:

    (i)    is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages;

    (ii)    is not instructed on the limits of punitive damages awards

48

imposed by the applicable principles of punishment and deterrence;

(iii)    is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(iv)    is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(v)    is not subject to judicial review on the basis of objective and uniform standards.

(f)    Any claim by Plaintiff for punitive damages is barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

(g)    Any claim by Plaintiff for punitive damages in this lawsuit is a requestto impose economic sanctions in violation of the sovereignty

of other states.

(h)    Any such recovery would violate Chemours's rights under Article I, Section 9 of the United States Constitution, because such is an ex post facto law.

(i)    An award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

(j)    Georgia's scheme for punitive damages, including but not limited to statutes, rules, jury instructions, violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Georgia Constitution, for the reasons set forth above in this section.

39.    With respect to Plaintiff's demand for punitive damages, Chemours specifically raises and incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards as held in *BMW v. Gore*, 116 U.S. 1589 (1996), *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

40.    Chemours has not acted or failed to act in such a way as to give rise

to any claim for attorneys' fees or expenses of litigation.

41.    Plaintiff is not entitled to injunctive or other equitable relief against Chemours, as Plaintiff cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

42.    The proposed claims of the class are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

43.    The proposed class cannot be certified because the  putative class, class representatives, and/or class counsel failed to meet the typicality, commonality, numerosity, adequacy, superiority, and predominance requirements for the pursuit of the claims as a class action.

44.    To avoid waiving affirmative defenses which may subsequently develop, Chemours asserts each affirmative defense stated in O.C.G.A. § 9-11-8 and O.C.G.A. § 9-11-12 to the extent not otherwise stated herein.

45.    Chemours hereby gives notice that it may rely upon such other defenses (affirmative or otherwise) that may become available or apparent during the course of discovery or otherwise and thus reserve the right to add or withdraw defenses.

**WHEREFORE**, Chemours respectfully requests that the Court dismiss Plaintiff's Amended Complaint, award the costs and expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under the circumstances.

Dated:  October 25, 2021          Respectfully submitted,

/s/ John M. Johnson

John M. Johnson
AL Bar No.: asb-7318-o52j
Admitted *Pro Hac Vice*
jjohnson@lightfootlaw.com
Adam K. Peck
AL Bar No.: asb-0851-p68a
Admitted *Pro Hac Vice*
apeck@lightfootlaw.com
Lana A. Olson
AL Bar No.: asb-6841-a59l
Admitted *Pro Hac Vice*
lolson@lightfootlaw.com
Brian P. Kappel
Georgia Bar No. 916728
bkappel@lightfootlaw.com
Suzanne A. Fleming
AL Bar No.: asb-0185-f53s
Admitted *Pro Hac Vice*
sfleming@lightfootlaw.com
Amaobi J. Enyinnia
Georgia Bar No. 327957
aenyinnia@lightfootlaw.com

**Lightfoot Franklin & White, LLC**
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com

*Counsel for Defendant The Chemours*
*Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| JARROD JOHNSON, individually, and on behalf of a class of persons similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>      Defendants. | Case No. 4:20-cv-00008-AT<br><br>Hon. Amy Totenberg |

**CERTIFICATE OF SERVICE**
**AND COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: October 25, 2021        Respectfully submitted,

*/s/ John M. Johnson*

John M. Johnson
AL Bar No.: asb-7318-o52j
Admitted *Pro Hac Vice*
jjohnson@lightfootlaw.com

54

Adam K. Peck
AL Bar No.: asb-0851-p68a
Admitted *Pro Hac Vice*
apeck@lightfootlaw.com
Lana A. Olson
AL Bar No.: asb-6841-a59l
Admitted *Pro Hac Vice*
lolson@lightfootlaw.com
Brian P. Kappel
Georgia Bar No. 916728
bkappel@lightfootlaw.com
Suzanne A. Fleming
AL Bar No.: asb-0185-f53s
Admitted *Pro Hac Vice*
sfleming@lightfootlaw.com
Amaobi J. Enyinnia
Georgia Bar No. 327957
aenyinnia@lightfootlaw.com
**Lightfoot Franklin & White, LLC**
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com

*Counsel for Defendant The Chemours
Company*