## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of persons similarly situated, | ) ) ) ) | Civil Action No. 4:20-cv-0008-AT |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| 3M COMPANY; ALADDIN MANUFACTURING CORPORATION; AMERICHEM, INC.; ARROWSTAR, LLC; CHEM-TECH FINISHERS, INC.; COLOR EXPRESS, INC.; COLUMBIA RECYCLING CORP.; CYCLE TEX, INC.; DAIKIN AMERICA, INC.; THE CITY OF DALTON, GEORGIA, acting through its BOARD OF WATER, LIGHT AND SINKING FUND COMMISSIONERS, d/b/a DALTON UTILITIES; DALTON/WHITFIELD REGIONAL SOLID WASTE AUTHORITY; DYSTAR, LP; E.I. DU PONT DE NEMOURS AND COMPANY; ENGINEERED FLOORS, LLC; FIBRO CHEM, LLC; GREEN VULTURE, LLC; IMACC CORPORATION; INV PERFORMANCE SURFACES, LLC; J&S RUG COMPANY, INC. D/B/A LOG CABIN COMPANY; JB NSD, INC.; MFG CHEMICAL, LLC; MILLIKEN & COMPANY; MOHAWK CARPET, LLC; MOHAWK INDUSTRIES, INC.; ORIENTAL WEAVERS, USA, INC.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER TO FOURTH AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT** |

POLYVENTIVE, LLC; SECOA          )
TECHNOLOGY, LLC; SHAW            )
INDUSTRIES, INC.; SHAW           )
INDUSTRIES GROUP, INC.;          )
TARKETT USA, INC.; THE           )
CHEMOURS COMPANY; and THE        )
DIXIE GROUP, INC.,               )
                                 )
                *Defendants.*    )

Defendant DyStar LP ("DyStar"), by its undersigned attorneys, answers

Plaintiff's Fourth Amended Complaint ("Complaint") as follows:

## FIRST DEFENSE

The Complaint, and each cause of action or count alleged therein, fails to

state facts sufficient to constitute a claim upon which relief may be granted against

DyStar.

## SECOND DEFENSE

(Specifically responding to the allegations in the Complaint)

The introduction in the Complaint does not contain allegations and

therefore no response is required.  To the extent a response is deemed to be

required, any allegations are denied.

## STATEMENT OF THE CASE

1.     Answering the allegations of Paragraph 1 of the Complaint, DyStar

admits that Plaintiff asserts claims concerning, among other matters, alleged water

contamination.  Allegations contained in Paragraph 1 of the Complaint constitute

legal conclusions to which no response is required.  To the extent a response is

deemed to be required, those allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

2.      Answering the allegations of Paragraph 2 of the Complaint, DyStar admits that Plaintiff asserts class claims concerning, among other matters, alleged nuisance.  Allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, those allegations are denied.  Except as expressly admitted, all remaining allegations are denied.

3.      Answering the allegations of Paragraph 3 of the Complaint, DyStar admits on information and belief that the Rome Water and Sewer Division ("RWSD") or the Floyd County Water Department ("FCWD"), provides domestic water service in Rome, Georgia.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore such allegations are denied.

4.      Answering the allegations of Paragraph 4 of the Complaint, DyStar admits that it owns a former manufacturing plant located at 2474 Abutment Road in Dalton, Georgia.  Except as expressly admitted, all remaining allegations are denied.

5.      DyStar denies the allegations contained in Paragraph 5 of the Complaint to the extent they relate to DyStar. DyStar lacks knowledge or

information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 5 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 6 of the Complaint and therefore such allegations are denied.

## JURISDICTION AND VENUE

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 7 of the Complaint and therefore such allegations are denied.

8.      The allegations contained in Paragraph 8 of the Complaint, including referenced exhibits, constitute legal conclusions to which no response is required. Further, Paragraph 8 pertains only to other defendants and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of

the allegations contained in Paragraph 8 of the Complaint and therefore such allegations are denied.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 9 of the Complaint and therefore such allegations are denied.

10.      The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 10 of the Complaint and therefore such allegations are denied.

11.      The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 11 of the Complaint and therefore such allegations are denied.

12.      The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a

belief regarding the truth of the allegations contained in Paragraph 12 of the Complaint and therefore such allegations are denied.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 13 of the Complaint and therefore such allegations are denied.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14 of the Complaint and therefore such allegations are denied.

## **PARTIES**

15.     DyStar denies all allegations contained in Paragraph 15 of the Complaint to the extent they relate to DyStar. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint to the extent they relate to Plaintiff or other Defendants, or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore such allegations are denied.

17.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore such allegations are denied.

18.     Paragraph 18 pertains only to Defendant 3M Company ("3M"), and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 18 and therefore denies the same.

19.     Paragraph 19 pertains only to Defendant Aladdin Manufacturing Corporation ("Aladdin"), and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 19 and therefore denies the same.

20.     Paragraph 20 pertains only to Defendant Americhem, Inc. ("Americhem") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 20 and therefore denies the same.

21. Paragraph 21 pertains only to Defendant ArrowStar, LLC ("ArrowStar") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22. Paragraph 22 pertains only to Defendant Chem-Tech Finishers, Inc. ("Chem-Tech") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 22 and therefore denies the same.

23. Paragraph 23 pertains only to Defendant Color Express, Inc. ("Color Express") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 23 and therefore denies the same.

24. Paragraph 24 pertains only to Defendant Columbia Recycling Corp. ("Columbia Recycling") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or

information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 24 and therefore denies the same.

25.     Paragraph 25 pertains only to Defendants Cycle Tex, Inc. ("Cycle Tex") and Daikin America, Inc. ("Daikin") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 25 and therefore denies the same.

26.     Paragraph 26 pertains only to Defendant The City of Dalton, Georgia, acting through its Board of Water, Light and Sinking Fund Commissioners, d/b/a Dalton Utilities ("Dalton Utilities") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 26 and therefore denies the same.

27.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore such allegations are denied.

28.     Paragraph 28 pertains only to Defendant Dalton/Whitfield Regional Solid Waste Authority ("DWSWA") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks

knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 28 and therefore denies the same.

29.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore such allegations are denied.

30.     DyStar admits that it is a limited partnership authorized to do business in the State of Georgia.  DyStar further admits that it conducts business in Georgia. DyStar further admits that it owns a business located at 2474 Abutment Road, Dalton, Georgia.  DyStar further admits that it maintains a permit for industrial wastewater discharges and at one time discharged industrial wastewater to the Dalton Utilities wastewater treatment plant.   Except as expressly admitted, all remaining allegations are denied.

31.     Paragraph 31 pertains only to Defendant E.I. du Pont de Nemours and Company ("Dupont") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 31 and therefore denies the same.

32.     Paragraph 32 pertains only to Defendant Engineered Floors, LLC ("Engineered Floors") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 32 and therefore denies the same.

33.    Paragraph 33 pertains only to Defendant Fibro Chem, LLC ("Fibro Chem") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 33 and therefore denies the same.

34.    Paragraph 34 pertains only to Defendant Green Vulture, LLC ("Green Vulture")  and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 34 and therefore denies the same.

35.    Paragraph 35 pertains only to Defendant IMACC Corporation ("IMACC") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 35 and therefore denies the same.

36.    Paragraph 36 pertains only to Defendant INV Performance Surfaces, LLC ("INVISTA") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 36 and therefore denies the same.

37.   Paragraph 37 pertains only to Defendant JB NSD, Inc. ("JBNSD") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 37 and therefore denies the same.

38.   Paragraph 38 pertains only to Defendant J&S Rug Company, Inc. d/b/a Log Cabin Company ("Log Cabin" or "J&S") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 38 and therefore denies the same.

39.   Paragraph 39 pertains only to Defendant MFG Chemical, LLC ("MFG") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 39 and therefore denies the same.

40.   Paragraph 40 pertains only to Defendant Milliken & Company ("Milliken") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 40 and therefore denies the same.

41.    Paragraph 41 pertains only to Defendant Mohawk Carpet, LLC ("Mohawk Carpet") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 41 and therefore denies the same.

42.    Paragraph 42 pertains only to Defendant Mohawk Industries, Inc. ("Mohawk Industries") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 42 and therefore denies the same.

43.    Paragraph 43 pertains only to Defendant Oriental Weavers U.S.A., Inc. ("Oriental") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 43 and therefore denies the same.

44.    Paragraph 44 pertains only to Defendant Polyventive LLC ("Polyventive") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations contained in Paragraph 44 and therefore denies the same.

45.    Paragraph 45 pertains only to Defendant Secoa Technology, LLC ("Secoa") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 45 and therefore denies the same.

46.    Paragraph 46 pertains only to Defendant Shaw Industries, Inc. is a domestic corporation and a wholly-owned subsidiary of Shaw Industries Group, Inc. (collectively, "Shaw Industries") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 46 and therefore denies the same.

47.    Paragraph 47 pertains only to Defendant Tarkett USA, Inc. ("Tarkett USA") and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 47 and therefore denies the same.

48.    Paragraph 48 pertains only to Defendant The Chemours Company ("Chemours") and therefore no response from DyStar is required.  To the extent a

response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 48 and therefore denies the same.

49.    Paragraph 49 pertains only to Defendant The Dixie Group, Inc. ("Dixie") and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 49 and therefore denies the same.

## FACTUAL ALLEGATIONS

50.    DyStar admits on information and belief that certain substances that have been described as "PFAS" have been used in the manufacture of carpet and associated processes.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 50, and therefore denies the same. Except as expressly admitted, all remaining allegations are denied.

51.    DyStar admits on information and belief that PFAS are man-made chemicals that do not exist naturally in the environment.   DyStar denies the remaining allegations contained in Paragraph 51 of the Complaint, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and that may require expert analysis and testimony. Except as expressly admitted, all remaining allegations are denied.

52.    DyStar admits on information and belief that certain substances that have been described as "PFAS" have been used in industrial and consumer products. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 52, and therefore denies the same. Except as expressly admitted, all remaining allegations are denied.

53.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore such allegations are denied.

54.    DyStar denies the allegations contained in Paragraph 54 of the Complaint, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and that may require expert analysis and testimony.

55.    DyStar admits on information and belief that the C8 Health Project conducted research related to PFAS exposure.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 55 of the Complaint related to what unspecified research may or may not show, and therefore the remaining allegations contained in Paragraph 55 of the Complaint are denied.

56.     DyStar admits on information and belief that the C8 Science Panel conducted research related to PFAS exposure.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 56 of the Complaint related to what unspecified research may or may not show, and therefore the remaining allegations contained in Paragraph 56 of the Complaint are denied.

57.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 57 of the Complaint, and therefore the allegations contained in Paragraph 57 of the Complaint are denied.

58.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 58 of the Complaint, and therefore the allegations contained in Paragraph 58 of the Complaint are denied.

59.     DyStar admits that Plaintiff references a publication reportedly issued by the Environmental Protection Agency ("EPA") and refers Plaintiff to the EPA publication for its contents.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 59 are denied.

60.     DyStar admits that Plaintiff references a publication issued by EPA and refers Plaintiff to the EPA publication for its contents.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 60 are denied.

61.     DyStar admits that Plaintiff references a publication issued by EPA and refers Plaintiff to the EPA publication for its contents.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 61 are denied.

62.     DyStar admits that Plaintiff references a publication issued by the Agency for Toxic Substances and Disease Registry ("ATSDR") and refers Plaintiff to the ATSDR publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 62 are denied.

63.     DyStar admits that Plaintiff references a publication issued by the ATSDR and refers Plaintiff to the ATSDR publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of

the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 63 are denied.

64.    DyStar admits that Plaintiff references actions related to PFAS allegedly taken by individual states and refers Plaintiff to those states for those alleged actions.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 64 are denied.

65.    DyStar admits that Plaintiff references the published National Defense Authorization Act for Fiscal Year 2020 and refers Plaintiff to that publication for its contents.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the underlying statements in the referenced publication, and therefore the remaining allegations set forth in Paragraph 65 are denied.

66.    DyStar denies all allegations contained in Paragraph 66 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 66 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 66 of the Complaint.

67.    Paragraph 67 pertains only to manufacturers of PFAS and therefore no response from DyStar is required.  To the extent a response is deemed to be

required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 67 and therefore denies the same.

68.     Paragraph 68 pertains only to Defendant 3M, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 68 and therefore denies the same.

69.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore such allegations are denied.

70.     Paragraph 70 pertains only to Defendant 3M, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 70 and therefore denies the same.

71.     Paragraph 71 pertains only to Defendant 3M, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 71 and therefore denies the same.

72.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 72 of the Complaint, and therefore such allegations are denied.

73.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore such allegations are denied.

74.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore such allegations are denied.

75.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore such allegations are denied.

76.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore such allegations are denied.

77.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore such allegations are denied.

78.     DyStar denies all allegations contained in Paragraph 78 of the Complaint to the extent they relate to DyStar.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 78 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 78 of the Complaint.

79.     DyStar denies all allegations contained in Paragraph 79 of the Complaint to the extent they relate to DyStar.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 79 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 79 of the Complaint.

80.     DyStar denies all allegations contained in Paragraph 80 of the Complaint to the extent they relate to DyStar.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 80 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 80 of the Complaint.

81.     DyStar admits on information and belief that EPA has taken certain actions over time to limit the manufacture of PFOA, PFOS, and related chemicals.

DyStar denies the remaining allegations contained in Paragraph 81 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 81 of the Complaint to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 81 of the Complaint.

82.    DyStar admits that it maintains a permit for industrial wastewater discharges and at one time discharged industrial wastewater to the Dalton Utilities wastewater treatment plant.  Except as expressly admitted, all remaining allegations are denied.

83.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore such allegations are denied.

84.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore such allegations are denied.

85.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore such allegations are denied.

86.    DyStar denies all allegations contained in Paragraph 86 of the Complaint to the extent they relate to DyStar.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 86 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 86 of the Complaint.

87.    DyStar denies all allegations contained in Paragraph 87 of the Complaint to the extent they relate to DyStar.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 87 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 87 of the Complaint.

88.    DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 88 of the Complaint, and therefore such allegations are denied.

89.    DyStar denies all allegations contained in Paragraph 89 of the Complaint to the extent they relate to DyStar. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 89 of the Complaint to the extent they relate to other

Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 89 of the Complaint.

90.     DyStar admits, upon information and belief, that the University of Georgia ("UGA") completed water sampling for PFAS in the Conasauga River and refers Plaintiff to the sampling results for their contents. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 90 of the Complaint, and therefore such allegations are denied.

91.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 91 of the Complaint, and therefore such allegations are denied.

92.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 92 of the Complaint, and therefore such allegations are denied.

93.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 93 of the Complaint, and therefore such allegations are denied.

94.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 94 of the Complaint, and therefore such allegations, including allegations related to exhibits, are denied.

95.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 95 of the Complaint, and therefore such allegations, including allegations related to exhibits, are denied.

96.     Dystar lacks knowledge of information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 96 of the Complaint, and therefore such allegations, including allegations related to exhibits, are denied.

97.     Dystar lacks knowledge of information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 97 of the Complaint, and therefore such allegations, including allegations related to exhibits, are denied.

98.     Dystar lacks knowledge of information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 98 of the Complaint, and therefore such allegations, including allegations related to exhibits, are denied.

99.     DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 99 of the Complaint, and therefore such allegations are denied.

100.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 100 of the Complaint, and therefore such allegations are denied.

101.   DyStar admits on information and belief that EPA set new Health Advisories for PFOA and PFOS in May 2016.   DyStar lacks knowledge or

information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 101 of the Complaint, and therefore such allegations are denied.

102.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 102 of the Complaint, and therefore such allegations are denied.

103.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 103 of the Complaint, and therefore such allegations are denied.

104.   DyStar admits on information and belief that the Rome City Council enacted a resolution related to alleged PFAS contamination of the Oostanaula River.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 104 of the Complaint, and therefore such allegations are denied.

105.   DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 105 of the Complaint, and therefore such allegations are denied.

106.   The allegations of Paragraph 106 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies all allegations contained in Paragraph 106 of the Complaint to the

extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 106 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 106 of the Complaint.

**COUNT ONE:**
**ALLEGED DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT**
**(Defendant Dalton Utilities)**

107.   DyStar fully incorporates herein its responses to Paragraphs 1 through 106 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

108.  Paragraph 108 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 108 and therefore denies the same.

109.  Paragraph 109 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 109 and therefore denies the same.

110.   Paragraph 110 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 110 and therefore denies the same.

111.   Paragraph 111 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 111 and therefore denies the same.

112.   Paragraph 112 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 112 and therefore denies the same.

113.   Paragraph 113 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 113 and therefore denies the same.

114.    Paragraph 114 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 114 and therefore denies the same.

115.    Paragraph 115 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 115 and therefore denies the same.

116.    Paragraph 116 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 116 and therefore denies the same.

117.    Paragraph 117 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 117, including allegations related to exhibits, and therefore denies the same.

118.   Paragraph 118 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 118, including allegations related to exhibits, and therefore denies the same.

119.   Paragraph 119 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 119 and therefore denies the same.

120.   Paragraph 120 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 120 and therefore denies the same.

121.   Paragraph 121 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 121 and therefore denies the same.

122.   [THIS PARAGRAPH HAS BEEN OMITTED BY PLAINTIFF]

## COUNT TWO:
## ALLEGED DISCHARGES OF NON-STORMWATER CONTAINING PFAS IN VIOLATION OF NPDES GENERAL STORMWATER PERMIT

123.   DyStar fully incorporates herein its responses to Paragraphs 1 through 122 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

124.   The allegations of Paragraph 124 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies all allegations contained in Paragraph 124 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 124 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 124 of the Complaint.

125.   The allegations of Paragraph 125 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies all allegations contained in Paragraph 125 of the Complaint to the extent they relate to DyStar.  DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 125 of the Complaint to the extent they relate to other Defendants or to alleged

contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 125 of the Complaint.

126. The allegations of Paragraph 126 constitute legal conclusions to which no response is required. To the extent that a response is deemed required, DyStar denies all allegations contained in Paragraph 126 of the Complaint to the extent they relate to DyStar. DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 126 of the Complaint to the extent they relate to other Defendants or to alleged contamination of the water supply, and therefore denies any and all remaining allegations contained in Paragraph 126 of the Complaint.

127. Paragraph 127 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 128, including allegations related to exhibits, and therefore denies the same.

128. Paragraph 128 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 128 and therefore denies the same.

129.   Paragraph 129 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 129 and therefore denies the same.

130.   Paragraph 130 pertains only to Defendant Dalton Utilities, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 130 and therefore denies the same.

**COUNT THREE:**
**ALLEGED INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT**
**(Defendant Dalton/Whitfield Regional Solid Waste Authority)**

131.   DyStar fully incorporates herein its responses to Paragraphs 1 through 130 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein

132.   Paragraph 132 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.  To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 132 and therefore denies the same.

133.   Paragraph 133 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 133 and therefore denies the same.

134.   Paragraph 134 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 134 and therefore denies the same.

135.   Paragraph 135 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 135 and therefore denies the same.

136.   Paragraph 136 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 136 and therefore denies the same.

137.   Paragraph 137 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 137 and therefore denies the same.

138.   Paragraph 138 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 138 and therefore denies the same.

139.   Paragraph 139 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 139 and therefore denies the same.

140.   Paragraph 140 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 140 and therefore denies the same.

141.   Paragraph 141 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 141, including allegations related to exhibits, and therefore denies the same.

142.   Paragraph 142 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 142, including allegations related to exhibits, and therefore denies the same.

143.   Paragraph 143 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 143 and therefore denies the same.

144.   Paragraph 144 pertains only to Defendant DWSWA, and therefore no response from DyStar is required.   To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations contained in Paragraph 144 and therefore denies the same.

145. Paragraph 145 pertains only to Defendant DWSWA, and therefore no response from DyStar is required. To the extent a response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 145 and therefore denies the same.

## CLASS ALLEGATIONS

146. DyStar fully incorporates herein its responses to Paragraphs 1 through 145 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

147. The allegations of Paragraph 147 constitute legal conclusions to which no response is required. To the extent that a response is deemed required, DyStar admits that plaintiff and putative class members purport to bring this lawsuit as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3). DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23. Except as expressly admitted herein, the allegations of Paragraph 147 are denied.

148. The allegations of Paragraph 148 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, DyStar

admits that Plaintiff purports to bring this lawsuit on behalf of the individuals described.  DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, the allegations of Paragraph 148 are denied.

149.   The allegations of Paragraph 149 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar admits that Plaintiff purports to bring this lawsuit on behalf of the individuals described.  DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, the allegations of Paragraph 149 are denied.

150.   The allegations of Paragraph 150 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar admits that Plaintiff purports to bring this lawsuit on behalf of the individuals described.  DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, the allegations of Paragraph 150 are denied.

(a)   The allegations of Paragraph 150(a) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 150(a).

(b)   The allegations of Paragraph 150(b) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 150(b).

(c)   The allegations of Paragraph 150(c) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 150(c).

(d)   The allegations of Paragraph 150(d) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 150(d).

(e)   The allegations of Paragraph 150(e) consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies the allegations of Paragraph 150(e).

151.   The allegations of Paragraph 151 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, DyStar denies that class certification of the putative class is appropriate under Federal Rule of Civil Procedure 23 and reserves its right to object to any attempt by plaintiff "to amend the class definition."  DyStar denies all remaining allegations contained in Paragraph 151 of the Complaint.

152.   The allegations of Paragraph 152 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be

required, DyStar denies all allegations contained in Paragraph 152 of the Complaint.

153.   The allegations of Paragraph 153 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 153 of the Complaint.

154.   The allegations of Paragraph 154 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 154 of the Complaint.

155.   The allegations of Paragraph 155 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 155 of the Complaint.

156.   The allegations of Paragraph 156 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 156 of the Complaint.

157.   The allegations of Paragraph 157, including subparagraphs (a) through (k), constitute legal conclusions to which no response is required.  To the

extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 157, including subparagraphs (a) through (k) of the Complaint.

158.  The allegations of Paragraph 158 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 158 of the Complaint.

159.  The allegations of Paragraph 159 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 159 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 159 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 159.

160.  The allegations of Paragraph 160 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 160 of the Complaint.

161.   The allegations of Paragraph 161 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 161 of the Complaint.

162.   The allegations of Paragraph 162 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 162 of the Complaint.

## COUNT FOUR:
## ALLEGED WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
## (All Defendants Except Dalton Utilities, Invista, 3M, Daikin, DuPont, & Chemours)

163.   DyStar fully incorporates herein its responses to Paragraphs 1 through 162 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

164.   The allegations of Paragraph 164 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 164 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 164 to the

extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 164.

165.   The allegations of Paragraph 165 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 165 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 165 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 165.

166.   The allegations of Paragraph 166 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 166 of the Complaint to the extent they relate to DyStar.   To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 166 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 166.

167.   The allegations of Paragraph 167 constitute legal conclusions to which no response is required.   To the extent that a response is deemed to be

required, DyStar denies all allegations contained in Paragraph 167 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 167 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 167.

168.   The allegations of Paragraph 168 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 168 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 168 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 168.

**COUNT FIVE:**
**ALLEGED NEGLIGENCE *PER SE***
**(All Defendants Except Dalton Utilities, 3M, DuPont, Chemours, INVISTA, & Daikin)**

169.   DyStar fully incorporates herein its responses to Paragraphs 1 through 168 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

170.   The allegations of Paragraph 170 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 170 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 170 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 170.

171.   The allegations of Paragraph 171 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 171 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 171 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 171.

172.   The allegations of Paragraph 172 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 172 of the Complaint to the extent they relate to DyStar.  To the extent a further response is

deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 172 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 172.

173.   The allegations of Paragraph 173 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 173 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 173 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 173.

174.   The allegations of Paragraph 174 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 174 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 174 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 174.

## COUNT SIX:
## ALLEGED PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

175.   DyStar fully incorporates herein its responses to Paragraphs 1 through 174 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

176.   The allegations of Paragraph 176 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 176 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 176 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 176.

177.   The allegations of Paragraph 177 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 177 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 177 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 177.

178.   The allegations of Paragraph 178 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 178 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 178 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 178.

179.   DyStar denies all allegations contained in Paragraph 179 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 179 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 179.

180.   DyStar denies all allegations contained in Paragraph 180 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 180 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 180.

181.   DyStar denies all allegations contained in Paragraph 181 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 181 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 181.

182.   The allegations of Paragraph 182 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 182 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 182 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 182.

183.   The allegations of Paragraph 183 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 183 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 183 to the

extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 183.

## COUNT SEVEN:
## ALLEGED PUBLIC NUISANCE
### (All Defendants Except Dalton Utilities)

184.   DyStar fully incorporates herein its responses to Paragraphs 1 through 183 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

185.   The allegations of Paragraph 185 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 185 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 185 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 185.

186.   The allegations of Paragraph 186 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 186 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a

belief regarding the truth of the allegations contained in Paragraph 186 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 186.

187.   The allegations of Paragraph 187 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 187 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 187 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 187.

188.   The allegations of Paragraph 188 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 188 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 188 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 188.

189.   The allegations of Paragraph 189 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 189 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 189 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 189.

190.   The allegations of Paragraph 190 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 190 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 190 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 190.

191.   The allegations of Paragraph 191 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 191 of the Complaint to the extent they relate to DyStar.  To the extent a further response is

deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 191 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 191.

192.   The allegations of Paragraph 192 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 192 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 192 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 192.

193.   The allegations of Paragraph 193 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 193 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 193 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 193.

## COUNT EIGHT:
## CLAIMS FOR ABATEMENT
## AND INJUNCTION OF ALLEGED PUBLIC NUISANCE

194.   DyStar fully incorporates herein its responses to Paragraphs 1 through 193 in the Complaint as though fully set forth herein, and denies all allegations except as admitted herein.

195.   The allegations of Paragraph 195 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 195 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 195 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 195.

196.   The allegations of Paragraph 196 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 196 of the Complaint, including allegations related to exhibits, to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 196 to the extent they relate to other

Defendants, and therefore denies any and all remaining allegations contained in Paragraph 196, including allegations related to exhibits.

197. The allegations of Paragraph 197 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 197 of the Complaint to the extent they relate to DyStar. To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 197 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 197.

198. The allegations of Paragraph 198 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 198 of the Complaint to the extent they relate to DyStar. To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 198 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 198.

199. The allegations of Paragraph 199 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be

required, DyStar denies all allegations contained in Paragraph 199 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 199 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 199.

200.  The allegations of Paragraph 200 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, DyStar denies all allegations contained in Paragraph 200 of the Complaint to the extent they relate to DyStar.  To the extent a further response is deemed to be required, DyStar lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 200 to the extent they relate to other Defendants, and therefore denies any and all remaining allegations contained in Paragraph 200.

The WHEREFORE paragraph in the Complaint, including subparagraphs (a) through (p), does not contain allegations and therefore no response is required.  To the extent a response is deemed to be required, any allegations, including any allegations in subparagraphs (a) through (q), are denied.

DyStar denies any liability for any injury alleged in the Complaint and denies that Plaintiff and the Proposed Class Members are entitled to the relief or

judgment requested.   To the extent any allegations of the Complaint are not addressed directly herein, such allegations are denied.

## ADDITIONAL DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff and putative class members, DyStar further pleads the following additional defenses to all the individual claims alleged in the Complaint.  All of the following defenses are pled in the alternative and none of them constitutes an admission that DyStar is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.

## THIRD DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

## FIFTH DEFENSE

Plaintiff's and putative class members' complaint is barred by the doctrines of unclean hands, laches, estoppel, res judicata, ratification, and/or waiver.

## SIXTH DEFENSE

Plaintiff and the putative class members lack standing, in whole or in part, to bring the claims and demands for relief asserted in the Complaint.

## SEVENTH DEFENSE

Any injuries and/or damages alleged by Plaintiff and putative class members were caused or contributed to by the negligence or actual conduct of other persons, firms, corporations, or entities over whom DyStar had no control or right of control and for whom DyStar is not responsible, including without limitation Lenmar Chemical Corporation and its principals.

## EIGHTH DEFENSE

Any injuries and/or damages alleged by Plaintiff and putative class members are barred by the doctrines of intervening cause and/or superseding cause.

## NINTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of contributory or comparative negligence.

## TENTH DEFENSE

Plaintiff's and putative class members claims are barred, in whole or in part, because DyStar has not designed, tested, manufactured, or sold products alleged to have been found in any property or water owned by Plaintiff and putative class members.  Plaintiff's and putative class members' claims also are barred, in whole

or in part, to the extent Plaintiff and putative class members have failed to link any of the alleged damages to product(s) manufactured or discharged by DyStar.

## ELEVENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any levels of contamination allegedly caused by DyStar do not exceed any applicable laws or binding regulatory standards at the relevant times.

## TWELFTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any alleged conduct was lawful and/or because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions that are the subject of Plaintiff's and putative class members' claims.

## THIRTEENTH DEFENSE

Plaintiff and putative class members' claims are barred, in whole or in part, for failure to mitigate their damages, if any.

## FOURTEENTH DEFENSE

The Complaint, and each alleged claim contained therein, fails to join all necessary and indispensable parties.

## FIFTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

## SIXTEENTH DEFENSE

To the extent that Plaintiff has split his claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## SEVENTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because DyStar did not owe a legal duty to Plaintiff or putative class members or, if DyStar owed such a duty, DyStar did not breach and/or fully discharged that duty.

## EIGHTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because none of the alleged acts or omissions of DyStar proximately caused the purported injuries and damages allegedly sustained by Plaintiff and putative class members.

## NINETEENTH DEFENSE

Plaintiff's and putative class members' claims for alleged injuries and damages are barred, in whole or in part, because the claims and damages alleged are speculative.

## TWENTIETH DEFENSE

Plaintiff's and putative class members' complaint and each count thereof, to the extent that they seek punitive or exemplary damages, violate DyStar's rights to protection from "excess fines" as provided in the Eighth Amendment of the United

States Constitution and Article I, Section I of the Constitution of the State of Georgia, and violate DyStar's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Georgia, and therefore fail to state a cause of action supporting the punitive or exemplary damages claimed.

## TWENTY-FIRST DEFENSE

DyStar denies any liability, but in the event DyStar is found to have any liability to plaintiff and putative class members, DyStar is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint; or (4) the share of liability of any settled or released person or entity as determined pursuant to the applicable contributory negligence law.

## TWENTY-SECOND DEFENSE

DyStar cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of DyStar.

## TWENTY-THIRD DEFENSE

To the extent that the Complaint asserts or Plaintiff and putative class members would propose "market share" liability, "enterprise" liability, or other alternative theories of causation, Plaintiff's and putative class members' claims are barred, in whole or in part, because Georgia and other applicable law does not recognize such theories of liability or would not apply such theories of liability to the circumstances of this case.

## TWENTY-FOURTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members cannot establish that PFAS or PFCs have been reliably established, through scientific means, to be capable of causing alleged injuries.

## TWENTY-FIFTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members cannot establish that

they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing alleged injuries.

## TWENTY-SIXTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because DyStar acted reasonably and in good faith.

## TWENTY-SEVENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and DyStar may not be held liable under retroactive theories not requiring proof of fault or causation.

## TWENTY-EIGHTH DEFENSE

DyStar asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against DyStar based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff or putative class member.

## TWENTY-NINTH DEFENSE

Plaintiff and putative class members have not alleged an injury that, as a matter of law, supports a recovery in tort.

## THIRTIETH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which DyStar cannot be held responsible.

## THIRTY-FIRST DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because, at all relevant times, DyStar exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## THIRTY-SECOND DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, to the extent they are based upon Georgia law, as Georgia law does not apply to the claims of plaintiff and the purported class, and because those claims are preempted by applicable federal statutes and regulations pursuant to the Supremacy Clause of the United States Constitution.

## THIRTY-THIRD DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the prior nuisance doctrine.

## THIRTY-FOURTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of prescription.

## THIRTY-FIFTH DEFENSE

Plaintiff's and putative class members' claim for attorney's fees fails because there is no contractual, statutory, or other basis for an award of attorney's fees in this lawsuit against DyStar.  DyStar further did not act in a manner that gives rise to a claim for attorneys' fees or expenses in this lawsuit.

## THIRTY-SIXTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the Public Services Doctrine.

## THIRTY-SEVENTH DEFENSE

Plaintiff's and putative class members' claims fail as improper collateral attacks on properly issued permits.

## THIRTY-EIGHTH DEFENSE

Plaintiff and putative class members' should be required to provide a more definite statement of their allegations as to each defendant. As currently pled, plaintiffs' Complaint violates the group pleading doctrine.

## THIRTY-NINTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the Economic Loss Doctrine.

## FORTIETH DEFENSE

DyStar adopts by reference any additional applicable defense pleaded by any other Defendant not otherwise pleaded herein.

## RESERVATION OF DEFENSES

DyStar specifically reserves all separate or additional defenses that it may have against Plaintiff or putative class members. Additionally, DyStar reserves the right to raise additional defenses and other issues as discovery proceeds, and incorporates all applicable defenses asserted by others that are not otherwise specifically set forth above.

## JURY DEMAND

DyStar demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, DyStar prays for judgment as follows:

1.     This case no longer continue as a purported class action;

2.     That Plaintiff be awarded nothing by way of the Complaint;

3.     That Judgment be entered in favor of DyStar and against Plaintiff and that the Complaint be dismissed with prejudice;

4.     That DyStar be awarded its costs of suit incurred in the defense of this action;

5.     That DyStar be awarded, as allowed by law, its attorneys' fees incurred in the defense of this action;

6.     For a jury trial on all issues so triable; and

7.     For such other relief in favor of DyStar as the Court deems proper.

Respectfully submitted this 1st day of February, 2022.


*/s/ Steven D. Weber*
STEVEN D. WEBER
Georgia Bar No. 825170
Elizabeth A. Dieck, *admitted pro hac vice*
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon St., Ste. 800
Charlotte, North Carolina  28202
(704) 372-9000
steveweber@parkerpoe.com
elizabethdieck@parkerpoe.com

Counsel for Defendant DyStar L.P.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.


*/s/ Steven D. Weber*
STEVEN D. WEBER

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **ANSWER TO FOURTH AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT** has been filed electronically with the Clerk of Court by using the CM/ECF system which will automatically email all counsel of record.

This the 1st day of February 2022.

*/s/ Steven D. Weber*
STEVEN D. WEBER