IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JARROD JOHNSON individually,
and on behalf of a class of persons
similarly situated,

     Plaintiff,

v.

3M Company, *et. al.*,
     Defendants

Case No. 4:20-cv-00008-AT

## DEFENDANT INVISTA'S AFFIRMATIVE AND OTHER DEFENSES AND ANSWER TO PLAINTIFF'S FOURTH AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT

Defendant INV Performance Surfaces, LLC ("INVISTA"), by counsel, states as follows for its Affirmative and Other Defenses and Answer to Plaintiff's Fourth Amended Individual and Class Action Complaint (the "FAC"):

## AFFIRMATIVE AND OTHER DEFENSES

INVISTA asserts the following affirmative and other defenses to the FAC, but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted:

## FIRST DEFENSE

The FAC, and each Count therein, fails to state a claim upon which relief can be granted against INVISTA and should be dismissed.

1

## SECOND DEFENSE

Plaintiff and putative class members lack standing with respect to one or more claims asserted in the FAC and one or more forms of relief sought.

## THIRD DEFENSE

Plaintiff's and putative class members' claims against INVISTA are barred, in whole or in part, by the applicable statute of limitations, and their alleged damages are barred to the extent they were incurred outside of the applicable statute of limitations period.

## FOURTH DEFENSE

Plaintiff's and putative class members' claims against INVISTA are barred, in whole or in part, by any applicable statute or rule of repose.

## FIFTH DEFENSE

Plaintiff's and putative class members' claims against INVISTA are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## SIXTH DEFENSE

INVISTA did not owe Plaintiff or any putative class member any duty of care, as decided in the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss.

## SEVENTH DEFENSE

INVISTA asserts that it complied with the state of the art during all relevant time periods.

## EIGHTH DEFENSE

INVISTA asserts that Plaintiff's and putative class members' alleged injuries and damages, if any, were not caused by INVISTA.

## NINTH DEFENSE

INVISTA pleads that there can be no recovery against it because Plaintiff's and putative class members' injuries, if any, were caused by the superseding and intervening negligence of third parties over whom INVISTA had no right of control and for which INVISTA has no liability.

## TENTH DEFENSE

INVISTA asserts that Plaintiff's and putative class members' injuries, if any, were caused in whole or in part by Plaintiff's and putative class members' contributory or comparative negligence and/or assumption of the risk.

## ELEVENTH DEFENSE

INVISTA asserts that Plaintiff's and putative class members' alleged injuries were not foreseeable.

3

## TWELFTH DEFENSE

Plaintiff's and putative class members' injuries or damages, if any, were caused in whole or in part by the abuse, misuse, alteration, or modification of products or materials in a way which was not intended and was not reasonably foreseeable.

## THIRTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the economic loss doctrine.

## FOURTEENTH DEFENSE

Plaintiff and putative class members are not entitled to injunctive or equitable relief against INVISTA, as they have an adequate remedy at law.

## FIFTEENTH DEFENSE

INVISTA denies that Plaintiff and putative class members have been damaged in the manner or to the extent alleged in the FAC.

## SIXTEENTH DEFENSE

Some or all of the damages sought in the FAC constitute impermissible double recovery for the alleged injuries.

**SEVENTEENTH DEFENSE**

INVISTA asserts that Plaintiff's and the putative class members' claim for punitive damages is subject to the limitations cap, and the legal protections, contained in O.C.G.A. §51-12-1, *et seq.*

**EIGHTEENTH DEFENSE**

Plaintiff's and the putative class members' claim for punitive damages is barred by the Georgia and/or United States Constitution.

**NINETEENTH DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by their failure to mitigate damages.

**TWENTIETH DEFENSE**

Plaintiff failed to join one or more indispensable parties.

**TWENTY-FIRST DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the bulk supplier and sophisticated user doctrines.

**TWENTY-SECOND DEFENSE**

Plaintiff's and the putative class members' claims are preempted by applicable federal statutes and regulations pursuant to the Supremacy Clause of the United States Constitution.

### TWENTY-THIRD DEFENSE

Plaintiff's and the putative class members' claims for injunctive relief are barred by the doctrine of primary jurisdiction.

### TWENTY-FOURTH DEFENSE

INVISTA asserts all rights of set-off and/or credit for all amounts Plaintiff and the putative class members have received, or may receive, in settlement or judgment from other entities, regardless of whether they were made parties to this suit.  INVISTA also asserts the affirmative defenses of satisfaction, payment, and release.

### TWENTY-FIFTH DEFENSE

INVISTA reserves any actions for contribution or indemnity against parties or third parties.

### TWENTY-SIXTH DEFENSE

Plaintiff and the putative class members cannot recover for public nuisance because they cannot demonstrate that they suffered special harm.

### TWENTY-SEVENTH DEFENSE

INVISTA is not liable for public nuisance because it did not exercise control over the alleged nuisance.

## TWENTY-EIGHTH DEFENSE

Plaintiff's and the putative class members' claims are barred in their entirety by the Public Services Doctrine

## TWENTY-NINTH DEFENSE

Plaintiff's and the putative class members' claims against INVISTA are barred by Georgia's innocent seller doctrine.

## THIRTIETH DEFENSE

Plaintiffs' and putative class members' claims are barred by the doctrines of res judicata and collateral estoppel.

## THIRTY-FIRST DEFENSE

This action is not appropriate for class certification and Plaintiff and putative class members cannot establish the essential requirements for class certification consistent with Federal Rule of Civil Procedure 23 and the applicable case law.

## THIRTY-SECOND DEFENSE

INVISTA adopts and incorporates herein by reference any applicable affirmative defense asserted by any other Defendant in this action.

The above affirmative and other defenses are based on the facts and information currently known to INVISTA.  INVISTA reserves the right to amend or add defenses or affirmative defenses to which it may be entitled under the United

States and Georgia Constitutions or any federal, state or common law and/or which are based on facts later discovered, pleaded, or offered.

## ANSWER

Subject to and without waiving the defenses raised in its Motion to Dismiss or Affirmative and Other Defenses, INVISTA responds to Plaintiff's FAC as follows:

Plaintiff uses the term "PFAS" throughout the FAC to categorically refer to an extremely broad group of individual chemicals, each one of which has unique characteristics and properties. As a result, the term is vague, ambiguous, and susceptible to multiple meanings as used in the FAC. Without a more specific definition, INVISTA lacks the knowledge or information necessary to form a belief as to any allegation that incorporates the term "PFAS" and therefore denies those allegations.

## STATEMENT OF THE CASE

1. The allegations contained in Paragraph 1 of the FAC are not directed against INVISTA, and further, Paragraph 1 contains legal conclusions. Therefore, no response is required. To the extent a response is required, INVISTA denies Paragraph 1 of the FAC with respect to any allegations that purport to extend to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining

allegations contained in Paragraph 1 of the FAC, and, therefore, denies those allegations.

2.      INVISTA denies the allegations in Paragraph 2 of the FAC to the extent they relate to INVISTA.  INVISTA further denies that a class is legally permissible or appropriate.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the FAC, and, therefore, denies those allegations.

3.      INVISTA denies the allegations in Paragraph 3 of the FAC to the extent they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 3 of the FAC, and, therefore, denies those allegations.

4.      The allegations of Paragraph 4 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA admits that it previously operated a facility located at 745 College Dr., Dalton, Georgia, 30720, which primarily performed testing of products marketed for the carpet industry.  INVISTA denies that the facility is a "manufacturing facility" and denies all allegations of Paragraph 4 that are based on the assumption that the facility is a "manufacturing facility."  INVISTA admits that from approximately 2008 until

approximately January 2019, INVISTA supplied soil resist topical formulations to certain customers in or around Dalton, Georgia that contained a C6 fluorochemical-containing additive, purchased from third parties, as a small percentage of the total topical formulation.  INVISTA denies the remaining allegations in Paragraph 4 of the FAC to the extent they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of the FAC, and, therefore, denies those allegations.

5.     The allegations of Paragraph 5 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA further denies Paragraph 5 of the FAC with respect to any allegations that purport to extend to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of the FAC, and, therefore, denies those allegations.

6.     INVISTA denies the allegations contained in Paragraph 6 of the FAC as they relate to INVISTA, and denies that Plaintiff and any putative class members have suffered damages or are entitled to the relief stated in Paragraph 6 of the FAC against INVISTA.  INVISTA lacks sufficient information to admit or deny the

remaining allegations contained in Paragraph 6 of the FAC, and, therefore, denies those allegations.

## JURISDICTION AND VENUE

7.     The allegations contained in Paragraph 7 of the FAC are not directed against INVISTA, and further, Paragraph 7 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of the FAC, and, therefore, denies those allegations.

8.     The allegations contained in Paragraph 8 of the FAC are not directed against INVISTA, and further, Paragraph 8 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

9.     The allegations contained in Paragraph 9 of the FAC are not directed against INVISTA, and further, Paragraph 9 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the FAC, and, therefore, denies those allegations.

10.     INVISTA denies that Plaintiff served it with any notice along the lines of that described in Paragraph 10 of the FAC.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 10 of the FAC, and, therefore, denies those allegations.

11.      The allegations contained in Paragraph 11 of the FAC are not directed against INVISTA, and therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the FAC, and, therefore, denies those allegations.

12.     The allegations contained in Paragraph 12 of the FAC are not directed against INVISTA, and further, Paragraph 12 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the FAC, and, therefore, denies those allegations.

13.     Paragraph 13 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate, that Plaintiff or any putative class members are entitled to recover any amount, and that Plaintiff or putative class members are entitled to any of the relief sought.  INVISTA lacks sufficient information to admit

or deny the allegations contained in Paragraph 13 of the FAC, and, therefore, denies those allegations.

14.     Paragraph 14 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA admits that it has conducted certain business in this District during certain time periods but otherwise denies the allegations in Paragraph 14 of the FAC to the extent they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of the FAC, and, therefore, denies those allegations.

## **PARTIES**

15.     The allegations of Paragraph 15 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA denies the allegations in Paragraph 15 of the FAC to the extent they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 15 of the FAC, and, therefore, denies those allegations.

16.     The allegations contained in Paragraph 16 of the FAC are not directed against INVISTA, and further, Paragraph 16 contains legal conclusions.  Therefore,

no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 16 of the FAC to the extent they purport to relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the FAC, and, therefore, denies those allegations.

17.    The allegations contained in Paragraph 17 of the FAC are not directed against INVISTA, and further, Paragraph 17 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the FAC, and, therefore, denies those allegations.

18.    The allegations contained in Paragraph 18 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of the FAC, and, therefore, denies those allegations.

19.    The allegations contained in Paragraph 19 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the FAC, and, therefore, denies those allegations.

20.     The allegations contained in Paragraph 20 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of the FAC, and, therefore, denies those allegations.

21.     The allegations contained in Paragraph 21 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of the FAC, and, therefore, denies those allegations.

22.     The allegations contained in Paragraph 22 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the FAC, and, therefore, denies those allegations.

23.     The allegations contained in Paragraph 23 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the FAC, and, therefore, denies those allegations.

24.     The allegations contained in Paragraph 24 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response

is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the FAC, and, therefore, denies those allegations.

25.    The allegations contained in Paragraph 25 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the FAC, and, therefore, denies those allegations.

[Unnumbered Paragraph] The allegations contained in the Unnumbered Paragraph following Paragraph 25 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA admits that Daikin supplied INVISTA with a C6 fluorochemical-containing additive during certain periods of time.  INVISTA  lacks sufficient information to admit or deny the remaining allegations contained in this Unnumbered Paragraph of the FAC, and, therefore, denies those allegations.

26.    The allegations contained in Paragraph 26 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of the FAC, and, therefore, denies those allegations.

27.    The allegations contained in Paragraph 27 of the FAC are not directed against INVISTA, and further, Paragraph 27 contains legal conclusions.  Therefore,

no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of the FAC, and, therefore, denies those allegations.

28.    The allegations contained in Paragraph 28 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of the FAC, and, therefore, denies those allegations.

29.    The allegations contained in Paragraph 29 of the FAC are not directed against INVISTA, and further, Paragraph 29 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of the FAC, and, therefore, denies those allegations.

30.    The allegations contained in Paragraph 30 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 30 of the FAC, and, therefore, denies those allegations.

31.    The allegations contained in Paragraph 31 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA admits that DuPont supplied INVISTA and certain other

defendants with certain fluorochemistries during certain periods of time.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 31 of the FAC, and, therefore, denies those allegations.

32.   The allegations contained in Paragraph 32 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 32 of the FAC, and, therefore, denies those allegations.

33.   The allegations contained in Paragraph 33 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 33 of the FAC, and, therefore, denies those allegations.

34.   The allegations contained in Paragraph 34 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of the FAC, and, therefore, denies those allegations.

35.   The allegations contained in Paragraph 35 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of the FAC, and, therefore, denies those allegations.

36.     The allegations of Paragraph 36 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA admits that it is registered to do business in Georgia as a foreign limited liability company.  INVISTA further admits that it operated a facility located at 745 College Dr., Dalton, Georgia, 30720 beginning in 2004.  However, INVISTA denies that the facility is a "fiber manufacturing facility" or any other kind of "manufacturing facility" and denies all allegations of Paragraph 36 that are based on the assumption that the facility is a "manufacturing facility."  INVISTA admits that it was spun off from DuPont in 2004 and that INVISTA owned the StainMaster brand from 2004 through April 2021.  INVISTA denies that it ever manufactured PFAS.  INVISTA admits that from approximately 2008 until approximately January 2019, INVISTA supplied soil resist topical formulations to certain customers in or around Dalton, Georgia that contained a C6 fluorochemical-containing additive, purchased from third parties, as a small percentage of the total topical formulation.  INVISTA denies the remaining allegations in Paragraph 36.

37.     The allegations contained in Paragraph 37 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response

is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 37 of the FAC, and, therefore, denies those allegations.

38.     The allegations contained in Paragraph 38 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 38 of the FAC, and, therefore, denies those allegations.

39.     The allegations contained in Paragraph 39 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 39 of the FAC, and, therefore, denies those allegations.

40.     The allegations contained in Paragraph 40 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 40 of the FAC, and, therefore, denies those allegations.

41.     The allegations contained in Paragraph 41 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 41 of the FAC, and, therefore, denies those allegations.

42.     The allegations contained in Paragraph 42 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 42 of the FAC, and, therefore, denies those allegations.

43.     The allegations contained in Paragraph 43 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 43 of the FAC, and, therefore, denies those allegations.

44.     The allegations contained in Paragraph 44 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 44 of the FAC, and, therefore, denies those allegations.

45.     The allegations contained in Paragraph 45 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 45 of the FAC, and, therefore, denies those allegations.

46.     The allegations contained in Paragraph 46 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response

is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 46 of the FAC, and, therefore, denies those allegations.

47.     The allegations contained in Paragraph 47 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 47 of the FAC, and, therefore, denies those allegations.

48.     The allegations contained in Paragraph 48 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA admits that Chemours supplied INVISTA with a C6 fluorochemical-containing additive during certain periods of time.  INVISTA  lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 48 of the FAC, and, therefore, denies those allegations.

49.     The allegations contained in Paragraph 49 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 49 of the FAC, and, therefore, denies those allegations.

# FACTUAL ALLEGATIONS

## [Alleged] Background and Hazards of PFAS

50.     The allegations of Paragraph 50 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA admits that it previously operated a facility located at 745 College Dr., Dalton, Georgia, 30720, which primarily performed testing of products marketed for the carpet industry.  INVISTA denies that the facility is a "manufacturing facility" and denies all allegations of Paragraph 50 that are based on the assumption that the facility is a "manufacturing facility."  INVISTA admits that from approximately 2008 until approximately January 2019, INVISTA supplied soil resist topical formulations to certain customers in or around Dalton, Georgia that contained a C6 fluorochemical-containing additive, purchased from third parties, as a small percentage of the total topical formulation.  INVISTA denies the remaining allegations contained in Paragraph 50 of the FAC as they relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 50 of the FAC, and, therefore, denies those allegations.

51.     The allegations of Paragraph 51 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations.  INVISTA

lacks sufficient information to admit or deny the remaining allegations contained in

Paragraph 51 of the FAC, and, therefore, denies those allegations.

52.    The allegations of Paragraph 52 of the FAC using the broad term

"PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations.  INVISTA

lacks sufficient information to admit or deny the remaining allegations contained in

Paragraph 52 of the FAC, and, therefore, denies those allegations.

53.    The allegations of Paragraph 53 of the FAC using the broad term

"PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations.  INVISTA

lacks sufficient information to admit or deny the remaining allegations contained in

Paragraph 53 of the FAC, and, therefore, denies those allegations.

54.    The allegations of Paragraph 54 of the FAC using the broad term

"PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations.  INVISTA

denies the remaining allegations contained in Paragraph 54 of the FAC.

55.    The allegations of Paragraph 55 of the FAC using the broad term

"PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations.  The C8 Science Panel's review and conclusions speak for themselves, and INVISTA denies any allegation inconsistent with their terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 55 of the FAC, and, therefore, denies those allegations.

56.    The allegations of Paragraph 56 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  The C8 Science Panel's review and conclusions speak for themselves, and INVISTA denies any allegation inconsistent with their terms.   The United States Environmental Protection Agency ("EPA") Science Advisory Board expert committee's recommendation in 2006 regarding PFOA speaks for itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 56 of the FAC, and, therefore, denies those allegations.

57.    The International Agency for Research on Cancer's and EPA's review and conclusions regarding PFOA speak for themselves, and INVISTA denies any allegation inconsistent with their terms.  INVISTA lacks sufficient information to

admit or deny the remaining allegations contained in Paragraph 57 of the FAC, and, therefore, denies those allegations.

58.    The allegations of Paragraph 58 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.   The National Toxicology Program's review and conclusions regarding PFOA and PFOS speak for themselves, and INVISTA denies any allegation inconsistent with their terms.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 58 of the FAC, and, therefore, denies those allegations.

59.    The 2016 EPA "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)" speak for themselves, and INVISTA denies any allegation inconsistent with the Health Advisories' terms.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 59 of the FAC, and, therefore, denies those allegations.

60.    The 2016 EPA "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)" speak for themselves, and INVISTA denies any allegation inconsistent

with the Health Advisories' terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 60 of the FAC, and, therefore, denies those allegations.

61.    The 2016 EPA "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)" speak for themselves, and INVISTA denies any allegation inconsistent with the Health Advisories' terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 61 of the FAC, and, therefore, denies those allegations.

62.    The allegations of Paragraph 62 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  The Agency for Toxic Substances and Disease Registry's ("ATSDR") 2018 Toxicological Profile for Perfluoroalkyls speaks for itself, and INVISTA denies any allegation inconsistent with the Profile's terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 62 of the FAC, and, therefore, denies those allegations.

63.    ATSDR's 2018 Toxicological Profile for Perfluoroalkyls speaks for itself, and INVISTA denies any allegation inconsistent with the Profile's terms.

INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 63 of the FAC, and, therefore, denies those allegations.

64.     The allegations of Paragraph 64 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Any state regulatory action related to drinking water speaks for itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 64 of the FAC, and, therefore, denies those allegations.

65.     The allegations of Paragraph 65 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.   The National Defense Authorization Act for Fiscal Year 2020 speaks for itself, and INVISTA denies any allegation inconsistent with its terms.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 65 of the FAC, and, therefore, denies those allegations.

**Defendants' [Alleged] Knowledge of Toxicity and Persistence of PFAS**

66.     INVISTA denies the allegations contained in Paragraph 66 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny

the remaining allegations contained in Paragraph 66 of the FAC, and, therefore, denies those allegations.

67.     The allegations contained in Paragraph 67 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA denies that it is a "Defendant that manufactures PFAS." INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 67 of the FAC, and, therefore, denies those allegations.

68.     The allegations contained in Paragraph 68 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 68 of the FAC, and, therefore, denies those allegations.

69.     The allegations contained in Paragraph 69 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 69 of the FAC, and, therefore, denies those allegations.

70.     The allegations contained in Paragraph 70 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 70 of the FAC, and, therefore, denies those allegations.

71.    The allegations contained in Paragraph 71 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 71 of the FAC, and, therefore, denies those allegations.

72.    The allegations contained in Paragraph 72 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 72 of the FAC, and, therefore, denies those allegations.

73.    The allegations contained in Paragraph 73 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 73 of the FAC, and, therefore, denies those allegations.

74.    The allegations contained in Paragraph 74 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 74 of the FAC, and, therefore, denies those allegations.

75.    The allegations contained in Paragraph 75 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response

is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 75 of the FAC, and, therefore, denies those allegations.

76.    The allegations contained in Paragraph 76 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 76 of the FAC, and, therefore, denies those allegations.

77.    The allegations contained in Paragraph 77 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 77 of the FAC, and, therefore, denies those allegations.

78.    The allegations of Paragraph 78 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA denies the allegations contained in Paragraph 78 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 78 of the FAC, and, therefore, denies those allegations.

79.    The allegations of Paragraph 79 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations. INVISTA denies the allegations contained in Paragraph 79 of the FAC as they relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 79 of the FAC, and, therefore, denies those allegations.

80.    The allegations of Paragraph 80 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations. INVISTA denies the allegations contained in Paragraph 80 of the FAC as they relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 80 of the FAC, and, therefore, denies those allegations.

81.    The allegations of Paragraph 81 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations. INVISTA denies the allegations contained in Paragraph 81 of the FAC as they relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 81 of the FAC, and, therefore, denies those allegations.

**[Alleged] Contamination of Upper Coosa River Basin with PFAS**

82.     The allegations contained in Paragraph 82 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, the allegations of Paragraph 82 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA further denies the allegations contained in Paragraph 82 of the FAC that purport to extend to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 82 of the FAC, and, therefore, denies those allegations.

83.     The allegations contained in Paragraph 83 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 83 of the FAC, and, therefore, denies those allegations.

84.     The allegations contained in Paragraph 84 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 84 of the FAC, and, therefore, denies those allegations.

85.     The allegations contained in Paragraph 85 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 85 of the FAC, and, therefore, denies those allegations.

86.     The allegations of Paragraph 86 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA denies the allegations contained in Paragraph 86 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 86 of the FAC, and, therefore, denies those allegations.

87.     The allegations contained in Paragraph 87 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 87 of the FAC to the extent they purport to relate to INVISTA.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 87 of the FAC, and, therefore, denies those allegations.

88.     The allegations of Paragraph 88 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations. INVISTA denies the allegations contained in Paragraph 88 of the FAC to the extent they purport to relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 88 of the FAC, and, therefore, denies those allegations.

89.   The allegations of Paragraph 89 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations. INVISTA denies the allegations contained in Paragraph 89 of the FAC to the extent they purport to relate to INVISTA. Any findings and conclusions of the EPA, the University of Georgia, and/or the Georgia Environmental Protection Division speak for themselves, and INVISTA further denies any allegation inconsistent with their terms. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 89 of the FAC, and, therefore, denies those allegations.

90.   The allegations of Paragraph 90 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations. Any findings and conclusions of the University of Georgia speak for themselves, and

INVISTA denies any allegation inconsistent with their terms.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 90 of the FAC, and, therefore, denies those allegations.

91.   Any results of the United Steelworkers Union's sampling speak for themselves, and INVISTA denies any allegation inconsistent with their terms. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 91 of the FAC, and, therefore, denies those allegations.

92.   The allegations of Paragraph 92 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Any results of Dalton Utilities' sampling speak for themselves, and INVISTA denies any allegation inconsistent with their terms.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 92 of the FAC, and, therefore, denies those allegations.

93.   The allegations of Paragraph 93 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Any results of EPA sampling speak for themselves, and INVISTA denies any allegation inconsistent with their terms.   INVISTA lacks sufficient information to admit or

deny the remaining allegations contained in Paragraph 93 of the FAC, and, therefore, denies those allegations.

94.     The allegations contained in Paragraph 94 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 94 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

95.     The allegations contained in Paragraph 95 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 95 of the FAC and the referenced exhibit, and, therefore, denies those allegations.

96.     The allegations contained in Paragraph 96 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 96 of the FAC and the referenced exhibit, and, therefore, denies those allegations.

97.     The allegations contained in Paragraph 97 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response

is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 97 of the FAC and the referenced exhibit, and, therefore, denies those allegations.

98.    The allegations contained in Paragraph 98 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 98 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

**[Alleged] PFAS Contamination of Rome Water Supply**

99.    The allegations of Paragraph 99 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 99 of the FAC, and, therefore, denies those allegations.

100.   The allegations of Paragraph 100 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 100 of the FAC, and, therefore, denies those allegations.

101.   The allegations of Paragraph 101 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 101 of the FAC, and, therefore, denies those allegations.

102.   The allegations of Paragraph 102 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 102 of the FAC, and, therefore, denies those allegations.

103.   The allegations of Paragraph 103 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 103 of the FAC, and, therefore, denies those allegations.

104.   INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 104 of the FAC, and, therefore, denies those allegations.

105.   INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 105 of the FAC, and, therefore, denies those allegations.

106.   INVISTA denies the allegations in Paragraph 106 of the FAC to the extent they relate to INVISTA, and denies that Plaintiff and any putative class members have suffered damages.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 106 of the FAC, and, therefore, denies those allegations.

## COUNT ONE:
## DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

107.   In response to Paragraph 107 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 106 above, as if fully set forth herein.

108.   The allegations contained in Paragraph 108 of the FAC are not directed against INVISTA, and further, Paragraph 108 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the Clean Water Act ("CWA") speaks for itself, and INVISTA denies any allegation inconsistent with its terms.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 108 of the FAC, and, therefore, denies those allegations.

109.   The allegations contained in Paragraph 109 of the FAC are not directed against INVISTA, and further, Paragraph 109 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA speaks for

itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 109 of the FAC, and, therefore, denies those allegations.

110.   The allegations contained in Paragraph 110 of the FAC are not directed against INVISTA, and further, Paragraph 110 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA and cited case law speak for themselves, and INVISTA denies any allegation inconsistent with their terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 110 of the FAC, and, therefore, denies those allegations.

111.   The allegations contained in Paragraph 111 of the FAC are not directed against INVISTA, and further, Paragraph 111 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 111 of the FAC, and, therefore, denies those allegations.

112.   The allegations contained in Paragraph 112 of the FAC are not directed against INVISTA, and further, Paragraph 112 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks

sufficient information to admit or deny the allegations contained in Paragraph 112 of the FAC, and, therefore, denies those allegations.

113.   The allegations contained in Paragraph 113 of the FAC are not directed against INVISTA, and further, Paragraph 113 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the allegations of Paragraph 113 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.

114.   The allegations contained in Paragraph 114 of the FAC are not directed against INVISTA, and further, Paragraph 114 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 114 of the FAC, and, therefore, denies those allegations.

115.   The allegations contained in Paragraph 115 of the FAC are not directed against INVISTA, and further, Paragraph 115 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 115 of the FAC, and, therefore, denies those allegations.

116.   The allegations contained in Paragraph 116 of the FAC are not directed against INVISTA, and further, Paragraph 116 contains legal conclusions.  Therefore, no response is required.   To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 116 of the FAC, and, therefore, denies those allegations.

117.   The allegations contained in Paragraph 117 of the FAC are not directed against INVISTA, and further, Paragraph 117 contains legal conclusions.  Therefore, no response is required.   To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 117 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

118.   The allegations contained in Paragraph 118 of the FAC are not directed against INVISTA, and further, Paragraph 118 contains legal conclusions.  Therefore, no response is required.   To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 118 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

119.   The allegations contained in Paragraph 119 of the FAC are not directed against INVISTA, and further, Paragraph 119 contains legal conclusions.  Therefore, no response is required.   To the extent a response is required, INVISTA lacks

sufficient information to admit or deny the allegations contained in Paragraph 119 of the FAC, and, therefore, denies those allegations.

120.   The allegations contained in Paragraph 120 of the FAC are not directed against INVISTA, and further, Paragraph 120 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 120 of the FAC, and, therefore, denies those allegations.

121.   The allegations contained in Paragraph 121 of the FAC are not directed against INVISTA, and further, Paragraph 121 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 121 of the FAC, and, therefore, denies those allegations.

## COUNT TWO:
## DISCHARGES OF NON-STORMWATER CONTAINING PFAS IN VIOLATION OF NPDES GENERAL STORMWATER PERMIT

123.   In response to Paragraph 123 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 122 above, as if fully set forth herein.

124.   The allegations contained in Paragraph 124 of the FAC are not directed against INVISTA, and further, Paragraph 124 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA speaks for

itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 124 of the FAC, and, therefore, denies those allegations.

125.   The allegations contained in Paragraph 125 of the FAC are not directed against INVISTA, and further, Paragraph 125 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA speaks for itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 125 of the FAC, and, therefore, denies those allegations.

126.   The allegations contained in Paragraph 126 of the FAC are not directed against INVISTA, and further, Paragraph 126 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA speaks for itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 126 of the FAC, and, therefore, denies those allegations.

127.   The allegations contained in Paragraph 127 of the FAC are not directed against INVISTA, and further, Paragraph 127 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks

sufficient information to admit or deny the allegations contained in Paragraph 127 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

128.   The allegations contained in Paragraph 128 of the FAC are not directed against INVISTA, and further, Paragraph 128 contains legal conclusions.  Therefore, no response is required.   To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 128 of the FAC, and, therefore, denies those allegations.

129.   The allegations contained in Paragraph 129 of the FAC are not directed against INVISTA, and further, Paragraph 129 contains legal conclusions.  Therefore, no response is required.   To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 129 of the FAC, and, therefore, denies those allegations.

130.   The allegations contained in Paragraph 130 of the FAC are not directed against INVISTA, and further, Paragraph 130 contains legal conclusions.  Therefore, no response is required.   To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 130 of the FAC, and, therefore, denies those allegations.

## COUNT THREE:
## INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTLITIES' SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT
### (Defendant Dalton/Whitfield Regional Solid Waste Authority)

131.   In response to Paragraph 131 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 130 above, as if fully set forth herein.

132.   The allegations contained in Paragraph 132 of the FAC are not directed against INVISTA, and further, Paragraph 132 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA speaks for itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 132 of the FAC, and, therefore, denies those allegations.

133.   The allegations contained in Paragraph 133 of the FAC are not directed against INVISTA, and further, Paragraph 133 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA speaks for itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 133 of the FAC, and, therefore, denies those allegations.

134.   The allegations contained in Paragraph 134 of the FAC are not directed against INVISTA, and further, Paragraph 134 contains legal conclusions.  Therefore,

no response is required.  To the extent a response is required, EPA regulations speak for themselves, and INVISTA denies any allegation inconsistent with their terms. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 134 of the FAC, and, therefore, denies those allegations.

135.    The allegations contained in Paragraph 135 of the FAC are not directed against INVISTA, and further, Paragraph 135 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the referenced statute and regulations speak for themselves, and INVISTA denies any allegation inconsistent with their terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 135 of the FAC, and, therefore, denies those allegations.

136.    The allegations contained in Paragraph 136 of the FAC are not directed against INVISTA, and further, Paragraph 136 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the referenced regulations speak for themselves, and INVISTA denies any allegation inconsistent with their terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 136 of the FAC, and, therefore, denies those allegations.

137.   The allegations contained in Paragraph 137 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 137 of the FAC, and, therefore, denies those allegations.

138.   The allegations contained in Paragraph 138 of the FAC are not directed against INVISTA, and further, Paragraph 138 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, the CWA speaks for itself, and INVISTA denies any allegation inconsistent with its terms.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 138 of the FAC, and, therefore, denies those allegations.

139.   The allegations contained in Paragraph 139 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 139 of the FAC, and, therefore, denies those allegations.

140.   The allegations contained in Paragraph 140 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 140 of the FAC, and, therefore, denies those allegations.

141.   The allegations contained in Paragraph 141 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 141 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

142.   The allegations contained in Paragraph 142 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 142 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

143.   The allegations contained in Paragraph 143 of the FAC are not directed against INVISTA, and further, Paragraph 143 contains legal conclusions. Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 143 of the FAC, and, therefore, denies those allegations.

144.   The allegations contained in Paragraph 144 of the FAC are not directed against INVISTA, and further, Paragraph 144 contains legal conclusions. Therefore, no response is required.  To the extent a response is required, INVISTA lacks

sufficient information to admit or deny the allegations contained in Paragraph 144 of the FAC, and, therefore, denies those allegations.

145.   The allegations contained in Paragraph 145 of the FAC are not directed against INVISTA, and further, Paragraph 145 contains legal conclusions.  Therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 145 of the FAC, and, therefore, denies those allegations.

## CLASS ALLEGATIONS

146.   In response to Paragraph 146 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 145 above, as if fully set forth herein.

147.   Paragraph 147 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 147 of the FAC.

148.   The allegations of Paragraph 148 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA denies the allegations contained in Paragraph 148 of the FAC as they relate to INVISTA and denies that Plaintiff and putative class members have been damaged.

INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 148 of the FAC, and, therefore, denies those allegations.

149.   The allegations contained in Paragraph 149 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA admits that Plaintiff purports to bring a class action as described in Paragraph 149 of the FAC.  INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 149.

**All water subscribers (ratepayers) with the Rome Water and Sewer Division and/or the Floyd County Water Department**

150.   The allegations contained in Paragraph 150 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA admits that Plaintiff purports to exclude members from the putative class as described in Paragraph 150 and its subparts.  INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 150.

151.   The allegations contained in Paragraph 151 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA admits that Plaintiff purports to reserve his rights regarding the definition of the putative class in Paragraph 151 of the FAC.  INVISTA denies

that a class is legally permissible or appropriate and denies all other allegations in Paragraph 151.

## Numerosity

152.   Paragraph 152 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 152.

153.   INVISTA denies that a class is legally permissible or appropriate. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 153 of the FAC, and, therefore, denies those allegations.

## Typicality

154.   Paragraph 154 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 154.

## Adequate Representation

155.   Paragraph 155 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 155.

156.   The allegations contained in Paragraph 156 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response

is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 156 of the FAC, and, therefore, denies those allegations.

## Predominance of Common Questions of Law and Fact

157.   Paragraph 157 of the FAC and each of its subparts state legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 157 and each of its subparts.

158.   Paragraph 158 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 158.

## Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief

159.   Paragraph 159 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 159 including that Plaintiff and putative class members are entitled to the requested relief.

160.   Paragraph 160 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 160.

**Superiority**

161.   Paragraph 161 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 161.

162.   Paragraph 162 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies that a class is legally permissible or appropriate and denies all other allegations in Paragraph 162.

## COUNT FOUR:
## WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities, Invista, 3M, Daikin, DuPont, & Chemours)

163.   In response to Paragraph 163 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 162 above, as if fully set forth herein.

164.   Count Four is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 164 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 164 of the FAC, and, therefore, denies those allegations.

165.   Count Four is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 165 of the FAC as to INVISTA.

INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 165 of the FAC, and, therefore, denies those allegations.

166.   Count Four is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 166 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 166 of the FAC, and, therefore, denies those allegations.

167.   Count Four is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 167 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 167 of the FAC, and, therefore, denies those allegations.

168.   Count Four is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 168 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 168 of the FAC, and, therefore, denies those allegations.

## COUNT FIVE:
## NEGLIGENCE PER SE
**(All Defendants Except Dalton Utilities, 3M, DuPont, Chemours, Invista, & Daikin)**

169.   In response to Paragraph 169 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 168 above, as if fully set forth herein.

170.   Count Five is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 170 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 170 of the FAC, and, therefore, denies those allegations.

171.   Count Five is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 171 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 171 of the FAC, and, therefore, denies those allegations.

172.   Count Five is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 172 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 172 of the FAC, and, therefore, denies those allegations.

173.   Count Five is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 173 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 173 of the FAC, and, therefore, denies those allegations.

174.   Count Five is not applicable to INVISTA based on the September 20, 2021 Order from this Court granting in part INVISTA's Motion to Dismiss. INVISTA thus denies the allegations in Paragraph 174 of the FAC as to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 174 of the FAC, and, therefore, denies those allegations.

### COUNT SIX:
### PUNITIVE DAMAGES
### (All Defendants Except Dalton Utilities)

175.   In response to Paragraph 175 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 174 above, as if fully set forth herein.

176.   Paragraph 176 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 176 of the FAC as they relate to INVISTA.  The Court's September 20, 2021 Order on Defendants' Motions to Dismiss decided that INVISTA does not owe a duty to Plaintiff or putative class members.  INVISTA

lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 176 of the FAC, and, therefore, denies those allegations.

177. Paragraph 177 of the FAC states legal conclusions to which no response is required. To the extent a response is required, INVISTA denies the allegations contained in Paragraph 177 of the FAC as they relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 177 of the FAC, and, therefore, denies those allegations.

178. Paragraph 178 of the FAC states legal conclusions to which no response is required. To the extent a response is required, INVISTA denies the allegations contained in Paragraph 178 of the FAC as they relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 178 of the FAC, and, therefore, denies those allegations.

179. Paragraph 179 of the FAC states legal conclusions to which no response is required. To the extent a response is required, INVISTA denies the allegations contained in Paragraph 179 of the FAC as they relate to INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 179 of the FAC, and, therefore, denies those allegations.

180. Paragraph 180 of the FAC states legal conclusions to which no response is required. To the extent a response is required, INVISTA denies the allegations

contained in Paragraph 180 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 180 of the FAC, and, therefore, denies those allegations.

181.   Paragraph 181 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 181 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 181 of the FAC, and, therefore, denies those allegations.

182.   Paragraph 182 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 182 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 182 of the FAC, and, therefore, denies those allegations.

183.   Paragraph 183 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 183 of the FAC as they relate to INVISTA and denies that Plaintiff and putative class members are entitled to the requested relief.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 183 of the FAC, and, therefore, denies those allegations.

**COUNT SEVEN:**
**PUBLIC NUISANCE**
**(All Defendants Except Dalton Utilities)**

184.   In response to Paragraph 184 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 183 above, as if fully set forth herein.

185.   The allegations of Paragraph 185 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 185 of the FAC, and, therefore, denies those allegations.

186.   The allegations of Paragraph 186 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Paragraph 186 of the FAC further states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 186 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 186 of the FAC, and, therefore, denies those allegations.

187.   The allegations of Paragraph 187 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to

admit or deny those allegations, and, therefore, denies those allegations.  Paragraph 187 of the FAC further states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 187 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 187 of the FAC, and, therefore, denies those allegations.

188.   The allegations of Paragraph 188 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Paragraph 188 of the FAC further states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 188 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 188 of the FAC, and, therefore, denies those allegations.

189.   The allegations of Paragraph 189 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Paragraph 189 of the FAC further states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in

Paragraph 189 of the FAC as they relate to INVISTA and denies that Plaintiff and putative class members have experienced harm. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 189 of the FAC, and, therefore, denies those allegations.

190.  The allegations of Paragraph 190 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations. Paragraph 190 of the FAC further states legal conclusions to which no response is required. To the extent a response is required, INVISTA denies the allegations contained in Paragraph 190 of the FAC as they relate to INVISTA and denies that Plaintiff and putative class members have suffered damages, including special damages. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 190 of the FAC, and, therefore, denies those allegations.

191.  The allegations of Paragraph 191 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations. Paragraph 191 of the FAC further states legal conclusions to which no response is required. To the extent a response is required, INVISTA denies the allegations contained in Paragraph 191 of the FAC as they relate to INVISTA. INVISTA lacks sufficient

information to admit or deny the remaining allegations contained in Paragraph 191 of the FAC, and, therefore, denies those allegations.

192.   The allegations of Paragraph 192 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Paragraph 192 of the FAC further states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 192 of the FAC as they relate to INVISTA and denies that Plaintiff and putative class members have experienced losses.   INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 192 of the FAC, and, therefore, denies those allegations.

193.   The allegations of Paragraph 193 of the FAC using the broad term "PFAS" are so vague and ambiguous that INVISTA lacks sufficient information to admit or deny those allegations, and, therefore, denies those allegations.  Paragraph 193 of the FAC further states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 193 of the FAC as they relate to INVISTA and denies that Plaintiff and putative class members have experienced damages.   INVISTA lacks sufficient

information to admit or deny the remaining allegations contained in Paragraph 193 of the FAC, and, therefore, denies those allegations.

**COUNT EIGHT:**
**CLAIMS FOR ABATEMENT**
**AND INJUNCTION OF PUBLIC NUISANCE**

194.   In response to Paragraph 194 of the FAC, INVISTA incorporates by reference its response to Paragraphs 1 through 193 above, as if fully set forth herein.

195.   Paragraph 195 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 195 of the FAC as they relate to INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 195 of the FAC, and, therefore, denies those allegations.

196.   The allegations contained in Paragraph 196 of the FAC are not directed against INVISTA, and, therefore, no response is required.  To the extent a response is required, INVISTA lacks sufficient information to admit or deny the allegations contained in Paragraph 196 of the FAC and the referenced exhibits, and, therefore, denies those allegations.

197.   Paragraph 197 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 197 of the FAC as they relate to INVISTA.  INVISTA lacks

sufficient information to admit or deny the remaining allegations contained in Paragraph 197 of the FAC, and, therefore, denies those allegations.

198.   INVISTA denies the allegations contained in Paragraph 198 of the FAC as they relate to INVISTA and further denies that Plaintiff is entitled to the relief requested or to any relief against INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 198 of the FAC, and, therefore, denies those allegations.

199.   INVISTA denies the allegations contained in Paragraph 199 of the FAC as they relate to INVISTA and further denies that Plaintiff is entitled to the relief requested or to any relief against INVISTA.  INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 199 of the FAC, and, therefore, denies those allegations.

200.   Paragraph 200 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, INVISTA denies the allegations contained in Paragraph 200 of the FAC as they relate to INVISTA and further denies that Plaintiff is entitled to the relief requested or to any relief against INVISTA. INVISTA lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 200 of the FAC, and, therefore, denies those allegations.

201.   In response to the unnumbered paragraph following Paragraph 200 of the FAC, and each of its subparts, INVISTA denies that Plaintiff is entitled to the relief requested, denies that class treatment is legally permissible or appropriate, denies that Plaintiff is entitled to punitive damages, attorneys' fees or other fees, and denies that Plaintiff is entitled to any relief against INVISTA.  INVISTA further denies any allegations in the unnumbered paragraph following Paragraph 200 of the FAC, and each of its subparts, as they relate to INVISTA.

202.   INVISTA denies each and every allegation contained in the FAC not expressly admitted herein.

## **TRIAL BY JURY IS DEMANDED**

WHEREFORE, INVISTA denies any and all liability to Plaintiff and putative class members, and respectfully prays that the Court enter judgment in its favor, dismiss the FAC in its entirety, declare that this action may not be maintained as a class action under Rule 23, and award INVISTA its costs and attorneys' fees incurred in defending this matter, and such other and further relief as the Court deems just and proper.

Submitted this 1st day of February, 2022.

Respectfully submitted,

*/s/ Alexandra B. Cunningham*
Alexandra B. Cunningham (GA Bar No. 096280)
Merideth Snow Daly (*Admitted Pro Hac Vice*)
Hunton Andrews Kurth LLP
951 E. Byrd Street
Richmond, VA 23219
Tel: (804) 787-8087
Tel: (804) 788-8645
Fax: (804) 343-4612
acunningham@huntonAK.com
mdaly@huntonAK.com

Brooke F. Voelzke
Georgia Bar No. 728727
HUNTON ANDREWS KURTH LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E
Atlanta, Georgia 30308
Tel:  (404) 888-4000
Fax: (404) 888-4190
bvoelzke@huntonAK.com

*Attorneys for Defendant INV Performance Surfaces, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that this document was prepared using 14-point Times New Roman font, and that it complies with the margin and type requirements of this Court.

*/s/ Alexandra B. Cunningham*
Alexandra B. Cunningham

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2022, I filed a true and correct copy of the foregoing document via the Court's electronic-filing system, which will send electronic notification of such filing to all counsel-of-record in this action.

*/s/ Alexandra B. Cunningham*
Alexandra B. Cunningham