IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JARROD JOHNSON, individually and on behalf of a class of persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:20-cv-00008-AT |
| v. | ) ) | TRIAL BY JURY REQUESTED |
| 3M COMPANY, et al., | ) ) | |
| Defendants. | ) | |

COLUMBIA RECYCLING CORP.'S ANSWER
TO FOURTH AMENDED COMPLAINT

COMES NOW the Defendant, Columbia Recycling Corp. ("Columbia Recycling"), by and through counsel, and for its Answer to the Fourth Amended Complaint (Doc. 418) hereby states as follows:

I.

Plaintiff fails to state a claim against Columbia Recycling upon which relief may be granted because Columbia Recycling exercised due care and could not have been the proximate cause of the injuries to any member of the plaintiff class.

II.

Plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

### III.

Plaintiffs and their agents by their actions have waived claims against Columbia Recycling and should be estopped from further pursuit.

### IV.

The proposed class does not meet the requirements for typicality, commonality, numerosity, adequacy, superiority, and predominance for certification as a class.

### V.

Columbia Recycling reserves the right, subject to approval of the Court, to amend this Answer to Plaintiff's Fourth Amended Complaint and to assert additional defenses as they become necessary.

### VI.

Responding to the numbered paragraphs of Plaintiff's Fourth Amended Complaint, defendant Columbia Recycling pleads as follows:

1.      Columbia Recycling admits that Plaintiff has brought this action, and is seeking the relief stated in Paragraph 1. Columbia Recycling denies discharging PFAS or any other contaminate. Columbia Recycling is without sufficient

information to admit or deny the remaining assertions of Paragraph 1 and therefore denies such assertions.

2.      Denied that a class has been certified, denied that Columbia Recycling has discharged PFAS or any other contaminate, denied that Columbia Recycling has injured Plaintiff or any other member of the proposed class.

3.      Columbia Recycling denies discharging PFAS or any other contaminate and denies harming Plaintiff or any member of the proposed class. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 3 and therefore denies such assertions.

4.      Columbia Recycling denies using PFAS in its operations or otherwise supplying PFAS to other defendants. Columbia Recycling denies discharging wastewater containing PFAS. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 4 and therefore denies such assertions

5.      Denied.

6.      Columbia Recycling denies performing the actions alleged by Plaintiff. Denied that Plaintiff and proposed class members are entitled to any of the relief requested from Columbia Recycling.

7.      Admitted.

8.     Columbia Recycling cannot attest to the authenticity of the documents attached as exhibits to the Complaint, as amended. Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 8 and therefore denies such assertions.

9.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 9 and therefore denies such assertions.

10.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 10 and therefore denies such assertions.

11.     Paragraph 11 makes no assertion of fact to which Columbia Recycling must respond.

12.     Admitted.

13.     Admitted.

14.     Admitted that venue is proper; denied that Columbia Recycling has caused harm to Plaintiff or other proposed class members.

15.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 15 and therefore denies such assertions.

16.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 16 and therefore denies such assertions.

17.     The assertions of Paragraph 17 are admitted.

18.   Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 18-23 and therefore denies such assertions.

19.   Admitted that defendant Columbia Recycling Corp. is a domestic corporation conducting business in the Northern District of Georgia. Admitted that defendant Columbia Recycling Corp. operates a carpet fiber recycling facility at 1001 Chattanooga Ave., Dalton, Georgia. Denied that defendant Columbia Recycling Corp. discharges wastewater containing PFAS.

20.   Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 25 and therefore denies such assertions.

21.   The assertions of Paragraph 26 and 27 are admitted.

22.   Admitted that DWSWA is an enterprise fund created to manage the solid waste needs for City of Dalton and Whitfield County. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 29 and therefore denies such assertions.

23.   The assertions of Paragraph 29 are admitted.

24.   Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 30-49 and therefore denies such assertions.

25.     Admitted that most defendants are involved with the carpet manufacturing industry. Denied that Columbia Recycling uses or has used PFAS in its operations.

26.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 51- 65 and therefore denies such assertions.

27.     Columbia Recycling denies having particular knowledge regarding PFAS, PFOA, PFOS and denies discharging these or any other contaminates into the Dalton POTW. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 66 and therefore denies such assertions.

28.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 68-78 and therefore denies such assertions.

29.     The assertions of Paragraphs 79-82 are denied as to Columbia Recycling.

30.     Admitted that Dalton Utilities operates the named wastewater treatment facilities. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 83 and therefore denies such assertions.

31.   Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 84-85 and therefore denies such assertions.

32.   Columbia Recycling denies using PFAS in its operations or having any particular knowledge regarding PFAS. All other assertions in Paragraph 86 are denied.

33.   Columbia Recycling denies discharging PFAS or any other contaminates into the Dalton POTW. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 87 and therefore denies such assertions.

34.   Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 88 and therefore denies such assertions.

35.   The assertions of Paragraph 89 are denied as to Columbia Recycling.

36.   Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 90-93 and therefore denies such assertions.

37.   Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 94 and therefore denies such assertions. Columbia Recycling cannot attest to the authenticity of the documents attached as exhibits to the Complaint, as amended.

38.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 94-97 and therefore denies such assertions. Columbia Recycling cannot attest to the authenticity of the documents attached as exhibits to the Complaint, as amended

39.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 98-105 and therefore denies such assertions.

40.     The assertions of Paragraph 106 are denied as to Columbia Recycling.

## COUNT ONE.

41.     Paragraphs 107-110 make no assertions of fact to which Columbia Recycling must respond.

42.     To the extent Paragraphs 111-112 states facts and not legal conclusions, such facts are denied.

43.     The assertions of Paragraphs 113-115  are legal conclusions which do not require a response. To the extent Paragraphs 113-115 make assertions of fact, such facts are denied.

44.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 116-121 and therefore denies such assertions.

## COUNT TWO.

45.     Paragraphs 123-126 make no assertions of fact to which Columbia Recycling must respond.

46.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 127 and therefore denies such assertions.

47.     The assertions of Paragraphs 128-130 are legal conclusions which do not require a response.

## COUNT THREE

48.     Paragraphs 131-135 makes no assertions of fact to which Columbia Recycling must respond.

49.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraphs 136-141 and therefore denies such assertions.

50.     The assertions of Paragraphs 142-145 are legal conclusions which do not require a response

## CLASS ALLEGATIONS.

51.     Paragraph 136-151 makes no assertions of fact to which Columbia Recycling must respond.

52.     To the extent Paragraphs 152-158 states facts and not legal conclusions, such facts are denied.

53.     The assertions of Paragraph 159 are denied as to Columbia Recycling.

54.    To the extent Paragraphs 160-162 states facts and not legal conclusions, such facts are denied.

## COUNT FOUR.

55.    Paragraph 163 makes no assertions of fact to which Columbia Recycling must respond.

56.    Columbia Recycling denies the assertion in Paragraph 164 that it manufactures, distributes, supplies, handles, transports, uses or discharges PFAS in its operations.

57.    Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 165 and therefore denies such assertions.

58.    The assertions of Paragraphs 166-168 are denied as to Columbia Recycling.

## COUNT FIVE.

59.    Paragraph 169 makes no assertions of fact to which Columbia Recycling must respond.

60.    The assertions of Paragraphs 170-172 are legal conclusions which do not require a response.

61.    The assertions of Paragraphs 173-174 are denied as to Columbia Recycling.

**COUNT SIX.**

62.    Paragraph 175 makes no assertions of fact to which Columbia Recycling must respond.

63.    Columbia Recycling denies the assertions in Paragraph 176 that it manufactures, distributes, supplies, handles, transports, uses or discharges PFAS in its operations.

64.    Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 177 and therefore denies such assertions.

65.    The assertions of Paragraphs 178-183 are denied as to Columbia Recycling.

**COUNT SEVEN.**

66.    Paragraph 184 makes no assertions of fact to which Columbia Recycling must respond.

67.    Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 185 and therefore denies such assertions.

68.    The assertions of Paragraph 186 are denied as to Columbia Recycling.

69.    The assertions of Paragraph 187 are denied as to Columbia Recycling.

70.    Columbia Recycling denies discharging PFAS or any other contaminates. Columbia Recycling is without sufficient information to admit or

deny the remaining assertions of Paragraph 188 and therefore denies such assertions.

71.     Columbia Recycling denies discharging PFAS or any other contaminates. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 189 and therefore denies such assertions.

72.     Columbia Recycling denies discharging PFAS or any other contaminates into the Dalton POTW. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 190 and therefore denies such assertions.

73.     Columbia Recycling denies discharging PFAS or any other contaminates into the Dalton POTW. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 191 and therefore denies such assertions.

74.     The assertions of Paragraphs 192-193 are denied as to Columbia Recycling.

## COUNT EIGHT.

75.     Paragraph 194 makes no assertions of fact to which Columbia Recycling must respond.

76.     Denied that Columbia Recycling manufactures, supplies, uses or discharges PFAS in its operations. Columbia Recycling is without sufficient information to admit or deny the remaining assertions of Paragraph 195 and therefore denies such assertions.

77.     Columbia Recycling is without sufficient information to admit or deny the assertions of Paragraph 196 and therefore denies such assertions.

78.     The assertions of Paragraphs 197-200 are denied as to Columbia Recycling.

79.     Denied that Plaintiff and Proposed Class Members are entitled to any of the relief requested from Columbia Recycling.

80.     Any and all averments contained in the Complaint, as amended, that have not heretofore been admitted or denied are hereby expressly denied.

WHEREFORE, defendant Columbia Recycling requests that the claims of Plaintiff and the Proposed Class Members be dismissed, that the costs of this matter be taxed to the Plaintiff, and that Columbia Recycling have such other and further relief to which it may be entitled

Respectfully submitted,

WOODEN LAW FIRM, P.C.

By: _____/s/ Tracy C. Wooden_____
Tracy C. Wooden (GA Bar No. 775070)
735 Broad Street, Suite 900
Chattanooga, TN 37402
Telephone (423) 756-9972
Facsimile (423) 756-9943
tracywooden@woodenlaw.com
*Attorneys for Columbia Recycling Corp.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(b) and 7.1(D), I hereby certify that the forgoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

By: _____/s/ Tracy C. Wooden_____
Tracy C. Wooden (GA Bar No. 775070)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above Answer was served upon the other parties or their counsel of record electronically via the Court's CM/ECF system or via U.S. Mail, postage prepaid.

This 1st day of February, 2022.

                                    /s/ Tracy C. Wooden
                        Tracy C. Wooden (GA Bar No. 775070)