## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

JARROD JOHNSON, individually,　)
and on Behalf of a Class of persons　)
similarly situated,　)
　)
　　Plaintiff,　)
　)　Case No. 4:20-cv-00008-AT
v.　)
　)
3M COMPANY, *et al.*,　)
　)
　　Defendants.　)

## 3M COMPANY'S ANSWER AND DEFENSES TO JARROD JOHNSON'S FOURTH AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT

Defendant 3M Company ("3M") hereby files its answer and defenses to the

Fourth Amended Individual and Class Action Complaint (ECF Doc. 716)

("Complaint") filed by Jarrod Johnson.

## I.　AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against 3M upon which relief can

be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of

limitations, and Plaintiff's alleged damages are barred to the extent that any

damages were incurred outside the applicable statute of limitations. Specifically, a four-year statute of limitations applies to Plaintiff's claims for damages to property, and a two-year statute of limitations applies to any claims for personal injury.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the bulk supplier and sophisticated user doctrines.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to 3M because 3M did not exercise control over the cause of the harm alleged.

## FIFTH DEFENSE

Any injuries or damages complained of in the Complaint were not caused by 3M's alleged actions.

## SIXTH DEFENSE

3M denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of 3M, or at the instruction or subject to the control of 3M with regard to any of the actions described in the Complaint. Accordingly, 3M is not liable for any acts or omissions of such third parties as a matter of law.

## SEVENTH DEFENSE

3M owed no duty to Plaintiff.

## EIGHTH DEFENSE

The proximate cause of any injury sustained by Plaintiff was an event or incident which was not legally foreseeable by 3M, and, therefore, 3M has no legal liability for any of Plaintiff's damages.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they attempt to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## TENTH DEFENSE

Plaintiff is barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm to Plaintiff without substantially impairing the usefulness or intended purpose of the product.

## ELEVENTH DEFENSE

Plaintiff's claim for attorneys' fees is barred because 3M has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

## TWELFTH DEFENSE

Plaintiff is not entitled to injunctive or equitable relief against 3M, as Plaintiff has an adequate remedy at law.

## THIRTEENTH DEFENSE

Plaintiff's claims against 3M are barred, in whole or in part, because 3M's conduct complied with the standards of care under applicable law, regulation, and industry practice.

## FOURTEENTH DEFENSE

3M asserts as a defense, credit, or set-off against the damages claimed by Plaintiff in the event any monies are paid to Plaintiff in connection with a settlement (or settlements) between Plaintiff and any other entity.

## FIFTEENTH DEFENSE

Plaintiff's claims against 3M are barred, in whole or in part, because any damage allegedly suffered by Plaintiff was caused by the acts, omissions, or conduct of others constituting an intervening cause.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages against 3M fails as a matter of law because Plaintiff is not entitled to recovery against 3M, and 3M has not acted in a wanton, willful, reckless, or grossly negligent manner. The imposition of punitive damages would violate the United States Constitution and the Georgia Constitution.

## EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages is subject to the limitations cap, and the substantive and procedural legal protections, contained in O.C.G.A. §51-12-1, *et seq.*

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to 3M because 3M is alleged to have done nothing more than lawfully and properly sell a lawful product.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of repose, including O.C.G.A. §51-1-11.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

## TWENTY-SECOND DEFENSE

Any recovery by Plaintiff may be barred or reduced by the negligence, fault, conduct, or carelessness of others for whose conduct 3M is not responsible. Any judgment rendered against 3M in this action, under all theories of liability, must be limited to the fault, if any, attributable to 3M. If any judgment in Plaintiff's favor is entered in this matter, including against 3M, then said judgment must be apportioned among any and all other persons or entities, whether parties or non-parties, who are or could be responsible for any of Plaintiff's injuries or damages. *See, e.g.*, O.C.G.A. § 51-12-33.

## TWENTY-THIRD DEFENSE

Any claims against 3M for abatement of an alleged nuisance are barred as 3M does not have control over or access to the property that constitutes the alleged nuisance.

6

## TWENTY-FOURTH DEFENSE

Any claims against 3M for abatement of an alleged nuisance are barred because nuisance claims against the City of Dalton are barred by sovereign immunity.

## TWENTY-FIFTH DEFENSE

3M reserves the right to include additional affirmative defenses if warranted by facts and evidence uncovered during discovery or otherwise.

## II.   ANSWER

## STATEMENT OF THE CASE

1.     This paragraph does not assert any allegations against 3M and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), no response is required. To the extent a response is required, 3M admits that Plaintiff seeks to bring this action pursuant to Section 505(a)(1) of the federal Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1365(a)(1), against Dalton Utilities and DWSWA, admits that Dalton Utilities operates a wastewater collection system, and denies the remaining allegations in paragraph 1 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.      Defendant admits that Plaintiff purports to bring this action as a class action. Defendant denies that it has discharged PFAS into the Dalton Utilities Publicly Owned Treatment Works ("POTW") and denies the remaining allegations in paragraph 2 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 as to the remaining Defendants.

3.      Defendant admits that Plaintiff purports to bring this action on behalf of individuals who purchase water from the City of Rome. Defendant further admits that the City of Rome has a water intake on the Oostanaula River and by way of further answer states that the City of Rome also has a water intake on the Etowah River. Defendant denies the remaining allegations contained in paragraph 3.

4.      Defendant admits that 3M supplied certain products containing PFAS to certain Defendants' manufacturing facilities in or near the Dalton, Georgia area. Defendant admits that certain products containing PFAS were used at those facilities to impart water, stain, and/or grease resistance to carpet and other textile products. Defendant denies the remaining allegations contained in paragraph 4 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.     Defendant admits that the City of Rome has a water intake on the Oostanaula River and by way of further answer states that the City of Rome also has a water intake on the Etowah River. Defendant denies that it has discharged PFAS in the Upper Coosa River basin. Defendant denies the remaining allegations in paragraph 5 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.     Defendant denies the allegations in paragraph 6 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 as to the other Defendants. Defendant specifically denies that Plaintiff and the Proposed Class Members are entitled to any of the relief sought in this action against 3M.

## JURISDICTION AND VENUE

7.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant admits that Plaintiff has attached Exhibits A-E to the

9

Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and the exhibits cited therein.

9.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant denies that it has discharged industrial wastewater containing PFAS into the Dalton POTW. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.     Defendant admits that this Court has jurisdiction over the state law claims in this action in accordance with 28 U.S.C. § 1332(d)(2)(A). By way of further answer, Defendant denies that this case is certifiable as a class action.

14.     Defendant admits that venue is properly in this Court as to 3M.

## **PARTIES**

15.     Defendant admits that the RWSD has used water from the Oostanaula River, and by way of further answer states that RWSD also uses water from the Etowah River. Defendant denies that 3M has caused any contamination of Plaintiff's domestic water supply. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16.     Defendant denies that Plaintiff is entitled to any of the relief sought in this action against 3M or that Plaintiff has a special interest in protecting the water quality of the Consasauga River and its tributaries as well as that of the downstream Oostanaula River. Defendant further denies the allegations as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

11

17.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Defendant admits that the 3M Company is a foreign corporation qualified to do business in the state of Georgia, and was conducting business in this District. Defendant admits that 3M manufactured and supplied certain products containing PFAS to one or more of the Defendants in this action. Defendant denies the remaining allegations contained in paragraph 18.

19.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant admits that the City of Dalton, Georgia is a municipal corporation organized under the laws of the State of Georgia. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

## FACTUAL PARAGRAPHS

### Background and Hazards of PFAS

50.     Defendant admits that 3M supplied certain products containing PFAS to carpet manufacturing facilities in or near the Dalton, Georgia area. Defendant denies the remaining allegations contained in paragraph 50 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50.

51.     Defendant admits that perfluoroalkyl substances are man-made chemicals that do not occur naturally in the environment. Defendant further admits these substances have stable carbon-fluourine bonds, and that they have been used

19

globally for treating carpets, rugs, or other home textiles to confer stain, soil, water and/or oil resistance.  However, 3M lacks information as to whether "a large percentage of PFAS produced worldwide" have been used for this purpose. Defendant denies any remaining allegations in paragraph 51.

52.     Defendant admits that perfluoralkyl substances have stable carbon-fluorine bonds. Defendant further admits that the carbon-fluorine bond is relevant to the function of PFAS in industrial and consumer products.  Defendant admits that certain PFAS may persist in the environment and resist degradation. Defendant admits that humans may be exposed to perfluoralkyl substances through drinking water. By way of further answer, 3M states that each PFAS has varying physical and environmental properties, such as sorption, mobility, and solubility. Accordingly, Defendant denies the remaining allegations in paragraph 52.

53.     Defendant admits that Perfluorooctanoic Acid ("PFOA") and Perfluorooctanesulfonic Acid ("PFOS") have been extensively studied. Defendant further admits that it phased out these chemistries. Defendant admits that under certain conditions some PFOA and PFOS are capable of persistence and have been found in the environment, including at the LAS. Defendant further admits that in the 2000s, 3M introduced products based on C4-chemistries. 3M denies the remaining allegations in paragraph 53.

54.     Defendant admits that certain perfluoroalkyl substances that are ingested by humans may bind to plasma proteins in blood, that some PFAS may resist metabolic degradation, and that PFOS is capable of crossing the placenta to some extent in humans and has been detected in umbilical cord blood. Defendant denies the remaining allegations in paragraph 54.

55.     Defendant admits that the C8 Health Project conducted studies related to PFOA exposure and made certain assertions as to "probable links," which is not a finding of causation. Defendant denies that the allegations contained in paragraph 55 accurately summarize or state the results of those studies. Defendant denies the remaining allegations in paragraph 55.

56.     Defendant admits that the C8 Health Project conducted studies related to PFOA exposure and asserted a "probable link" as to PFOA exposure and kidney cancer and testicular cancer. By way of further answer, 3M states that no such link was asserted as to any of the other cancers considered by the C8 Science Panel. 3M denies that the allegations contained in paragraph 56 accurately summarize or state the results of those studies. Defendant admits that a majority of a United States Environmental Protection Agency ("EPA") Science Advisory Board expert committee made a recommendation in 2006 regarding the carcinogenicity of PFOA, but denies that the allegation in paragraph 56 constitutes an accurate

recitation of the event. Defendant admits that the C8 Science Panel conducted a series of studies in connection with a settlement agreement in litigation unrelated to 3M and that the panel purported to find a "probable link" as that term was defined in the settlement agreement between exposure to PFOA and pregnancy-induced hypertension, ulcerative colitis, and diagnosed high cholesterol. Defendant denies that these or other studies support a causal association between exposure to PFOA and/or other perfluoroalkyl substances and any of these health conditions. Defendant denies the remaining allegations in paragraph 56.

57.    Defendant admits that the International Agency for Research on Cancer ("IARC") has designated PFOA as a Group 2B carcinogen (*i.e.*, possibly carcinogenic to humans).  By way of further answer, Defendant states that IARC's classification of PFOA as Group 2B recognized that there is only "limited evidence" of carcinogenicity in humans. Defendant admits that EPA stated there was "suggestive" evidence of PFOA having an association with cancer. Defendant denies the remaining allegations in paragraph 57.

58.    Defendant admits that in 2016, the U.S. Department of Health and Human Service's National Toxicology Program ("NTP") concluded that PFOA and PFOS are "presumed" immune hazards to humans, while also recognizing the

limitations in then-available toxicological and epidemiological evidence.  3M

denies the remaining allegations in paragraph 58.

59.    Defendant admits that EPA released non-enforceable and non-

regulatory lifetime health advisories for Perfluorooctanoic Acid (PFOA) and

Perfluorooctane Sulfonate (PFOS) in May 2016. Defendant admits that the EPA's

health advisories identify the concentration of PFOA and PFOS in drinking water

at or below which adverse health effects are not anticipated to occur over a lifetime

of exposure, are: 0.07 parts per billion (70 parts per trillion) for PFOA and PFOS.

Defendant denies the remaining allegations in paragraph 59.

60.    Defendant admits that EPA cited various studies when it released a

"Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a

"Drinking Water Health Advisory for Perfluorooctanoic Sulfonate (PFOS)."

Defendant denies that the allegations of paragraph 60 comprehensively and

accurately describe the EPA health advisories or the studies cited therein.

Defendant denies the remaining allegations contained in paragraph 60.

61.     Defendant admits that in 2016 the EPA released a "Drinking Water

Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water

Health Advisory for Perfluorooctanoic Sulfonate (PFOS)." Defendant admits that

the health advisories state that PFOA and PFOS are "persistent," and that the

"developing fetus and newborn are particularly sensitive to" PFOS- and PFOA-induced toxicity. However, Defendant denies that the allegations of paragraph 61 comprehensively and accurately describe the EPA health advisories or the studies cited therein. Defendant denies the remaining allegations contained in paragraph 61.

62.    Defendant admits that in 2018, the Agency for Toxic Substances and Disease Registry ("ATSDR") issued an updated draft Toxicological Profile for Perfluoroalkyls.  3M denies that the allegations of paragraph 62 comprehensively and accurately describe the 2018 Draft Toxicological Profile for Perfluoroalkyls and the studies cited therein.  Defendant denies the remaining allegations of paragraph 62.  By way of further answer, 3M states that ATSDR has since issued a final Toxicological Profile for Perfluoroalkyls which concluded that causal associations have not been established between any PFAS and any disease in humans.

63.    Defendant admits that ATSDR's 2021 Toxicological Profile for Perfluoroalkyls provided MRLs for PFOA and PFOS that were more conservative than the health advisory levels set by the EPA in 2016.  Defendant denies the remaining allegations in paragraph 63.

24

64.     Defendant admits that certain states have recommended or adopted regulatory levels for PFOA and/or PFOS in drinking water that are lower than the EPA health advisory levels. By way of further answer, Defendant states that, as of the day of this Answer, Vermont has set a standard of 20 ppt for any combination of PFOA, PFOS, PFHxS, PFHpA and PFNA in drinking water; New Jersey has set an MCL for PFNA of 13 ppt, an MCL for PFOA of 14 ppt, and an MCL of PFOS of 13 ppt; New York has set an MCL of 10 ppt for PFOA and 10 ppt for PFOS; and Michigan has set an MCL of 16 ppt of PFOS and 8 ppt of PFOA, but denies that those standards are relevant to this case. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64.

65.     Defendant admits that Section 7321 of the National Defense Authorization Act for Fiscal Year 2020 ("NDAA") added 172 per- and polyfluoroalkyl substances (PFAS) to the list of chemicals covered by the Toxics Release Inventory (TRI) under Section 313 of the Emergency Planning and Community Right-to-Know Act. Defendant denies the remaining allegations contained in paragraph 65.

**Defendants' Knowledge of Toxicity and Persistence of PFAS**

66.     Defendant admits that it has been aware that under certain conditions some perfluoroalkyl substances may persist in the environment. Defendant admits that the Oostanaula River has supplied drinking water to the City of Rome and its water subscribers and by way of further answer states that the Etowah River also supplies drinking water to the City of Rome and its water subscribers. Defendant denies the remaining allegations contained in this paragraph as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66.

67.     Defendant admits that it has known that under certain conditions some perfluoroalkyl substances may persist in the environment. Defendant admits that blood tests of 3M workers conducted in 1978 found elevated organic fluorine levels "proportional to the length of time that had been spent by employees in the production areas" and that "laboratory workers, with former exposure, but none for 15-20 years, had elevated [organic fluorine levels] above literature normals." By way of further answer, Defendant states that in 1980, 3M published worker and toxicological studies regarding findings of certain PFAS.  One of those publications reported on the findings of 3M's blood tests of workers including that: "[t]he highest levels [of organic fluorine] were found in workers with the longest

26

work history in fluorochemical production" and that the "blood and urine values suggest that some fluorochemicals are very slowly eliminated in humans." Defendant admits that 3M conducted a fish study in 1979 that suggested presence of fluorochemicals in fish caught from the Wheeler Dam. Defendant denies that Plaintiff's allegations concerning both the test and the study constitute an accurate recitation of the testing, or comprehensively or accurately reflect the results of the study. Defendant denies the remaining allegations in paragraph 67.

68.     Defendant admits that it has studied the toxicological properties of PFOA, PFOS, and other perfluoroalkyl substances for at least 40 years. As to Plaintiff's allegations purporting to refer to "a 1978 3M study," 3M denies any characterization of that study by Plaintiff. 3M denies the remaining allegations contained in paragraph 68.

69.     Defendant admits that in May 1983, certain scientists from 3M prepared a proposal regarding the further study of environmental properties of 3M fluorochemicals. 3M denies any characterization of that study by Plaintiff, and denies the remaining allegations contained in paragraph 69.

70.     Defendant denies any characterization of its material safety data sheets by Plaintiff, especially to the extent that Plaintiff fails to identify the product for which the MSDS relates.  3M admits that certain of its MSDSs indicate that

product waste may be disposed of by incineration or at landfills equipped to handle hazardous waste.  Defendant denies the remaining allegations contained in paragraph 70.

71.     Defendant admits that certain conventional wastewater treatment facilities may not remove certain perfluoroalkyl substances. 3M further admits that it is possible that certain of these compounds could reach the environment through sludge and wastewater discharge from such facilities. Defendant denies the remaining allegations contained in paragraph 71.

72.     Paragraph 72 purports to refer to an unidentified MSDS, and 3M denies any characterization of that MSDS by Plaintiff.

73.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75.     Defendant admits that in 2006 3M agreed to pay $1.5 million as part of a settlement with the EPA, but denies Plaintiff's characterization of that settlement, and denies the remaining allegations in paragraph 75 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.     Defendant admits that it in the past manufactured PFOA and supplied PFOA-containing products to DuPont. Defendant also admits that in May 2000 it announced its decision to phase out its production of perfluorooctanyl chemistries, including PFOA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 76.

77.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Defendant admits that it has been aware that under certain conditions some perfluoroalkyl substances may persist in the environment. Defendant denies the remaining allegations contained in this paragraph as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78.

79.     Defendant denies the allegations contained in paragraph 79.

80.     Defendant admits that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M further admits that under certain conditions some perfluoroalkyl substances may be mobile, capable of bioaccumulation and/or biomagnification.  Defendant denies the remaining allegations contained in this paragraph as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80.

81.     Defendant admits that on March 11, 2002 and December 9, 2002, the EPA published significant new use rules governing the manufacture of certain perfluoroalkyl sulfonates, including PFOS. 3M further admits that after 2002, it manufactured certain Short-Chain PFAS compounds, which are PFAS having six or fewer carbons. Defendant denies the remaining allegations contained in paragraph 81.

## Contamination of Upper Coosa River Basin with PFAS

82.     Defendant denies that it discharges PFAS into the City of Dalton's Georgia's POTW. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82.

83.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.    Defendant denies that it discharges PFAS into the City of Dalton's Georgia's POTW, and denies any remaining allegations contained in paragraph 86 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86.

87.    Defendant denies that it discharges PFAS into the Dalton POTW, and denies any remaining allegations contained in paragraph 87 as to 3M. Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 87.

88.    Defendant admits that the LAS borders the Conasauga River and its tributaries, some of which flow through the LAS. Defendant denies that any levels of PFAS detected were "dangerously high," and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88.

89.    Defendant denies that it operates a manufacturing facility relevant to this matter, and further denies that it discharges PFAS or industrial wastewater. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 89.

90.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 and the exhibits referenced therein.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 and the exhibit referenced therein.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 and the exhibit referenced therein.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and the exhibit referenced therein.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and the exhibit referenced therein.

## PFAS Contamination of Rome Water Supply

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    Defendant admits that on November 4, 2019, the City of Rome's City Commission enacted a "Resolution Regarding City of Rome Water Supply," stating that "the release and presence of PFCs … in the water supply for City of Rome" constituted "a public nuisance that threatens the health and safety of the community and the long-term sustainability of the City of Rome's water supply." 3M denies any characterization of 3M's conduct or the legal claims at issue in this action appearing in the text of that resolution. Further, 3M denies any characterization of that resolution by Plaintiff. Defendant denies the remaining allegations contained in paragraph 104. By way of further answer, 3M states that the City of Rome's 2020 Water Quality Report states that the City's water is "safe"

for consumption, and the City's PFAS Update states that the level of PFAS in the water post-filtration was "non-detect" in 2019.

105.    Defendant denies that the stated levels are far in excess of EPA's 2016 Health Advisories' limit of 70 ppt. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 105.

106.    Defendant denies the allegations in paragraph 106.

## COUNT ONE:
## DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT
### (Defendant Dalton Utilities)

107.    Defendant incorporates its responses to paragraphs 1-106 of the Complaint as if fully set forth herein.

108.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 108.

109.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

113.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 113.

114.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 and the exhibits referenced therein.

118.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 118 and the exhibit referenced therein.

119.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

120.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.    Defendant notes that the Fourth Amended Complaint does not include paragraph 122.

**COUNT TWO:**
**DISCHARGES OF NON-STORMWATER CONTAINING PFAS IN**
**VIOLATION OF NPDES GENERAL STORMWATER PERMIT**

123.     Defendant incorporates its responses to paragraphs 1-122 of the Complaint as if fully set forth herein**.**

124.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.

127.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 127 and the exhibit referenced therein.

128.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

**COUNT THREE:**
**INDUSTRIAL USER PASS THROUGH DISCHARGES OF POLLUTANTS**
**IN VIOLATION OF FEDERAL PROHIBITIONS, DALTON UTILITIES'**
**SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER**
**ACT**
**(Defendant Dalton/Whitfield Regional Solid Waste Authority)**

131.    Defendant incorporates its responses to paragraphs 1-130 of the
Complaint as if fully set forth herein.

132.    This paragraph does not assert an allegation against 3M and therefore,
pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is
required, Defendant lacks knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 132.

133.    This paragraph does not assert an allegation against 3M and therefore,
pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is
required, Defendant lacks knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 133.

134.    This paragraph does not assert an allegation against 3M and therefore,
pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is
required, Defendant lacks knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 134.

135.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

137.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137.

138.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138.

139.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

141.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 and the exhibit referenced therein.

142.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 and the exhibit reference therein.

143.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143.

144.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145.

## CLASS PARAGRAPHS

146.    Defendant incorporates its responses to paragraphs 1-145 of the Complaint as if fully set forth herein.

147.    Defendant admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment.

148.    Defendant denies the allegations contained in paragraph 148.

149.    Defendant admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment.

150.    Defendant admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment.

151.    Defendant denies the allegations in paragraph 151 that Plaintiff should have the right to modify or amend the definition of the Proposed Class because Defendant denies that the asserted causes of action are appropriate for class action treatment.

## Numerosity

152.    Defendant denies that the asserted causes of action are appropriate for class action treatment. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 152.

153.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 153.

## Typicality

154.    Denied as to any claims asserted against 3M.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 154.

## Adequate Representation

155.    Denied as to any claims asserted against 3M.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 155.

156.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156.

## Predominance of Common Questions of Law and Fact

157.    Defendant denies that common questions of fact and law predominate over questions affecting only individual Class Members and denies any remaining allegations in paragraph 157.

158.    Defendant denies the allegations contained in paragraph 158.

## Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief

159.    Defendant admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment. Defendant denies that Plaintiff and the Members of the proposed Class

are entitled to declaratory or injunctive relief and denies any remaining allegations in paragraph 159.

160.    Defendant denies the allegations in paragraph 160 that common questions of fact and law predominate over questions affecting only individual Class Members and denies any remaining allegations in paragraph 160.

## **Superiority**

161.    Defendant denies that class action treatment is a superior method of treatment for this controversy. Defendant further denies that certification of a class would be proper. Defendant denies the remaining allegations contained in paragraph 161.

162.    Defendant denies that class action treatment is preferable to other available methods in providing a fair and efficient method for the adjudication of the controversy described in the Complaint. Defendant denies the remaining allegations in paragraph 162.

## COUNT FOUR:
## WILLFUL, WANTON, RECKLESS, OR NEGLIGENT MISCONDUCT
### (All Defendants Except Dalton Utilities, Invista, 3M, Daikin, DuPont, & Chemours)

163.    Defendant incorporates its responses to paragraphs 1-162 of the Complaint as if fully set forth herein. 3M further states that the Court dismissed the negligence claim as to 3M in its September 20, 2021 Order [ECF Doc. 629].

164.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 164 are denied as to 3M.

165.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 165 are denied as to 3M.

166.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 166 are denied as to 3M.

167.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 167 are denied as to 3M.

168.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required.  To the extent a response is required, the allegations contained in paragraph 168 are denied as to 3M.

## COUNT FIVE:
## NEGLIGENCE PER SE
## (All Defendants Except Dalton Utilities, 3M, DuPont, Chemours, Invista, & Daikin)

169.    Defendant incorporates its responses to paragraphs 1-168 of the Complaint as if fully set forth herein.

170.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 170 are denied as to 3M.

171.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 171 are denied as to 3M.

172.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 172 are denied as to 3M.

173.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 173 are denied as to 3M.

174.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, the allegations contained in paragraph 174 are denied as to 3M.

**COUNT SIX:**
**PUNITIVE DAMAGES**
**(All Defendants Except Dalton Utilities)**

175.    Defendant incorporates its responses to paragraphs 1-174 of the Complaint as if fully set forth herein.

176.    Defendant denies the allegations contained in paragraph 176.

177.    Defendant denies the allegations contained in paragraph 177.

178.    Defendant denies the allegations contained in paragraph 178.

179.    Defendant denies that it has discharged PFAS into the relevant surface waters or the domestic water supplies, and further denies the remaining allegations in paragraph 179.

180.    Defendant denies the allegations contained in paragraph 180.

181.    Defendant denies the allegations contained in paragraph 181.

182.    Defendant denies the allegations contained in paragraph 182.

183.     Defendant denies the allegations contained in paragraph 183.

## COUNT SEVEN:
## PUBLIC NUISANCE
### (All Defendants Except Dalton Utilities)

184.     Defendant incorporates its responses to paragraphs 1-183 of the Complaint as if fully set forth herein.

185.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185.

186.     Defendant denies that it has discharged PFAS into the relevant surface waters or the domestic water supplies. Defendant further denies the remaining allegations in paragraph 186.

187.     Defendant denies the allegations contained in paragraph 187.

188.     Defendant denies the allegations contained in paragraph 188.

189.     Defendant denies the allegations contained in paragraph 189.

190.     Defendant denies the allegations contained in paragraph 190.

191.     Defendant denies the allegations contained in paragraph 191.

192.     Defendant denies the allegations contained in paragraph 192.

193.     Defendant denies the allegations contained in paragraph 193.

## COUNT EIGHT:
## CLAIMS FOR ABATEMENT
## AND INJUNCTION OF PUBLIC NUISANCE

194.   Defendant incorporates its responses to paragraphs 1-193 of the Complaint as if fully set forth herein.

195.   Defendant denies the allegations contained in paragraph 195.

196.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196.

197.   Defendant denies the allegations contained in paragraph 197.

198.   Defendant admits that Plaintiff seeks the stated relief, however Defendant denies that Plaintiff is entitled to any equitable remedy or injunctive relief. Defendant denies any remaining allegations contained in paragraph 198.

199.   Defendant admits that Plaintiff seeks the stated relief, however Defendant denies that Plaintiff is entitled to any equitable remedy or injunctive relief. Defendant denies any remaining allegations contained in paragraph 199.

200.   Defendant denies the allegations contained in paragraph 200.

### III.   PRAYER FOR RELIEF

Defendant denies the allegations included in this section of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested. Defendant denies

any allegation contained in the Complaint not specifically admitted herein.

WHEREFORE, Defendant 3M Company requests that the claims against it

be denied and that costs and fees in this action be assessed upon the Plaintiff.

Respectfully submitted this 1st day of February, 2022.

*/s/ Robert B. Remar*
Robert B. Remar
Georgia Bar No. 600575
Monica P. Witte
Georgia Bar No. 405952
Katherine L. D'Ambrosio
Georgia Bar No. 780128
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree St. NE
Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3500
Facsimile: (404) 815-3509
rremar@sgrlaw.com
mwitte@sgrlaw.com
kdambrosio@sgrlaw.com

Benjamin P. Harmon, GA Bar No. 979043
Jackson R. Sharman, III, GA Bar
No. 637930
Harlan I. Prater, *Pro Hac Vice*
M. Christian King, *Pro Hac Vice*
W. Larkin Radney, *Pro Hac Vice*

53

Lightfoot, Franklin and White LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: bharmon@lightfootlaw.com
Email: jsharman@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com

Andrew J. Calica, *Pro Hac Vice*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
Email: ACalica@mayerbrown.com

*Counsel for Defendant 3M Company*

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I hereby certify that this document has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

I also certify that on February 1, 2022, I caused the within and foregoing document, **3M COMPANY'S ANSWER AND DEFENSES TO JARROD JOHNSON'S FOURTH AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT** to be served via the Court's CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

*/s/ Robert B. Remar*
Robert B. Remar
Georgia Bar No. 600575
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree St. NE
Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3500
Facsimile: (404) 815-3509
rremar@sgrlaw.com