UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, and on Behalf of a Class of Persons Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>3M COMPANY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO.: 4:20-cv-00008-AT<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS SECOA TECHNOLOGY LLC, JBNSD, INC., AND COLOR EXPRESS, INC.'S JOINT RESPONSE TO DEFENDANTS SHAW INDUSTRIES, INC. AND SHAW INDUSTRIES GROUP, INC.'S OBJECTION TO PLAINTIFF'S PROPOSED CONSENT DECREES WITH DEFENDANTS SECOA TECHNOLOGY, LLC, JBNSD, INC., AND COLOR EXPRESS, INC.**

COMES NOW Defendants Secoa Technology, LLC ("Secoa"), JBNSD, Inc. ("JBNSD"), and Color Express, Inc. ("Color Express") (collectively the "Settling Defendants"), by and through undersigned counsel, and submit a brief Response to Defendants Shaw Industries, Inc. and Shaw Industries Group, Inc.'s (collectively, "Shaw") Objection to Plaintiff's Proposed Consent Decrees with Defendants Secoa Technology, LLC, JBNSD, Inc., and Color Express, Inc. (the "Objection") as follows:

1

## PRELIMINARY STATEMENT

Settling Defendants submit this Response for the sole purpose of addressing footnote three of the Objection, whereby the Settling Defendants' motives for entering their Proposed Consent Decrees ("Consent Decrees") are questioned and the Settling Defendants' settlement amounts are described as nominal. (Doc 775, p. 13 n.3).

## ARGUMENT

1. **The Consent Decrees Represent The Entirety of Each Settling Defendants' Agreement With Plaintiff.**

Each of the respective Consent Decrees set forth the entirety of the respective agreements between each Settling Defendant and Plaintiff, as represented in the proposed Consent Decrees (Doc 707, para. 19; Doc 718, para 19; and Doc 719, para. 19). There are no side agreements between any Settling Defendant and Plaintiff, or any terms that are not before the Court. Specifically, there is no agreement between any Settling Defendant and Plaintiff to continue to participate in the litigation or to cooperate with Plaintiff (other than in the injunctive relief process) after the entry of the Consent Decrees.

2. **The Parties' Terms Set Forth In Their Consent Decrees Are A Significant And Meaningful Settlement Of The Underlying Litigation.**

The proposed settlement terms are significant, and not nominal, to each Settling Defendant. Through an arms-length transaction, Plaintiff agreed to release

each Settling Defendant from the underlying litigation in exchange for significant injunctive relief (i.e., barring each Settling Defendant from discharging PFAS wastewater from their facilities into the Dalton POTW). (Doc. 736-2, p. 5; Doc 769-1, p. 5; Doc 770-1, p. 5). Secoa and Color Express also agreed to pay a third-party contractor up to three thousand five hundred dollars ($3,500.00) each, to conduct sampling of their industrial discharge. (Doc 736-2, pp. 5–6; Doc 769-1, p. 5). In addition, Settling Defendants agreed to contribute a combined eleven thousand dollars ($11,000.00) to a Supplemental Environmental Project. (Doc 736-2, p. 8; Doc 769-1, p. 8; Doc 770-1, p. 5). Finally, along with bearing their own litigation expenses, which have not been insignificant, Settling Defendants agreed to collectively pay Plaintiff a total of forty-five thousand five hundred dollars ($45,500.00) for Plaintiff's attorneys' fees, experts' fees, and costs. (Doc 736-2, pp. 8–9; Doc 769-1, pp. 8–9; Doc 770-1, p. 6). While this relief may appear nominal for a large, multi-national corporation, these are significant amounts for businesses the size of each Settling Defendant.

3. **Settling Defendants Seek Entry Of The Consent Decrees To Avoid Further Litigation And The Costs Associated With Same.**

As set forth in each of the Consent Decrees, the purpose of the Consent Decrees is, *inter alia*, to avoid further litigation—and the costs associated with it. (*See*, *e.g.*, Doc 736-2, pp. 3–4; Doc 769-1, p. 3; Doc 770-1, p.3). Settling Defendants are or were small companies, dwarfed many times by the size of some of the other

defendants in this case. As such, if Settling Defendants were to continue to defend themselves in the underlying litigation, the costs associated with that defense would have devastating consequences. Thus, to avoid these consequences, each Settling Defendant entered into negotiations with Plaintiff to resolve the underlying litigation. The Settling Defendants' desire to resolve this costly matter was plainly and simply to buy their peace.

Block DocID

Date: March 9, 2022

                         Respectfully submitted,

                         **HUSCH BLACKWELL LLP**

By:   */s/Samantha A. Lunn*
        Samantha A. Lunn, GA Bar #303099
        736 Georgia Avenue, Suite 300
        Chattanooga, TN  37402
        samantha.lunn@huschblackwell.com
        Telephone: (423) 266-5500
        Facsimile: (423) 266-5499
        *Attorney for SECOA Technology, LLC*

        */s/Robert H. Smalley (w/permission)*
        Robert H. Smalley III, GA Bar #653405
        rsmalley@mccamylaw.com
        McCamy, Phillips, Tuggle, &
        Fordham, LLP
        P.O. Box 1105
        Dalton, Ga. 30722-1105
        Telephone: (706) 278-4499
        Facsimile: (706) 278-5002

        *Attorney for JB NSD, Inc. and Color Express, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

*/s/ Samantha A. Lunn*
Samantha A. Lunn, GA Bar #303099

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document has been filed electronically with the Clerk of Court on March 9, 2022 by using the CM/ECF System which has notified all counsel of record.

*/s/ Samantha A. Lunn*
Samantha A. Lunn, GA Bar #303099