# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON individually, and on Behalf of a Class of persons similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>3M COMPANY, et al.,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 4:20-cv-00008-<br>)  AT<br>)<br>)<br>)<br>)<br>) |

## AMENDED CONSENT DECREE

### I. RECITALS

WHEREAS, Plaintiff Jarrod Johnson ("Plaintiff") is a resident of Floyd County, Georgia and resides at 13 South Ivy Ridge Road in Rome, Georgia; and

WHEREAS, Plaintiff is a customer of the Rome Water and Sewer District ("RWSD"), which uses water from the Oostanaula River as the source of Plaintiff's domestic water supply; and

WHEREAS, Defendant JBNSD, INC. ("JBNSD" or "Defendant") is a domestic corporation that is the owner of a tank washing facility located at 2200 Abutment Road, Dalton, Georgia 30721 ("Facility"), which has in the past allegedly discharged industrial wastewater containing PFAS into the City of Dalton's Publicly Owned Treatment Works ("POTW"); and

WHEREAS, the Facility has been leased to and operated by another unrelated entity since at least 2018; and

WHEREAS, on June 26, 2020 and August 18, 2020, Plaintiff provided Notices of Intent to file suit pursuant to the federal Clean Water Act ("CWA") to JBNSD, the United States Environmental Protection Agency ("EPA"), the Georgia Department of Natural Resources, Environmental Protection Division ("GAEPD"), and other requisite persons and entities ("CWA Notice"). Based on analytical results of sampling of JBNSD's industrial discharge to the Dalton POTW, Plaintiff alleged that JBNSD had discharged industrial wastewater containing PFAS from its Facility into the Dalton POTW causing Pass Through in violation of national pretreatment standards, applicable local limits, and Section 307 of the CWA, 33 U.S.C. § 1317; and

WHEREAS, on or about August 27, 2020, Plaintiff filed an Amended Complaint in this matter, which, *inter alia,* added CWA citizen suit claims against two Defendants and added JBNSD as a party Defendant based on its alleged industrial discharges of PFAS wastewater into the Dalton POTW (the "Litigation"). Plaintiff expressly reserved the right to add CWA claims against JBNSD and other named Defendants who have allegedly discharged industrial wastewater containing PFAS into the Dalton POTW; and

WHEREAS, JBNSD denies all such allegations and alleged violations and admits no liability arising out of Plaintiff's allegations in the CWA Notices or the Litigation; and

WHEREAS, Plaintiff and JBNSD have engaged in Settlement Negotiations in an attempt to resolve Plaintiff's claims against JBNSD; and

WHEREAS, Plaintiff and JBNSD, in consultation with counsel, hereby agree to resolve the Litigation and any issues that arose or could have arisen in connection with the Litigation in accordance with this Consent Decree, believing that settling the issues without further litigation through a Consent Decree is the most appropriate means of resolving the issues; and

WHEREAS, a copy of the proposed Consent Decree was received by the Attorney General of the United States and the EPA Administrator more than forty-five (45) days before entry of this Consent Decree as required by 33 U.S.C. § 1365(c)(3); and

WHEREAS, Plaintiff and JBNSD recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation between the parties and that this Consent Decree is fair, reasonable, and in the public interest.

**NOW THEREFORE, WITHOUT THE TRIAL OR ADJUDICATION OF ANY ISSUE OF FACT OR LAW AND WITHOUT ADMISSION BY DEFENDANT JBNSD OF ANY VIOLATIONS OR WRONGDOING, AND UPON CONSENT AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## II. JURISIDICTION

1. This Court has subject matter jurisdiction over the Litigation pursuant to 28 U.S.C. § 1332(d)(2)(A) and section 505(a) of the CWA, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331.

2. For purposes of entry of this Consent Decree and any action to enforce this Consent Decree, JBNSD consents to this Court's jurisdiction under 33 U.S.C. § 1365(a).

## III. DEFINITIONS

3. The term "CWA" means the federal Clean Water Act, 33 U.S.C. §§ 1251, *et seq*.

4. The term "Compliance Period" means four (4) years from the date of entry of this Consent Decree.

5. The term "Dalton POTW" means the City of Dalton, Georgia's Publicly Owned Treatment Works, operated by Dalton Utilities and consisting of various wastewater collection and treatment facilities, including piping, manholes, pump stations, three (3) mechanical preapplication Water Pollution Control Plants ("WPCPs") and the Riverbend Land Application System.

6. The term "PFAS" means per- and polyfluoroalkyl substances.

7. The term "PFAS wastewater" means industrial wastewater containing PFAS.

## IV. INJUNCTIVE RELIEF

8. **No Discharges of PFAS to Dalton POTW.** JBNSD shall not discharge any industrial wastewater, including but not limited to PFAS wastewater, from the Facility into the Dalton POTW.

9. **Withdrawal From Industrial User Permit.** JBNSD neither currently holds nor shall hold during the term of this Consent Decree an Industrial User Permit with Dalton Utilities allowing the discharge of industrial wastewater from the Facility to the Dalton POTW.

## V. SUPPLEMENTAL ENVIRONMENTAL PROJECT

10. **Supplemental Environmental Project.** In lieu of civil penalties, JBNSD shall fund a Supplemental Environmental Project ("SEP") for water quality improvement in the Conasauga and/or Oostanaula Rivers by contributing $2,500 to the Coosa River Basin Initiative, Inc., a non-profit organization, to fund specifically-identified project(s). Defendant's payment shall be due fifteen (15) days after entry of this Consent Decree by the Court, and Plaintiff will provide JBNSD timely notice of the project(s) that these funds will be used for.

## VI. ATTORNEY/EXPERT FEES AND COSTS

11. **Litigation Costs**. JBNSD shall bear the cost of its own attorneys' and experts' fees and costs incurred in connection with the Litigation. Plaintiff's attorneys' fees, experts' fees and costs incurred in connection with the Litigation are $7,500, including $4,525.30 in attorneys' fees, $1,113.40 in experts' fees, and $1,861.30 in costs. JBNSD shall pay Plaintiff this amount in full and final reimbursement of Plaintiff's attorneys' and experts' fees and costs related to JBNSD, other than to the extent of any attorneys' fees provided for in Paragraph 12 herein. Defendant's payment shall be due fifteen (15) days after entry of this Consent Decree by the Court.

12. **Enforcement of the Consent Decree**. In the event that enforcement of this Consent Decree is necessary, JBNSD shall pay to Plaintiff's Counsel reasonable attorney's fees not to exceed five thousand dollars ($5,000.00) per annum for time spent to enforce the terms of this Consent Order.

## V. RELEASE

13. **Release.** In consideration of the foregoing, Johnson releases and forever discharges JBNSD, its agents, employees, officers, directors, and assigns, along with John Bryant, individually, from any and all claims known or unknown, liquated or contingent, demands, damages, actions, or causes of action of any nature whatsoever, that could have been brought in this action arising under or relating to

6

PFC or PFAS discharge into the Dalton POTW and any PFC or PFAS pollution in Rome's water supply.

## VI. OTHER TERMS

14. **Effective Date.**  This Consent Decree shall become effective on the date it is entered by the Court ("Effective Date").

15. **Term.** The duration of the Injunctive Relief terms contained in Section IV, *supra*, shall be four (4) years from the Effective Date ("Compliance Period").

16. **Administrative Review.**  The Parties acknowledge and agree that, pursuant to 33 U.S.C. § 1365(c)(3), this Consent Decree cannot be entered or effective prior to forty-five (45) days following the receipt of this Consent Decree by the Attorney General and the EPA Administrator. Therefore, upon execution of this Consent Decree by the Parties, Plaintiff shall serve copies of the Consent Decree upon the U.S. Attorney General, EPA Administrator, and EPA Regional Administrator in accordance with 40 C.F.R. § 135.5.  The Parties shall also jointly lodge the Consent Decree with the Court upon execution.  Upon expiration of the 45-day review period, so long as the reviewing authorities do not object to the entry of this Consent Decree, the Parties shall jointly move the Court for entry of the Consent Decree.

17. **Effect of Entry or Lack of Entry.**  In the event of entry of this Consent Decree, JBNSD will be dismissed with prejudice from the Litigation, and upon approval and entry this Consent Decree shall constitute a final judgment of the Court

7

as to the Parties. If for any reason the reviewing authorities object to this Consent Decree and the Court refuses to approve and/or enter this Consent Decree in the form presented, the Parties shall negotiate in good faith in an attempt to resolve such objection and adverse ruling.

18. **Continuing Jurisdiction; Termination.** The United States District Court for the Northern District of Georgia shall have continuing jurisdiction to interpret and enforce the terms and conditions of this Consent Decree to resolve disputes arising hereunder, and for such other and further actions as they may be necessary or appropriate in the construction or execution of the Consent Decree. Notwithstanding the Court's continuing jurisdiction, this Consent Decree shall terminate as to Defendant at the conclusion of the Compliance Period.

19. **Entire Agreement.** This Consent Decree constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements and understandings, whether oral or written, among the Parties or their representatives.

20. **Modification.** This Consent Decree may be modified only by an Order issued from the Court, made upon the written consent of the Parties.

21. **Authorization.** Each Party represents and warrants that the person signing this Consent Decree on behalf of such Party has been duly authorized to enter into this Consent Decree on the Party's behalf.

22. **Successors and Assigns.** This Consent Decree shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

23. **Notices.** The Parties shall provide one another with seven (7) days written notice and opportunity to cure any alleged breach of this Consent Decree before commencing an enforcement action. Such notice shall be given to all counsel of record, as reflected on the Court's docket report, and may be given via email, facsimile, first class mail or nationally-recognized courier service.

24. **Counterparts.** This Consent Decree may be signed in counterparts. Facsimile, electronic and scanned signatures or copies of this Consent Decree shall be effective as originals for all purposes.

ENTERED this __31st__ day of ____March____, 2022.

_____
The Honorable Amy Totenberg
Judge, United States District Court
Northern District of Georgia

**APPROVED FOR ENTRY:**

/s/ *James S. Whitlock*
James S. Whitlock (*phv*)
jwhitlock@enviroattorney.com
Gary A. Davis (*phv*)
gadavis@enviroattorney.com
DAVIS & WHITLOCK, P.C.
Attorneys at Law
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Telephone: (828) 622-0044
Fax: 828-398-0435

Hirlye R. "Ryan" Lutz, III, Esq.
rlutz@corywatson.com
F. Jerome Tapley, Esq. (*phv*)
jtapley@corywatson.com
Brett C. Thompson, Esq. (*phv*)
bthompson@corywatson.com
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, Alabama 35205

Ryals D. Stone (GA Bar No. 831761)
ryals@stonelaw.com
William S. Stone (GA Bar No. 684636)
billstone@stonelaw.com
THE STONE LAW GROUP –TRIAL LAWYERS, LLC
5229 Roswell Road NE
Atlanta, Georgia 30342
(404) 239-0305
(404) 445-8003 (fax)

***Attorneys for Plaintiff***

/s/ Robert H. Smalley, III
Robert H. Smalley III (GA Bar No. 653405)
rsmalley@mccamylaw.com
McCamy, Phillips, Tuggle, & Fordham, LLP
P.O. Box 1105
Dalton, Ga. 30722-1105
706 278 4499

**Attorney for Defendant JB NSD, Inc.**