## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| JARROD JOHNSON, individually, ) <br> and on Behalf of a Class of Persons ) <br> Similarly Situated, ) <br> ) <br>   Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 3M COMPANY, et al., ) <br> ) <br>   Defendants. ) | CIVIL ACTION NUMBER <br> No. 4:20-cv-00008-AT |

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO CRI'S MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

For nearly eight months, Plaintiffs in *Johnson* and *City of Rome* have, with

Special Gonzalez's assistance, worked to compromise the scope of a 30(b)(6)

deposition that the City of Rome served on the Carpet and Rug Institute ("CRI") in

the Superior Court of Floyd County. Despite plaintiffs agreeing to limit the

deposition to roughly 20% of its original scope, a stalemate remains.

The City of Rome thus filed a motion to compel the deposition in the

superior court—where CRI's compliance is required. The next day, CRI moved for

a protective order in *this* case, where it's not a party; and in the absence of a

1

subpoena, deposition notice, or cross-notice issuing from this Court or any other federal district court. Remarkably, CRI's motion follows Special Master Gonzalez's express warning that he lacks jurisdiction to rule on discovery originating from other cases.

As should be self-evident, there is no discovery served in *Johnson* to protect against, and only the superior court has authority to prevent, modify, or enforce a deposition noticed in its own case. CRI's motion should be denied.

## STATEMENT OF FACTS

The City of Rome served CRI counsel with a 30(b)(6) deposition notice on March 10, 2022. Ex 1. CRI counsel both stated he would accept service and clarified that the notice issued from the *City of Rome* case. Ex. 2. The City served another 30(b)(6) notice on March 21st, this time setting a deposition date on April 13th and 14th. Doc. 1005-4. The notice bore the caption for *City of Rome, Georgia v. 3M Company, et al.* in the Superior Court of Floyd County and noted its authority under the Georgia Civil Practice Act, O.C.G.A. § 9-11-30(b)(6). *Id.*

On April 19th, CRI served objections to the notice's deposition topics on counsel for *City of Rome* and three other state court cases, but not *Johnson*. Doc. 1005-5, at 2-3, 20. Presumably, CRI omitted *Johnson* because Mr. Johnson did not

cross-notice the deposition, despite CRI's incorrect statement in its Motion for Protective Order.[1]

CRI did not move for a protective order or to quash in *City of Rome* or the other cases styled in its objections. Instead, it sent a letter to Special Master Gonzalez seeking to quash the state court notice under FED. R. CIV. P. 45. Doc. 1005-8, at 2-6. Special Master noted that CRI's objections and letter included multiple cases other than *Johnson* and stated, in part:

> To the extent the issues raised in your letter are part of the intended discovery in *Johnson*—which they very well might be—then I am happy to take up those issues and assist in their resolution. To the extent your letter raises issues limited to matters pending solely in the state courts of Georgia and Alabama, then I am afraid my jurisdiction to assist is constrained. Please let me know which it is.

> If the deposition notice concerns events solely within the jurisdiction of the state courts, I would still be happy to assist depending, of course, on the willingness of counsel in the state proceedings to agree to my doing so and appropriate arrangements can be made.

---

[1] CRI cites a declaration for facts that are neither correct nor even declared. Its motion incorrectly suggests, if not states, that the deposition was cross-noticed in *Johnson*, citing a declaration that "I am not aware of a cross-notice in" *Johnson*. *See* Doc. 1005, at 4 n.2; 1005-3 ¶ 3. The motion also says "the parties agreed that the notice would also apply for" *Johnson*, which again does not match the ambiguous declaration that "Plaintiff and CRI treated the Notice and objections as covering all cases, including this Action." *Id.* Johnson's participation in informal discovery negotiations does not transfer the Georgia superior court notice to a federal district court.

Doc. 1005-6, at 4.

*Johnson* and *Rome* counsel attempted to confer with CRI through informal discussions with the Special Master for several months.[2] As indicated by its initial objections and letter to Special Master, CRI's grievances centered on the notice being unduly burdensome and duplicative of prior individual depositions. *See* Doc. 1005-8, at 2-6; Doc. 1005-5. And on three separate occasions, *Johnson* and *Rome* counsel proposed amended notices that progressively limited the scope of the notice, with the final proposal reduced from 22 to just five topics. Ex. 3. But for every inch the plaintiffs yielded, CRI wanted more limits—making new First Amendment objections many months later, which it now raises in its Motion for Protective Order. *See* Doc. 1005-16.

The parties conferred through the Special Master a last time in late November, but unsuccessfully. The City's counsel informed Special Master that it had already conceded numerous relevant subjects to avoid court intervention, could go no further, and was "exploring other options for getting the testimony that is necessary for [its] case." Ex. 4. In the same email thread, CRI counsel responded

---

[2] Special Master Gonzalez did not issue an order or report and recommendations in the dispute.

that it would file a formal motion for protective order in the *Johnson* case, but

Johnson's counsel noted to Special Master:

> It is my understanding that the City of Rome is going to enforce the
> deposition subpoena that it served in its case in Floyd County Superior
> Court where it originated and is pending. You recognized this issue
> back in May, see the attached email. Before the parties waste time
> briefing the issue here, I wanted to make sure that CRI understands that
> they need to seek relief in the proper case. Nothing is pending in the
> *Johnson* matter against CRI.

*Id.* Special Master responded, "I well remember our May exchange. If nothing is

filed in *Johnson*, then there is nothing for me to do." *Id.* Regardless, CRI filed this

Motion.

## ARGUMENT

**A.    CRI's Motion for Protective Order lacks a legal basis.**

CRI is not a party to this case, nor has it been issued a subpoena or served

with a deposition notice in this case or other federal district court. That precludes

its Motion for two reasons.

First, to the extent CRI's Motion could be limited to *Johnson*, it is at best

premature. *See, e.g., Hemingway Villa Condominium Ass'n, Inc. v. Scottsdale Ins.

Co.*, 2021 WL 412349, at *1 (S.D. Fla. Feb. 5, 2021) (motion to compel or for

protective order on deposition premature without deposition notice); *Smith v. Wells

Fargo Mortgage*, 2019 WL 1225210, at *1 (N.D. Ga. Jan. 7, 2019) (motion to

compel discovery not served was "premature and without legal basis"). Absent a deposition notice in *this* case, there is nothing to protect against or compel.

Worse, CRI asks this Court to limit discovery not only here, but also in cases outside its statutory and constitutional reach. "It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction" that are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, if a district court acts outside these bounds, it "unconstitutionally invades the powers reserved to the states to determine controversies in their own courts. . . ." *Id.* (citations omitted).

CRI cites no valid statutory or Constitutional basis to limit discovery issued in state court. Its sole authority is FED. R. CIV. P. 26(c), but Rule 26 governs only "procedure in all civil actions and proceedings *in the United States district courts*"—not in state courts of general jurisdiction. FED. R. CIV P. 1 (emphasis added); *see also* 28 U.S.C. § 2072 ("The Supreme Court shall have the power to prescribe general rules of practice and procedure . . . *for cases in the United States district courts*. . . .) (emphasis added).

Authority to preclude, modify, or enforce a deposition noticed in *City of Rome* plainly rests solely with the Superior Court of Floyd County.

**B.  Even if properly before this court, the motion is nonetheless untimely.**

Even entertaining the fiction that the City's notice covered *this* case, CRI's motion would be untimely. Consistent with its April objections to the City's notice, CRI's May letter asking the Special Master to quash the notice raised none of the arguments it now asserts. Doc. 1005-8, at 2-6. "'A motion for protective order is generally untimely if it is made after the date the discovery material was to be produced.'" *Morock v Chautauqua Airlines, Inc.*, 2007 WL 4322764, at *1 (M.D. Fla. Dec. 11, 2007) (quoting *Laughon ex rel. Laughon v. Jacksonville Sheriff's Office*, 2007 WL 1247305, at *2 (April 30, 2007)). The City noticed CRI's deposition for April 13th and 14th, and CRI did not assert first amendment or expert testimony arguments until in this Motion many months later. The arguments are untimely and waived.

**C.  Should the Court find it necessary, Johnson requests leave to brief its merits.**

CRI's motion lacks any legal basis and attempts to circumvent the Georgia superior court's authority, such that addressing its merits here is superfluous. But if the Court finds it necessary, Johnson requests leave to address the merits of its objections in separate briefing.

## CONCLUSION

For the reasons set out above, CRI's Motion should be denied.

/s Brett C. Thompson
Brett C. Thompson (*phv*)
F. Jerome Tapley (*phv*)
Hirlye R. "Ryan" Lutz, III (phv*)
R. Akira Watson (phv*)
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: 205-328-2200
Facsimile:  205-324-7896
bthompson@corywatson.com
jtapley@corywatson.com
rlutz@corywatson.com
awatson@corywatson.com

Ryals D. Stone (GA Bar No. 831761)
William S. Stone (GA Bar No. 684636)
THE STONE LAW GROUP –TRIAL
LAWYERS, LLC
5229 Roswell Road NE
Atlanta, Georgia 30342
Telephone: (404) 239-0305
Fax: (404) 445-8003
ryals@stonelaw.com
billstone@stonelaw.com

Gary A. Davis (*phv*)
Davis & Whitlock, P.C.
Attorneys at Law
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Telephone: (828) 622-0044
Fax: 828-398-0435
gadavis@enviroattorney.com

8

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by Court Electronic Filing to counsel of records as follows:

This 6th day of December 2022.

*/s Brett C. Thompson*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.:

This 6th day of December 2022.

<u>/s Brett C. Thompson</u>