IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JARROD JOHNSON, individually, | ) | |
| and on Behalf of a Class of Persons | ) | |
| Similarly Situated, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:20-cv-00008-AT |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO REOPEN DISCOVERY

## INTRODUCTION

Plaintiff respectfully moves to reopen discovery for the limited purpose of obtaining targeted evidence on the City of Rome's newly imposed rate increases—now confirmed to be partially attributable to PFAS treatment. These increases undercut Defendants' prior contention that PFAS-related rates had been permanently rolled back and reflect present, ongoing harm. Because these developments arose only after discovery closed, they fall squarely within Rule 16's good-cause standard.

While at a late stage, this request comes at an optimal juncture. Dispositive and evidentiary motions have remained stayed, allowing the Parties to focus on

1

settlement negotiations without disputes that could have hindered them. With those negotiations now concluded and the stays nearing expiration, this is the ideal moment to address a post-deadline development through narrowly tailored discovery. Doing so now will neither disrupt nor delay the orderly progress of the case, and more importantly, it will ensure a full and fair trial on the merits.

## BACKGROUND

This putative class action concerns the discharge of PFAS compounds from Dalton, Georgia carpet manufacturers and their chemical suppliers, through Dalton Utilities' land application system, into the Conasauga River and downstream to Rome, Georgia. The proposed class consists of Rome water subscribers who have paid increased rates to offset the cost of removing PFAS from their drinking water.

Fact discovery closed in May 2022 and expert discovery in May 2023. Fourth Am. Sched. Order, Doc. 960; Order Granting Mot. to Modify Sched. Order, Doc. 1077. At that time, Rome had PFAS-related surcharges in place, and Defendants were contesting both past and future damages, and injunctive relief.

Effective September 1, 2023, and as part of its settlement with these Defendants, the City of Rome rolled back all PFAS-related surcharges, pledged not to reinstate them, and announced plans to construct a reverse osmosis ("RO")

treatment facility to remove PFAS from drinking water. Order Granting Summary Judgment, Doc. 1616, at 10-12.

Defendants argued that this rollback, coupled with the RO facility, eliminated any ongoing or imminent harm and defeated standing for injunctive relief. *See* Def. Supp. Br. on Mtn. for Class Cert., Doc. 1297; Def. Supp. Reply on Injunctive Relief, Doc. 1501. On February 15, 2024, the Court stayed all pending motions for class certification, summary judgment, *Daubert*, and motions to seal, pending resolution of Plaintiff's request for injunctive relief. Order Staying Motions, Doc. 1581.

On December 10, 2024, the Court granted summary judgment to Defendants on injunctive relief for lack of standing. Order Granting Summary Judgment, Doc. 1616. The Court held that the September 1, 2023 rollback of PFAS-related surcharges eliminated any ongoing or imminent ratepaying harm, rendering injunctive relief moot. *Id.* at 34-35. The Court acknowledged that Rome's promise not to reinstate PFAS-related rates was "by no means watertight" under Georgia law, but it found Plaintiff's evidence of possible future surcharges decades in the future too speculative to support standing. *Id.* at 35-36. The Court concluded that "for now, Plaintiff is not suffering any ongoing or likely imminent ratepaying

harm," but that if PFAS-related surcharges were reinstated, a new suit could likely be brought at that time. *Id.* at 37-38.

Six days later, the Rome City Commission approved a 5.5% water rate increase effective January 1, 2025, and an additional 5.5% increase effective January 1, 2026. *See* Ex. 1, Rome City Commission Meeting Minutes (Dec. 16, 2024). On May 13, 2025, Rome's water rate consultant, Stantec, issued a final report on these recommended rate increases. *See* Ex. 2, Stantec *Water and Sewer Rate Study – Final Report* (May 13, 2025). The report explains that (1) Rome faces new costs from EPA's PFAS health advisories and regulations requiring additional treatment and monitoring; (2) PFAS-related projects remain the largest portion of Rome's $374 million capital program through 2034; (3) the City's current rates will not provide sufficient revenue to meet debt service, capital, operating, or reserve requirements; and (4) the recommended 5.5% annual rate increases are needed to fund capital needs, including any PFAS-related treatment costs above what settlement funds will cover. *Id.* at 1, 5, 7-8.

The Stantec report confirms that Rome's January 1st rate increases are partially attributable to PFAS treatment costs. Since the Court's December order, the Parties have been engaged in settlement negotiations, including a June 2025 mediation that was unsuccessful. *See* Doc. 1637, at 1. In the Parties' follow-up

status report, Plaintiff disclosed the intent to move to reopen discovery to address the reinstated rate increases and their PFAS connection. Doc. 1646, ¶¶ 6-9. This Motion follows.

## RELIEF REQUESTED

Plaintiff seeks three forms of relief:

(1)    leave to re-open discovery for a single Rule 30(b)(6) deposition (with document requests) of the City of Rome concerning the connection between its newly enacted water rate increases and PFAS treatment costs;

(2)    leave to permit Plaintiff's expert, William Zieburtz, to update his report to incorporate the City's testimony and related post-deadline information following the City's 30(b)(6) deposition; and

(3)    if necessary, leave to withdraw prior concessions that future damages were moot based on Rome's September 2023 rate rollback and a concise supplement to class certification briefing to reflect these developments.

There is no dispute that the Court entered scheduling orders that controlled the deadlines for completing fact and expert discovery—and that those deadlines have long since expired. *See* Fourth Am. Sched. Order, Doc. 960; Order Granting Mot. to Modify Sched. Order, Doc. 1077. Those deadlines had also expired when Defendants interjected their settlement with Rome into the case.

Because Plaintiff seeks to reopen discovery after these deadlines, he must satisfy Rule 16's "good cause" standard. *See Maynard Terrace Townhomes Ass'n v.*

5

*Peterson Contractors, Inc.*, 2024 WL 4998532, at *3 (N.D. Ga. Oct. 7, 2024). This is exactly the type of compelling circumstance that does so—targeted discovery is essential to address significant, post-deadline developments that could not have been pursued before expiration.[1]

Rule 16 requires district courts to issue scheduling orders that limit time to complete discovery, and that schedule can be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(a), (b); *see also Ashmore v. Secretary, Dept. of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013); *see also EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 814 (11th Cir. 2017) ("Because the impact on judicial proceedings of extending discovery varies from case to case, district courts have considerable leeway in handling discovery matters.").

The standard for good cause is clear-cut: "the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore*, 503 F. App'x at 685; *see also Peterka v. Secretary, Fla. Dept. of Corrections*, 2025 WL 2251853, at *3 (11th Cir. Aug. 7, 2025) ("[T]o show good

---

[1] Plaintiff acknowledges that this Court's Standing Order and Local Rule 26.2(B) state that motions requesting to extend the discovery period must be filed before its expiration, and this Motion is admittedly not. *See* Standing Order, Doc. 2, at 13-14; N.D. Ga. L.R. 26.2(B). Plaintiff understands that motions to reopen discovery based on post-deadline events are distinguishable, as courts in this District have granted this relief. *See, e.g., Maynard Terrace Townhomes Ass'n, Inc. v. Peterson Contractors, Inc.*, 2024 WL 4998532 (N.D. Ga. Oct. 7, 2024).

cause, the party seeking amendment of the scheduling order must present non-conclusory facts showing that the unamended 'schedule cannot be met despite the diligence of the party seeking the extension.'" (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16(a)'s good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension.'" (quoting *Sosa*, 133 F.3d at 1418).

Here, the basis for new discovery—the City of Rome's January 1, 2025 rate increases, later confirmed to be partially attributable to PFAS treatment costs—arose well after fact and expert discovery closed. Because these events occurred more than a year after those deadlines, it would not have been possible to meet the schedule. *See Ashmore*, 503 F. App'x at 685; *see also Maynard Terrace Townhomes Ass'n, Inc. v. Peterson Contractors, Inc.*, 2024 WL 4998532, at *3 (Oct. 7, 2024) (good cause shown for new discovery on negligence claim because claim did not exist until two years after discovery closed).

While Rule 16's good-cause standard governs here, some courts have also applied Rule 6's "excusable neglect" factors when a party seeks to reopen discovery. *See, e.g., Maynard*, 2024 WL 4998532, at *3. *But see Peterka v.*

*Secretary, Fla. Dept. of Corrections,* 2025 WL 2251853, at *3 (11th Cir. Aug. 7, 2025) (applying only Rule 16 to motion to reopen discovery); *Tiya v. State Farm Fire and Cas. Co.*, 2014 WL 12069849, at *1 (N.D. Ga. Nov. 20, 2014) (evaluating motion to reopen discovery solely under Rule 16(b) despite movant's reliance on Rule 6(b)).

Rule 6 applies "[w]hen an act may or must be done within a specified time" and the party failed to act within that period "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). But that framework does not fit here: there was no missed deadline and, therefore, no neglect to excuse. *See* Fed. R. Civ. P. 6(b)(1)(B). The deadlines at issue expired before the operative facts existed, leaving no opportunity to act within the schedule.[2] That is, indeed, the scenario contemplated by Rule 16's good cause standard—where the schedule could not be met despite the diligence of

---

[2] Plaintiff has found Eleventh Circuit cases applying Rule 6 to motions to reopen discovery only in the context of seeking discovery on matters that existed during the discovery period. *See United States v. Easement and Right-of-Way Over 4.42 Acres of Land in Whitfield Cnty., Ga.,*782 F. App'x 945, 950-51 (11th Cir. 2019) (affirming denial of motion to reopen discovery under Rule 6(b) where party failed to timely disclose expert opinion based on information available before deadline); *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 812-14 (11th Cir. 2017) (affirming denial of motion to reopen forensic discovery under Rule 6(b) where alleged deficiencies in production were discoverable during discovery); *Ashmore v. Secretary, Dept. of Transp.*, 503 F. App'x 683, 686-87 (11th Cir. 2013) (affirming denial of motion to reopen discovery under Rule 6(b) where plaintiff sought evidence of alleged fraud existing during discovery period but had served no discovery requests before the deadline).

the moving party. Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment; *Ashmore*, 503 F. App'x at 685

But should Rule 6 still apply, courts consider four factors: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ashmore*, 503 F. App'x at 685-86 (citing *Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Considerations on prejudice to the nonmovant and efficient judicial administration are of "primary importance" in the calculus. *Id.* at 686. Here, all factors weigh in Plaintiff's favor.

First, any prejudice to Defendants is minimal and, in large part, reciprocal—it is the other side of the same coin Defendants flipped to their advantage earlier in this case. As part of their settlement with Rome, Defendants insisted on the rate rollback and an *ultra vires* pledge not to increase PFAS-related rates, then promptly presented those measures to this Court to moot future damages and injunctive relief. Now that these measures have proven temporary—a reversal of the same facts Defendants invoked to their own advantage after the close of discovery—it would be inequitable to bar Plaintiff from establishing the current state of affairs. If Defendants may leverage post-discovery events they helped bring about when

favorable to them, fairness demands Plaintiff be permitted to correct the record now. *See Maynard*, 2024 WL 4998532, at *3 (finding minimal prejudice from reopening discovery where developments prompting it arose after discovery closed, and prejudice was offset by reciprocal benefit of allowing the opposing party to pursue issues not previously at stake).

Second, the length of any delay and its potential impact on the proceedings also weigh in favor of relief. There has been no delay resulting in a missed deadline, and this relief arises solely from post-deadline developments. Moreover, more than twenty dispositive and evidentiary motions remain stayed and pending decision. In that context, adding a single deposition, one supplemental expert report, and supplemental briefing—all kept within strict limits—will not meaningfully disrupt or delay the administration of this case. The scope and timing of the requested discovery are modest compared to the existing volume of unresolved matters already before the Court. *See id.* (finding brief reopened discovery on discrete issues will not cause detrimental delay and will ensure full and fair presentation at trial).

Finally, as discussed above, Rome did not impose new rate increases, nor were they linked to PFAS treatment, until well after discovery closed. *See id.* (where plaintiff added negligence claim after discovery closed, defendant was

unable to explore it during discovery, which was outside the defendant's control and therefore "this factor weighs in favor of a finding of excusable neglect"). While Plaintiff has necessarily controlled his actions since that time, those actions have been in good faith. The Parties have been engaged in active settlement discussions during a period when almost all dispositive and evidentiary motions remained stayed. This posture allowed Plaintiff to avoid undermining negotiations by introducing a contested issue and without impeding or delaying the litigation process, which was already paused.

## CONCLUSION

Rome's new rate increases are a material post-deadline development of the precise kind that Rule 16's good cause standard is meant to address. Plaintiff's narrow request will place these facts within the record without causing meaningful disruption or delay. Under these circumstances, reopening discovery for this limited purpose is both justified and necessary to permit full and fair adjudication of the issues before the Court.

Respectfully submitted August 19, 2025.

/s/ Brett C. Thompson
Brett C. Thompson (*Pro Hac Vice*)
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
F. Jerome Tapley (*Pro Hac Vice*)
R. Akira Watson (*Pro Hac Vice*)

**CORY WATSON, P.C.**
2131 Magnolia Avenue South
Birmingham, Alabama 35205
Telephone: (800) 852-6299
Facsimile: (205) 324-7896
bthompson@corywatson.com
rlutz@corywatson.com
jtapley@corywatson.com
awatson@corywatson.com

Ryals D. Stone (GA Bar No. 831761)
William S. Stone (GA Bar No. 684636)
**THE STONE LAW GROUP – TRIAL LAWYERS, LLC**
5229 Roswell Road NE
Atlanta, Georgia 30342
Telephone: (404) 239-0305
Facsimile: (404) 445-8003
ryals@stonelaw.com
billstone@stonelaw.com

Gary A. Davis (*Pro Hac Vice*)
Keith A. Johnston (*Pro Hac Vice*)
**DAVIS, JOHNSTON & RINGGER, P.C.**
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Telephone: (828) 622-0044
Facsimile: (828) 398-0435
gadavis@enviroattorney.com
kjohnston@enviroattorney.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

This 19th day of August, 2025.

*/s/ Brett C. Thompson*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically with the Clerk of the Court by using the CM/ECF system which will automatically email all counsel of record.

Jason Rottner (GA Bar No. 678137)
William J. Repko III (GA Bar No. 301797)
Andrew A. Roberts (GA Bar No. 425333)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
jason.rottner@alston.com
jay.repko@alston.com
andrew.roberts@alston.com

*Attorneys for Aladdin Manufacturing Corporation, Mohawk Carpet, LLC, and Mohawk Industries, Inc.*

William V. Custer (GA Bar No. 202910)
Christopher P. Galanek (GA Bar No. 282390)
Jennifer B. Dempsey (GA Bar No. 217536)
Christian J. Bromley (GA Bar No. 206633)
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center – 14thFloor
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
bill.custer@bclplaw.com
jennifer.dempsey@bclplaw.com
chris.galanek@bclplaw.com
christian.bromley@bclplaw.com

14

***Counsel for Shaw Defendants***

Elizabeth J. Marquardt (GA Bar No. 944547)
**MILLER & MARTIN PLLC**
1180 West Peachtree Street, NW
Regions Plaza, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Facsimile: (404) 962-6300
elizabeth.marquardt@millermartin.com

W. Randall Wilson *(Pro Hac Vice)*
832 Georgia Avenue, Suite 1200
Chattanooga, Tennessee 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
randy.wilson@millermartin.com

***Attorneys for Defendant Engineered Floors, LLC***

Robert B. Remar (GA Bar No. 600575)
Monica P. Witte (GA Bar No. 405952)
Amanda M. Cheek (GA Bar No.792443)
**SMITH GAMBRELL & RUSSELL, LLP**
1105 West Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309
Telephone (404) 815-3500
rremar@sgrlaw.com
mwitte@sgrlaw.com
acheek@sgrlaw.com

Jack R. Sharman, III (GA Bar No. 637930)
M. Christian King *(Pro Hac Vice)*
Harlan I. Prater, IV *(Pro Hac Vice)*
W. Larkin Radney, IV *(Pro Hac Vice)*
**LIGHTFOOT FRANKLIN & WHITE, LLC**
The Clark Building 400 North 20th Street
Birmingham, Alabama 35203

15

Telephone: (205) 581-0700
jsharman@lightfootlaw.com
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com

***Attorneys for Defendant 3M Company***

John M. Johnson (*Pro Hac Vice*)
Adam K. Peck (*Pro Hac Vice*)
Lana A. Olson (*Pro Hac Vice*)
Brian P. Kappel (GA Bar No. 916728)
Suzanne A. Fleming (*Pro Hac Vice*)
Amaobi J. Enyinnia (GA Bar No. 327957)
**LIGHTFOOT, FRANKLIN & WHITE, LLC**
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799
jjohnson@lightfootlaw.com
apeck@lightfootlaw.com
lolson@lightfootlaw.com
sfleming@lightfootlaw.com
bkappel@lightfootlaw.com
aenyinnia@lightfootlaw.com

Blair J. Cash (GA Bar No. 360457)
Donovan K. Eason (GA Bar No. 487358)
**MOSELEY MARCINAK LAW GROUP LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
Telephone: (470) 480-7258
blair.cash@momarlaw.com
donavan.eason@momarlaw.com

***Counsel for Defendants E.I. du Pont de Nemours and Company and The Chemours Company***

David E. Nahmias (GA Bar 534106)
Jeffrey A. Kaplan, Jr. (GA Bar 859280)
**JONES DAY**
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
Telephone: (404) 581-8502
dnahmias@jonesday.com
jkaplan@jonesday.com

Theodore M. Grossman (*Pro Hac Vice*)
**JONES DAY**
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
tgrossman@jonesday.com

Louis A. Chaiten (*Pro Hac Vice*)
James R. Saywell (*Pro Hac Vice*)
**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44144
Telephone: (216) 586-3939
lachaiten@jonesday.com
jsaywell@jonesday.com

Kevin P. Holewinski (*Pro Hac Vice*)
**JONES DAY**
51 Louisiana Avenue Northwest
Washington, DC 20001
Telephone: (202) 879-3939
kpholewinski@jonesday.com

James L. Hollis (GA Bar No. 930998)
**BALCH & BINGHAM, LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30309
Telephone: (404) 261-6020

17

jhollis@balch.com

Christopher Yeilding (*Pro Hac Vice*)
**BALCH & BINGHAM, LLP**
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 226-8728
cyeilding@balch.com

*Attorneys for Defendant Daikin America, Inc.*

David J. Marmins (GA Bar No. 470630)
Morgan E. M. Harrison (GA Bar No. 470983)
**ARNALL GOLDEN GREGORY LLP**
171 17th Street. N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8148

*Attorneys for Defendant Chem-Tech Finishers, Inc.*

Alexandra B. Cunningham (GA Bar No. 096280)
Merideth Snow Daly (*Pro Hac Vice*)
Michael J. Bisceglia (*Pro Hac Vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
acunningham@huntonAK.com
mdaly@huntonAK.com
mbisceglia@huntonAK.com

Laura T. Wagner (GA Bar No. 674911)
**HUNTON ANDREWS KURTH LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: (404) 888-4117
lwagner@huntonAK.com

Daniel R. Stefany (*Pro Hac Vice*)
**HUNTON ANDREWS KURTH LLP**
60 State Street, Suite 2400
Boston, Massachusetts 02109
Telephone: (617) 648-2800
dstefany@huntonAK.com

*Attorneys for Defendant INV Performance Surfaces, LLC*

R. Scott Masterson (GA Bar No. 476359)
Keith M. Kodosky (GA Bar No. 404814)
Martin A. Shelton (GA Bar No. 640749)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 476-2009
Scott.masterson@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
Martin.shelton@lewisbrisbois.com

*Attorneys for MFG Chemical, LLC*

Lindsey B. Mann (GA Bar No. 431819)
E. Fitzgerald Veira (GA Bar No. 726726)
T. Scott Mills (GA Bar No. 757063)
Anaid Reyes Kipp (GA Bar No. 703283)
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Telephone: (404) 885-3000
lindsey.mann@troutman.com
fitzgerald.veira@troutman.com
scott.mills@troutman.com
anaid.reyes-kipp@troutman.com

Brooks M. Smith (*Pro Hac Vice*)
**TROUTMAN PEPPER LOCKE LLP**

1001 Haxall Point, Suite 1500
Richmond, Virginia 23219
Telephone: (804) 697-1200
brooks.smith@troutman.com

***Attorneys for Defendant The City of Dalton, Georgia, acting through its Board of Water, Light and Sinking Fund Commissioners, d/b/a Dalton Utilities***

This 19th day of August, 2025.

*/s/ Brett C. Thompson*