## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| JEROLD JOHNSON, Individually and on behalf of a Class of Persons Similarly Situated,<br><br>            Plaintiffs,<br><br>v.<br><br>3M Company, et al.,<br><br>            Defendants. | CIVIL ACTION FILE NO.:<br><br>4:20-cv-00008-AT |

## NON-PARTY THE CITY OF ROME, GEORGIA'S OBJECTIONS AND RESPONSES TO JOHNSON'S NOTICE OF RULE 30(b)(6) DEPOSITION

The City of Rome, Georgia ("Rome") a non-party in the above-styled matter, objects and responds to Johnson's Notice of Rule 30 (b)(6) deposition dated September 12, 2025 ("Notice"), as follows:

1.

Rome has agreed to make available one or two representatives to testify about topics "concerning the connection between its newly enacted water rate increases and PFAS treatment costs" (*Johnson v. 3M, et al.*, United States District Court, Northern District of Georgia, Civil Action File No. 4:20-cv-8-AT (8/26/25 page 11). Rome is prepared to respond to the topics to address the official actions

of the City of Rome taken by the City Commission on December 16, 2024, relating to a water-rate increase.

## 2.

Rome objects to the 30(b)(6) notice in that it seeks legislative history and would be barred by legislative privilege. Legislative privilege "protects against inquiry into acts that occurred in the regular course of the legislative process and into the motivation for those acts." *In Re: Hubbard*, 803 F. 3rd 1298, 1310 (11th Cir. 2015). Rome does not intend to provide any information regarding communications that form the basis of the proposal, formulation, and passage of legislation. Communications such as these are protected by legislative privilege. *See League of Women Voters of Florida, Inc. v. Lee*, 340 F.R.D. 446, 454 (N.D. Fla. 2021).

## 3.

The City of Rome further objects to the 30(b)(6) deposition notice as it may be construed as requiring officials of the City to submit to questioning concerning individual contentions with respect to the votes of the City Commission, which is prohibited under Georgia law.  *See Jackson v. Delk*, 257 Ga. 541, 543 (1987); s*ee Galardi v. City of Forest Park*, Civil Action File No. 1:09-cv-965-RWS, 2010 WL 11549914 at *1 (N.D. Ga. March 22, 2010).

## 4.

The City of Rome objects to the Notice on the basis that all legislative bodies are limited in their legal capacity in such a manner as to not deprive succeeding bodies of the right to deal with matters involving the same questions as may arise from time to time in the future, and as the then-present exigencies may require. A municipal corporation may make a valid contract to continue for a reasonable time period beyond the official term of the officers entering into the contract for the municipality. O.C.G.A. § 36-30-3; *Horkan v. City of Moultrie*, 136 Ga. 561 (1911).  Therefore, the 30(b)(6) Notice is overbroad and attempts to seek information that may be beyond the purview of the Rome City Commission at this point.

Respectfully submitted, this 23rd day of September, 2025.

**DAVIS LUCAS CARTER LLP**

210 East 2nd Ave, Suite 301
Rome, GA 30161
Phone: (706) 842-7555

*/s/ J. Anderson Davis*
J. ANDERSON DAVIS
Georgia Bar No. 211077
*Attorney for the City of Rome*

Page 3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served all counsel of record with a copy of the foregoing **The City of Rome, Georgia's Objections and Responses to Johnson's Notice of Rule 30(b)(6) Deposition** with the Clerk of Court using the CM/ECF filing system.

This 24th day of September, 2025.

                                         **DAVIS LUCAS CARTER LLP**

                                         <u>*/s/ J. Anderson Davis*</u>
210 East 2nd Ave, Suite 301              J. ANDERSON DAVIS
Rome, GA 30161                           Georgia Bar No. 211077
Phone: (706) 842-7555