IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JARROD JOHNSON, individually and
on behalf of a class of persons similarly
situated,

              Plaintiff,

v.

3M COMPANY, et al.,

              Defendants.

Civil Action No. 4:20-cv-0008-AT

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................1

BACKGROUND ....................................................................................2

LEGAL STANDARD.............................................................................4

ARGUMENT .........................................................................................6

I.    All Procedural Considerations Strongly Disfavor Consolidation Here. ........6

    A.    After Five Years of Litigation, *Johnson* Is in a Vastly Different Posture Than *CRBI*.................................................................6

    B.    Pending Motions in Both Cases Weigh Against Consolidation. .......10

    C.    Plaintiffs' Delay in Moving to Consolidate Weighs Against Consolidation......................................................................12

II.   Consolidation Would Undermine the Interests of Judicial Efficiency and Prejudice the Parties...............................................................13

III.  The Two Cases Allege Different Claims, Involve Different Defendants, Assert Different Theories of Harm, and Seek Different Remedies...........................................................................17

CONCLUSION ..................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boatman v. Riddle*,
  2019 WL 2995946 (M.D. Fla. July 9, 2019) .....................................................19

*Capps v. Newmark S. Region, LLC*,
  53 F.4th 299 (4th Cir. 2022) ...............................................................................11

*City of Dalton v. 3M Co., et al.*,
  No. 4:24-cv-00293-WMR (N.D. Ga.) ....................................................1, 3, 8, 12

*Dempsey v. Mac Towing, Inc.*,
  876 F.2d 1538 (11th Cir. 1989) .............................................................................5

*DHL Project & Chartering Ltd. v. Newlead Holdings Ltd.*,
  2016 WL 4498374 (S.D. Ga. Aug. 25, 2016)......................................................18

*Ewing v. United States*,
  2021 WL 5926013 (N.D. Ga. Nov. 23, 2021) .......................................................4

*Fields v. Provident Life & Accident Ins. Co.*,
  2001 WL 818353 (E.D. Pa. July 10, 2001) ...........................................................9

*Finch v. Meridian Servs. Grp., LLC*,
  2025 WL 952220 (M.D. Ga. Mar. 28, 2025).........................................................7

*Hall v. Hall*,
  584 U.S. 59 (2018)...............................................................................................16

*Harrell v. Tutt, Taylor & Rankin Real Est. LLC*,
  2020 WL 9348161 (E.D. Va. Dec. 9, 2020)....................................................9, 10

*Hemenway v. Bartoletta*,
  2012 WL 4772768 (M.D. Fla. Oct. 5, 2012) .......................................................19

*Hendrix v. Raybestos-Manhattan, Inc.*,
  776 F.2d 1492 (11th Cir. 1985) .............................................................................5

*Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*,
  208 F.R.D. 59 (S.D.N.Y. 2002) .........................................................................8, 9

*Jackson v. Dolgencorp, LLC*,
2022 WL 22329210 (N.D. Ga. Nov. 23, 2022) ..................................6, 12, 13, 18

*Kilgo v. Bowman Transp., Inc.*,
570 F. Supp. 1509 (N.D. Ga. 1983) ..................................................................5, 6

*Lancer Ins. Co. v. Hitts*,
2010 WL 2867836 (M.D. Ga. July 20, 2010) ........................................................7

*Mahone v. Midtown Med. Ctr.*,
2017 WL 4295259 (M.D. Ga. Aug. 24, 2017) ....................................................19

*In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*,
2015 WL 1276585 (M.D. Ga. Mar. 20, 2015) ....................................................11

*Nolley v. Nelson*,
2017 WL 3633274 (M.D. Ga. Aug. 23, 2017) ....................................................19

*Ponder v. Experian Info. Sols., Inc.*,
2021 WL 2688648 (N.D. Ga. May 18, 2021) ........................................10, 13, 14

*Sisson v. Kadenzo Enters., Inc.*,
2023 WL 10476016 (N.D. Ga. Apr. 13, 2023) ......................................................6

*Steel Co. v. Citizens for Better Env't*,
523 U.S. 83 (1998) ..............................................................................................11

*Weissman v. Williams*,
2018 WL 9439690 (M.D. Ga. Aug. 15, 2018) ................................................7, 12

*Werner v. Satterlee, Stephens, Burke & Burke*,
797 F. Supp. 1196 (S.D.N.Y. 1992) ................................................................8, 9

*Young v. City of Augusta*,
59 F.3d 1160 (11th Cir. 1995) ....................................................................4, 5, 18

**Rules**

Fed. R. Civ. P. 42(a)..........................................................................................4

iii

## INTRODUCTION

After more than five years of litigation, this case stands ready for resolution and finality.  This Court's summary judgment order in December 2024 resolved a significant, threshold issue, concluding that Plaintiff did not have Article III standing to seek injunctive relief in the form of remediation of the Dalton Utilities Land Application System ("LAS").  Only a few discrete claims now remain in this case, and they are all subject to pending, dispositive motions that are ripe for decision.  In response to this Court's finding that Johnson could not pursue injunctive relief, Plaintiff's counsel filed a second case in April 2025 styled *Coosa River Basin Initiative* ("*CRBI*") *et al. v. 3M Company et al.*, No. 4:25-cv-00075-AT (N.D. Ga.).  That case seems to be an attempt to overcome *Johnson*'s deficient Article III standing.  Five months after instituting that new action, and perhaps to avoid the argument that the *CRBI* case should be stayed in favor of Dalton Utilities' earlier-filed and more comprehensive CERCLA action, *City of Dalton v. 3M Co., et al.*, No. 4:24-cv-00293-WMR (N.D. Ga.), Plaintiff now contends that the *CRBI* case should be consolidated with the *Johnson* case.  Although both cases involve similar factual backdrops, consolidation is inappropriate when, as here, the two cases are at entirely different procedural stages, state different claims on behalf of different parties against different defendants, and have enormously different theories of relief.

Consequently, consolidation would not serve, but rather undermine, the interests of judicial economy and would risk prejudice to the parties.

## **BACKGROUND**

As the Court knows well, litigation arising out of PFAS contamination at the LAS commenced in late 2019, with the filing of two cases. One case was filed by the City of Rome, Georgia, to recover costs to treat PFAS. The second case was filed by Johnson, with a sprawling complaint that sought three primary categories of relief: money damages in the form of water rates paid to the City of Rome, Georgia that were purportedly increased to cover the cost of PFAS treatment, injunctive relief in the form of remediation of the LAS, and penalties pursuant to the Clean Water Act. Dkt. No. 1. After years of litigation, the *Rome* case settled in 2023, and *Johnson* is nearly concluded. Specifically, following the Court's order in December 2024, the most significant category of relief, remediation of the LAS, has been foreclosed because Johnson lacks standing to pursue that remedy. Dkt. No. 1616. As set forth in pending supplemental briefing, Johnson likewise lacks standing to assert Clean Water Act claims. Dkt. Nos. 1624, 1625, 1629, 1630. The only other claims that remain—the ratepayer claims—are narrower and far less expensive than the injunctive relief claim, and those ratepayer claims are also ripe for resolution, with fully briefed motions for class certification and summary judgment pending. Dkt. Nos. 930, 1199, 1210, 1211, 1212, 1214, 1215, 1222, 1224, 1242, 1255, 1256, 1264,

1265.  Defendants are also preparing summary judgment briefing on the economic loss doctrine, which forecloses Johnson's ratepayer claims.

In December 2024, Dalton Utilities filed the *City of Dalton* case, raising claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") to obtain cost recovery and a declaratory judgment related to remediation of the LAS, state law tort claims, and a claim under the Georgia Water Quality Control Act.[1]  That litigation is pending in this District before the Honorable William M. Ray II.

Four months later, in April 2025, in response to the standing problems this Court identified in *Johnson*, the same Plaintiff's counsel filed the *CRBI* case asserting many of the same claims against some (but not all) of the same defendants[2] as they had done in *Johnson*, but with new plaintiffs whom they contend have standing to seek injunctive relief.  *CRBI* Dkt. No. 1.  To avoid the risks of conflicting rulings and duplicative litigation, Dalton Utilities and the other Defendants in *CRBI* moved to stay the *CRBI* case in favor of the earlier-filed and more comprehensive *City of Dalton* CERCLA litigation.  *CRBI* Dkt. No. 60, 76, 104, 129, 131, 132, 133.

---

[1] The defendants in *City of Dalton* deny all liability, as do all the defendants in *Johnson* and *CRBI*.

[2] The *CRBI* case does not include MFG Chemical, LLC ("MFG"), Chem-Tech Finishers, Inc. ("Chem-Tech"), and Americhem, Inc. ("Americhem") as Defendants.

3

Those motions to stay are fully briefed and pending this Court's ruling. In the meantime, no party has responded to the complaint and no discovery has taken place in *CRBI*.

In June 2025, many of the parties in this case attended a mediation to resolve Johnson's ratepayer claims. That mediation was not successful. Now, nearly three months after attempts to resolve this case failed, and five months after filing *CRBI*, Plaintiffs' counsel seeks another bite at the remediation apple by consolidating *Johnson* and *CRBI* at this very late stage. Dkt. No. 1657; *CRBI* Dkt. No. 148.

## LEGAL STANDARD

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Rule "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). "The party seeking consolidation bears the burden of establishing that consolidation under Rule 42(a) is appropriate." *Ewing v. United States*, 2021 WL 5926013, at *2 (N.D. Ga. Nov. 23, 2021) (quoting *Halo Wireless, Inc. v. TDS Telecomms. Corp.*, 2012 WL 246393, at *3 (N.D. Ga. Jan. 26, 2012)).

Although the court's decision whether or not to consolidate is purely discretionary, in making that decision, the court must take into account: (1) "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues"; (2) "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits"; (3) "the length of time required to conclude multiple suits as against a single one"; and (4) "the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). Courts also consider the procedural stages of the cases sought to be consolidated. *Kilgo v. Bowman Transp., Inc.*, 570 F. Supp. 1509, 1513–14 (N.D. Ga. 1983), *aff'd*, 789 F.2d 859 (11th Cir. 1986).

When considering consolidation, the court must take care to ensure that consolidation can be conducted in a manner which does not prejudice the rights of the parties. *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1545 (11th Cir. 1989). Notably, appellate courts have reversed on prejudice grounds decisions that granted consolidation but rarely, if ever, disturb decisions denying consolidation. *See Young*, 59 F.3d at 1169 ("We have found no cases [ ] in which a court's refusal to order consolidation has been overturned.").

# ARGUMENT

## I.     All Procedural Considerations Strongly Disfavor Consolidation Here.

This case and *CRBI* are at entirely different procedural stages, making consolidation inappropriate and inefficient.    Courts also regularly refuse consolidation when there are pending dispositive motions in either case and when the party seeking consolidation delayed in filing their motion to consolidate.

### A.     After Five Years of Litigation, *Johnson* Is in a Vastly Different Posture Than *CRBI*.

This Court has already recognized that the "very different procedural postures of the two cases" counsel against consolidation.    Dkt. No. 1650 at 15.    "Case authority is legion for the proposition that '[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial.'" *Jackson v. Dolgencorp, LLC*, 2022 WL 22329210, at *3 (N.D. Ga. Nov. 23, 2022) (quoting *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989)).    In *Jackson*, the court denied a motion to consolidate where the first case had completed discovery and the defendant's motion for summary judgment was pending and fully briefed, while the second case had not yet begun discovery and the defendant's motion to dismiss was pending.    *Id.* at *2.    *See also, e.g.*, *Kilgo*, 570 F. Supp. at 1513–14 (denying motion to consolidate where one case was "more than four years old awaiting decision" and the other was "a recently filed case with no substantive proceedings undertaken"); *Sisson v. Kadenzo Enters., Inc.*, 2023 WL 10476016, at

*2 n.2 (N.D. Ga. Apr. 13, 2023) (Totenberg, J.) (declining to consolidate cases "in significantly different postures at this point"); *Weissman v. Williams*, 2018 WL 9439690, at *6 (M.D. Ga. Aug. 15, 2018) (denying motion to consolidate where one case had completed the first stage of discovery and summary judgment briefing while the other had a pending motion to dismiss and the defendant had not yet filed an answer); *Lancer Ins. Co. v. Hitts*, 2010 WL 2867836, at *4 (M.D. Ga. July 20, 2010) (denying motion to consolidate where a motion for summary judgment was pending in one action while discovery was ongoing in the other); *Finch v. Meridian Servs. Grp., LLC*, 2025 WL 952220, at *2 (M.D. Ga. Mar. 28, 2025) (denying motion to consolidate where discovery had not yet begun in one case but had closed in the other).

The substantial difference in the procedural postures of *Johnson* and *CRBI* warrants denial of Plaintiff's Motion to Consolidate. *Johnson* was originally filed in 2019, and discovery closed more than three years ago.[3] Motions for summary judgment were filed more than two years ago in *Johnson*, and last year the Court

---

[3] The Court's recent order reopening discovery for limited purposes for a limited period of time does not change or rectify the vastly different procedural postures of the cases. As this Court pointed out, the parties were given "a short leash" to conduct only "very limited discovery on additional ratepaying damages." Dkt. No. 1650 at 9, 13. By contrast, the parties in *CRBI* have not even begun discovery.

granted summary judgment on the key issue of Plaintiff's standing to seek injunctive relief in the form of an $850 million LAS remediation project, *see* Dkt. No. 1616.

By contrast, *CRBI* was filed just five months ago, no Defendant has responded to the Complaint, no discovery has been served, and the Court is considering Defendants' motions to stay those proceedings in favor of Dalton Utilities' earlier-filed *City of Dalton* CERCLA case. Further, as the Defendants in *CRBI* pointed out, the first-filed *City of Dalton* litigation, not *CRBI*, is the more appropriate case to consider the issue of remediation of Dalton Utilities' LAS, and allowing both cases to proceed at the same time creates significant risks of inconsistent rulings. *CRBI* Dkt. No. 60, 76, 104, 129, 131, 132, 133. Even if the motions to stay are denied in *CRBI*, motions to dismiss would then be filed and briefed, and if those motions were denied, the case would remain months if not years away from completing discovery and reaching the fully briefed summary judgment stage that *Johnson* is already at.

Plaintiff cites four out-of-circuit cases for the proposition that differing procedural postures should not bar consolidation, Mot. 14–15, but those cases are inapposite. Plaintiff's first two authorities involved orders to consolidate cases where neither case had completed discovery. *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1212 (S.D.N.Y. 1992); *Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002). Indeed, the latter order acknowledged that consolidation is "inappropriate" when "discovery in one

action is virtually complete while it has just commenced in another." *Internet L. Libr.*, 208 F.R.D. at 62 (citation omitted).  Although Plaintiff notes that *Werner* was at the "motion-to-dismiss stage," Mot. 14, the court denied the pending motion to dismiss at the same time it ordered the cases consolidated.[4]  *Werner*, 797 F. Supp. at 1217.

Plaintiff's other two cases are also procedurally and factually unlike *Johnson* and *CRBI*.  In *Fields*, an estate filed an action seeking life insurance proceeds from the decedent's employer and life insurance company.  *Fields v. Provident Life & Accident Ins. Co.*, 2001 WL 818353, at *1 (E.D. Pa. July 10, 2001).  Separately, the decedent's children—the beneficiaries of the estate—filed an action against the same defendants, asserting they made misrepresentations about the life insurance policy.  *Id.* at *1, *4.  Unlike here, it was the defendants who moved for consolidation, and in granting their motion, the court found that consolidation would promote efficiency and not delay resolution of either case.  *See id.* at *6.  Lastly, in *Harrell*, neither case had completed discovery, and the court found that consolidation would not create undue delay.  *Harrell v. Tutt, Taylor & Rankin Real Est. LLC*, 2020 WL 9348161,

---

[4] Also unlike here, *Werner* and *Internet Law Library* relied on authority specific to federal securities actions that instructs consolidation is appropriate under certain conditions "where the complaints are based on the same 'public statements and reports.'"  *Werner*, 797 F. Supp. at 1211 (citation omitted); *accord Internet L. Libr.*, 208 F.R.D. at 61.

at *1, *3 (E.D. Va. Dec. 9, 2020).  Also unlike this case, *see infra* pp.12–13, the plaintiffs in *Harrell* quickly moved to consolidate their second case—two weeks after filing it—with the case they had filed ten months earlier related to "the same property deal." *Id.* at *1.

Consolidating these two cases, which are in vastly different procedural postures, would not achieve judicial economy and would prejudice the defendants.

### B.    Pending Motions in Both Cases Weigh Against Consolidation.

Even setting aside the stark differences in *Johnson*'s and *CRBI*'s overall procedural posture and trial readiness, the pending motions in the two cases counsel against consolidation.

Courts in this District and elsewhere regularly deny consolidation where a dispositive motion is pending in either case.  *See, e.g.*, 9A Wright & Miller's Federal Practice & Procedure § 2383 (3d ed. 2008) ("[C]ourts have concluded that consolidation is premature when motions to dismiss are pending."); *Ponder v. Experian Info. Sols., Inc.*, 2021 WL 2688648, at *25 (N.D. Ga. May 18, 2021), *report and recommendation adopted*, 2021 WL 5033483 (N.D. Ga. July 9, 2021) (denying defendant's motion to consolidate because "all four cases that Experian seeks to consolidate with this case have motions to dismiss pending that, if granted, would be dispositive as to those cases and would make Experian's Motions to Consolidate moot").  Here, there are nine fully briefed motions for summary

judgment pending before the Court that could resolve this case. Dkt. Nos. 1183, 1184, 1199, 1212, 1214, 1215, 1222, 1242, 1256. The Court is also considering the fully briefed issue of whether Plaintiff has standing to pursue his Clean Water Act ("CWA") claims and will soon consider whether Plaintiff's ratepayer claims are foreclosed by the economic loss doctrine. Dkt. Nos. 1624, 1625, 1629, 1630, 1650. If the Court agrees with either proposition, that disposition will eliminate yet another area in which *Johnson*'s and *CRBI*'s claims overlap; *see infra* pp.17–20. Moreover, because the issue of Plaintiff's Article III standing to pursue his CWA claims goes to the Court's subject-matter jurisdiction, it should be resolved before the Court engages in any other proceedings related to those claims. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (citation omitted)); *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 2015 WL 1276585, at *1 (M.D. Ga. Mar. 20, 2015) (explaining that court must have jurisdiction to try claims before they can be consolidated with those of another case); *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) ("[T]he district court lacked subject-matter jurisdiction over [plaintiff's] claims against [defendant] pre-consolidation, so it lacked the power to consolidate the lawsuits in the first place.").

11

Separately, in *CRBI*, this Court is considering Defendants' fully briefed motions to stay proceedings in light of the *City of Dalton* case. *CRBI* Dkt. No. 60, 76, 104, 129, 131, 132, 133. If the Court grants a stay in *CRBI*, there will not be any active, ongoing proceedings with which to consolidate *Johnson*. And, absent a stay, any subsequent motions to dismiss in *CRBI* also could moot Plaintiff's request for consolidation. *CRBI* Dkt. No. 108 (instructing that defendants will have twenty days to answer or otherwise respond to the Complaint should the Court deny the stay motions).

### C.    Plaintiffs' Delay in Moving to Consolidate Weighs Against Consolidation.

A party's delay in moving for consolidation also weighs against consolidating. *Jackson*, 2022 WL 22329210, at *3 (denying motion to consolidate where, "inexplicably, Plaintiff waited almost six weeks [after filing the second case] to seek consolidation of the two cases, after briefing on Defendant's motion for summary judgment was completed"). In *Weissman*, the court denied plaintiffs' motion to consolidate even though they moved for consolidation "shortly after filing" their second case because "Plaintiffs have known of their claims [in the second case] for a while." 2018 WL 9439690, at *6. Plaintiff's delay here is even more egregious. Plaintiffs in both cases are represented by the same counsel, who recently characterized the *CRBI* action as "taking up the mantle from its predecessor, *Johnson v. 3M Company*." *CRBI* Dkt. No. 129 at 1. Yet, despite knowing from the Court's

order in December 2024, Dkt. No. 1616, that Plaintiff lacked standing to pursue his injunctive relief claims, and Plaintiff's counsel's filing the *CRBI* complaint in April 2025 with the stated intent that it carry on as *Johnson*'s successor, Plaintiff waited until after this Court directed the parties in July 2025 to file a joint status report before informing Defendants that Plaintiff intended to seek consolidation. The *CRBI* Plaintiffs could have moved for consolidation at any point in time after filing their complaint; instead, they waited nearly six months before doing so. *Compare CRBI* Dkt. No. 1, *with CRBI* Dkt. No. 148; *cf. Jackson*, 2022 WL 22329210, at *3 (denying consolidation where there was a six-week delay); *Ponder*, 2021 WL 2688648, at *25 (denying consolidation where defendant waited "more than two months" to file the motion after moving for summary judgment in one case). On these grounds alone, Plaintiff's Motion should be denied.

## II. Consolidation Would Undermine the Interests of Judicial Efficiency and Prejudice the Parties.

Plaintiff asserts that "the strongest reason for consolidation" is preventing duplicative trials, Mot. 11, but fails to credibly explain how delaying the conclusion of *Johnson* while *CRBI* plays catch-up until that theoretical trial date would serve judicial economy or any party's interests. The parties have been litigating *Johnson* for more than five years, and all that remains now is disposition of Plaintiff's Clean Water Act claim against Dalton Utilities and Plaintiff's individual or class rate-increase damages claim, either by summary judgment or trial.

13

Plaintiff's Motion seems to envision that consolidation would mean a joint trial, but that would inevitably require one case—likely *Johnson*—to be put on hold while the other advances to the same procedural juncture. Plaintiff asserts this can be done "efficiently" because, among other things, *CRBI* will not require class certification briefing. Mot. 16. But the two cases present different requests for relief, against different parties, and seek a different quantum (and form) of remedies. And while Plaintiff argues that consolidation would "streamline pretrial matters like dispositive motions and *Daubert* challenges," Mot. 12, it omits any explanation for how such streamlining would actually work.

As discussed above, there are dispositive motions currently pending in *Johnson* that can and should be resolved without waiting for *CRBI* to reach the same posture. *See Ponder*, 2021 WL 2688648, at *25 ("Experian has not shown that consolidation would expedite the trial in this case, but instead it would merely delay it while the Court deals with the many pending motions filed in the other four cases."). And even assuming the claims in *CRBI* are not stayed and survive motions to dismiss, any summary judgment motions in *CRBI* could not simply copy and paste briefing from *Johnson*, as Plaintiff seems to suggest. Mot. 16. At a minimum, the parties would need to address the new claims and evidence generated in discovery specific to the *CRBI* plaintiffs. Consolidating dispositive motions in the two cases would put *Johnson*'s fully briefed motions on hold for years and then require the

14

parties (at considerable and prejudicial expense) to redo everything on a consolidated basis. Alternatively, if briefing were to continue separately on two tracks, then consolidation would not have actually achieved anything.

As for a consolidated trial, re-aligning the cases to be on the same schedule would not appear to serve the interests of Johnson or the class he purports to represent, whose claims are now limited to reimbursement for water-rate increases, not remediation of the LAS; consolidation will only delay finality in this long-running case. If, on the other hand, *CRBI* is as close to trial-ready as Plaintiff dubiously claims, Mot. 15–16, then requiring the *CRBI* plaintiffs to wait while *Johnson* proceeds through class certification briefing, argument, and a likely appeal would not serve the *CRBI* plaintiffs' interests either.

Plaintiff seeks to justify consolidation by claims of efficiency, but many examples that Plaintiff suggests as a potential efficiency gained from consolidation could be achieved through standard litigation practices that do not require consolidation or cause delay and prejudice. For example, Plaintiff argues that consolidation would allow *CRBI* to "make use of the fact and expert discovery in *Johnson*," but parties regularly negotiate sharing common discovery between related cases, and the parties could do that here.[5] Indeed, the *CRBI* plaintiffs recognize as

---

[5] This process occurred, without consolidation, in the *Rome* and *Johnson* cases and is occurring in multiple other PFAS cases currently pending in Georgia.

much, claiming in their response brief to the motions to stay that "nearly all discovery and expert work necessary here has already been completed in *Johnson*" and therefore "the core discovery has already been done here." *CRBI* Dkt. No. 129 at 14 n.6; *see also id.* at 5 ("[T]he same counsel now prosecutes *CRBI*, drawing on nearly all the factual and expert evidence already assembled."). As another example of a purported efficiency, Plaintiff argues that consolidation would avoid the risk of "inconsistent factual findings and conflicting verdicts." Mot. 13. But to the extent Plaintiff suggests that findings in one case should be determinative as to the other, the parties are free to raise those issues at a later time.[6] Plaintiff's argument also ignores that the two cases present different claims—Johnson is pursuing rate-payer damages, a claim not at issue in *CRBI*, and CRBI has made a multi-million-dollar remediation claim not at issue in *Johnson*.

As the two cases stand, there are numerous motions that could resolve some or all claims in *Johnson* and *CRBI* between now and any eventual trial date— dispositive motions that do not rely on the other case and would need to be decided independently even if the cases were consolidated. *See Hall v. Hall*, 584 U.S. 59, 67, 71 (2018) (explaining that consolidation preserves "the distinct identities of the cases and the rights of the separate parties in them" and necessitates separate

---

[6] Defendants of course reserve their rights to contest the merits of any such arguments.

verdicts, judgments, or decrees for each consolidated case). Plaintiff's claimed benefits from a consolidated trial therefore are premature; they are also heavily outweighed by the inefficiencies and prejudice that would result from delaying the various pending motions that could otherwise end this case and halting proceedings while *CRBI* spends months or years catching up.

## III.    The Two Cases Allege Different Claims, Involve Different Defendants, Assert Different Theories of Harm, and Seek Different Remedies.

Plaintiff overstates the "common questions of law or fact" and argues the Motion should be granted "on the face of *Johnson* and *CRBI* pleadings." Mot. 11. Due to the late stage of *Johnson* relative to *CRBI*, there are now fewer overlapping issues than the face of the pleadings would suggest. For example, while Plaintiffs assert CWA claims in both cases, as Dalton Utilities explained in its supplemental brief on the CWA claims, Dkt. No. 1625, Johnson lacks standing to assert them. The potential remedies in this case also differ dramatically from those in *CRBI* after the Court's summary judgment order holding that Johnson lacks standing to seek injunctive relief. Dkt. No. 1616. *CRBI* seeks the same extraordinarily complex and expensive injunctive remedies that Johnson lacks standing to pursue, and *Johnson* now presents only claims for economic damages from water-rate increases.[7] Lastly,

---

[7] Indeed, to the extent the *CRBI* Plaintiffs allege that the LAS remediation they seek would reduce PFAS in downstream water to below the EPA's maximum contaminant levels, that relief would conflict with Plaintiff's ongoing efforts in

the remedial theories differ between the two cases, with *Johnson* limited to rate-payer injury, either individually or on behalf of a class if one is certified, and *CRBI* alleging recreational and property-based injuries.

More importantly, any common issues between *Johnson* and *CRBI* do not outweigh the serious risks of prejudice and delay that would result from consolidating cases separated by more than five years of procedural history and involving different parties. Even in cases with more direct overlap in factual and legal issues, courts refuse consolidation where, as here, other considerations—including risk of prejudice and divergent procedural stages—weigh against consolidation. *See Young*, 59 F.3d at 1168 (consolidation "is not required" even when it "may be warranted because of a common issue of law or fact"); *Jackson*, 2022 WL 22329210, at *4 (denying motion to consolidate cases where first case had completed summary judgment briefing before second case was filed because, "although there are common factual issues involved in both this case and the [first] action, the procedural posture of the two cases substantially weighs against consolidation"); *DHL Project & Chartering Ltd. v. Newlead Holdings Ltd.*, 2016 WL 4498374, at *1 (S.D. Ga. Aug. 25, 2016) (denying motion to consolidate notwithstanding "clear similarities" between two cases and common breach of

---

*Johnson* to obtain damages based on the supposed need for additional rate increases to obtain the same reduction.

contract claims against same defendant, because they presented differing legal theories for breach); *Nolley v. Nelson*, 2017 WL 3633274, at *2 (M.D. Ga. Aug. 23, 2017), *report and recommendation adopted*, 2017 WL 4180117 (M.D. Ga. Sept. 21, 2017) (denying motion to consolidate two civil rights cases brought by same prisoner plaintiff "[d]ue to the differences in [some of the defendants] and in procedural posture, and the late stage of litigation"); *Boatman v. Riddle*, 2019 WL 2995946, at *1 (M.D. Fla. July 9, 2019) (denying motion to consolidate two cases brought by same plaintiff because claims differed).

Additionally, MFG, Chem-Tech, and Americhem are not even defendants in *CRBI* and would face significant prejudice, burden, and expense if required to participate in further discovery and a single trial if the actions are consolidated and their pending summary judgment motions in *Johnson* are denied. A consolidated trial with distinct parties could potentially confuse the issues and prejudice MFG, Chem-Tech, and Americhem. *See Hemenway v. Bartoletta*, 2012 WL 4772768, at *2 (M.D. Fla. Oct. 5, 2012) (denying consolidation where cases involved different parties and consolidation "would likely confuse the jury and prejudice" the party opposing consolidation); *Mahone v. Midtown Med. Ctr.*, 2017 WL 4295259, at *5 (M.D. Ga. Aug. 24, 2017), *report and recommendation adopted*, 2017 WL 4295218 (M.D. Ga. Sept. 27, 2017) (denying consolidation "[d]ue to the differences in parties and in procedural posture, and the late stage of litigation").

The Court should deny the Motion because whatever overlap may exist between *Johnson* and *CRBI* is not enough to overcome the inefficiency and prejudice concerns of consolidating cases that find themselves at different ends of the litigation lifecycle.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Consolidation.

Dated: September 29, 2025

/s/ *Jason Rottner*
Jason Rottner
Georgia Bar No. 678137
William J. Repko III
Georgia Bar No. 301797
Andrew A. Roberts
Georgia Bar No. 425333

ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel:   404-881-7000
Fax:   404-881-7777
jason.rottner@alston.com
jay.repko@alston.com
andrew.roberts@alston.com

Respectfully submitted,

TROUTMAN PEPPER LOCKE LLP

/s/ *Lindsey B. Mann*
Lindsey B. Mann
(GA Bar No. 431819)
lindsey.mann@troutman.com
E. Fitzgerald Veira
(GA Bar No. 726726)
fitzgerald.veira@troutman.com
T. Scott Mills
(GA Bar No. 757063)
scott.mills@troutman.com
Anaid Reyes Kipp
(GA Bar No. 703283)
anaid.reyes-kipp@troutman.com
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
404-885-3000

Brooks M. Smith (*pro hac vice*)

*Counsel for Defendants*
*Aladdin Manufacturing Corporation,*
*Mohawk Carpet, LLC, and*
*Mohawk Industries, Inc.*

*/s/ Jennifer B. Dempsey*
William V. Custer
Georgia Bar No. 202910
E-Mail: bill.custer@bclplaw.com
Christopher P. Galanek
Georgia Bar No. 282390
E-Mail: chris.galanek@bclplaw.com
Jennifer B. Dempsey
Georgia Bar No. 217536
E-Mail:
jennifer.dempsey@bclplaw.com
Christian J. Bromley
Georgia Bar No. 206633
E-Mail:
christian.bromley@bclplaw.com

BRYAN CAVE LEIGHTON
PAISNER LLP
One Atlantic Center – 14th Floor
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

*Counsel for Shaw Defendants*

*/s/ David E. Nahmias*
David E. Nahmias (GA Bar 534106)
Jeffrey A. Kaplan, Jr. (GA Bar 859280)
JONES DAY
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
Tel: (404) 581-8502

brooks.smith@troutman.com
1001 Haxall Point, Suite 1500
Richmond, VA 23219
804-697-1200

*Counsel for Defendant The City of*
*Dalton, Georgia, acting through its*
*Board of Water, Light and Sinking*
*Fund Commissioners, d/b/a Dalton*
*Utilities*

MILLER & MARTIN PLLC

*/s/ Elizabeth J. Marquardt*
Georgia Bar No. 944547
elizabeth.marquardt@millermartin.com
1180 West Peachtree Street, NW
Regions Plaza, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Facsimile: (404) 962-6300

W. Randall Wilson*
Tennessee BPR #9852
randy.wilson@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, Tennessee 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
 * *admitted pro hac vice*

*Attorneys for Defendant Engineered*
*Floors, LLC*

*/s/ Robert B. Remar*
Robert B. Remar (Georgia Bar No.
600575)
Monica P. Witte (Georgia Bar No.

21

Email: dnahmias@jonesday.com
Email: jkaplan@jonesday.com

Theodore M. Grossman, Pro Hac Vice
JONES DAY
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3480
Email: tgrossman@jonesday.com

Louis A. Chaiten, Pro Hac Vice
James R. Saywell, Pro Hac Vice
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44144
Tel: (216) 586-3939
Email: lachaiten@jonesday.com
Email: jsaywell@jonesday.com

Kevin P. Holewinski, Pro Hac Vice
JONES DAY
51 Louisiana Avenue Northwest
Washington, DC 20001
Tel: (202) 879-3939
Email: kpholewinski@jonesday.com

James L. Hollis (GA Bar No. 930998)
BALCH & BINGHAM, LLP
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30309
Tel: (404) 261-6020
Email: jhollis@balch.com

Christopher Yeilding, Pro Hac Vice
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-8728
Email: cyeilding@balch.com

405952)
Amanda M. Cheek (Georgia Bar No. 792443)
Smith Gambrell & Russell, LLP
1105 West Peachtree Street, NE, Suite 1000
Atlanta, GA 30309
Telephone (404) 815-3500
Email: rremar@sgrlaw.com
Email: mwitte@sgrlaw.com
Email: acheek@sgrlaw.com

Jack R. Sharman, III (GA Bar No. 637930)
M. Christian King, *admitted pro hac vice*
Harlan I. Prater, IV, *admitted pro hac vice*
W. Larkin Radney, IV, *admitted pro hac vice*
LIGHTFOOT FRANKLIN & WHITE, LLC
The Clark Building 400 North 20th Street
Birmingham, Alabama 35203
Phone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: lradney@lightfootlaw.com

*Attorneys for Defendant 3M Company*

*/s/ Brian P. Kappel*
John M. Johnson
(Admitted *Pro Hac Vice*)
Adam K. Peck
Admitted *Pro Hac Vice*
Lana A. Olson

*Attorneys for Defendant Daikin America, Inc.*

ARNALL GOLDEN GREGORY LLP

*/s/ David J. Marmins*
David J. Marmins
Georgia Bar No. 470630
Edward A. Marshall
Georgia Bar No. 471533
Morgan E. M. Harrison
Georgia Bar No. 470983

171 17th Street. N.W., Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8148

*Attorneys for Defendant Chem-Tech Finishers, Inc.*

HUNTON ANDREWS KURTH LLP

*/s/ Alexandra B. Cunningham*
Alexandra B. Cunningham (GA Bar No. 096280)
Merideth Snow Daly (*Admitted Pro Hac Vice*)
Michael J. Bisceglia (*Admitted Pro Hac Vice*)
Hunton Andrews Kurth LLP
951 E. Byrd Street, Richmond, VA 23219
Tel: (804) 788-8200
acunningham@huntonAK.com
mdaly@huntonAK.com
mbisceglia@huntonAK.com

Laura T. Wagner (GA Bar No. 674911)

(Admitted *Pro Hac Vice*)
Brian P. Kappel
(Georgia Bar No. 916728)
Suzanne A. Fleming
(Admitted *Pro Hac Vice*)
Amaobi J. Enyinnia
(Georgia Bar No. 327957)
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)
Email: jjohnson@lightfootlaw.com
Email: apeck@lightfootlaw.com
Email: lolson@lightfootlaw.com
Email: sfleming@lightfootlaw.com
Email: bkappel@lightfootlaw.com
Email: aenyinnia@lightfootlaw.com

*-and-*

Blair J. Cash
(Georgia Bar No. 360457)
Donovan K. Eason
(Georgia Bar No. 487358)
MOSELEY MARCINAK LAW GROUP LLP
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com
Email: donavan.eason@momarlaw.com

*Counsel for Defendants E.I. du Pont de Nemours and Company and The Chemours Company*

23

Hunton Andrews Kurth LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E., Atlanta, GA
30308
Tel: (404) 888-4117
lwagner@huntonAK.com

Daniel R. Stefany (*Admitted Pro Hac Vice*)
Hunton Andrews Kurth LLP
60 State Street, Suite 2400, Boston,
MA 02109
Tel: (617) 648-2800
dstefany@huntonAK.com

*Attorneys for Defendant INV Performance Surfaces, LLC*

LEWIS BRISBOIS BISGAARD &
SMITH LLP

*/s/ Martin A. Shelton*
R. Scott Masterson – GA Bar No.
476359
Keith M. Kodosky – GA Bar No.
404814
Martin A. Shelton – GA Bar No.
640749
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
404.476.2009
Scott.masterson@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
Martin.shelton@lewisbrisbois.com

*Attorneys for MFG Chemical, LLC*

## **LOCAL RULE 7.1D CERTIFICATION**

Counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1B.

This 29th day of September, 2025.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 29th day of September, 2025.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com